1  GREGORY A. NYLEN (SBN: 151129)
   GREENBERG TRAURIG LLP
2  2450 Colorado Ave Ste 400E
   Santa Monica, CA 90404
3  Telephone: 310-586-7700
   Facsimile: 310-586-7800
4  E-mail: nyleng@gtlaw.com

5  JAMES H. DONOIAN (Admission *Pro Hac Vice* Pending)
   GREENBERG TRAURIG LLP
6  200 Park Avenue
   New York, NY 10166
7  Telephone: 212-801-9200
   Facsimile: 212-801-6400
8  E-mail: donoianj@gtlaw.com

9  Attorneys for Defendant,
   ADAPTIVE MARKETING LLC
10

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13                   **WESTERN DIVISION**

14

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation, | CASE NO.  CV-09-03783-VBF-MAN |
| Plaintiff; | **DEFENDANT ADAPTIVE MARKETING LLC'S ANSWER AND COUNTERCLAIMS** |
| v. | |
| ALEX CHANG, an individual; ONE TECHNOLOGIES MANAGEMENT LLC, a Texas corporation; ONE TECHNOLOGIES LP, a Delaware Limited Partnership; ADAPTIVE MARKETING LLC, a Delaware corporation; and DOES 1-10, inclusive. | Date Action Filed:  May 28, 2009 |
| Defendants. | |
| ADAPTIVE MARKETING LLC | |
| Counterplaintiff; | |
| v. | |
| CONSUMERINFO.COM, INC. | |
| Counterdefendant. | |

1    For its answer to the complaint of Plaintiff CONSUMERINFO.COM, INC.

2  ("CIC"), Defendant Adaptive Marketing LLC ("Adaptive") responds as follows:

3  ### ANSWER TO COMPLAINT

4    1.    Adaptive admits that CIC has brought this action against Defendants

5  Alex Chang, One Technologies Management LLC, One Technologies LP

6  (collectively, "One Tech Defendants"), Adaptive and various Does (all Defendants

7  are referred to, collectively, as "Defendants"), but denies that the various Does are

8  all affiliates of Adaptive.  Adaptive further admits that it is a competitor of CIC.

9  Adaptive lacks information or knowledge sufficient to admit or deny the

10  allegations in Paragraph 1 of CIC's Complaint concerning CIC and the other

11  Defendants, and on that basis denies the same.  Adaptive denies the remaining

12  allegations of Paragraph 1 of CIC's Complaint as they relate to Adaptive's

13  conduct.

14    2.    Adaptive lacks information or knowledge sufficient to admit or deny

15  the allegations in Paragraph 2 of CIC's Complaint, and on that basis denies the

16  same.

17    3.    Adaptive denies the allegations contained in Paragraph 3 of CIC's

18  Complaint.

19    4.    Adaptive denies the allegations contained in Paragraph 4 of CIC's

20  Complaint.

21  ### PARTIES

22    5.    Adaptive lacks information or knowledge sufficient to admit or deny

23  the allegations in Paragraph 5 of CIC's Complaint, and on that basis denies the

24  same.

25    6.    Adaptive lacks information or knowledge sufficient to admit or deny

26  the allegations in Paragraph 6 of CIC's Complaint, and on that basis denies the

27  same.

28

7.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 7 of CIC's Complaint, and on that basis denies the same.

8.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 8 of CIC's Complaint, and on that basis denies the same.

9.    Adaptive admits the allegations contained in Paragraph 9 of CIC's Complaint, except that its principal place of business is in Norwalk, Connecticut.

10.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 10 of CIC's Complaint, and on that basis denies the same.

11.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 11 of CIC's Complaint, and on that basis denies the same.

## JURISDICTION AND VENUE

12.    Paragraph 12 of CIC's Complaint contains no factual allegations and does not require an admission or denial.

13.    Adaptive admits the allegations contained in Paragraph 13 of CIC's Complaint.

14.    Adaptive admits that California consumers purchase Adaptive's programs.  Adaptive lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 14 of CIC's Complaint, and on that basis denies the same.

15.    Paragraph 15 of CIC's Complaint contains no factual allegations and does not require an admission or denial.

## GENERAL ALLEGATIONS

### ConsumerInfo and the Copyrights and Trademarks at Issue

16.     Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 16 of CIC's Complaint, and on that basis denies the same.

