1  KENT B. GOSS (State Bar No. 131499)
   kgoss@orrick.com
2  VALERIE M. GOO (State Bar No. 187334)
   vgoo@orrick.com
3  SETH E. FREILICH (State Bar No. 217321)
   sfreilich@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 S. Figueroa Street, Suite 3200
5  Los Angeles, CA  90017
   Telephone:  +1-213-629-2020
6  Facsimile:   +1-213-612-2499

7  Attorneys for Defendants
   ONE TECHNOLOGIES MANAGEMENT LLC, ONE
8  TECHNOLOGIES LP and ALEX CHANG

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        WESTERN DIVISION

12

13
   CONSUMERINFO.COM, INC., a          Case No.  CV 09-3783-VBF(MANx)
14 California corporation,
                                      **DEFENDANT ALEX CHANG'S**
15           Plaintiff,               **MEMORANDUM OF POINTS AND**
                                      **AUTHORITIES IN SUPPORT OF**
16      v.                            **MOTION TO DISMISS FOR LACK**
                                      **OF PERSONAL JURISDICTION**
17 ALEX CHANG, an individual; ONE     **PURSUANT TO FRCP 12(B)(2) OR,**
   TECHNOLOGIES MANAGEMENT            **IN THE ALTERNATIVE, FOR**
18 LLC, a Texas corporation; ONE      **FAILURE TO STATE A CLAIM**
   TECHNOLOGIES LP, a Delaware        **PURSUANT TO FRCP 12(B)(6)**
19 limited partnership; ADAPTIVE
   MARKETING LLC, a Delaware          Hearing Date:    August 17, 2009
20 corporation; and DOES 1-50, inclusive,  Time:            1:30 p.m.
                                      Courtroom:       9
21           Defendants.             Judge:      Hon. Valerie Baker Fairbank

22                                    **[FILED CONCURRENTLY WITH**
                                      **NOTICE OF MOTION AND**
23                                    **MOTION, DECLARATIONS OF**
                                      **ALEX CHANG AND MARK HENRY**
24                                    **AND [PROPOSED] ORDER]**

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................1

II.  FACTS AND ALLEGATIONS ................................................2

III. THE COURT SHOULD DISMISS THIS ACTION AGAINST ALEX
     CHANG BECAUSE HE IS NOT SUBJECT TO PERSONAL
     JURISDICTION IN CALIFORNIA ...........................................3

     A.   Defendant Alex Chang Is Not Subject To General Personal
          Jurisdiction in California.............................................4

     B.   Defendant Alex Chang Is Not Subject To Specific Jurisdiction ..........5

          1.   Plaintiff's Claims Do Not Arise From Mr. Chang's
               Purposeful Availment of the Privilege Of Doing Business
               In California ...................................................6

          2.   Exercising Personal Jurisdiction Over Mr. Chang Would
               Not be Reasonable ...........................................8

IV.  THE COURT SHOULD, ALTERNATIVELY, DISMISS THIS
     ACTION AS TO MR. CHANG FOR FAILURE TO STATE A
     CLAIM ..................................................................9

V.   CONCLUSION ......................................................10

1

# TABLE OF AUTHORITIES

2

3

**Page**

# FEDERAL CASES

4   *Ashcroft* v. *Iqbal,*
5       129 S. Ct. 1937 (2009).............................................................9

*Bancroft & Masters, Inc.* v. *Augusta Nat'l Inc.,*
6       223 F.3d 1082 (9th Cir. 2000) ................................................5

7   *Bell Atlantic Corp.* v. *Twombly,*
        550 U.S. 544 (2007)...............................................................9
8
*Boschetto* v. *Hansing,*
9       539 F.3d 1011 (9th Cir. 2008) ................................................6

10  *Brainerd* v. *Governors of the  Univ. of Alberta,*
        873 F.2d 1257 (9th Cir. 1989) ................................................3
11
*Brown* v. *General Steel Domestic Sales, LLC,*
12      2008 U.S. Dist. LEXIS 97832 (C.D. Cal. May 19, 2008)..............7

13  *Calder* v. *Jones,*
        465 U.S. 783 (1984).................................................................3
14
*Colt Studio* v. *Badpuppy Enterprise,*
15      75 F. Supp. 2d 1104 (C.D. Cal. 1999) .....................................4

