1   KENT B. GOSS (State Bar No. 131499)
    kgoss@orrick.com
2   VALERIE M. GOO (State Bar No. 187334)
    vgoo@orrick.com
3   SETH E. FREILICH (State Bar No. 217321)
    sfreilich@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 S. Figueroa Street, Suite 3200
5   Los Angeles, CA  90017
    Telephone:  +1-213-629-2020
6   Facsimile:   +1-213-612-24299

7   Attorneys for Defendants
    ONE TECHNOLOGIES MANAGEMENT LLC, ONE
8   TECHNOLOGIES LP and ALEX CHANG

9                   UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                      WESTERN DIVISION

12

13  CONSUMERINFO.COM, INC., a          | Case No.  CV 09-3783-VBF(MANx)
14  California corporation,            |
                                       | **DEFENDANT ONE**
15               Plaintiff,            | **TECHNOLOGIES MANAGEMENT**
                                       | **LLC'S MEMORANDUM OF**
16          v.                         | **POINTS AND AUTHORITIES IN**
                                       | **SUPPORT OF MOTION TO**
17  ALEX CHANG, an individual; ONE     | **DISMISS FOR LACK OF**
    TECHNOLOGIES MANAGEMENT            | **PERSONAL JURISDICTION**
18  LLC, a Texas corporation; ONE      | **PURSUANT TO FRCP 12(B)(2)**
    TECHNOLOGIES LP, a Delaware        |
19  limited partnership; ADAPTIVE      | Hearing Date:      August 13, 2009
    MARKETING LLC, a Delaware          | Time:              1:30 p.m.
20  corporation; and DOES 1-50, inclusive, | Courtroom:     9
                                       | Judge:      Hon. Valerie Baker Fairbank
21          Defendants.                |
                                       | **[FILED CONCURRENTLY WITH**
22                                     | **NOTICE OF MOTION AND**
                                       | **MOTION; DECLARATION OF**
23                                     | **MARK HENRY AND [PROPOSED]**
                                       | **ORDER]**
24

25

26

27

28

1

# TABLE OF CONTENTS

2

**Page**

3   I.   INTRODUCTION ................................................................. 1

4   II.   FACTS AND ALLEGATIONS ............................................... 1

5   III.   STANDARD FOR DISMISSAL .............................................. 2

6
7   IV.   THE COURT SHOULD DISMISS THIS ACTION AGAINST
        DEFENDANT ONE TECHNOLOGIES MANAGEMENT LLC FOR
        LACK OF PERSONAL JURISDICTION ...................................... 3

8
9        A.   One Technologies Management LLC Is Not Subject To General
              Jurisdiction In California.............................................. 4

10
11       B.   One Technologies Management LLC Is Not Subject To Specific
              Jurisdiction in California............................................. 5

12
13            1.   One Technologies Management LLC Has Not
                   Purposefully Availed Itself of the Privilege of Conducting
                   Activities in California........................................... 6

14
15            2.   Plaintiff's Claims Do Not Arise Out Of or Result from
                   Any Purposeful Availment By One Technologies
16                 Management LLC .................................................. 7

17            3.   Exercising Personal Jurisdiction Over One Technologies
                   Management LLC Would Not be Reasonable.................. 8

18
19  V.   CONCLUSION .................................................................. 9

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

Page

3

## FEDERAL CASES

4

*Ballard* v. *Savage,*
    65 F.3d 1495 (9th Cir. 1995) ............................................................7

5

*Bancroft & Masters, Inc.* v. *Augusta Nat'l Inc.,*
    223 F.3d 1082 (9th Cir. 2000) ..........................................................5

6

7

*Boschetto* v. *Hansing,*
    539 F.3d 1011 (9th Cir. 2008) ..........................................................6

8

*Brainerd* v. *Governors of the Univ. of Alberta,*
    873 F.2d 1257 (9th Cir. 1989) ..........................................................3

