1    RHONDA R. TROTTER, Bar Number 169241
rtrotter@kayescholer.com
2    THEODORE MAYA, Bar Number 223242
tmaya@kayescholer.com
3    OSCAR RAMALLO, Bar Number 241487
oramallo@kayescholer.com
4    KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
5    Los Angeles, California 90067
Telephone: (310) 788-1000
6    Facsimile: (310) 788-1200

7    Attorneys for Plaintiff
CONSUMERINFO.COM, INC.

8

9             **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11                  **WESTERN DIVISION**

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation, | CASE NO. CV-09-3783-VBF(MANx) |
| Plaintiff, | **PLAINTIFF CONSUMERINFO.COM INC'S OPPOSITION TO DEFENDANT ALEX CHANG'S MOTION TO DISMISS** |
| v. | |
| ALEX CHANG, et al., | DATE: August 17, 2009 |
| Defendants. | TIME: 1:30 p.m. |
| _____ | PLACE: Room 9 |
| And Related Counterclaims | JUDGE: Hon. Valerie Baker Fairbank |

KAYE SCHOLER LLP

# TABLE OF CONTENTS

Page

**I. INTRODUCTION** ...................................................................................1

**II. FACTS** ................................................................................................2

**III. CHANG IS SUBJECT TO PERSONAL JURISDICTION** ........................5

    **A.** **Chang Purposefully Availed Himself of California by Directing and Participating in the Infringing Activities of One Technologies LP Targeted at California Residents.** ...............................................................6

    **B.** **ConsumerInfo's Claims Arise Out of the Infringement.** .................8

    **C.** **The Exercise of Jurisdiction Is Reasonable.** ...................................8

    **D.** **ConsumerInfo Has Controverted Chang's Self-Serving Declaration, and Any Factual Disputes Should Be Resolved After Discovery.** ...........10

**IV. CONSUMERINFO HAS SUFFICIENTLY PLEADED FACTS ESTABLISHING CHANG'S PERSONAL LIABILITY.** ...................................14

**V. CONCLUSION** ..................................................................................14

KAYE SCHOLER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **TABLE OF AUTHORITIES**

2
                                                                              **Page**

3
**Cases**

4
*Ashcroft v. Iqbal*,
5
   129 S. Ct. 1937 (2009) ................................................................ 1, 14

*Babbit Electronics v. Dynascan Corp.*,
6
   38 F.3d 1161 (9th Cir. 1994) ...................................................... 6, 12

7
*Ballard v. Savage*,
   65 F.3d 1495 (9th Cir. 1995) ........................................................... 5

8
*Brown v. General Steel Domestic Sales, LLC*,
   2008 U.S. Dist. LEXIS (C.D. Cal. 2008) ......................................... 8
9

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
10
   173 F.3d 725 (9th Cir. 1999) .................................................. 2, 6, 14

11
*Data Disc, Inc. v. Systems Tech. Associates, Inc.*,
   557 F.2d 1280 (9th Cir. 1977) ...................................................... 10

12
*Davis v. Metro Production, Inc.*,
   885 F.2d 515 (9th Cir. 1989) ...................................................... 6, 8

13
*Figi Graphics, Inc. v. Dollar General Corp.*,
   33 F. Supp. 2d 1263 (S.D. Cal. 1998) ............................................ 9

14
*Graham v. Mary Kay, Inc.*,
15
   24 S.W.3d 749 (Tex. App. 2000) ................................................... 9

*Huff v. Liberty League Int'l, LLC*,
16
   2009 U.S. Dist. LEXIS 38502 (C.D. Cal. 2009) ............................. 8

17
*Indiana Plumbing Supply Co. v. Standard of Lynn, Inc.*,
   880 F. Supp. 743 (C.D. Cal. 1995) ................................................ 8

18
*Io Group, Inc. v. Pivotal, Inc.*,
   2004 U.S. Dist. LEXIS 66773 (N.D. Cal. 2004) ............................. 9

19
*j2 Global Communications, Inc. v. Blue Jay, Inc.*,
20
   2009 U.S. Dist. LEXIS 1616 (N.D. Cal. 2009) ............................... 6

21
*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) ...................................................................... 6

22
*Klein v. Freecom Strategic Partners, LLC*,
   595 F. Supp. 2d 1152 (D. Nev. 2009) .......................................... 13

