RHONDA R. TROTTER, Bar Number 169241
rtrotter@kayescholer.com
THEODORE MAYA, Bar Number 223242
tmaya@kayescholer.com
OSCAR RAMALLO, Bar Number 241487
oramallo@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Attorneys for Plaintiff
CONSUMERINFO.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

CONSUMERINFO.COM, INC.,
a California corporation,

    Plaintiff,

v.

ALEX CHANG, et al.,

    Defendants.

_____

And Related Counterclaims

CASE NO. CV-09-3783-VBF(MANx)

**PLAINTIFF CONSUMERINFO.COM INC'S OPPOSITION TO DEFENDANT ONE TECHNOLOGIES MANAGEMENT LLC'S MOTION TO DISMISS**

DATE: August 17, 2009
TIME: 1:30 p.m.
PLACE: Room 9
JUDGE: Hon. Valerie Baker Fairbank

# I.

# **INTRODUCTION**

ConsumerInfo.com, Inc.'s ("ConsumerInfo's") pre-lawsuit investigation into the events forming the basis for this action shows that defendant Alex Chang, through Defendant One Technologies Management LLC as the general partner of Defendant One Technologies LP, personally directs the alleged infringement by all three of these defendants (collectively, the "One Tech Defendants").

The One Tech Defendants have not challenged the Court's personal jurisdiction over the operating entity, One Technologies LP, as that entity purposefully directs a substantial volume of business towards residents of California. One Technologies Management LLC ("OTM") has moved to dismiss for lack of personal jurisdiction on the grounds that it is not the direct operating entity for the infringement. However, under clearly established Ninth Circuit law, "a subsidiary's contacts may be imputed to the parent . . . where the subsidiary acts as the general agent of the parent." *Harris Rutsky & Co. Ins. v. Servs. v. Bell & Clements Ltd.*, 328 F.23d 1122, 1134 (9th Cir. 2003). "To satisfy the agency test, the plaintiff must make a prima facie showing that the subsidiary represents the parent corporation by performing services sufficiently important to the [parent] corporation that if it did not have a representative to perform them, the [parent] corporation . . . would undertake to perform substantially similar services." *Id.* at 1135 (quotation omitted).

Here OTM's alleged President Mark Henry admits OTM's "only business is to function as the general partner of One Technologies LP." (Henry Decl. ¶ 8.) Because supervising One Technologies LP's infringing activities is the only reason for OTM's existence, those activities are clearly sufficiently important to OTM that if it did not have One Technologies LP to perform them, it would perform them itself. Thus, One Technologies LP's contacts, which indisputably establish personal jurisdiction can be imputed to OTM, and OTM's motion to dismiss should be denied.

## II.

## **FACTS**

ConsumerInfo sued Alex Chang, One Technologies Management LLC, and One Technologies LP for trademark and trade dress infringement, copyright infringement, cybersquatting, and unfair competition . (Compl. ¶ 14.) Chang declares he is the Managing Director of OTM (Chang Decl. ¶ 6), while other evidence indicates he is OTM's President, including a contract Chang signed with ConsumerInfo (Simmons Decl. Exh. B, at 17). OTM is the General Partner of One Technologies LP, the operating entity for the infringing activities. (Chang Decl. ¶ 6.) OTM's "only business is to function as the general partner of One Technologies LP." (Henry Decl. ¶ 8.)

The infringement OTM manages through its General Agent, One Technologies LP, is directed at California residents. (Compl. ¶ 14.) For example, FreeCreditReports360.com, a site directly operated by One Technologies LP, contains a form for potential customers to input their information before ordering a credit-related product. (Ramallo Decl. Exh. A, at 5.) The form contains a drop down menu that specifically lists "California" as a state with whose residents FreeCreditReports360.com intends to do business. (*Id.*) The infringing activities have diverted millions of dollars business from ConsumerInfo, including from California residents. (Compl. ¶¶ 3, 14.)

Through One Technologies LP, OTM intentionally draws a substantial number of California consumers to its websites for the purpose of entering into ongoing contractual relationships with them, by trading off of ConsumerInfo's goodwill and infringing ConsumerInfo's trademarks, trade dress, and copyrighted material. (Compl. ¶ 14.) More specifically, ConsumerInfo alleges the following infringement:

- Using snapshots of ConsumerInfo's Bandguy television commercials as internet banner advertisements that drive to Chang's websites, instead of ConsumerInfo's. (Compl. ¶¶ 46-49, Exhs. I-K.)

