1   KENT B. GOSS (State Bar No. 131499)
    kgoss@orrick.com
2   VALERIE M. GOO (State Bar No. 187334)
    vgoo@orrick.com
3   SETH E. FREILICH (State Bar No. 217321)
    sfreilich@orrick.com
4   DIMITRIOS V. KOROVILAS (State Bar No. 247230)
    dkorovilas@orrick.com
5   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 S. Figueroa Street, Suite 3200
6   Los Angeles, CA  90017
    Telephone:  +1-213-629-2020
7   Facsimile:    +1-213-612-2499

8   Attorneys for Defendants
    ONE TECHNOLOGIES MANAGEMENT LLC, ONE
9   TECHNOLOGIES LP and ALEX CHANG

10                  UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                      WESTERN DIVISION

13

14

15  CONSUMERINFO.COM, INC., a          Case No.  CV 09-3783-VBF(MANx)
    California corporation,
16                                      **REPLY IN SUPPORT OF MOTION
                  Plaintiff,            BY DEFENDANT ALEX CHANG
17                                      TO DISMISS FOR LACK OF
         v.                             PERSONAL JURISDICTION
18                                      PURSUANT TO FRCP 12(B)(2) OR,
    ALEX CHANG, an individual; ONE      IN THE ALTERNATIVE, FOR
19  TECHNOLOGIES MANAGEMENT             FAILURE TO STATE A CLAIM
    LLC, a Texas corporation; ONE       PURSUANT TO FRCP 12(B)(6)**
20  TECHNOLOGIES LP, a Delaware
    limited partnership; ADAPTIVE       Hearing Date:      August 17, 2009
21  MARKETING LLC, a Delaware           Time:              1:30 p.m.
    corporation; and DOES 1-50, inclusive,   Courtroom:     9
22                                      Judge:       Hon. Valerie Baker Fairbank
                  Defendants.
23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

**Page**

3
I.      INTRODUCTION ............................................................................. 1

4
II.     THE COURT SHOULD DISMISS THE COMPLAINT AS TO MR.
5       CHANG FOR LACK OF PERSONAL JURISDICTION ............................. 2

6       A.      Mr. Chang Did Not Direct Or Participate In One Technologies
7               LP's Allegedly Infringing Activities ...................................... 2

8               1.  Mr. Chang is not the "Guiding Spirit" of One Technologies.........2

9               2.  ConsumerInfo's "Evidence' Does Not Establish that Mr. Chang
                    was Personally Involved in or Directed the Allegedly Infringing
10                  Activities at Issue in the Complaint……………………………4

11      B.      Exercising Personal Jurisdiction Over Mr. Chang Would Be
12              Unreasonable ........................................................................ 7

13
III.    THERE IS NO BASIS FOR DELAYING RESOLUTION OF THE
        JURISDICTIONAL QUESTION UNTIL AFTER DISCOVERY ................ 8
14

15
IV.     THE COMPLAINT SHOULD ALTERNATIVELY BE DISMISSED
        AS TO MR. CHANG FOR FAILURE TO STATE A CLAIM ................... 10
16

17
V.      CONCLUSION ............................................................................. 11

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ...................................................................................4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 555 (2007) ..............................................................................4

*Boschetto v. Hansing,*
    539 F.3d 1011 (9th Cir. 2008) ....................................................................3

*Brown v. Gen. Steel Domestic Sales, LLC,*
    2008 WL 2128057 (C.D. Cal. May 19, 2008) ..........................................3, 4

*Coastal Abstract Serv., Inc. v. First Am. Tit. Ins. Co.,*
    173 F.3d 725 (9th Cir. 1999) ......................................................................4

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,*
    557 F.2d 1280 (9th Cir. 1977) ....................................................................2

*Davis v. Metro Prods, Inc.,*
    885 F.2d 515 (9th Cir. 1989) ......................................................................5

*Global Commc'ns, Inc. v. Blue Jay, Inc.,*
    2009 WL. 29905 (N.D. Cal. Jan. 5, 2009) ...............................................3

*Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.,*
    880 F. Supp. 743 (C.D. Cal. 1995) ...........................................................6

*Karsten Mfg. Corp. v. United States Golf Ass'n,*
    728 F. Supp. 1429 (D. Ariz. 1990) ...........................................................2

*LeDuc v. Kentucky  Cent. Life Ins. Co.,*
    814 F. Supp. 820 (N.D. Cal. 1992) ...........................................................5

*Matsunoki Group, Inc. v. Timberwork Oregon, Inc.,*
    2009 WL. 1033818 (N.D. Cal. Apr. 16, 2009) .......................................3

*In re Infosonics Corp. Derivative Litigation,*
    2007 WL. 951296 (S.D. Cal. Mar. 21, 2007) ..........................................3

*In re Silicon Graphics Inc. Securities Litigation,*
    183 F.3d 970 (9th Cir. 1999) ......................................................................4

*Terracom v. Valley Nat'l Bank,*
    49 F.3d 555 (9th Cir. 1995) .....................................................................1, 3

*Townsend v. Univ. of Alaska,*
    543 F.3d 478 (9th Cir. 2008) ......................................................................4

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3    *Wells Fargo & Co. v. Wells Fargo Express Co.*,
        56 F.2d 406 (9th Cir. 1997) ................................................................. 2, 3

4

5    *Williams v. Foote*,
        2009 WL. 1520029 (C.D. Cal., May 28, 2009) ................................... 4

6    *Wolf Designs, Inc. v. DHL & Co.*,
        322 F. Supp. 2d 1065 (C.D. Cal. 2004) ............................................... 2, 3

7

8

**Rules**

9    Federal Rule of Civil Procedure 12(b)(6) ................................................ 4

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.    **INTRODUCTION**

2          For purposes of the instant motion, this Court must decide whether Alex

3    Chang personally directs and controls the alleged infringing activities of One

4    Technologies LP that are raised in the Complaint.  As the moving papers

5    demonstrate, Mr. Chang has virtually no involvement with One Technologies LP's

6    ("One Technologies") business operations.  It has been that way for almost two

7    years.  Rather than meet these facts straight on, ConsumerInfo takes the Court on a

8    historical escapade of sporadic involvement and titles held by Mr. Chang since

9    2002.  Even the "evidence" that is submitted by ConsumerInfo fails to address Mr.

10   Chang's involvement in One Technologies' choice of keywords in marketing, paid

11   searches or the use of banner ads in its advertising.  For this reason alone, Mr.

12   Chang submits, his motion should be granted.

13          The declarations submitted by Consumer Info, while thick, attempt to show

14   two things:  (1) Mr. Chang did not tell the truth in his first declaration; and (2) Mr.

15   Chang exchanged e-mails and communications with ConsumerInfo in 2007.

16   ConsumerInfo fails miserably on the first issue and the evidence on the second

17   issue falls into the "so what" category.  ConsumerInfo makes much of the fact that

18   Mr. Chang was President of One Technologies Management LLC ("OTM LLC") in

19   2002. As Mr. Chang's supplemental declaration submitted with this reply brief

20   establishes, effective January 1, 2006, Mark Henry formally became President of

21   OTM LLC.  However, Mr. Henry has functioned as President since 2004.  No

22   matter which date you pick, Mr. Chang has not been President of OTM LLC for at

23   least three and a half years.  That is entirely consistent with Mr. Chang's statements

24   in his first declaration.  ConsumerInfo also attaches a hearsay resume of a former

25   One Technologies employee posted on LinkedIn, who worked with Mr. Chang in

26   2007.  However, that work was in the area of business development - finding new

27   companies who wanted to buy One Technologies' services.  It did not involve the

28   marketing or advertising of services to consumers, and it certainly did not involve

     the creation of marketing or advertising campaigns that are alleged in the

1   Complaint.  ConsumerInfo's attempts to argue by the transitive property:  A=B;
2   B=C; therefore A=C.  However, ConsumerInfo's application is flawed.  Although
3   Alex Chang once was the President of OTM LLC, and once had interaction with
4   ConsumerInfo, neither equates to personal jurisdiction or liability.  Mr. Chang
5   submits that he should be dismissed from the Action.