17.     Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 17 of CIC's Complaint, and on that basis denies the same.

18.     Adaptive admits that CIC owns the identified trademarks, which registrations and file histories speak for themselves.

19.     Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 19 of CIC's Complaint, and on that basis denies the same.

20.     Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 20 of CIC's Complaint, and on that basis denies the same.

21.     Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 21 of CIC's Complaint, and on that basis denies the same.

22.     Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 22 of CIC's Complaint, and on that basis denies the same.

23.     Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 23 of CIC's Complaint, and on that basis denies the same.

24.     Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 24 of CIC's Complaint, and on that basis denies the same.

25.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 25 of CIC's Complaint, and on that basis denies the same.

26.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 26 of CIC's Complaint, and on that basis denies the same.

27.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 27 of CIC's Complaint, and on that basis denies the same.

28.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 28 of CIC's Complaint, and on that basis denies the same.

### Defendants' Actions

29.    Adaptive admits that it competes with CIC and markets and operates websites that sell credit reports, credit scores, credit monitoring, and/or identity theft monitoring.

### Adaptive

30.    Adaptive admits that it operates a website under the name FREETRIPLECREDITREPORT.COM and that it registered and uses the domain name <freetriplecreditreport.com> to market credit reporting, score and monitoring services under its brand.

31.    Adaptive denies the allegations contained in Paragraph 31 of CIC's Complaint.

32.    Adaptive admits that the United States Patent and Trademark Office issued an Office Action, which file history speaks for itself.

33.    Adaptive denies the allegations contained in Paragraph 33 of CIC's Complaint.

34.   Adaptive admits that it has registered and/or used the domain name <freecreditreport2009.com>, but denies the remaining allegations contained in Paragraph 34 of CIC's Complaint.

35.   Adaptive admits that it purchases the terms FREECREDITREPORT.COM and TRIPLE ADVANTAGE as keywords through keyword-triggered advertising programs offered by Internet search engines, such as Google's Adwords program, but denies the remaining allegations in Paragraph 35 of the Complaint.

36.   Adaptive admits that it uses the term FREETRIPLECREDITREPORT.COM in the headings and text of paid keyword-triggered advertisements, but denies the remaining allegations contained in Paragraph 36 of CIC's Complaint.

37.   Adaptive admits that it employs affiliates that operate websites, bid on search engine keywords and post sponsored link advertisements, but denies the remaining allegations contained in Paragraph 37 of CIC's Complaint.

**One Tech Defendants**

38.   Adaptive denies the allegations contained in Paragraph 38 of CIC's Complaint.

39.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 39 of CIC's Complaint, and on that basis denies the same.

40.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 40 of CIC's Complaint, and on that basis denies the same.

41.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 41 of CIC's Complaint, and on that basis denies the same.

42.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 42 of CIC's Complaint, and on that basis denies the same.

43.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 43 of CIC's Complaint, and on that basis denies the same.

44.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 44 of CIC's Complaint, and on that basis denies the same.

45.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 45 of CIC's Complaint, and on that basis denies the same.

46.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 46 of CIC's Complaint, and on that basis denies the same.

47.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 47 of CIC's Complaint, and on that basis denies the same.

48.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 48 of CIC's Complaint, and on that basis denies the same.

49.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 49 of CIC's Complaint, and on that basis denies the same.

50.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 50 of CIC's Complaint, and on that basis denies the same.

## FIRST CLAIM FOR RELIEF

### (Trademark and Trade Dress Infringement Under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a))

51.    Adaptive responds to Paragraph 51 of CIC's Complaint by incorporating by reference its responses to Paragraphs 1-50 as if set forth fully herein.

52.    Adaptive denies the allegations contained in Paragraph 52 of CIC's Complaint.

53.    Adaptive admits that CIC owns registrations for FREECREDITREPORT.COM and TRIPLE ADVANTAGE, which registrations and file histories speak for themselves.

54.    Adaptive denies the allegations contained in Paragraph 54 of CIC's Complaint.

55.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 55 of CIC's Complaint, and on that basis denies the same.

56.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 56 of CIC's Complaint, and on that basis denies the same.