16  *Core-Vent Corp.* v. *Nobel Industries AB,*
        11 F.3d 1482 (9th Cir. 1993) ............................................4, 8
17
*Data Disc, Inc.* v. *Sys. Tech. Assocs., Inc.,*
18      557 F.2d 1280 (9th Cir. 1977) ................................................4

19  *Davis* v. *Metro Prods., Inc.,*
        885 F.2d 515 (9th Cir. 1989) ..................................................3
20
*Doe, I* v. *Unocal Corp.,*
21      248 F.3d 915 (9th Cir. 2001) ..................................................3

22  *Gates Learjet Corp.* v. *Jensen,*
        743 F.2d 1325 (9th Cir. 1984) ................................................5
23
*Hirsch* v. *Blue Cross, Blue Shield of Kansas City,*
24      800 F.2d 1474 (9th Cir. 1986) ................................................5

25  *Huff* v. *Liberty League Intern., LLC,*
        2009 WL. 1033788 (C.D. Cal. April 14, 2009).........................7
26
*Indiana Plumbing Supply, inc.* v. *Standard of Lynn, Inc.,*
27      880 F. Supp. 743 (C.D. Cal. 1995) .........................................7

28  *Int'l Shoe Co.* v. *Washington,*
        326 U.S. 310 (1945).................................................................4

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Karsten Mfg. Corp.* v. *United States Golf Ass'n,*
  728 F. Supp. 1429 (D. Ariz. 1990) ....................................................9

4

*Perkins* v. *Benguet Consolidated Mining Co.,*
  342 U.S. 437 (1952).......................................................................4

5

6

*Rano* v. *Sipa Press, Inc.,*
  987 F.2d 580 (9th Cir. 1993) ..........................................................6

7

*Schwarzenegger* v. *Fred Martin Motor Co.,*
  374 F.3d 797 (9th Cir. 2004) ..........................................................4

8

9

*Terracom* v. *Valley Nat'l Bank,*
  49 F.3d 555 (9th Cir. 1995) .........................................................8, 9

10

*Worldwide Volkswagen Corp.* v. *Woodson,*
  444 U.S. 286 (1980).......................................................................4

11

12

**STATUTES**

13

14

Federal Rule of Civil Procedure 12(b)(2) ..............................................4

15

Federal Rule of Civil Procedure 12(b)(6) ..............................................9

16

California Code Civil Procedure § 410.10 ..............................................4

17

18

19

20

21

22

23

24

25

26

27

28

1
## I.     __INTRODUCTION__

2              Plaintiff has brought an action for, *inter alia*, trademark infringement

3   and unfair competition against one of its competitors – One Technologies LP –

4   based on One Technologies LP's use of certain domain names and specific

5   incidents of internet advertising.[1]  In addition, Plaintiff has sued Alex Chang, as an

6   individual.  Yet, Plaintiff makes no factual allegations against Alex Chang – failing

7   to adequately allege either personal jurisdiction over Mr. Chang, a Texas resident,

8   or to state a claim against him.  In fact, Plaintiff's own factual allegations establish

9   the opposite:  "Defendant Chang is now, and at all times mentioned in the

10  Complaint was, an individual residing in Texas, with his principal place of business

11  in Dallas, Texas."  Complaint ¶ 6.  Plaintiff hopes to establish personal jurisdiction

12  over Mr. Chang by alleging that he "personally directs and controls" the activities

13  of "the One Tech Defendants."[2]  However, Mr. Chang is merely an officer of the

14  limited liability company (One Technologies Management LLC) which, in turn, is

15  merely the general partner of One Technologies LP—the operating partnership

16  whose business activities are at issue in this case.  Plaintiff makes no attempt to

17  allege any ***facts*** that would establish personal jurisdiction over Mr. Chang in

18  California.  Moreover, Mr. Chang's declaration, submitted concurrently herewith,

19  shows that no such facts exist.  Accordingly, Mr. Chang should be dismissed from

20  this action because he is not subject to personal jurisdiction in California.