9

*Brand* v. *Menlove Dodge,*
    796 F.2d 1070 (9th Cir. 1986) ..........................................................4

10

11

*Burger King Corp.* v. *Rudzewicz,*
    471 U.S. 462 (1985) ..........................................................................6

12

*Calder* v. *Jones,*
    465 U.S. 783 (1984) ..........................................................................3

13

14

*Colt Studio* v. *Badpuppy Enterprise,*
    75 F. Supp. 2d 1104 (C.D. Cal. 1999) ..............................................3

15

*Core-Vent Corp.* v. *Nobel Industries AB,*
    11 F.3d 1482 (9th Cir. 1993) .........................................................3, 9

16

17

*Data Disc, Inc.* v. *Sys. Tech. Assocs., Inc.,*
    557 F.2d 1280 (9th Cir. 1977) .......................................................4, 5

18

*Davis* v. *Metro Prods., Inc.,*
    885 F.2d 515 (9th Cir. 1989) ............................................................3

19

20

*Doe, I* v. *Unocal Corp.,*
    248 F.3d 915 (9th Cir. 2001) ............................................................3

21

*Gates Learjet Corp.* v. *Jensen,*
    743 F.2d 1325 (9th Cir. 1984) ..........................................................5

22

23

*Hashiro* v. *Gen. Elec. Co.,*
    1995 WL. 295315 (9th Cir. 1995) ....................................................8

24

*Hirsch* v. *Blue Cross, Blue Shield of Kansas City,*
    800 F.2d 1474 (9th Cir. 1986) ..........................................................5

25

26

*Int'l Shoe Co.* v. *Washington,*
    326 U.S. 310 (1945) ..........................................................................3

27

*Karsten Mfg. Corp.* v. *United States Golf Ass'n,*
    728 F. Supp. 1429 (D. Ariz. 1990) ..................................................9

28

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3
*Keeton* v. *Hustler Magazine, Inc.*,
    465 U.S. 770 (1984).............................................................................4

4
*Perkins* v. *Benguet Consolidated Mining Co.*,
    342 U.S. 437 (1952).............................................................................4

5

6
*Rano* v. *Sipa Press, Inc.*,
    987 F.2d 580 (9th Cir. 1993) ...........................................................6

7

8
*Rush* v. *Savchuk*,
    444 U.S. 320 (1980).............................................................................3

9
*Schwarzenegger* v. *Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ...........................................................3

10

11
*Sher* v. *Johnson*,
    911 F.2d 1357 (9th Cir. 1990) ...............................................3, 4, 6, 7

12
*Shute* v. *Carnival Cruise Lines*,
    897 F.2d 377 (9th Cir.1990), *rev'd on other grounds*, 499 U.S. 585 (1991) .......7

13
*Terracom* v. *Valley Nat'l Bank*,
    49 F.3d 555 (9th Cir. 1995) ...............................................................9

14

15
*Worldwide Volkswagen Corp.* v. *Woodson*,
    444 U.S. 286 (1980).............................................................................3

16

17

**FEDERAL STATUTES**

18
Federal Rule of Civil Procedure 12(b)(2) ................................................1, 2

19

20

**STATE STATUTES**

California Code Civil Procedure § 410.10 ...............................................3, 4

21

22

23

24

25

26

27

28

## I.     **INTRODUCTION**

In its Complaint, Plaintiff sues three separate legal persons as the "One Tech Defendants."[1]  Except to explain that they are three separate legal persons, Plaintiff does not distinguish the actions of the "One Tech Defendants" from each other.  This motion is brought by defendant One Technologies Management LLC ("OTM LLC"), the general partner of the "principal" "One Tech Defendant" – One Technologies LP – because neither the Plaintiff's allegations nor the facts are sufficient to establish personal jurisdiction over OTM LLC in this case.