23
*Mattel, Inc. v. Greiner & Hausser GmbH*,
   354 F.3d 857 (9th Cir. 2003) .......................................... 5, 6, 7, 9, 13
24

*Silverlit Toys Manufactory, Ltd. v. Absolute Toy Marketing, Inc.*,
25
   2007 U.S. Dist. LEXIS 14538 (N.D. Cal. 2007) ............................. 7

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*,
26
   2007 U.S. Dist LEXIS 56787 (S.D. Cal. 2007),
   *rev'd on other grounds*, 563 F.3d 1285 (Fed. Cir. 2009) ............... 10

27
*Transgo, Inc. v. AJAC Transmission Parts Corp.*,
28
   768 F.2d 1001 (9th Cir. 1985) ....................................................... 2

KAYE SCHOLER LLP

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
  556 F.2d 406 (9th Cir. 1977) .................................................................................. 10

*Wolf Designs, Inc. v. DHR & Co.*,
  322 F. Supp. 2d 1065 (C.D. Cal. 2004) .......................................... 1, 6, 7, 8, 12, 13

*Zippo Mf. Co. v. Zippo Dot. Com, Inc.*,
  952 F. Supp. 1119 (W.D. Penn. 1997) .................................................................... 7

**<u>Statutes</u>**

15 U.S.C. § 1117(e) .................................................................................................. 11

Cal. Code Civ. Proc. § 410.10 ................................................................................... 6

Rule 12(b)(2) .............................................................................................................. 5

Rule 12(b)(6) .............................................................................................................. 1

Rule 8 ......................................................................................................................... 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

K AYE  S CHOLER LLP

23271350.DOC          CONSUMERINFO'S OPPOSITION TO CHANG'S MOTION TO DISMISS

KAYE SCHOLER LLP

# I.

## <u>INTRODUCTION</u>

ConsumerInfo's prelawsuit investigation into the events forming the basis of this action shows that defendant Alex Chang personally directs the marketing activities of Defendants One Technologies LP and One Technologies Management LLC ("OTM") (collectively, the "One Tech Defendants"), including the trade mark, trade dress, and copyright infringement central to those marketing activities. This evidence fully supports ConsumerInfo's allegation that Chang "personally directs and controls these activities with respect to the One Tech Defendants." (Compl. ¶ 14.)

Far from being removed from the activities, acting as a "chairman of the board" with no direct involvement, the evidence already available to ConsumerInfo — without the benefit of discovery — demonstrates Chang has been directly involved as the "guiding spirit" behind the infringement alleged by ConsumerInfo. *Wolf Designs, Inc. v. DHR & Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004). Discovery will allow ConsumerInfo to more fully develop this evidence, and Chang will have every opportunity after discovery to argue he cannot be held personally liable for his role in the infringement. But at this time, because ConsumerInfo alleges Chang personally directs and controls the One Tech Defendants' infringement, and because the evidence available at this early stage of litigation fully supports that allegation, Chang's motion to dismiss for lack of personal jurisdiction should be denied. *Id.*

Chang's motion to dismiss pursuant to Rule 12(b)(6), for failure to state a claim, likewise should be denied. The allegations that Chang personally directed and controlled the infringement alleged, combined with ConsumerInfo's allegations concerning the One Tech Defendants' rampant infringement of ConsumerInfo's intellectual property, state a claim against Chang that is "plausible on its face" and easily meet the requirements of Rule 8. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Because ConsumerInfo alleges Chang authorized, directed, and participated in the infringement, Chang's motion to dismiss for failure to state a claim fails. *See*

1

1   *also Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir.

2   1999) ("'A corporate officer or director is, in general, personally liable for all torts

3   [under the Lanham Act] which he authorizes or directs or in which he participates,

4   notwithstanding that he acted as an agent of the corporation and not on his own

5   behalf.'") (quoting *Transgo, Inc. v. AJAC Transmission Parts Corp.*, 768 F.2d 1001,

6   1021 (9th Cir. 1985)).

## II.

## FACTS

ConsumerInfo sued Chang personally for trademark and trade dress
infringement, copyright infringement, cybersquatting, and unfair competition because
he "personally directs and controls [the infringing] activities with respect to the One
Tech Defendants." (Compl. ¶ 14.) Chang takes these actions through OTM.