- Copying ConsumerInfo's copyrighted banner advertisements and using them to drive traffic to Chang's websites, instead of ConsumerInfo's. (Compl. ¶¶ 126-131, Exhs. L-M.)
- Adopting brands and domain names that are confusingly similar to ConsumerInfo's famous FREECREDITREPORT.COM mark, including
    - FreeCreditReportWebsite.com (Compl. ¶ 41.)
    - 2009FreeCreditReport.com (*Id.*)
    - 2010FreeCreditReport.com (*Id.*)
    - FreeCreditReports360.com (Compl. ¶ 40.)
    - FreeCreditReportPlusScore.com (*Id.*)
- Bidding on ConsumerInfo's trademarks in search engines and using misleading titles for the resulting sponsored ads, such as "FreeCreditReport Com?," to drive traffic to Chang's website instead of ConsumerInfo's. (Compl. ¶ 45, Exh. H.)
- Using banner ads that falsely claim to link to "FreeCreditReports.com" (which is owned by ConsumerInfo), but instead link to Chang's website. (Compl. ¶ 47, Exh. I.)

### III.

### OTM IS SUBJECT TO PERSONAL JURISDICTION

"When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted). "Unless directly contravened, [plaintiff's] version of the facts is taken as true, and conflicts between the facts contained in declarations submitted by the two sides must be resolved in [plaintiff's] favor . . . ." *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). Once plaintiff establishes the defendant (1)

purposefully availed himself of the forum and (2) that the claim arises out of forum related activities, the burden shifts to the defendant to prove (3) jurisdiction is not reasonable. *Id.* at 863, 866.[1]

### A. Through its General Agent One Technologies LP, OTM Purposefully Availed Itself of California by Directing and Participating in the Infringing Activities of One Technologies LP Targeted at California Residents.

"[A] subsidiary's contacts may be imputed to the parent . . . where the subsidiary acts as the general agent of the parent." *Harris Rutsky & Co. Ins. v. Servs. v. Bell & Clements Ltd.*, 328 F.23d 1122, 1134 (9th Cir. 2003). "To satisfy the agency test, the plaintiff must make a prima facie showing that the subsidiary represents the parent corporation by performing services "sufficiently important to the [parent] corporation that if it did not have a representative to perform them, the [parent] corporation . . . would undertake to perform substantially similar services." *Id.* at 1135 (quotation omitted).

Defendants cite *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990), for the proposition that the Court lacks personal jurisdiction over OTM. In that case, plaintiff sued a law firm, organized as a Florida partnership, and each of the named partners in California for malpractice arising out of the legal representation of plaintiff in Florida. During that representation, one of the partners flew to California, several of the partners made phone calls to California, and plaintiff executed a deed of trust to California real estate in favor of the partnership (but not in favor of any individual partner). The court held these contacts sufficient to establish personal jurisdiction over the partnership, but not the individual partners. *Id.* at 1363-66.

---

[1] California's long-arm statute allows courts to "exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10. "Accordingly, the court need only determine whether the assertion of personal jurisdiction over the defendant violates the Due Process Clause of the United States Constitution." *Wolf Designs, Inc. v. DHR & Co.*, 322 F. Supp. 2d 1065, 1069 (C.D. Cal. 2004).

The *Sher* court emphasized that "the partnership did not solicit Sher's business in California; Sher came to the firm in Florida." *Id.* at 1362; *see also id.* at 1363 ("Out-of-state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state."). The court also reasoned that no individual partner had sufficient contacts with California in the course of the representation to establish specific or general jurisdiction over that partner, particularly because the deed of trust was in favor of the partnership but not any individual partner. *Id.* at 1366.

Here, on the other hand, there is no dispute that One Technologies LP's activities as General Agent for OTM create sufficient contacts with California. (OTM Mot. to Dismiss at 6:27-7:1 ("Plaintiff's allegations may establish that *One Technologies LP* has purposefully availed itself of the benefits of California law by marketing and selling services to California residents . . . .").) These activities include marketing and operating websites that sell credit reports, scores, credit monitoring and identity theft monitoring (Compl. ¶ 29); use of misleading search advertising (Compl. ¶¶ 43-49); use of misleading domain names and brands (Compl. ¶ 40-41); and use of unlicensed copies of ConsumerInfo's copyrighted banner ads to divert business away from ConsumerInfo (Compl. ¶¶ 136). These activities purposefully avail One Technologies LP of California because they are conducted with the purpose of entering into a high volume of transactions with residents of California and establishing ongoing business relationships with them. (Compl. ¶¶ 3, 14.) These activities without question are sufficient to meet the purposeful availment test. *See Zippo Mf. Co. v. Zippo Dot. Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Penn. 1997) ("Traditionally, when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of personal jurisdiction is proper. . . Different results should not be reached simply because business is conducted over the Internet."); *see also Mattel*, 354 F.3d at 862 (noting uncontraverted allegations must

be taken as true).