6   **II.    THE COURT SHOULD DISMISS THE COMPLAINT AS TO MR.**
7   **CHANG FOR LACK OF PERSONAL JURISDICTION.**

8          ConsumerInfo concedes that Mr. Chang is not subject to general jurisdiction
9   in California.  Instead, ConsumerInfo argues that Mr. Chang is subject to specific
10  jurisdiction because he "directed and participated in" and therefore was the
11  "guiding spirit" of the infringing activities alleged in the Complaint.  However,
12  neither the factual allegations of the Complaint nor the "evidence" offered in
13  ConsumerInfo's opposition papers support this.

14         **A.    Mr. Chang Did Not Direct Or Participate In One Technologies**
15         **LP's Allegedly Infringing Activities.**

16              **1.    Mr. Chang is not the "Guiding Spirit" of One**
17              **Technologies.**

18         ConsumerInfo argues that Mr. Chang is subject to specific jurisdiction in this
19  case because he "personally directs the marketing activities of Defendant One
20  Technologies LP and One Technologies Management LLC" and is therefore the
21  "guiding spirit" behind the infringing conduct alleged in the Complaint.  Opp'n at 1
22  (citing *Wolf Designs, Inc. v. DHL & Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal.
23  2004)).  As discussed in the moving papers, ConsumerInfo's Complaint is entirely
24  devoid of any factual allegations that support this argument, and ConsumerInfo has
25  not identified any such allegations in its opposition.

26         ConsumerInfo's "evidence" submitted with its opposition papers is equally
27  deficient to establish personal jurisdiction.  While courts have exercised personal
28  jurisdiction over individuals deemed to be the "guiding spirit" behind the activities
    at issue in the Complaint, the standard is quite high, requiring extensive personal

1   involvement and nearly complete direction and control over the underlying

2   activities.  For instance, in *Wolf*, the individual defendant owned more than 50% of

3   the corporate defendant's stock, admitted the he had the "final say" over the

4   selection of the allegedly infringing jewelry boxes that were at issue, and, over

5   time, "became the ***prime moving force*** in *all* policies and decisions" of the

6   corporate defendant.  *Wolf*, 322 F. Supp 2d at 1073 (emphasis added).  Because he

7   was so directly involved in the infringing activities, the court held that the

8   individual defendant was subject to personal jurisdiction.  Likewise, in *Matsunoki*

9   *Group, Inc. v. Timberwork Oregon, Inc.*, the court exercised personal jurisdiction

10  over an officer who had "***significant if not complete control*** over decisions," had

11  "***final approval on every decision pertaining***" to the complaint, and was "the ***only***

12  person . . . involved in working [on the home in California at issue]."  *Matsunoki*

13  *Group, Inc. v. Timberwork Oregon, Inc.*, 2009 WL 1033818, at *4 (N.D. Cal. Apr.

14  16, 2009) (emphasis added); *see also j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*,

15  2009 WL 29905, at *9 (N.D. Cal. Jan. 5, 2009) (individual defendant was the

16  "guiding spirit" where he was "***personally and solely responsible*** for arranging" the

17  bulk, unsolicited fax advertising at issue and had "direct, personal involvement in

18  and ***ultimate control over every aspect*** of the alleged wrongful conduct") (emphasis

19  added).

20      In sharp contrast, Mr. Chang has no direct ownership interest in One

21  Technologies LP, does not have sole decision-making authority or the "final say"[1]

22  in One Technologies, and his involvement with One Technologies' business has

23  greatly diminished over time.  Chang Decl. ¶ 4; Supp. Chang Decl. ¶¶ 2-8; *see*

24  *Brown v. Gen. Steel Domestic Sales, LLC*, 2008 WL 2128057, at *11 (C.D. Cal.