57.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 57 of CIC's Complaint, and on that basis denies the same.

58.    Adaptive denies the allegations contained in Paragraph 58 of CIC's Complaint.

59.    Adaptive denies the allegations contained in Paragraph 59 of CIC's Complaint.

60.    Adaptive denies the allegations contained in Paragraph 60 of CIC's Complaint.

61.    Adaptive denies the allegations contained in Paragraph 61 of CIC's Complaint.

## SECOND CLAIM FOR RELIEF

### (Dilution Under the Lanham Act, 15 U.S.C. § 1125(c))

62.    Adaptive responds to Paragraph 62 of CIC's Complaint by incorporating by reference its responses to Paragraphs 1-61 as if set forth fully herein.

63.    Paragraph 63 of CIC's Complaint contains no factual allegations and does not require an admission or denial.

64.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 64 of CIC's Complaint, and on that basis denies the same.

65.    Adaptive denies the allegations contained in Paragraph 65 of CIC's Complaint.

66.    Adaptive denies the allegations contained in Paragraph 66 of CIC's Complaint.

67.    Adaptive denies the allegations contained in Paragraph 67 of CIC's Complaint.

68.    Adaptive denies the allegations contained in Paragraph 68 of CIC's Complaint.

69.    Adaptive denies the allegations contained in Paragraph 69 of CIC's Complaint.

70.    Adaptive denies the allegations contained in Paragraph 70 of CIC's Complaint.

71.    Adaptive denies the allegations contained in Paragraph 71 of CIC's Complaint.

72.    Adaptive denies the allegations contained in Paragraph 72 of CIC's Complaint.

### THIRD CLAIM FOR RELIEF

### (Counterfeiting under the Lanham Act, 15 U.S.C. § 1117(c))

73.    Adaptive responds to Paragraph 73 of CIC's Complaint by incorporating by reference its responses to Paragraphs 1-72 as if set forth fully herein.

74.    Paragraph 74 of CIC's Complaint contains no factual allegations and does not require an admission or denial.

75.    Adaptive denies the allegations contained in Paragraph 75 of CIC's Complaint.

76.    Adaptive denies the allegations contained in Paragraph 76 of CIC's Complaint.

77.    Adaptive denies the allegations contained in Paragraph 77 of CIC's Complaint.

78.    Adaptive denies the allegations contained in Paragraph 78 of CIC's Complaint.

79.    Adaptive denies the allegations contained in Paragraph 79 of CIC's Complaint.

### FOURTH CLAIM FOR RELIEF

### (Cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d))

80.    Adaptive responds to Paragraph 80 of CIC's Complaint by incorporating by reference its responses to Paragraphs 1-79 as if set forth fully herein.

81.    Adaptive admits that it has registered or used the domain names <freetriplecreditreport.com> and <freecreditreport2009.com>.  Adaptive lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 81 of CIC's Complaint, and on that basis denies the same.

82.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 82 of CIC's Complaint, and on that basis denies the same.

83.    Adaptive denies the allegations contained in Paragraph 83 of CIC's Complaint.

84.    Paragraph 84 of CIC's Complaint contains no factual allegations and does not require an admission or denial.

85.    Paragraph 85 of CIC's Complaint contains no factual allegations and does not require an admission or denial.

86.    Adaptive denies the allegations contained in Paragraph 86 of CIC's Complaint.

87.    Adaptive denies the allegations contained in Paragraph 87 of CIC's Complaint.

## FIFTH CLAIM FOR RELIEF

### (Cybersquatting of a Famous Trademark, 15 U.S.C. § 1125(d))

88.    Adaptive responds to Paragraph 88 of CIC's Complaint by incorporating by reference its responses to Paragraphs 1-87 as if set forth fully herein.

89.    Adaptive denies the allegations contained in Paragraph 89 of CIC's Complaint.

90.    Adaptive denies the allegations contained in Paragraph 90 of CIC's Complaint.

91.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 91 of CIC's Complaint, and on that basis denies the same.