21              Plaintiff's Complaint is also entirely devoid of any factual allegations

22  about Mr. Chang that would state a claim against him.  Again, the only allegation

23  that supports Plaintiff's claim that he is personally responsible for One

24  Technologies LP's alleged actions is a single, conclusory assertion that "Defendant

25
───────────────

26  [1] Plaintiff has also sued another competitor, Adaptive Marketing, in this action for the same claims.

27  [2] Plaintiff indiscriminately lumps three defendants, One Technologies LP, One Technologies Management LLC and Alex Chang, together as the "One Tech Defendants" alleging that all three defendants undertook every action alleged in the

28  Complaint.  *See* Complaint ¶¶ 1, 38-50.

1    Chang personally directs and controls these activities with respect to the One Tech

2    Defendants." Complaint ¶ 14. On its face, this unsupported statement is

3    insufficient. Plaintiff does not allege a single wrongful act undertaken by

4    Mr. Chang that forms the basis for any claim in the Complaint. Moreover, as

5    discussed in detail below and evidenced in Mr. Chang's supporting declaration, it is

6    incorrect.

7         Accordingly, Mr. Chang respectfully asks that this Court dismiss the

8    action against him for lack of personal jurisdiction. In the alternative, the Court

9    should dismiss this action against Mr. Chang for failure to state a claim.

10   **II.    FACTS AND ALLEGATIONS**

11        Plaintiff has asserted numerous claims, essentially alleging trademark

12   and copyright infringement based on One Technology LP's use of certain domain

13   names and alleged internet advertising which Plaintiff claims infringe its

14   trademarks, trade dress and copyright interests. *See* Complaint ¶¶ 38-50, 51-167.

15   However, the Complaint does not distinguish the conduct of Alex Chang from that

16   of One Technologies LP or its general partner, One Technologies LLC ("OTM

17   LLC"). Rather, Plaintiff refers only collectively to Alex Chang, OTM LLC and

18   One Technologies LP as the "OneTech Defendants" – attributing all alleged

19   conduct and all actions to all three defendants. In reality, the only "OneTech

20   Defendant" that actually maintains or operates domain names, employs internet

21   advertising or conducts advertising and marketing business in California or

22   anywhere else, is One Technologies LP. Chang Decl. ¶¶ 3, 4, 7-9; Henry

23   Declaration ¶¶ 2, 3, 8, 9.[3]

24        Alex Chang is a resident of Texas living in Dallas. Chang Decl. ¶ 2.

25   He is an officer of OTM LLC, the general partner of One Technologies LP. Chang

26   Declaration ¶ 6. He does not have any direct ownership interest in One

27   _____

28   [3] The Declaration of Mark Henry has been submitted concurrently herewith in
     support of both defendant Alex Chang's Motion to Dismiss and the Motion to
     Dismiss of co-defendant One Technologies Management LLC.

1    Technologies LP.  *Id.* ¶ 4.  Mr. Chang owns no property in California, conducts no

2    business or sales in California, maintains no offices in California, does not

3    personally direct any advertising to California, and has no licenses issued from

4    California.  *Id.* ¶¶ 2, 9.  He visits California 2-3 times per year, primarily to visit

5    family.  *Id.* ¶ 9.

6            More importantly, although Mr. Chang was one of the original

7    founders of One Technologies LP, he does not control the business operations of

8    One Technologies LP.  Mr. Chang also, on occasion, has signed contracts for One

9    Technologies LP, as an officer of OTM LLC, the general partner of One

10   Technologies LP.  *Id.* at ¶6.  Although Mr. Chang receives a small salary from One

11   Technologies LP, he does not participate in the operations of One Technologies LP.

12   *Id.* at ¶ 7.  Rather, One Technologies LP's business operations are carried out by

13   over 100 One Technologies LP employees.  *Id.* at ¶ 7; Henry Decl. ¶ 3.  He does not

14   manage the websites at issue in this case.  *Id.* at ¶¶ 7-8.  He does not create or

15   manage the internet advertising at issue in this case.  *Id.*  The domain names at issue

16   in this lawsuit are not registered to him.  *Id.* at ¶ 8.  Nor does Mr. Chang direct,

17   manage, or supervise One Technologies LP's business operations.  *Id.* at ¶ 7.  As an

18   officer ("Managing Director") of OTM LLC, the general partner of One

19   Technologies LP, Mr. Chang only has input at a very high level, into the overall

20   business of One Technologies LP.  *Id.* at ¶ 6.