Plaintiff's Complaint against the "One Tech Defendants" is based on One Technologies LP's use of certain domain names and keywords in its business operations and internet advertising.  Defendant OTM LLC is the general partner of One Technologies LP.  This does not, however, subject OTM LLC to personal jurisdiction in California.  OTM LLC is a Texas limited liability company with its principal place of business in Texas.  OTM LLC does not have an office in California, none of its officers are located in California and it directs no sales or advertising to California.  OTM LLC does not operate the One Technologies LP business – that is conducted by One Technologies LP's own employees.  Nor has OTM LLC engaged in any of the activities or conduct that form the basis of Plaintiff's Complaint.  Accordingly, OTM LLC moves to dismiss this action against it for lack of personal jurisdiction.

## II.     **FACTS AND ALLEGATIONS**

Plaintiff's Complaint asserts various trademark and copyright claims against the "One Tech Defendants" based on One Technologies LP's alleged use of certain domain names, keywords and advertising in its marketing and advertising of competing services.  Although Plaintiff's Complaint does not distinguish amongst the "One Tech Defendants," the Declaration of Mark Henry in support of this

---

[1] Throughout its Complaint, Plaintiff refers to defendants Alex Chang, One Technologies Management LLC and One Technologies LP as the "One Tech Defendants," collectively.  *See* Complaint ¶¶ 1, 38-50.

1  motion makes it clear that OTM LLC does not in fact conduct any of the activities

2  upon which Plaintiff bases its claims.

3          One Technologies LP is a competitor of Plaintiff that has used some of

4  the domain names at issue in the Complaint in connection with its business,

5  advertising and marketing.  Henry Decl. ¶ 2.  OTM LLC is merely the General

6  Partner of One Technologies LP.  *Id.* at ¶ 4.  OTM LLC is a Texas limited liability

7  company with its principal place of business in Texas.  *Id.* at ¶¶ 4-5.  OTM LLC has

8  never had an office or physical presence in California.  *Id.* at ¶ 5.  None of its

9  officers are located in California.  *Id.* at ¶ 5.  It has not advertised or made sales in

10  California.  *Id.* at ¶ 6.  It is not licensed to do business or engaged in business in

11  California.  *Id.* at ¶¶ 6, 9.  It does not have an agent for service of process in

12  California.  *Id.* at ¶ 7.  It owns no property in California.  *Id.* at ¶ 7.  It has not, other

13  than this lawsuit, been a litigant in California.  *Id.*

14          Nor did OTM LLC undertake any of the conduct that Plaintiff bases its

15  claims on.  OTM LLC has never had any domain name registrations.  *Id.* at ¶ 9.

16  OTM LLC does not operate the One Technologies LP websites.  *Id.*  Nor does

17  OTM LLC conduct the advertising or marketing of One Technologies LP websites,

18  domain names or services.  *Id.*  Rather, One Technologies LP's own employees

19  carry out such duties.  *Id.* at ¶ 3.  OTM LLC also does not market or sell Competing

20  Products or Services, as alleged in the Complaint.[2]  *Id.* at ¶ 8.  In short, contrary to

21  Plaintiff's conclusory assertions that all three of the "One Tech Defendants"

22  undertook each and every action alleged in the Complaint, OTM LLC in fact did

23  not conduct any activities upon which Plaintiff bases its claims.

24  **III.   STANDARD FOR DISMISSAL**

25          Under Federal Rule of Civil Procedure 12(b)(2), an action is subject to

26  dismissal where that there is a "lack of jurisdiction over the person."  Plaintiff bears

27

28  _____

[2] Plaintiff defines "Competing Products or Services" to be credit reports, credit scores, credit monitoring, and/or identity theft monitoring.  Complaint, ¶ 29.

the burden of establishing that personal jurisdiction exists over each defendant, *see Doe, I v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001) (per curiam), and only "uncontroverted allegations in the complaint must be taken as true," *see Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution. *See* Cal. Code Civ. Proc. § 410.10; *Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1484 (9th Cir. 1993). Due process requires that the defendant "have certain minimum contacts with" the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). A defendant should be protected "against the burdens of litigating in a distant or inconvenient forum, and [be ensured] that states do not reach out beyond the limits of their sovereignty imposed by their status in a federal system." *Colt Studio v. Badpuppy Enterprise,* 75 F. Supp. 2d 1104, 1107-08 (C.D. Cal. 1999) (citing *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).