Chang declares he is the Managing Director of OTM (Chang Decl. ¶ 6), while
other evidence indicates he is OTM's President, including a contract Chang signed
with ConsumerInfo (Simmons Decl. Exh. B, at 17). OTM is the General Partner of
One Technologies LP, the operating entity for the infringing activities. (Chang Decl.
¶ 6.) In his role as Managing Director or President of OTM, the General Partner of
One Technologies LP, Chang has the right and ability to control the infringing
activities alleged by ConsumerInfo. (Compl. ¶¶ 7-8, 14.)

In support of his motion to dismiss, Chang submitted a declaration in which he
claimed "I do not participate in, direct, manage, or supervise or control the operations
of One Technologies." (Chang Decl. ¶ 7.) Chang asserts his role is "somewhat
similar to that of a Chairman of a Board of Directors for a corporation" and that he is
"not the President or Treasurer of [OTM]." (Chang Decl. ¶ 6.) Mark Henry declares
he is OTM's President. (Henry Decl. ¶ 1.)

ConsumerInfo, without even the benefit of discovery, has found numerous
pieces of evidence that contradict Chang's and Henry's assertions. For example:

- The declaration of Brad Simmons, a ConsumerInfo employee based in California, who negotiated a contract with One Technologies LP, who notes that Chang personally negotiated terms of the agreement on One Tech's behalf.  (Simmons Decl. ¶¶ 10-12 & Exh. A.)

- The contract Simmons and Chang negotiated, which Chang signed as "President" of OTM and in which Chang personally negotiated the search engine keywords that One Technologies could use during performance of the contract.  (Simmons Decl. Exh. B, at 17, 40.)

- A 2005 trademark application for One Technologies LP, signed by Chang, under penalty of perjury, as "President" of OTM.  (Ramallo Decl. Exh. G, at 68.)

- A record of the Texas Secretary of State for OTM, current as of June 12, 2009, that lists Alex Chang and Mark Henry, along with Chang's brother Roger, equally as both Managers and Directors of the company. (Ramallo Decl. Exh. H, at 70.)

- A record of the Texas Comptroller dated September 17, 2008, signed by Alex Chang and listing Alex Chang, Roger Chang, and Mark Henry equally as managers of OTM.  (Ramallo Decl. Exh. I, at 72.)

- A February 5, 2005, assumed named certificate for One Technologies LP signed by Chang on its behalf as its "officer, general partner, manager, representative or attorney-in-fact."  (Ramallo Decl. Exh. J, at 75.)

- An email reflecting communications between Chang and Simmons, in which Chang asks Simmons to provide him detailed information on the "persistency rate" of orders sales generated from FreeCreditReportsInstantly.com.  The information is at such a level of minutiae that Simmons passes off Chang's request for information to his subordinate to handle.  (Simmons Decl.  Exh. C, at 42.)

- The resume of Paul Panza, which states Panza was a "Direct Report to

3

Alex Chang" with respect to his duties in developing an affiliate marketing program for One Tech's websites.  (Ramallo Decl. Exh. B, at 8.)

- A statement on One Tech's current corporate website that "Alex . . . leads the sales and business development efforts" at One Tech.  (Ramallo Decl. Exh. C, at 11.)

- Historical WhoIs database records showing Chang was the principal administrative and technical contact for the websites FreeCreditReportInstantly.com and Free-Annual-Credit-Reports.com.  (Ramallo Decl. Exhs. D-E.)

The infringement Chang directs, through OTM, is directed at California residents.  (Compl. ¶ 14.)  For example, FreeCreditReports360.com contains a form for potential customers to input their information before ordering a credit-related product.  (Ramallo Decl. Exh. A, at 5.)  The form contains a drop down menu that specifically lists "California" as a state with whose residents FreeCreditReports360.com intends to do business.  (*Id.*)  The infringing activities have diverted millions of dollars business from ConsumerInfo, including from California residents.  (Compl. ¶¶ 3, 14.)

Through OTM, Chang intentionally draws a substantial number of California consumers to his websites for the purpose of entering into ongoing contractual relationships with them, by trading off of ConsumerInfo's goodwill and infringing ConsumerInfo's trademarks, trade dress, and copyrighted material.  (Compl. ¶ 14.)  More specifically, ConsumerInfo alleges the following infringement:

- Using snapshots of ConsumerInfo's Bandguy television commercials as internet banner advertisements that drive to Chang's websites, instead of ConsumerInfo's.  (Compl. ¶¶ 46-49, Exhs. I-K.)