Moreover, there is no dispute that the activities of One Technologies LP are "sufficiently important to the [parent] corporation that if it did not have a representative to perform them, the [parent] corporation . . . would undertake to perform substantially similar services." *Harris Rutsky*, 328 F.3d at 1135. As Henry admits, "OTM LLC's only business is to function as the general partner of One Technologies LP." (Henry Decl. ¶ 6.) If OTM did not have One Technologies LP to conduct the infringing activities, OTM would have to perform the infringing activities itself, as OTM would have literally no other reason for existence.

Because One Technologies LP's activities are the sole reason for OTM's existence, the Court can impute One Technologies LP's activities to OTM. Because there is no dispute that One Technologies LP's activities purposefully avail it of California, the Court should assert jurisdiction over OTM.

### B. ConsumerInfo's Claims Arise Out of the Infringement.

In the infringement context, a claim arises out of the forum related activities, if the claim would not have arisen but for the infringement. *Wolf*, 322 F. Supp. 2d at 1073 ("But for [individual defendant's] authorization of [corporate defendants'] alleged infringements and unfair business practices . . . Plaintiff would not have been injured in California by causing confusion among Plaintiff's customers."). Here, but for the alleged infringements, ConsumerInfo and California consumers would not have been injured in California. Thus, personal jurisdiction over OTM is proper.

### C. The Exercise of Jurisdiction Is Reasonable.

Because ConsumerInfo has established purposeful availment and relatedness, OTM has the burden of "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Mattel*, 354 F.3d at 866 (internal quotation omitted). Courts consider (1) the extent of purposeful interjection, (2) the burden on defendant, (3) the extent of conflict with the sovereignty of defendant's state, (4) the forum's interest, (5) the most efficient judicial resolution, (6)

the importance of the forum to the plaintiff, and (7) existence of an alternative forum. *Id.* at 866-67. These factors favor asserting personal jurisdiction.

First, One Technologies LP has already answered and counterclaimed against ConsumerInfo in this Court over the same factual dispute. (Dkt. 25.) The discovery, dispositive motions, and trial for One Technologies LP and OTM will almost entirely overlap. Conducting two almost identical lawsuits — one in California, and one in Texas — would be a waste of judicial resources. Moreover, because Chang, OTM, and One Technologies LP are represented by the same counsel, one lawsuit in California would likely be less burdensome to Defendants than defending one lawsuit in Texas and another in California. Likewise, one lawsuit would provide convenient and effective relief for ConsumerInfo.

Further, "California maintains a strong interest in 'protecting its citizens from the wrongful acts of nonresident defendants.'" *Io Group, Inc. v. Pivotal, Inc.*, 2004 U.S. Dist. LEXIS 66773, at *15 (N.D. Cal. 2004) (discussing copyright infringement) (quoting *Figi Graphics, Inc. v. Dollar General Corp.*, 33 F. Supp. 2d 1263, 1268 (S.D. Cal. 1998). Thus, California has a strong interest in protecting ConsumerInfo from Chang's infringing acts. There is no conflict between California's interests and the sovereignty of Texas because most of ConsumerInfo's claims arise under federal law, and Texas and California both recognize trademark infringement under common law. *See Graham v. Mary Kay, Inc.*, 24 S.W.3d 749, 754 (Tex. App. 2000) (discussing Texas common law trademarks).

Finally, OTM, through the infringing activities if its General Agent One Technologies LP, has purposefully generated a substantial volume of business in California. (Compl. ¶ 14.) OTM's significant contacts with California and this Court's position as the most efficient forum to resolve the parties' disputes makes jurisdiction over Chang and OTM reasonable. Accordingly, OTM's motion to dismiss for lack of personal jurisdiction should be denied.

7

## IV.
## **CONCLUSION**

For the foregoing reasons, OTM's motions to dismiss for lack of personal jurisdiction should be denied.

DATED: August 3, 2009            Respectfully submitted,

KAYE SCHOLER LLP

By: _____/s/_____
  Oscar Ramallo
Attorneys for Plaintiff
CONSUMERINFO.COM, INC.