25  May 19, 2008) (allegations that the individual defendant "formulates, controls,

26  directs, supervises, perpetuates, [and] manages defendant's policies [and] plays a

27

28  [1] The only "evidence" that Mr. Chang had the "final say" or was the "central figure" behind One Technologies is a purely speculative and self-serving statement in the declaration of ConsumerInfo's own employee, Brad Simmons.  It should be disregarded.

- 3 -

OHS West:260706636.2

broad managerial role . . . *in no way* suggest that he was the 'guiding spirit' behind [defendant's] advertising.") (emphasis added).  More importantly, Mr. Chang has had very little, if any, involvement in One Technologies' marketing operations over the past several years, and has had *no involvement* in the activities at issue in the Complaint. ConsumerInfo's claims are premised on One Technologies' allegedly infringing use of certain domain names, keywords and banner advertising in its online marketing campaigns. *See* Complaint ¶¶ 38-50.  As established by the evidence submitted in the Declarations of Alex Chang and Mark Henry, Alex Chang does not direct or participate in One Technologies' marketing operations. Chang Decl. ¶ 7; Henry Decl. ¶ 3.  ConsumerInfo offers nothing to refute this.

### 2. ConsumerInfo's "Evidence" Does Not Establish that Mr. Chang was Personally Involved in or Directed the Allegedly Infringing Activities at Issue in the Complaint.

Much of ConsumerInfo's evidentiary support for its opposition is inadmissible.  Nevertheless, even assuming that it was admissible, it establishes nothing more than the facts that Mr. Chang has already put forth – that he is an officer of OTM LLC and has acted from time to time in that capacity; that although he was one of the original founders of One Technologies, his involvement with One Technologies' business has devolved over time; and that he has no involvement with One Technologies' marketing activities at issue in the Complaint.  Chang Decl. ¶¶ 6-7; Supp. Chang Decl. ¶¶ 2-8.  ConsumerInfo has failed to show that Mr. Chang was personally involved or directed the activities at issue in the Complaint.

ConsumerInfo submits several exhibits to establish that Mr. Chang is an officer and member of OTM LLC.  Ramallo Decl., Exh. H-J.  As already discussed in the moving papers, this fact alone is insufficient to establish personal jurisdiction.  *See* Motion at 5-7; Chang Decl. ¶ 6.

ConsumerInfo also argues that Mr. Chang is OTM LLC's president (*see* Opp'n at 2:13-16) but that argument is irrelevant.  *Brown*, 2008 WL 2128057 at *11 ("The mere fact that [the individual] is [the corporation's] president is not

- 4 -

OHS West:260706636.2

1  sufficient to subject him to jurisdiction in California or give rise to an inference that

2  he is the 'guiding spirit' behind the claimed tortious conduct."); *see Davis v. Metro*

3  *Prods, Inc.*, 885 F.2d 515, 520 (9th Cir. 1989) (court must examine the individual's

4  involvement in forum-related claims).  Further, the argument is wrong.  Although

5  Mr. Chang was initially the president of OTM LLC when it was formed in 2002, he

6  has not held that title for years.  Supp. Chang Decl. ¶ 2, Ex. A.  Mark Henry has

7  been the President of OTM LLC since January 2006.[2]  The 2007 contract with

8  ConsumerInfo does not establish anything to the contrary.  In the 2007 contract

9  which ConsumerInfo argues establishes Mr. Chang as the President of OTM LLC,

10  the word "President" is, in fact, ***crossed out*** and replaced with a handwritten

11  indication that he is OTM LLC's managing director.  *See* Simmons Decl. Exh. B at

12  17.