92.    Adaptive denies the allegations contained in Paragraph 92 of CIC's Complaint.

93.    Paragraph 93 of CIC's Complaint contains no factual allegations and does not require an admission or denial.

94.    Paragraph 94 of CIC's Complaint contains no factual allegations and does not require an admission or denial.

95.    Adaptive denies the allegations contained in Paragraph 95 of CIC's Complaint.

96.    Adaptive denies the allegations contained in Paragraph 96 of CIC's Complaint.

### SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

97.    Adaptive responds to Paragraph 97 of CIC's Complaint by incorporating by reference its responses to Paragraphs 1-96 as if set forth fully herein.

98.    Paragraph 98 of CIC's Complaint contains no factual allegations and does not require an admission or denial.

99.    Adaptive denies the allegations contained in Paragraph 99 of CIC's Complaint.

100.    Adaptive denies the allegations contained in Paragraph 100 of CIC's Complaint.

101.    Adaptive denies the allegations contained in Paragraph 101 of CIC's Complaint.

102.    Adaptive denies the allegations contained in Paragraph 102 of CIC's Complaint.

103.    Adaptive denies the allegations contained in Paragraph 103 of CIC's Complaint.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125)

104.    Adaptive responds to Paragraph 104 of CIC's Complaint by incorporating by reference its responses to Paragraphs 1-103 as if set forth fully herein.

105.    Adaptive denies the allegations contained in Paragraph 105 of CIC's Complaint.

106.    Adaptive denies the allegations contained in Paragraph 106 of CIC's Complaint.

107.    Adaptive denies the allegations contained in Paragraph 107 of CIC's Complaint.

108.    Adaptive denies the allegations contained in Paragraph 108 of CIC's Complaint.

109.    Adaptive denies the allegations contained in Paragraph 109 of CIC's Complaint.

## EIGHTH CLAIM FOR RELIEF

### (Vicarious Liability Under the Lanham Act, 15 U.S.C. §§ 1114, 1115)

110.    Adaptive responds to Paragraph 110 of CIC's Complaint by incorporating by reference its responses to Paragraphs 1-109 as if set forth fully herein.

111.    Adaptive admits that it has a marketing relationship with the One Tech Defendants wherein the One Tech Defendants direct consumers to Adaptive's websites but denies the remaining allegations contained in Paragraph 111 of CIC's Complaint.

112.    Adaptive denies the allegations contained in Paragraph 112 of CIC's Complaint.

113.    Adaptive denies the allegations contained in Paragraph 113 of CIC's Complaint.

1    114.  Adaptive denies the allegations contained in Paragraph 114 of CIC's
2  Complaint.

### NINTH CLAIM FOR RELIEF

### (Contributory Liability Under the Lanham Act, 15 U.S.C. §§ 1114, 1125)

6    115.  Adaptive responds to Paragraph 115 of CIC's Complaint by
7  incorporating by reference its responses to Paragraphs 1-114 as if set forth fully
8  herein.

9    116.  Adaptive denies the allegations contained in Paragraph 116 of CIC's
10 Complaint.

11   117.  Adaptive denies the allegations contained in Paragraph 117 of CIC's
12 Complaint.

13   118.  Adaptive denies the allegations contained in Paragraph 118 of CIC's
14 Complaint.

15   119.  Adaptive denies the allegations contained in Paragraph 119 of CIC's
16 Complaint.

17   120.  Adaptive denies the allegations contained in Paragraph 120 of CIC's
18 Complaint.

19   121.  Adaptive denies the allegations contained in Paragraph 121 of CIC's
20 Complaint.

### TENTH CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

23   122.  Adaptive responds to Paragraph 122 of CIC's Complaint by
24 incorporating by reference its responses to Paragraphs 1-121 as if set forth fully
25 herein.

26   123.  Adaptive denies the allegations contained in Paragraph 123 of CIC's
27 Complaint.

124. Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 124 of CIC's Complaint, and on that basis denies the same.

125. Adaptive denies the allegations contained in Paragraph 125 of CIC's Complaint.

126. Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 126 of CIC's Complaint, and on that basis denies the same.

127. Adaptive admits that CIC owns a copyright registration for the "IBSYS_Smiley" banner, which registration and file history speaks for itself.

128. Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 128 of CIC's Complaint.

129. Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 129 of CIC's Complaint, and on that basis denies the same.

130. Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 130 of CIC's Complaint, and on that basis denies the same.

131. Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 131 of CIC's Complaint, and on that basis denies the same.

132. Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 132 of CIC's Complaint, and on that basis denies the same.

133. Adaptive admits that CIC owns a copyright registration for its "Dream Girl" commercial, which registration and file history speaks for itself.

134. Adaptive admits that CIC owns a copyright registration for its "New Job" commercial, which registration and file history speaks for itself.

135.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 135 of CIC's Complaint, and on that basis denies the same.

136.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 136 of CIC's Complaint, and on that basis denies the same.

137.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 137 of CIC's Complaint, and on that basis denies the same.

138.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 138 of CIC's Complaint, and on that basis denies the same.

139.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 139 of CIC's Complaint, and on that basis denies the same.

140.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 140 of CIC's Complaint, and on that basis denies the same.

141.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 141 of CIC's Complaint, and on that basis denies the same.

142.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 142 of CIC's Complaint, and on that basis denies the same.

143.   Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 143 of CIC's Complaint, and on that basis denies the same.

144.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 144 of CIC's Complaint, and on that basis denies the same.

145.    Adaptive lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 145 of CIC's Complaint, and on that basis denies the same.

## ELEVENTH CLAIM FOR RELIEF

### (Vicarious Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

146.    Adaptive responds to Paragraph 146 of CIC's Complaint by incorporating by reference its responses to Paragraphs 1-145 as if set forth fully herein.

147.    Adaptive denies the allegations contained in Paragraph 147 of CIC's Complaint.

148.    Adaptive denies the allegations contained in Paragraph 148 of CIC's Complaint.

149.    Adaptive denies the allegations contained in Paragraph 149 of CIC's Complaint.

150.    Adaptive denies the allegations contained in Paragraph 150 of CIC's Complaint.

151.    Adaptive denies the allegations contained in Paragraph 151 of CIC's Complaint.

152.    Adaptive denies the allegations contained in Paragraph 152 of CIC's Complaint.

153.    Adaptive denies the allegations contained in Paragraph 153 of CIC's Complaint.

154.    Adaptive denies the allegations contained in Paragraph 154 of CIC's Complaint.

155.    Adaptive denies the allegations contained in Paragraph 155 of CIC's Complaint.

156.    Adaptive denies the allegations contained in Paragraph 156 of CIC's Complaint.

## TWELFTH CLAIM FOR RELIEF

### (Contributory Copyright Infringement, 17 U.S.C § 501 *et seq.*)

157.    Adaptive responds to Paragraph 157 of CIC's Complaint by incorporating by reference its responses to Paragraphs 1-156 as if set forth fully herein.

158.    Adaptive denies the allegations contained in Paragraph 158 of CIC's Complaint.

159.    Adaptive denies the allegations contained in Paragraph 159 of CIC's Complaint.

160.    Adaptive denies the allegations contained in Paragraph 160 of CIC's Complaint.

161.    Adaptive denies the allegations contained in Paragraph 161 of CIC's Complaint.

162.    Adaptive denies the allegations contained in Paragraph 162 of CIC's Complaint.

163.    Adaptive denies the allegations contained in Paragraph 163 of CIC's Complaint.

164.    Adaptive denies the allegations contained in Paragraph 164 of CIC's Complaint.

165.    Adaptive denies the allegations contained in Paragraph 165 of CIC's Complaint.

166.    Adaptive denies the allegations contained in Paragraph 166 of CIC's Complaint.

167.    Adaptive denies the allegations contained in Paragraph 167 of CIC's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2.    CIC's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

3.    CIC's claims are barred by the doctrine of laches.

### Fourth Affirmative Defense

4.    CIC's claims are barred by the doctrines of waiver and/or estoppel.

### Fifth Affirmative Defense

5.    CIC failed to mitigate its damages, if any.

### Sixth Affirmative Defense

6.    CIC's claims for unjust enrichment, an injunction and any other equitable relief sought by CIC are barred because CIC has an adequate remedy at law.

## COUNTERCLAIMS

As and for its counterclaims, Adaptive alleges on personal knowledge as to its own actions, and on information and belief as to the actions of others, as follows:

### PARTIES

1.    Adaptive is now, and at all times mentioned in these Counterclaims was, a Delaware limited liability company with its principal place of business located at 20 Glover Avenue, Norwalk, Connecticut 06850.