21   **III.    THE COURT SHOULD DISMISS THIS ACTION AGAINST ALEX**

22            **CHANG BECAUSE HE IS NOT SUBJECT TO PERSONAL**

23            **JURISDICTION IN CALIFORNIA.**

24            Plaintiff bears the burden of establishing that personal jurisdiction

25   exists over each defendant.  *E.g., Doe, I v. Unocal Corp.,* 248 F.3d 915, 922 (9th

26   Cir. 2001) (per curiam).  Further, personal jurisdiction over ***each defendant must***

27   ***be analyzed separately***.  *See Calder v. Jones,* 465 U.S. 783, 790 (1984); *Davis v.*

28   *Metro Prods., Inc.,* 885 F.2d 515, 520 (9th Cir. 1989); *Brainerd v. Governors of the*

1  *Univ. of Alberta,* 873 F.2d 1257, 1258 (9th Cir. 1989). If the plaintiff fails to

2  establish personal jurisdiction over a defendant, the action should be dismissed

3  against him pursuant to Federal Rule of Civil Procedure 12(b)(2). For purposes of

4  a Rule 12(b)(2) motion, the court should presume as true only the uncontroverted

5  allegations in the complaint. *See, e.g., Schwarzenegger v. Fred Martin Motor Co.,*

6  374 F.3d 797, 800 (9th Cir. 2004).

7         Where, as here, there is no applicable federal statute governing

8  personal jurisdiction, the law of the state in which the district court sits applies. *See*

9  *Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1484 (9th Cir. 1993).

10  California's long-arm statute allows courts to exercise personal jurisdiction over

11  defendants to the extent permitted by the Due Process Clause of the United States

12  Constitution. *See* Cal. Code Civ. Proc. § 410.10; *Core-Vent,* 11 F.3d at 1484. Due

13  process requires that the defendant "have certain minimum contacts with" the

14  forum state "such that the maintenance of the suit does not offend 'traditional

15  notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326

16  U.S. 310, 316 (1945). The purpose of the "minimum contacts" requirement "is to

17  protect the defendant against the burdens of litigating in a distant or inconvenient

18  forum, and to ensure that states do not reach out beyond the limits of their

19  sovereignty imposed by their status in a federal system." *Colt Studio v. Badpuppy*

20  *Enterprise,* 75 F. Supp. 2d 1104, 1107-08 (C.D. Cal. 1999) (citing *Worldwide*

21  *Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980)).

22      A.    **Defendant Alex Chang Is Not Subject To General Personal**

23          **Jurisdiction in California.**

24         General jurisdiction exists only where "the nonresident defendant's

25  activities within a state are 'substantial' or 'continuous and systematic.'" *Data*

26  *Disc, Inc. v. Sys. Tech. Assocs., Inc.,* 557 F.2d 1280, 1287 (9th Cir. 1977) (citing

27  *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 446-47 (1952)). In

28  order to exercise general jurisdiction over a defendant, the defendant's contacts be

1  of the sort that approximate physical presence. *See Gates Learjet Corp. v. Jensen,*

2  743 F.2d 1325, 1331 (9th Cir. 1984); *Bancroft & Masters, Inc. v. Augusta Nat'l*

3  *Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). It is indisputable that defendant Chang

4  is not subject to general personal jurisdiction in California. In fact, Plaintiff does

5  not even allege that he is. Plaintiff admits in its Complaint that defendant Chang

6  resides in Texas and further alleges that his principal place of business is in Dallas,

7  Texas. Complaint ¶ 6.

8       Nor does Mr. Chang meet any of the other factors that the Ninth

9  Circuit traditionally considers in analyzing whether to exercise general personal

10 jurisdiction over a defendant. *See Hirsch v. Blue Cross, Blue Shield of Kansas City,*

11 800 F.2d 1474, 1478 (9th Cir. 1986)(considering factors such as whether the

12 defendant makes sales, solicits or engages in business in the state, serves the state's

13 markets, designates an agent for service of process, holds a license, or is

14 incorporated there). Mr. Chang does not own property in California. Chang Decl.,

15 ¶ 2. He does not maintain an office in California. *Id.* at ¶ 9. He does not conduct

16 business in California. *Id.* Mr. Chang only visits California 2-3 times per year,

17 primarily to visit family. *Id.* He does not hold a license from any California

18 agency. *Id.* Other than this lawsuit, he has not been a litigant in California courts.