## IV.   THE COURT SHOULD DISMISS THIS ACTION AGAINST DEFENDANT ONE TECHNOLOGIES MANAGEMENT LLC FOR LACK OF PERSONAL JURISDICTION .

Personal jurisdiction over *each defendant must be analyzed separately*. *See Calder v. Jones*, 465 U.S. 783, 790 (1984); *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989); *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989).[3] The Ninth Circuit has made it clear that the mere fact that a partnership is subject to personal jurisdiction in a particular forum does not necessarily mean that its nonresident partners are also subject to personal jurisdiction there. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

---

[3] *See also Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) ("The requirements of *International Shoe* . . . must be met as to each defendant.").

1   While a general partner has potential liability for the debts of the partnership, "they

2   are independent for jurisdictional purposes." *Id.* at 1361; *see also* Cal. Code Civ.

3   Proc. § 410.10, Judicial Council Comment (Bases of Judicial Jurisdiction over

4   Partnerships and Other Unincorporated Associations) ("[A] judgment may not be

5   rendered against a partner or member individually unless he is subject to the

6   jurisdiction of the state on one [or] more of the currently recognized bases [of

7   jurisdiction over individuals].").[4]

8          The Ninth Circuit is clear:  while the contacts of the partners on behalf

9   of the partnership may establish jurisdiction over the partnership, the contacts of the

10  partnership are not imputed to the partners. *Sher v. Johnson*, 911 F.2d at 1365

11  ("[Plaintiffs] contend . . . that because the liability of the partnership would

12  establish . . . liability of each individual partner, jurisdiction over the partnership

13  establishes jurisdiction over the partners. [Plaintiffs] are wrong.").  Rather,

14  "jurisdiction depends only upon each defendant's [own] relationship with the

15  forum." *Id.* at 1365.  Because OTM LLC, the general partner of One Technologies

16  LP, is not subject to general or specific jurisdiction in California, this action should

17  be dismissed as against OTM LLC.

18  A.     **One Technologies Management LLC Is Not Subject To General**

19         **Jurisdiction In California.**

20         In order to establish general jurisdiction, the plaintiff must establish

21  that the "defendant's activities within a state are 'substantial' or 'continuous and

22  systematic.'" *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th

23  Cir. 1977) (citing *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437,

24  446-47 (1952)).  The standard for establishing general jurisdiction is "fairly high."

25  *See Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986).  The

26  _____

    [4] *See also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984)

27  ("[J]urisdiction over an employee does not automatically follow from jurisdiction
    over the corporation which employs him; nor does jurisdiction over a parent

28  corporation automatically establish jurisdiction over a wholly owned subsidiary. . . .
    Each defendant's contacts with the forum State must be assessed individually.").

1  defendant's contacts must be of the sort that approximate physical presence. *See*

2  *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir. 1984); *Bancroft &*

3  *Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000). In

4  assessing general jurisdiction, the courts look at factors such as whether the

5  defendant makes sales, solicits or engages in business in the state, serves the state's

6  markets, designates an agent for service of process, holds a license, or is

7  incorporated there. *See Hirsch v. Blue Cross, Blue Shield of Kansas City,* 800 F.2d

8  1474, 1478 (9th Cir. 1986).

9  　　　　　As Plaintiff alleges in its Complaint, OTM LLC is a Texas Limited

10  Liability Company with its principal place of business in Texas. Complaint ¶ 7;

11  Henry Decl. ¶¶ 4-5. Other than conclusorily attributing all of One Technologies

12  LP's conduct to OTM LLC (by referring to them collectively as the "One Tech

13  Defendants" in every allegation), Plaintiff alleges no factual basis for exercising

14  jurisdiction over One Technologies Management, LLC. Indeed, no such factual

15  basis exists.