- Copying ConsumerInfo's copyrighted banner advertisements and using them to drive traffic to Chang's websites, instead of ConsumerInfo's.

KAYE SCHOLER LLP

(Compl. ¶¶ 126-131, Exhs. L-M.)

- Adopting brands and domain names that are confusingly similar to ConsumerInfo's famous FREECREDITREPORT.COM mark, including
  - FreeCreditReportWebsite.com (Compl. ¶ 41.)
  - 2009FreeCreditReport.com (*Id.*)
  - 2010FreeCreditReport.com (*Id.*)
  - FreeCreditReports360.com (Compl. ¶ 40.)
  - FreeCreditReportPlusScore.com (*Id.*)
- Bidding on ConsumerInfo's trademarks in search engines and using misleading titles for the resulting sponsored ads, such as "FreeCreditReport Com?," to drive traffic to Chang's website instead of ConsumerInfo's.  (Compl. ¶ 45, Exh. H.)
- Using banner ads that falsely claim to link to "FreeCreditReports.com" (which is owned by ConsumerInfo), but instead link to Chang's website. (Compl. ¶ 47, Exh. I.)

## III.

## CHANG IS SUBJECT TO PERSONAL JURISDICTION

"When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted). "Unless directly contravened, [plaintiff's] version of the facts is taken as true, and conflicts between the facts contained in declarations submitted by the two sides must be resolved in [plaintiff's] favor . . . ."  *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003).  Once plaintiff establishes the defendant (1) purposefully availed himself of the forum and (2) that the claim arises out of forum related activities, the burden shifts to the defendant to prove (3) jurisdiction is not

KAYE SCHOLER LLP

reasonable.  *Id.* at 863, 866.[1]

### A.    Chang Purposefully Availed Himself of California by Directing and Participating in the Infringing Activities of One Technologies LP Targeted at California Residents.

In considering jurisdiction over corporate officers and employees, courts "reject the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity."  *Davis v. Metro Production, Inc.*, 885 F.2d 515, 521 (9th Cir. 1989) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984)).  Rather, "the central determination is whether [the defendant] is a primary participant or 'guiding spirit' in the alleged wrongdoing."  *Wolf Designs, Inc. v. DHR & Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) (discussing *Davis*, 885 F.2d at 524).  "If acts taken by a corporate officer subject the officer to personal liability (i.e., the corporate officer authorized, directed or participated in tortious conduct), and those acts create contact with the forum state, such acts are not only acts of the corporation but also acts of the individual, and may be considered contacts of the individual . . . ."  *j2 Global Communications, Inc. v. Blue Jay, Inc.*, 2009 U.S. Dist. LEXIS 1616, *15 (N.D. Cal. 2009)[2].  A corporate officer is liable for such activities "without regard to piercing of the corporate veil."  *Babbit Electronics v. Dynascan Corp.*, 38 F.3d 1161, 1184 (9th Cir. 1994).

For example in *Wolf*, an employee of a corporate defendant in a trade dress infringement suit moved to dismiss, claiming he rarely traveled to California and that he did not "authorize, control, direct, or even have knowledge of any of [defendant

---

[1] California's long-arm statute allows courts to "exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."  Cal. Code Civ. Proc. § 410.10.  "Accordingly, the court need only determine whether the assertion of personal jurisdiction over the defendant violates the Due Process Clause of the United States Constitution."  *Wolf Designs, Inc. v. DHR & Co.*, 322 F. Supp. 2d 1065, 1069 (C.D. Cal. 2004).

[2] *See also Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) ("A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf.").