13      The Declaration of Brad Simmons is also unpersuasive, as it fails to show

14  that Mr. Chang was personally involved in and directed the marketing activity at

15  issue in the Complaint.  ConsumerInfo argues that Mr. Chang was the "central

16  figure behind One Tech" because he personally negotiated the terms of a 2007

17  contract between One Technologies and ConsumerInfo.  Opp'n at 3:1-4, 10-11.  In

18  support of this, ConsumerInfo offers ten pages of e-mails in which Mr. Chang and

19  Mr. Brad Simmons, of ConsumerInfo, simply discuss the proper date and time to

20  hold a meeting.  *See* Simmons Decl. Exh. A.  This hardly establishes Mr. Chang as

21  the "central figure behind One Tech."  Nor does Mr. Chang's signature on the 2007

22  contract establishing ConsumerInfo as a customer of One Technologies or his one-

23  time communication regarding persistency rates[3] establish jurisdiction – indeed,

24  they are not even mentioned in ConsumerInfo's Complaint.  *See LeDuc v. Kentucky*

25  *Cent. Life Ins. Co*., 814 F. Supp. 820, 825 (N.D. Cal. 1992) (signing of contracts

26  _____

[2] On May 14, 2007, Mark Henry was appointed President of OTM LLC, 2007,
27  effective as of January 1, 2006.  Supp. Chang Decl., ¶ 2, Exh. A.  Thus, while Mr.
Chang did sign the trademark application submitted as Exhibit G to the Ramallo
28  Declaration as "President," at the time, it was in fact correct.  Chang Decl. ¶¶ 2-3.
[3] Simmons Decl., Exh. C.  Exhibit C to Mr. Simmons declaration, which is a e-mail
from a ConsumerInfo employee about a message supposedly left by Mr. Chang, is
not only irrelevant, but also hearsay.

insufficient to establish personal jurisdiction over corporate director).  Contrary to ConsumerInfo's argument, Mr. Chang was not the "central figure" behind One Tech; nor did he have the "final say."  Mr. Chang worked with and under the direction of Mark Henry, One Technologies' President.  Supp. Chang. Decl. ¶¶ 6-7; *see Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.*, 880 F. Supp. 743, 750-51 (C.D. Cal. 1995) (no personal jurisdiction where individual defendant was not the "sole" guiding force behind the advertising campaign at issue).  Mr. Chang inquired about persistency rates at Mr. Henry's request.  Supp. Chang Decl. ¶ 8. Mr. Chang also did not direct the marketing activities performed for ConsumerInfo under the 2007 contract; rather, such marketing activity was conducted by a large staff of One Technologies' employees, headed up by One Technologies' Director of Operations.  Chang Decl. ¶ 7; Henry Decl. ¶ 3; Supp. Chang. Decl. ¶¶ 6-9. Moreover, marketing activities performed under the 2007 contract are not the subject of ConsumerInfo's Complaint.

Perhaps the most "relevant" argument by ConsumerInfo is that Mr. Chang was listed as the administrative contact for two domain names in 2005 and 2006. However, this too is insufficient to subject Mr. Chang to personal jurisdiction.  One Technologies Ltd. is the registrant, not Mr. Chang.  *See* Ramallo Decl., Exhs. D-E. Mr. Chang had no involvement in the registration or maintenance of these domain names.  Supp. Chang. Decl. ¶ 9.  The domain name registrations are managed by the One Technologies IT personnel, not Mr. Chang.  Supp. Chang. Decl. ¶ 9.  The contact email addresses listed are not Mr. Chang's, but rather generic intake e-mail addresses info@onetechnologies.net and domain@onetechnologies.net.  Ramallo Decl., Exhs. D-E.

The other evidence submitted by ConsumerInfo is similarly outdated and inadequate.  For example, ConsumerInfo points to the One Technologies website, which states that Mr. Chang leads the sales and business development efforts. Ramallo Decl., Exh. C.  Mr. Chang's bio was accurate when it was created in 2006 in that he did lead business development efforts to increase the number of One

- 6 -

Technologies clients; however, his involvement in such activities – which are not at issue in this case – has greatly diminished since then, and his bio has not been updated.  Supp. Chang Decl. ¶¶ 4, 9.  The fact that Mr. Chang for a few months in 2007 partially supervised Paul Panza in connection with business development efforts also is unpersuasive, as it has no relation to the allegations in ConsumerInfo's complaint.  *Id.* ¶ 4.