2.    Upon    information    and    belief,    Counterdefendant CONSUMERINFO.COM, INC. ("CIC" or "Counterdefendant") is now, and at all times mentioned in the Complaint was, a California corporation with its principal

place of business located in this Judicial District at 18500 Von Karman Ave., Suite 900, Irvine, California 92612.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. § 1338. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a), in that the state claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.    This Court has personal jurisdiction over CIC because it has its principal place of business in California, and conducts business in California, including entering into ongoing contractual relationships with residents of California and purposely directing substantial activities at residents of California by means of several websites, including those described herein. The exercise of personal jurisdiction over CIC is reasonable and comports with notions of fair play and substantial justice.

5.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because CIC is subject to personal jurisdiction in this judicial district and, on information and belief, a substantial part of the events giving rise to the claims in this Complaint occurred in this District.

## GENERAL ALLEGATIONS

### Adaptive Background

6.    Adaptive is a premier marketer of membership programs and/or products that offer healthcare, security and credit protection services, and shopping discounts to consumers throughout the United States. In connection with its business, Adaptive owns several trademarks, many of which are federally registered, designating its various discount membership programs.

7.    Adaptive brings these Counterclaims against Counterdefendant CIC. CIC is a competitor of Adaptive in the business of providing credit reporting and score information. CIC's marketing and business strategies rely substantially on misleading consumers with deceptive Uniform Resource Locaters ("URLs") that take advantage of Adaptive's goodwill in its well-known FREETRIPLE brand. CIC intentionally deceives consumers into believing its goods and services are associated with Adaptive so that it can profit at Adaptive's expense.

8.    Adaptive owns and operates several well-known and famous websites, including those resolving on the Internet at the URLs <FREETRIPLESCORE.COM>, <FREETRIPLECREDITSCORE.COM>, <FREETRIPLECREDITREPORT.COM>, and <FREETRIPLE.COM> (collectively, the "Adaptive Free Triple Domain Names").

9.    Adaptive began using FREETRIPLECREDITEREPORT.COM in April 2008; FREETRIPLESCORE.COM in December 2007; FREETRIPLECREDITSCORE.COM in December 2007; and FREETRIPLE.COM in October 2006.

10.    The websites <FREETRIPLE.COM> and <FREETRIPLE5.COM>, and other websites containing "freetriple," resolve back to Adaptive's website at <FREETRIPLECREDITSCORE.COM>.

11.    Adaptive began using trademarks beginning with "FREETRIPLE", and the Adaptive Free Triple Domain Names, at least as early as October 2006. Adaptive has used these marks substantially, exclusively, and continuously since then, for nearly three years (the "Adaptive Free Triple Trademarks").

12.    Adaptive heavily advertises the Adaptive Free Triple Trademarks marks in a variety of media, including through television and online advertisements.

13.    Adaptive has spent millions of dollars to advertise and promote the Adaptive Free Triple Trademarks and Adaptive Free Triple Domain Names.

14. Adaptive's advertising and promotion of the Adaptive Free Triple Trademarks, Adaptive Free Triple Domain Names and related brands have been highly successful. The Adaptive Free Triple Domain Names have received approximately 3 million unique visitors per month.

15. As a result of Adaptive's advertising and promotion, the Adaptive Free Triple Trademarks have become famous throughout the United States, and are widely associated with the Adaptive Free Triple Domain Names and products.

16. FREESCORE.COM is an Adaptive trademark and an Adaptive brand that Adaptive began using in 2008, and in which Adaptive has built up valuable goodwill and brand recognition.

17. Adaptive has spent millions to advertise and promote FREESCORE.COM, and the site has received millions of visitors to date.

18. Adaptive owns and operates the well-known and famous website FREESCORE.COM, at the URL <FREESCORE.COM>.

19. Since 2007, Adaptive has run advertisements on AOL, featuring a smiley face icon with sunglasses in an email tab. An example of these advertisements is annexed hereto as **Exhibit A**.

### CIC's Conduct

20. CIC competes directly with Adaptive by marketing and operating websites that sell credit reports, credit scores, credit monitoring, and/or identity theft monitoring (the "Competing Credit Services").