19 *Id.* at ¶ 10. Mr. Chang is not subject to general jurisdiction in California.

20 **B.    Defendant Alex Chang Is Not Subject To Specific Jurisdiction.**

21       Nor can Plaintiff establish specific jurisdiction over defendant Alex

22 Chang. In order to be subject to specific jurisdiction, Plaintiff must show:

23      (1) The nonresident defendant must do some act or
24      consummate some transaction with the forum or perform
25      some act by which he purposefully avails himself of the
        privilege of conducting activities in the forum, thereby
26      invoking the benefits and protections of its laws;

27      (2) The claim must be one which arises out of or results
28      from the defendant's forum-related activities; *and*

1    (3) Exercise of jurisdiction must be reasonable.

2    *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).  Plaintiff has not

3    met this burden.

4    
       **1.**     **Plaintiff's Claims Do Not Arise From Mr. Chang's**

5                  **Purposeful Availment of the Privilege Of Doing Business In California.**

6           Plaintiff's trademark and copyright infringement claims in this case are

7    based on One Technologies LP's use of certain domain names and its alleged use of

8    certain keywords and banner advertising in connection with its advertising and

9    websites.  The *only* allegation Plaintiff makes to establish personal jurisdiction over

10   Mr. Chang is a single, conclusory statement that:  "Defendant Chang personally

11   directs and controls these activities with respect to the One Tech Defendants."

12   Complaint ¶ 14.  This is clearly insufficient.  Moreover, it is contrary to the true

13   facts.

14          First, it must be understood that despite Plaintiff's imprecise and

15   inartful pleading, defendant One Technologies LP is the company that owns

16   domain names at issue in this action.[4]  Mr. Chang does not own them.  Chang Decl.,

17   ¶ 8.  Mr. Chang is not an "officer" of One Technologies LP.  *Id.* at ¶ 7.  While

18   Mr. Chang is an officer of One Technologies Management LLC, the general partner

19   of One Technologies LP, he is not the "president, director and treasurer," as alleged

20   by Plaintiff.  *Id.* at ¶ 6; Complaint ¶ 7.  In fact, Mr. Chang is one of four officers of

21   OTM, LLC, and he is not the President.[5]  *Id.*  Mr. Chang does not control the day-

22   to-day operations of One Technologies LP.  *Id.* at ¶ 7; Henry Decl. ¶ 1.  He does not

23   develop marketing or ad campaigns for One Technologies LP or its clients.  *Id.*  He

24   
_____

25   [4] Plaintiff alleges that the "One Tech Defendants register, traffic in, and/or use" certain domain names which Plaintiff claims are confusingly similar to freecreditreport.com.  Complaint, ¶¶ 41-42.

26   [5] Indeed, any actions Mr. Chang may have taken in his capacity as an officer of the general partner of One Technologies LP would be too attenuated to confer personal

27   jurisdiction over Mr. Chang as an individual.  *See, e.g., Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993) (holding that personal jurisdiction existed over

28   the defendant corporation, but not its president).

1    does not participate in choosing internet search keywords. *Id.* He does not register

2    or maintain the domain names or websites at issue in this case. *Id.* at ¶¶ 7-8. Nor

3    does Mr. Chang control, direct or manage these activities. *Id.* at ¶ 7. Mr. Chang's

4    remote connection to One Technologies LP's business and marketing at issue in the

5    Complaint – one of four officers of the general partner of the limited partnership –

6    is hardly sufficient to establish personal jurisdiction over Mr. Chang.