16  　　　　　OTM LLC does not have an office or physical presence in California.

17  Henry Decl. ¶ 5. None of its officers are located in California. *Id.* It does not

18  advertise or make sales in California. *Id.* at ¶ 6. It is not licensed to do business or

19  engaged in business in California. *Id.* It does not have an agent for service of

20  process in California. *Id.*

21  　　　　　There is nothing that approximates OTM LLC having a "physical

22  presence" in California. *See Gates Learjet Corp.,* 743 F.2d at 1331. Because

23  neither the Plaintiff's allegations nor the facts establish that OTM LLC has had

24  substantial, continuous or systematic contacts with California, it is not subject to

25  general personal jurisdiction in California. *See Data Disc, Inc.,* 557 F.2d at 1280.

26  　　**B.**　　**One Technologies Management LLC Is Not Subject To Specific**

27  　　　　　**Jurisdiction in California.**

28  　　　　　One Technologies is also not subject to specific jurisdiction in

California.  In order to establish specific jurisdiction, the Ninth Circuit requires the plaintiff to show that:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or results from the defendant's forum-related activities; and
>
> (3) Exercise of jurisdiction must be reasonable.

*See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).  All three prongs must be satisfied to warrant an exercise of specific jurisdiction.  *See Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).  None are satisfied here.

1.   **One Technologies Management LLC Has Not Purposefully Availed Itself of the Privilege of Conducting Activities in California.**

OTM LLC is not subject to specific jurisdiction because it has not "purposefully availed" itself of the benefits of California.  "Purposeful availment" requires the defendant to "have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state."  *See Sher*, 911 F.3d at 1362.  The contacts made by a defendant therefore must, by his own actions, create a "substantial connection" to the forum state.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985) ("[W]here the defendant "deliberately" has engaged in significant activities within a State . . . or has created 'continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there.").

While Plaintiff's allegations may establish that *One Technologies LP* has purposefully availed itself of the benefits of California law by marketing and

1   selling services to California residents, these acts cannot be imputed to its general

2   partner, OTM LLC.  *Sher,* 911 F.2d at 1366 (the contacts of the partnership may

3   not be imputed to the partners.).  In *Sher,* the Ninth Circuit found that although a

4   law partnership was subject to personal jurisdiction in California stemming from its

5   representation of a California resident, the individual partners of the law firm were

6   not subject to jurisdiction even though they corresponded with the client and

7   traveled to California in the course of the representation.  *Id.* at 1366.

8           Here, the only allegations of conduct by One Technologies, LLC are

9   conclusory statements that the actions of One Technologies LP are also the actions

10  of One Technologies, LLC.  These allegations are untrue.  OTM LLC does not

11  market or sell any products or services to California residents.  Henry Decl. ¶ 6.  In

12  fact, it does not offer any products or services.  *Id.* at ¶ 8.  OTM LLC does not have

13  any continuing obligations in or substantial connection to California.[5]  *Id.* at  8.

14  There is no basis to find that One Technologies "purposefully availed" itself of the

15  privilege of conducting activities in California.

16      **2.**     **Plaintiff's Claims Do Not Arise Out Of or Result from Any**

17             **Purposeful Availment By One Technologies Management**

18             **LLC.**

19          Specific jurisdiction also cannot be exercised because Plaintiff's

20  claims do not arise out of or result from purposeful availment by OTM LLC.  The

21  Ninth Circuit employs a "but for" test to determine whether a particular claim arises

22  out of forum-related activities.  *See Shute v. Carnival Cruise Lines*, 897 F.2d 377

23  (9th Cir.1990), *rev'd on other grounds*, 499 U.S. 585 (1991).  The relevant inquiry