KAYE SCHOLER LLP

KAYE SCHOLER LLP

corporation's] sales to customers in California." *Wolf*, 325 F. Supp. 2d at 1073.  The Court rejected the argument, noting the employee owned 50% of the corporation's stock and that he admitted at his deposition he "made the final decision with respect to the selection of the [infringing products]" and had the "final say" when it came to the corporation's policies. *Id.*  The Court concluded such authority proved the employee had purposefully availed himself of California. *Id.*

Likewise, ConsumerInfo has alleged that "Defendant Chang personally directs and controls [the infringing activities described in the Complaint] with respect to the One Tech Defendants." (Compl. ¶ 14.)  The activities Chang directs include marketing and operating websites that sell credit reports, scores, credit monitoring and identity theft monitoring (Compl. ¶ 29) through use of misleading search advertising (Compl. ¶¶ 43-49), misleading domain names and brands (Compl. ¶ 40-41), and through use of unlicensed copies of ConsumerInfo's copyrighted banner ads to divert business away from ConsumerInfo (Compl. ¶¶ 136).  These activities show that Chang and One Tech purposefully availed themselves of the benefits of doing business in California because they are conducted with the purpose of entering into a high volume of transactions with residents of California and establishing ongoing business relationships with them.  (Compl. ¶¶ 3, 14.)  These activities unquestionably meet the purposeful availment test. *See Zippo Mf. Co. v. Zippo Dot. Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Penn. 1997) ("Traditionally, when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of personal jurisdiction is proper. . .  Different results should not be reached simply because business is conducted over the Internet."); *see also Mattel*, 354 F.3d at 862 (noting uncontraverted allegations must be taken as true).

By personally directing and controlling the infringing activities of One Technologies LP, Chang personally availed himself of the benefits of doing business in California.  *See Wolf*, 352 F. Supp. at 1073; *Silverlit Toys Manufactory, Ltd. v. Absolute Toy Marketing, Inc.*, 2007 U.S. Dist. LEXIS 14538, at *26 (N.D. Cal. 2007)

7

(manager with "sufficient control" subject to personal jurisdiction). The authorities cited by Chang are unavailing because they involved allegations of mere knowledge of infringement. *Huff v. Liberty League Int'l, LLC*, 2009 U.S. Dist. LEXIS 38502, at * 8 (C.D. Cal. 2009) (allegation that defendants were "co-founders and managers" insufficient without allegation of purposeful availment)[3]; *Brown v. General Steel Domestic Sales, LLC*, 2008 U.S. Dist. LEXIS, * (C.D. Cal. 2008) ("merely *knowing* advertisements are being directed into the stream of commerce" insufficient); *Indiana Plumbing Supply Co. v. Standard of Lynn, Inc.*, 880 F. Supp. 743, 751 (C.D. Cal. 1995) (plaintiff failed to establish defendant was "guiding force" of infringement).

Far from alleging that Chang merely knew about infringement, ConsumerInfo alleges that he is the one personally directing and controlling it. Because Chang is the guiding spirit behind One Technologies LP's California infringement, he has personally availed himself of California.

**B.     ConsumerInfo's Claims Arise Out of the Infringement.**

In the infringement context, a claim arises out of the forum related activities, if the claim would not have arisen but for the infringement. *Wolf*, 322 F. Supp. 2d at 1073 ("But for [individual defendant's] authorization of [corporate defendants'] alleged infringements and unfair business practices . . . Plaintiff would not have been injured in California by causing confusion among Plaintiff's customers."). Here, but for the infringements Chang directed and authorized, ConsumerInfo and California consumers would not have been injured in California. Thus, personal jurisdiction over Chang is proper.

**C.     The Exercise of Jurisdiction Is Reasonable.**

Because ConsumerInfo has established purposeful availment and relatedness, Chang has the burden of "present[ing] a compelling case that the presence of some

---

[3] Additionally, *Huff* does not appear to apply the Ninth Circuit's "guiding spirit" standard established in *Davis*, 885 F.2d at 524. *See Huff*, 2009 U.S. Dist. LEXIS at *6 n.3 (stating "guiding spirit" analysis is "irrelevant" to personal jurisdiction). To the extent *Huff* contradicts *Davis*, ConsumerInfo requests it not be followed.

KAYE SCHOLER LLP

other considerations would render jurisdiction unreasonable." *Mattel*, 354 F.3d at 866 (internal quotation omitted).  Courts consider (1) the extent of purposeful interjection, (2) the burden on defendant, (3) the extent of conflict with the sovereignty of defendant's state, (4) the forum's interest, (5) the most efficient judicial resolution, (6) the importance of the forum to the plaintiff, and (7) existence of an alternative forum.  *Id.* at 866-67.  These factors favor asserting personal jurisdiction.