ConsumerInfo's Complaint remains devoid of any factual allegations establishing any basis to exercise personal jurisdiction over Alex Chang and ConsumerInfo has not submitted any evidence to the contrary.  Alex Chang should be dismissed from this action.

**B.     Exercising Personal Jurisdiction Over Mr. Chang Would Be Unreasonable**.

ConsumerInfo's arguments that it would be reasonable to subject Mr. Chang, a Texas resident with no property or ties to California and who does not direct and is not personally involved with the activities of One Technologies at issue in the Complaint, are unpersuasive.  ConsumerInfo argues that because One Technologies has answered and counterclaimed against ConsumerInfo it would be reasonable to force Mr. Chang to litigate here as well, in the interest of judicial economy.  Opp'n at 9.  The issue of potentially duplicative lawsuits is of ConsumerInfo's own making.  ConsumerInfo could have sued all defendants in Texas.  It chose not to do so.

ConsumerInfo also suggests that because Mr. Chang and One Technologies are represented by the same counsel in the California action, there is no burden to Chang to litigate in California.  This is nothing but speculation; ConsumerInfo has no basis for evaluating Mr. Chang's own burdens and preferences.  ConsumerInfo also emphasizes California's general interest in protecting its own citizens.  It ignores the fact that California's interest is diminished when, as here, the plaintiff does not operate exclusively in California.  *See*, *e.g.*, *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995); *Karsten Mfg. Corp. v. United States Golf*

- 7 -

*Ass'n*, 728 F. Supp. 1429, 1436 (D. Ariz. 1990).

ConsumerInfo further argues that exercising jurisdiction is reasonable because Mr. Chang has purposefully interjected himself into California affairs. Opp'n at 9-10.  As discussed above and at length in Mr. Chang's moving papers, this argument is based on a false premise.  Indeed, in making this argument, ConsumerInfo relies exclusively on the conclusory allegation in its Complaint that Mr. Chang directs and controls the infringing activities at issue. *Id.* (citing Complaint ¶ 14).  This conclusory assertion, based on no facts or factual allegations in the Complaint, should be disregarded.  Finally, ConsumerInfo ignores the numerous facts set forth in Mr. Chang's motion showing that exercising jurisdiction would be unreasonable. Mr. Chang is a Texas resident.  He does not operate a business here, does not own property here, and travels to California only 2-3 times a year.  On balance, these facts and Mr. Chang's lack of personal involvement in the activities alleged in the Complaint make subjecting Mr. Chang to jurisdiction in California unreasonable.

## III.    THERE IS NO BASIS FOR DELAYING RESOLUTION OF THE JURISDICTIONAL QUESTION UNTIL AFTER DISCOVERY

ConsumerInfo argues that the jurisdictional issue as to Mr. Chang should be resolved at trial after ConsumerInfo has obtained full discovery.  *See* Opp'n at 10 (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977) and *Wells Fargo & Co. v. Wells Fargo Express Co.*, 56 F.2d 406, 430 n.24 (9th Cir. 1997)).  As the Ninth Circuit instructed in *Data Disc*, however, discovery is appropriate only where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Data Disc*, 557 F.2d at 1285 n.1.  The *Wells Fargo* court similarly instructed that refusing to grant discovery "is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," and that "[a]n appellate court will not interfere with the trial court's refusal to grant discovery except upon the clearest showing that the dismissal

- 8 -

resulted in actual and substantial prejudice to the litigant." *Wells Fargo*, 556 F.2d at 430 n.24.