21. The website <WWW.CREDITCHECKTOTAL.COM>, which is owned by CIC, has a distinct webpage to which <WWW-FREECREDITCHECK.COM> resolves. An example of the homepage for <WWW.CREDITCHECKTOTAL.COM> is annexed hereto as **Exhibit B**.

22. On information and belief, CIC uses a fake and misleading display URL and a misleading headline featuring an Adaptive Free Triple Trademark and Adaptive Free Triple Domain Name, FREETRIPLE5.COM, to direct users to

CIC's CreditCheckTotal.com website via <WWW-FREECREDITCHECK.COM>. See **Exhibit C**.

23. This practice is prohibited by Google Inc.'s advertising policies. See **Exhibit D**.

24. On information and belief, the FREETRIPLE5.COM search term was purchased by CIC, or an affiliate, agent or subsidiary, through the Yahoo! keyword advertising program and is a commercial advertisement or promotion. See **Exhibit E**.

25. On information and belief, the FREESCORE.COM search term was purchased by CIC, or an affiliate, agent or subsidiary, through the Google Adwords program and is a commercial advertisement or promotion. See **Exhibit F**.

26. CIC's use of FREETRIPLE.COM and FREESCORE.COM trades on Adaptive's valuable goodwill by using Adaptive's trademarks and brands to drive consumers to their competing websites and to purchase CIC's competing products and services.

27. On information and belief, CIC runs advertisements on AOL featuring an identical smiley face icon with sunglasses in an identical context to those advertisements run by Adaptive in **Exhibit A**. An example of these advertisements is annexed hereto as **Exhibit G**.

### FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1125)

28. Adaptive repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

29. Adaptive is the sole owner of the Adaptive Free Triple Trademarks and the FERESCORE.COM trademark, which marks Adaptive has been using in interstate commerce to describe its business and services exclusively and continuously since as early as 2006.

30. As a result of its use and promotion of the Adaptive Free Triple Trademarks and the FERESCORE.COM trademark, Adaptive has built up and now owns valuable goodwill that is symbolized by these trademarks.

31. The Adaptive Free Triple Trademarks and the FERESCORE.COM trademark have acquired secondary meaning within the credit services and monitoring industry in that customers and consumers of credit score and monitoring products and services identify Adaptive as the source of the websites, products and services that employ the Adaptive Free Triple Trademarks and the FERESCORE.COM trademark.

32. CIC has used reproductions, copies and or colorable imitations of the Adaptive Free Triple Trademarks and the FERESCORE.COM trademark in interstate commerce to market CIC's competing products and services.

33. CIC's acts alleged herein are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship or approval of products and services for credit scores and monitoring. The acts alleged herein are further likely to cause confusion as to the affiliation, connection or association between CIC and its products and services and those of Adaptive.

34. By reason of CIC's acts, Adaptive has suffered, and will continue to suffer, damage to its business reputation and goodwill, and the loss of sales and profits it would have made but for CIC's acts, in an amount to be proven at trial.

35. CIC has caused, and will continue to cause, irreparable damage to Adaptive's business and reputation. Adaptive has no adequate remedy at law to compensate for the injuries suffered and/or threatened. Accordingly, Adaptive is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## SECOND CLAIM FOR RELIEF

### (False Advertising and Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B))

36.   Adaptive repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

37.   On information and belief, the <FREETRIPLE5.COM> search term, and similar search terms containing "freetriple," were purchased by CIC, or its affiliate, agent or subsidiary, through the Google Adwords program and is a commercial advertisement or promotion.

38.   The use of false, misleading or fake URLs is prohibited by Google Inc.'s advertising policies.

39.   On information and belief, CIC's use of deceptive, false and misleading URLs actually deceives or has the tendency to deceive a substantial segment of Adaptive's customers and prospective customers.

40.   On information and belief, this deception is material, in that it will likely influence purchasing decisions of customers and potential customers exposed to the deceptive URLs.

41.   By reason of CIC's acts as alleged herein, Adaptive has suffered, and will continue to suffer, damage and harm to its business, reputation and goodwill and loss of profits and sales Adaptive would have made but for CIC's conduct.

42.   The conduct of CIC alleged herein constitutes unfair competition and false advertising in violation of Lanham Act Section 43(a)(1)(B).