7          Moreover, even assuming that Mr. Chang "directs and controls" the

8    activities of One Technologies LP, which he clearly does not, that would be

9    insufficient to subject him to personal jurisdiction in this case. Plaintiff does not

10   meet its burden of establishing personal jurisdiction over an individual by merely

11   alleging that he was the founder and manager of the company and directed,

12   managed and controlled the operations of the company. *Huff v. Liberty League*

13   *Intern., LLC* 2009 WL 1033788, *3 (C.D. Cal. April 14, 2009)(no personal

14   jurisdiction over individuals where Plaintiff alleged they "are and were, at all

15   relevant times, co-founders and managers of [the company]. As such, they

16   directed, managed and controlled the operations of [the company]"); *see also*

17   *Brown v. General Steel Domestic Sales, LLC*, 2008 U.S. Dist. LEXIS 97832 *39

18   (C.D. Cal. May 19, 2008)(allegations that company's president "formulates,

19   controls, directs, supervises, perpetuates, manages and has knowledge of" the

20   practices and policies of the company insufficient to establish personal jurisdiction).

21   Even an officer who admitted that he was generally responsible for the company's

22   allegedly infringing advertising and had authorized the advertisement in question

23   was not subject to personal jurisdiction in a trademark infringement action against

24   the company. *Indiana Plumbing Supply, inc. v. Standard of Lynn, Inc.*, 880 F.

25   Supp. 743 (C.D. Cal. 1995). There is simply no basis for the exercise of specific

26   jurisdiction over Mr. Chang; the case against him should be dismissed.

27

28

CV 09-3783-VBF(MANx)
DEFENDANT ALEX CHANG'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

2.    **Exercising Personal Jurisdiction Over Mr. Chang Would**
**Not be Reasonable**

Even if sufficient minimum contacts existed – which they do not – it would not be reasonable to exercise specific jurisdiction over Mr. Chang. The Ninth Circuit considers seven factors in determining reasonableness: (1) The extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See Core-Vent Corp.*, 11 F.3d at 1487-88; *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561-62 (9th Cir. 1995). Application of these factors favor a finding that jurisdiction over Mr. Chang in California would not be reasonable.

As discussed above, Mr. Chang has not purposefully interjected himself into California's affairs. He does not operate a business here. He is not domiciled here. He does not own property here. He travels here only 2-3 times each year. Analysis of the first factor counsels a dismissal. For these same reasons, the burden on Mr. Chang to defend himself in litigation in California supports dismissal. Mr. Chang is located in Texas. His personal records are located in Texas. One Technologies Management LLC, of which he is an officer, is a Texas limited liability company and is headquartered in Texas. Further, One Technologies LP, the company that Plaintiff alleges he "directs and controls," is located in Texas and all of its records are located in Texas. Chang Decl. ¶ 3; Henry Decl. ¶ 2. There is no reason that Plaintiff could not bring suit against Mr. Chang in Texas. In fact, Texas has an interest in adjudicating disputes against its citizens. Further, it would be reasonable for Plaintiff to expect to litigate in Texas, as it is a company that advertises and sells its products nationwide, and undoubtedly is

1   subject to general jurisdiction in Texas.  *See* Complaint ¶¶ 18-28 (alleging that

2   Plaintiff's extensive advertising on radio, television, and the internet has made its

3   marks famous throughout the United States); *see, e.g., Terracom*, 49 F.3d at 561;

4   *Karsten Mfg. Corp. v. United States Golf Ass'n*, 728 F. Supp. 1429, 1436 (D. Ariz.

5   1990).  Consideration of the above facts and factors show that it would be

6   unreasonable to force Mr. Chang to litigate in California, when Plaintiff, a company

7   that operates on a nationwide basis, could easily have chosen Texas as a forum for

8   this dispute.  Indeed, none of the defendants in this action are citizens or residents

9   of California.  Mr. Chang should be dismissed for lack of personal jurisdiction.

10  **IV.   THE COURT SHOULD, ALTERNATIVELY, DISMISS THIS**

11  **ACTION AS TO MR. CHANG FOR FAILURE TO STATE A CLAIM.**

12          Alternatively, the Court should dismiss this action as to Mr. Chang for

13  failure to state a claim.  Under Federal Rule of Civil Procedure 12(b)(6), a claim is

14  properly subject to dismissal where it fails to state a claim.  As the Supreme Court

15  reiterated just weeks ago, "to survive a motion to dismiss, a complaint must contain

16  sufficient *factual matter*, accepted as true, to 'state a claim for relief that is

17  plausible on its face" and goes beyond a mere "possibility."  *Ashcroft v. Iqbal*, 129

18  S. Ct. 1937, 1949-50 (2009)(emphasis added).  ***"A pleading that offers 'labels and***

19  ***conclusions'*** or 'a formulaic recitation of the elements of a cause of action ***will not***

20  *do.'"  Id.* (emphasis added)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

21  555 (2007)).  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid

22  of "further factual enhancement."  *Id.* (quoting *Twombly*, 550 U.S. at 557).