24  is:  but for the defendant's contacts with the forum, would the plaintiff's claim have

25  _____

26  [5] Although OTM LLC has, on occasion, executed contracts on behalf of One
    Technologies LP as an agent and in its capacity as the General Partner of One

27  Technologies LP, such activity does not constitute purposeful availment by OTM
    LLC.  However, even assuming *arguendo* that it did, such contacts do not confer

28  personal jurisdiction as they are not the basis of Plaintiff's claims.  *See* Section
    IV.B.2., *infra.*

1    arisen?  *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

2           Here, the answer is "no."  Plaintiff's claims are based on the business

3    activities of One Technologies LP.  Plaintiff complains of the use of certain domain

4    names, such as <freecreditreportsinstantly.com>, <freecreditreports360.com>,

5    <freecreditreportplusscore.com>, <freecreditreportwebsite.com>,

6    <2009freecreditreport.com> and <2010freecreditreport.com>.  Complaint ¶ 40.

7    OTM LLC does not own these domain name registrations.  Henry Decl. ¶ 9.  Nor

8    does OTM LLC operate the websites or landing pages associated with these domain

9    names.  *Id.*  Plaintiff also complains of the use of certain keywords in internet

10   advertising and marketing for these websites and domain names.  Complaint

11   ¶¶ 38-50.  OTM LLC does not conduct this marketing or advertising.  *Id.* at ¶¶ 6, 8,

12   9.  One Technologies LP, the partnership, undertakes these duties through its own

13   employees.  *Id.* at ¶ 3.

14          As discussed previously, OTM LLC has not purposefully availed itself

15   of the privileges of conducting activities in California.  Moreover, even if it did,

16   Plaintiff's allegations are clearly based on actions of One Technologies LP, not

17   OTM LLC.  Therefore, even hypothetical forum-related activities of OTM LLC

18   would not satisfy the "but for" relation test necessary to exercise specific

19   jurisdiction over One Technologies Management, LLC.  *See, e.g., Hashiro v. Gen.

20   Elec. Co.*, 1995 WL 295315, at *2 (9th Cir. 1995) (holding that, even accepting

21   plaintiff's argument that defendant's liaison office in Hawaii was "integrally

22   related" to the subject matter of the lawsuit, no but for causation existed showing

23   that plaintiff's injuries arose out of defendant's Hawaii activities).

24          **3.      Exercising Personal Jurisdiction Over One Technologies**

25          **Management LLC Would Not be Reasonable.**

26          Exercising specific jurisdiction over OTM LLC also would not be

27   reasonable.  The Ninth Circuit considers seven factors in determining

28   reasonableness:  (1) The extent of the defendant's purposeful interjection into the

---

1    forum state's affairs; (2) the burden on the defendant of defending in the forum;

2    (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum

3    state's interest in adjudicating the dispute; (5) the most efficient judicial resolution

4    of the controversy; (6) the importance of the forum to the plaintiff's interest in

5    convenient and effective relief; and (7) the existence of an alternative forum. *See*

6    *Core-Vent Corp.*, 11 F.3d at 1487-88; *Terracom v. Valley Nat'l Bank*, 49 F.3d 555,

7    561-62 (9th Cir. 1995).

8            As discussed above, OTM LLC has not had any contacts with

9    California.  It does not conduct business in California, maintains no offices in

10   California, has no officers in California, and does not advertise or sell to California

11   residents.  The burden on OTM LLC to litigate in California would be great, as its

12   officers are all domiciled in Texas.  The third factor also favors dismissal because

13   Texas has a great interest in resolving claims against Texas residents and Texas

14   companies, particularly where the company operates exclusively in Texas as OTM

15   LLC does.  Conversely, California's interest is diminished by the fact that Plaintiff

16   does not operate exclusively in California. *See* Complaint ¶¶ 18-28 (alleging that

17   Plaintiff's extensive advertising on radio, television, and the internet has made its

18   marks famous throughout the United States); *see, e.g., Terracom*, 49 F.3d at 561;

19   *Karsten Mfg. Corp. v. United States Golf Ass'n*, 728 F. Supp. 1429, 1436 (D. Ariz.