First, One Technologies LP has already answered and counterclaimed against ConsumerInfo in this Court over the same factual dispute.  (Dkt. 25.)  The discovery, dispositive motions, and trial for One Technologies LP and Chang will therefore almost entirely overlap.  Conducting two almost identical lawsuits — one in California, and one in Texas — would be a waste of judicial resources.  Moreover, because Chang and One Technologies LP are represented by the same counsel, one lawsuit in California would likely be less burdensome to Chang than defending a lawsuit personally in Texas and overseeing a second lawsuit of One Technologies LP in California.  Likewise, one lawsuit would provide convenient and effective relief for ConsumerInfo.

Further, "California maintains a strong interest in 'protecting its citizens from the wrongful acts of nonresident defendants.'" *Io Group, Inc. v. Pivotal, Inc.*, 2004 U.S. Dist. LEXIS 66773, at *15 (N.D. Cal. 2004) (discussing copyright infringement) (quoting *Figi Graphics, Inc. v. Dollar General Corp.*, 33 F. Supp. 2d 1263, 1268 (S.D. Cal. 1998).  Thus, California has a strong interest in protecting ConsumerInfo from Chang's infringing acts.  There is no conflict between California's interests and the sovereignty of Texas because most of ConsumerInfo's claims arise under federal law, and Texas and California both recognize trademark infringement under common law.  *See Graham v. Mary Kay, Inc.*, 24 S.W.3d 749, 754 (Tex. App. 2000) (discussing Texas common law trademarks).

Finally, Chang, through his infringing activities, has purposefully generated a substantial volume of business in California.  (Compl. ¶ 14.)  Chang's significant

9

KAYE SCHOLER LLP

contacts with California and this Court's position as the most efficient forum to resolve the parties' disputes makes jurisdiction over Chang reasonable.  Accordingly, Chang's motion to dismiss for lack of personal jurisdiction should be denied.

### D. ConsumerInfo Has Controverted Chang's Self-Serving Declaration, and Any Factual Disputes Should Be Resolved After Discovery.

To avoid this Court's jurisdiction, Chang has filed a self-serving declaration attempting to minimize his role in the infringement.  However, ConsumerInfo has submitted evidence with this opposition contradicting Chang's declaration and placing Chang's credibility into doubt, which demands that these issues be resolved at trial after ConsumerInfo has obtained full discovery.  *See Data Disc, Inc. v. Systems Tech. Associates, Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977) ("Where jurisdictional facts are intertwined with the merits . . . . it is preferable that this determination be made at trial, where plaintiff may present his case in a coherent, orderly fashion without the risk of prejudicing his case on the merits."); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430  n. 24 (9th Cir. 1977) ("Discovery . . . should be granted where the pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of facts is necessary.") (quotation omitted); *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 2007 U.S. Dist LEXIS 56787, AT * (S.D. Cal. 2007), *rev'd on other grounds*, 563 F.3d 1285 (Fed. Cir. 2009) ("Plaintiffs should not be bound solely by the contents of the two declarations submitted by Defendants or by Defendant's conclusions that the contacts disclosed therein are sufficient to establish personal jurisdiction.").

For example, Chang declares he only has "input, at a very high level, into the overall business strategy," and does not get into details such as "choosing keywords for internet searches."  (Chang Decl. ¶¶ 6-7.)  Yet, when ConsumerInfo and One Technologies LP entered into a contract with respect to <FreeCreditReportsInstantly.com>, Chang did delve into those details.  On its face, the contract shows Chang reviewed a list of impermissible keywords in the contract

KAYE SCHOLER LLP

KAYE SCHOLER LLP

1    and crossed out and initialed by hand the terms he did not agree with before signing

2    on behalf of One Technologies LP.  (Simmons Decl. ¶ 14 & Exh. B, at 40.)  This is

3    the nitty-gritty of One Tech's operations, not the "high level," "Chairman of a Board

4    of Directors" (Chang Decl. ¶ 6) duties Chang portrays for himself in his declaration.

5        As Brad Simmons, one of the ConsumerInfo employees who negotiated the

6    contract with Chang observed, "Chang was fully involved with the negotiation of the

7    deal."  (Simmons Decl. ¶ 11, Exh. A.)  Chang personally negotiated the commission

8    structure on One Tech's behalf and had "final decision-making authority" with respect

9    to the terms of the deal.  (*Id.*)  Even after the contract was negotiated, Chang kept

10   close tabs on the performance of the One Tech website, requiring him to deal with low

11   lever ConsumerInfo employees.  (Simmons Decl. ¶ 16 & Exh. C, at 42.)