Here, there is no need to allow discovery because the relevant facts are not controverted. Through his own declarations and Mark Henry's declaration, Mr. Chang has established that his role in One Technologies has diminished over time and that he is not responsible for or in control of the allegedly infringing activities in the Complaint. In response, ConsumerInfo has set forth facts concerning Mr. Chang's conduct that relate to involvement with One Technologies' general activities (virtually all Texas-based), but not to the specific activities underlying ConsumerInfo's claims. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (district court should properly refuse jurisdictional discovery "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants."); *e.g.*, *In re Infosonics Corp. Derivative Litigation*, 2007 WL 951296, at *2 (S.D. Cal. Mar. 21, 2007) (denying jurisdictional discovery).

Moreover, ConsumerInfo's opposition does not identify what additional facts it seeks to discover or why they will be relevant to the jurisdictional analysis. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (affirming denial of request for jurisdictional discovery based on "little more than a hunch that it might yield jurisdictionally relevant facts); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (holding that district court did not abuse its discretion by refusing jurisdictional discovery where the plaintiffs "state only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction"). Because ConsumerInfo has not controverted the fact that Mr. Chang was not personally involved with or directed the infringing activities alleged in the Complaint, and has not identified the additional facts it needs, discovery is not warranted and the Court should dismiss Mr. Chang from this lawsuit for lack of personal jurisdiction.

- 9 -

**IV.    THE COMPLAINT SHOULD ALTERNATIVELY BE DISMISSED AS TO MR. CHANG FOR FAILURE TO STATE A CLAIM**

As set forth in Mr. Chang's motion, the Complaint fails to state a claim against Mr. Chang because it contains no allegations of fact concerning Mr. Chang's personal liability for the actions of One Technologies.  Rather, the Complaint states only in conclusory fashion that Mr. Chang is "personally directing and controlling these activities."[4]  Complaint ¶ 14; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (**"*A pleading that offers 'labels and conclusions'* or 'a formulaic recitation of the elements of a cause of action *will not do.'*"**) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Tellingly, ConsumerInfo's opposition does not even attempt to identify ***factual allegations*** in its Complaint that support its conclusory accusation of control.  *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 1002 (9th Cir. 1999) ("[R]eview under 12(b)(6) is confined to the allegations of the complaint."); *Williams v. Foote*, 2009 WL 1520029, at *5 (C.D. Cal., May 28, 2009) ("[T]he Court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence.").

Nor can ConsumerInfo amend its Complaint to allege the requisite facts. Despite the voluminous evidence submitted by ConsumerInfo in its Opposition, it did not submit one piece of evidence that shows that Mr. Chang was personally involved in or directed the actions of One Technologies alleged in the Complaint. Accordingly, Mr. Chang requests that, should he not be dismissed for lack of personal jurisdiction, that the action against him be dismissed with prejudice pursuant to Rule 12(b)(6).  *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (affirming denial of leave to amend where amendment would be futile).

---

[4] ConsumerInfo's reliance on *Coastal Abstract Serv., Inc. v. First Am. Tit. Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999), is misplaced.  That case involved an appeal of a jury verdict and has no relevance to the pleading standard.  *Id.* (noting jury's findings that the individual defendant himself made the statement found to be actionable under the Lanham Act).  ConsumerInfo's allegations against Mr. Chang include no such facts, are conclusory, and therefore fail under *Iqbal* and *Twombly*.

- 10 -

1  **V.    <u>CONCLUSION</u>**

2          For the foregoing reasons, defendant Alex Chang should be dismissed from

3  this action for lack of personal jurisdiction.  Alternatively, the Court should dismiss

4  this action with prejudice as to Mr. Chang for failure to state a claim.

5

6  Dated:    August 10, 2009          KENT B. GOSS
                                      VALERIE M. GOO
7                                     SETH E. FREILICH
                                      DIMITRIOS V. KOROVILAS
8                                     ORRICK, HERRINGTON & SUTCLIFFE LLP

9
                                      /s/ Dimitrios V. Korovilas
10                                    _____
                                      Dimitrios V. Korovilas
11                                    Attorneys for Defendants
                                      ONE TECHNOLOGIES MANAGEMENT LLC,
12                                    ONE TECHNOLOGIES LP and ALEX CHANG

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260706636.2