43.   CIC's conduct will continue unless enjoined by the Court.

44.   CIC's acts have caused, and will continue to cause, irreparable damage to Adaptive's business and reputation.  Adaptive has no adequate remedy at law to compensate for the injuries suffered and/or threatened.  Accordingly, Adaptive is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

### THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

45. Adaptive repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

46. This claim is for trademark infringement in violation of the common law of the State of California.

47. CIC's uses of the Adaptive Free Triple Trademarks, as alleged herein, constitutes trademark infringement and passing off in violation of California common law.

48. CIC's conduct has damaged, and continues to damage, Adaptive's business, reputation, and goodwill.

49. CIC's acts of common law unfair competition and passing off have been willful and deliberate and, by reason of CIC's acts, Adaptive has suffered, and will continue to suffer, damage to its business reputation and goodwill, and the loss of sales and profits it would have made but for CIC's acts, in an amount to be proven at trial.

50. CIC's conduct will continue unless enjoined by this Court.

51. CIC has caused and will continue to cause irreparable damage to Adaptive's business and reputation. Adaptive has no adequate remedy at law to compensate for the injuries suffered and/or threatened. Accordingly, Adaptive is entitled to injunctive and equitable relief.

### FOURTH CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200 et seq.)

52. Adaptive repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

53. The aforesaid acts by Counterdefendant are likely to cause injury to Adaptive's reputation and result in Counterdefendant unfairly competing with

1    Adaptive in violation of California Business and Professions Code § 17200 et seq.

2    ("UCL").

3    54.    CIC's actions as alleged above violate the "unfair" prong of the UCL

4    because (a) the utility of such actions is outweighed by the gravity of harm they

5    cause to Adaptive and (b) such actions are immoral, unethical, oppressive,

6    unscrupulous and substantially injurious to consumers.

7    55.    CIC's actions as alleged above violate the "unlawful" prong of the

8    UCL because those same actions also constitute violations of the state and federal

9    statutes set forth above.

10    56.    CIC's conduct has injured Adaptive and, unless enjoined, will continue

11    to cause great, immediate, and irreparable injury to Adaptive.

12    57.    Adaptive has no adequate remedy at law to compensate for the injuries

13    suffered and/or threatened.  Accordingly, Adaptive is entitled to injunctive relief

14    and an order for restitutionary disgorgement of all of CIC's ill-gotten gains

15    pursuant to California Business and Professions Code § 17203.

## PRAYER FOR RELIEF

16

17    WHEREFORE, Adaptive requests that the Court enter judgment in its favor

18    and against Counterdefendant on its Counterclaims as follows:

19    A.    Granting an injunction preliminarily and permanently enjoying and

20    restraining CIC and/or CIC's officers, agents, servants, employees, affiliates,

21    parent or subsidiary corporations, attorneys, and all those in privity or acting in

22    concert with CIC from:

23    (i)    using the Adaptive Free Triple Trademarks in any form or close

24    variation thereof, including in domain names and Internet search engine keyword

25    search terms;

26    (ii)    using the Adaptive Free Triple Domain Names to direct

27    customers or potential customers to CIC websites offering CIC products and

28    services; and

1         (iii)   otherwise competing unfairly with Adaptive;

2       B.    Awarding compensatory damages in an amount to be proven at trial,

3 together with appropriate interest thereon;

4       C.    Ordering an accounting by CIC of all gains, profits and advantages

5 derived from CIC's unlawful activities realized by CIC from its acts of unfair

6 competition and false advertising, together with appropriate interest thereon;

7       D.    Awarding exemplary and punitive damages sufficient to punish CIC

8 for its oppressive, malicious and/or fraudulent behavior and to deter similar

9 conduct by CIC and others;

10      E.    Awarding Adaptive prejudgment interest pursuant to Cal. Civ. Code §

11 3288 and the Lanham Act;

12      F.    Awarding Adaptive's costs in this action, together with reasonable

13 attorneys' fees; and

14      G.    Any such further relief as this Court may deem just and proper.

16 Dated:  July 17, 2009          GREENBERG TRAURIG, LLP

18               By:  /s/ Gregory A. Nylen
                     Gregory A. Nylen

19                   -and-

20               James H. Donoian

21              Attorneys for ADAPTIVE MARKETING
22              LLC