23  Moreover, the court is "not bound to accept as true a legal conclusion couched as a

24  factual allegation."  *Id.*

25          Here, Plaintiff's Complaint contains no factual allegations of

26  actionable conduct by Mr. Chang.  Rather, it only "labels" Mr. Chang as

27  "personally directing and controlling these activities."  Complaint ¶ 14.  This naked

28  assertion will not do.  Plaintiff complains of the use of certain domain names, the

1  use of certain Search Engine Keywords, and specific internet advertisements.

2  (Complaint ¶¶ 38-50).  However, Plaintiff's Complaint is devoid of a single factual

3  allegation of conduct by Mr. Chang that forms the basis for Plaintiff's claims.

4  Rather, Plaintiff conveniently and conclusorily attributes all of the alleged conduct

5  to the "One Tech Defendants" as a collective group.  This is improper and

6  insufficient.  Plaintiff has failed to state a claim against Mr. Chang.

7  **V.    CONCLUSION**

8          For the foregoing reasons, defendant Alex Chang should be dismissed

9  from this action for lack of personal jurisdiction.  Alternatively, the Court should

10  dismiss this action as to Mr. Chang for failure to state a claim.

11  Dated:    July 24, 2009            KENT B. GOSS
                                       VALERIE M. GOO
12                                     SETH E. FREILICH
                                       ORRICK, HERRINGTON & SUTCLIFFE LLP
13

14

15                                          VALERIE M. GOO
                                            Attorneys for Defendants
16                                     ONE TECHNOLOGIES MANAGEMENT LLC,
                                       ONE TECHNOLOGIES LP and ALEX CHANG
17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Lupe Flores, declare:

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017-5855.

I hereby certify that on July 24, 2009, I electronically filed the following documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below:

**DEFENDANT ALEX CHANG'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(B)(2) OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(B)(6)**

| | |
|---|---|
| Rhonda R. Trotter<br>Oscar Ramallo<br>KAYE SCHOLER LLP<br>1999 Avenue of the Stars, Suite 1700<br>Los Angeles, CA  90067<br>Tel:  (310) 788-1000<br>Fax:  (310) 788-1200<br>rtrotter@kayescholer.com<br>oramallo@kayescholer.com<br><br>*Attorneys for Plaintiff*<br>*CONSUMERINFO.COM, INC.* | James H. Donoian<br>GREENBERG TRAURIG LLP<br>200 Park Avenue<br>New York, NY  10166<br>Tel:  (212) 801-9200<br>Fax:  (212) 801-6400<br>donoianj@gtlaw.com<br><br>Gregory A. Nylen<br>GREENBERG TRAURIG LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA  90404<br>Tel:  (310) 586-7700<br>Fax:  (310) 586-7800<br>nyleng@gtlaw.com<br><br>*Attorneys for Defendant*<br>*ADAPTIVE MARKETING* |

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 24, 2009, at Los Angeles, California.

_Lupe Flores_
Lupe Flores

OHS West:260690599.1

**PROOF OF SERVICE BY MAIL**

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017. On July 24, 2009, I served the following document(s) on the interested parties in this action by placing true and correct copies thereof in sealed envelope(s) addressed as follows:

**DEFENDANT ALEX CHANG'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(B)(2) OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(B)(6)**

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Rhonda R. Trotter
Oscar Ramallo
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067
Tel: (310) 788-1000
Fax: (310) 788-1200
rtrotter@kayescholer.com
oramallo@kayescholer.com

*Attorneys for Plaintiff*
*CONSUMERINFO.COM, INC.*

James H. Donoian
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
donoianj@gtlaw.com

Gregory A. Nylen
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Tel: (310) 586-7700
Fax: (310) 586-7800
nyleng@gtlaw.com

*Attorneys for Defendant*
*ADAPTIVE MARKETING*

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2009, at Los Angeles, California.

_____
Lupe Flores