20   1990).  For this same reason, it would be reasonable for Plaintiff – who conducts

21   sales and business nationwide – to litigate against OTM LLC in Texas. *See, e.g.,*

22   *Terracom*, 49 F.3d at 562.

23           Because none of the three prongs of the Ninth Circuit's specific

24   jurisdiction test can be satisfied, the Court should dismiss this action as to OTM

25   LLC for lack of personal jurisdiction.

26   **V.   CONCLUSION**

27           One Technologies Management LLC is merely the general partner in

28   One Technologies LP.  Although One Technologies LP may be subject to personal

jurisdiction in California based on its forum-related business activities, jurisdiction cannot be imputed to One Technologies Management LLC and no independent basis for jurisdiction exists.  Accordingly, One Technologies Management LLC respectfully requests that this Court dismiss this action against it because it is not subject to personal jurisdiction in California.

Dated:    July 24, 2009

KENT B. GOSS
VALERIE M. GOO
SETH E. FREILICH
ORRICK, HERRINGTON & SUTCLIFFE LLP


VALERIE M. GOO
Attorneys for Defendants
ONE TECHNOLOGIES MANAGEMENT LLC,
ONE TECHNOLOGIES LP and ALEX CHANG

**PROOF OF SERVICE**

I, Lupe Flores, declare:

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017-5855.

I hereby certify that on July 24, 2009, I electronically filed the following documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below:

**DEFENDANT ONE TECHNOLOGIES MANAGEMENT LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(B)(2)**

| | |
|---|---|
| Rhonda R. Trotter<br>Oscar Ramallo<br>KAYE SCHOLER LLP<br>1999 Avenue of the Stars, Suite 1700<br>Los Angeles, CA  90067<br>Tel:  (310) 788-1000<br>Fax:  (310) 788-1200<br>rtrotter@kayescholer.com<br>oramallo@kayescholer.com<br><br>*Attorneys for Plaintiff*<br>*CONSUMERINFO.COM, INC.* | James H. Donoian<br>GREENBERG TRAURIG LLP<br>200 Park Avenue<br>New York, NY  10166<br>Tel:  (212) 801-9200<br>Fax:  (212) 801-6400<br>donoianj@gtlaw.com<br><br>Gregory A. Nylen<br>GREENBERG TRAURIG LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA  90404<br>Tel:  (310) 586-7700<br>Fax:  (310) 586-7800<br>nyleng@gtlaw.com<br><br>*Attorneys for Defendant*<br>*ADAPTIVE MARKETING* |

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 24, 2009, at Los Angeles, California.

_____
Lupe Flores

OHS West:260690599.1

# PROOF OF SERVICE BY MAIL

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017. On July 24, 2009, I served the following document(s) on the interested parties in this action by placing true and correct copies thereof in sealed envelope(s) addressed as follows:

**DEFENDANT ONE TECHNOLOGIES MANAGEMENT LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(B)(2)**

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Rhonda R. Trotter
Oscar Ramallo
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA  90067
Tel:  (310) 788-1000
Fax:  (310) 788-1200
rtrotter@kayescholer.com
oramallo@kayescholer.com

*Attorneys for Plaintiff*
*CONSUMERINFO.COM, INC.*

James H. Donoian
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY  10166
Tel:  (212) 801-9200
Fax:  (212) 801-6400
donoianj@gtlaw.com

Gregory A. Nylen
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404
Tel:  (310) 586-7700
Fax:  (310) 586-7800
nyleng@gtlaw.com

*Attorneys for Defendant*
*ADAPTIVE MARKETING*

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2009, at Los Angeles, California.

_____
Lupe Flores

OHS West:260690599.1