12       In the same vein, WhoIs records show Chang was personally listed as the

13   administrative and technical contact for the FreeCreditReportsInstantly.com website

14   as late as April 2006, and as late as January 2005 for Free-Annual-Credit-

15   Reports.com, another One Tech website.  (Ramallo Decl. Exhs. D-E.)  As Congress

16   recognized, one of the main purposes of providing contact information for the WhoIs

17   database is to ensure trademark owners have a point of contact to resolve disputes

18   containing domain names.  *See* 15 U.S.C. § 1117(e) (creating a presumption of willful

19   infringement for any domain registrant who provides false contact information when

20   registering a domain name).[4]  Contrary to Chang's representations to the Court, Chang

21   has held himself out to the world as the person responsible for the intellectual property

22   issues concerning One Tech's websites.

23       Even One Tech's current website belies Chang's declaration.  Chang claims he

24   does "not participate in . . . the operations of One Technologies."  (Chang Decl. ¶ 7.)

25

26       [4] To assist intellectual property owners in protecting their rights, among other
     reasons, the Internet Corporation for Assigned Names and Numbers ("ICANN"), the
     entity that oversees the assignment of domain names, requires domain registrars to
27   obtain accurate contact information from domain registrants and place that
     information in the publicly accessible WhoIs database.  *See* (Ramallo Decl. Exh. F ¶¶
     3.3, 3.7.7.1.)
28

1    Yet, One Technologies' corporate website, <OneTechnologies.net>, states that

2    "Alex . . . leads the sales and business development efforts" at One Tech.  (Ramallo

3    Decl. Exh. C, at 11.)  This is an admission Chang cannot escape.

4        Similarly, Chang claims in his declaration "[he] do[es] not participate in, direct,

5    manage, supervise or control the operations of One Technologies," including activities

6    central to this lawsuit such as "working with affiliates."  (Chang Decl. ¶ 7.)  Yet,

7    ConsumerInfo discovered the online resume of a former One Tech employee, Paul

8    Panza, who stated he "was challenged with building an online affiliate program that

9    grew 25% month over month," a task for which he was a "<u>Direct report to Alex</u>

10   <u>Chang</u>, Managing Director."  (Ramallo Decl Exh. B, at 8 (emphasis added).)  Thus,

11   while Chang self-servingly claims he does not "supervise" anyone, neutral evidence

12   shows he directly supervised the infringing activities.  These are classic issues for trial

13   that should not be resolved on self-serving declarations offered before discovery.

14       Further, despite Chang's attempt at misdirection that he has "no direct

15   ownership rights in One Technologies LP," he has every right to control One

16   Technologies LP.  As Chang admits, the managing partner of One Technologies LP is

17   One Technologies Management LLC.  (Chang Decl. ¶ 6.)  In turn, Chang is the

18   Managing Director of One Technologies Management LLC.  (*Id.*)  By this not so

19   elaborate structure, Chang can, and does, control One Technologies LP's activities.

20   *See Babbit*, 38 F.3d at 1184 (corporate officer liable for infringement without need to

21   pierce corporate veil); *Wolf*, 325 F. Supp. at 1073 (employee with 50% interest in

22   corporation exercises sufficient control of infringing activities to be subject to

23   personal jurisdiction).  Evidence that Chang does exercise this control include the

24   contract he negotiated with Simmons and signed on behalf of One Technologies LP in

25   2007 as "President" of One Technologies Management LLC", (Simmons Decl. Exh.

26   B, at 17), the trademark application he signed in 2005 for One Technologies LP, under

27   penalty of perjury, stating he was "President" of One Technologies Management LLC,

28   (Ramallo Decl. Exh. G, at 68), and the various records of the state of Texas signed by

K<small>AYE</small> S<small>CHOLER</small> <small>LLP</small>

12

1    Chang attesting to his role as a manger of One Technologies Management LLC,

2    (Ramallo Decl. Exhs. H-J.).

3         Resolving all conflicts in the facts in ConsumerInfo's favor, *Mattel*, 354 F.3d at

4    862, the Court should deny Chang's motion to dismiss.  Chang directly supervises the

5    employees responsible for the infringing activities and participates directly in minute

6    details of One Technologies LP's infringing operations, such as choosing the

7    keywords used by the websites at issue.  His role is nothing like that of a "Chairman

8    of the Board" who oversees the corporation from afar by presiding over the occasional

9    board meeting, as he would have the Court believe.  These facts are more than

10   sufficient to establish a prima facie case that Chang is subject to personal jurisdiction.

11   *Wolf*, 322 F. Supp. 2d 1065 (personal jurisdiction established where officer

12   "personally directed, participated in, and authorized the alleged infringing activity.").

13        Because ConsumerInfo has made a prima facie case of personal jurisdiction

14   over Chang, his motion to dismiss should be denied.  Even without the benefit of

15   discovery, ConsumerInfo has managed to collect the evidence summarized above,

16   which supports the allegation that "Chang personally directs and controls" the

17   infringing activities at issue.  (Compl. ¶ 14.)  ConsumerInfo should be afforded the

18   opportunity to collect more such evidence, including through depositions of Chang

19   and other officers and employees of One Technologies entities, before Chang is

20   dismissed on the grounds that insufficient evidence supports this Court's exercise of

21   personal jurisdiction over him.  *See Wolf*, 325 F. Supp. 2d at 1068 (describing prior

22   denial of motion to dismiss with permission to renew "should it become evident in the

23   [individual defendant's] deposition that there is no basis for this court to exercise

24   personal jurisdiction").  Moreover, because the factual disputes concerning personal

25   jurisdiction over Chang overlap with the merits of the case, ConsumerInfo requests

26   the Court defer these issues for trial after discovery has allowed ConsumerInfo to fully

27   develop the record.  *See Klein v. Freecom Strategic Partners, LLC*, 595 F. Supp. 2d

28   1152, 1160 (D. Nev. 2009) (holding jurisdictional discovery on corporate officer

KAYE SCHOLER LLP

1  should be combined with merits discovery where issues substantially overlap).

**IV.**

2

3  <u>**CONSUMERINFO HAS SUFFICIENTLY PLEADED FACTS ESTABLISHING**</u>

4  <u>**CHANG'S PERSONAL LIABILITY.**</u>

5  A motion to dismiss for failure to state a claim should be denied, so long as the

6  claim is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

7  To establish Chang is liable for the acts of infringement alleged in the complaint,

8  ConsumerInfo need only show Chang "authorize[ed] or direct[ed] or . . .

9  participate[d], [in the infringing acts], notwithstanding that he acted as an agent of the

10  corporation and not on his own behalf." *Coastal Abstract Serv., Inc.*, 173 F.3d at 734.

11  Here, ConsumerInfo alleges that "Chang personally directs and controls [the

12  infringing activities described in the Complaint] with respect to the One Tech

13  Defendants." (Compl. ¶ 14.) The Complaint alleges Chang exercises this control

14  through his position as an officer of One Technologies Management, LLC, the general

15  partner of One Technologies LP, which is the direct operating entity for the infringing

16  activities. (Compl. ¶¶ 6-8.) The rampant infringing activities include bidding on and

17  using ConsumerInfo's trademarks as ad text in search engine advertising, using brands

18  and domain names that are confusingly similar to ConsumerInfo's trademarks, and

19  infringing ConsumerInfo's copyrights. (Compl. ¶¶ 38-50.)

20  The allegations that Chang has the right and ability to control One Technologies

21  LP, combined with allegations that the One Tech Defendants have "made theft of

22  ConsumerInfo's and others' intellectual property a principal component of their

23  business strategy" (Compl. ¶ 2), easily establish that is "plausible" that Chang

24  authorized, directed, or participated in the activity. Accordingly, the court should deny

25  Chang's motion to dismiss.

26

27

28

KAYE SCHOLER LLP

14

**V.**

**<u>CONCLUSION</u>**

For the foregoing reasons, Chang's motion to dismiss should be denied.

DATED:  August 3, 2009                    Respectfully submitted,

                                          KAYE SCHOLER LLP

                                          By:_____/s/_____
                                             Oscar Ramallo
                                             Attorneys for Plaintiff
                                             CONSUMERINFO.COM, INC.

15