UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.    **CV 09-3783-VBF(MANx)**                    Dated: **August 13, 2009**

Title:    Consumerinfo.com, Inc. *-v-* Alex Chang, et al.

---

PRESENT:    HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

          Rita Sanchez                     None Present
          Courtroom Deputy                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

          None Present                         None Present

**PROCEEDINGS (IN CHAMBERS):**    **TENTATIVE RULING ON DEFENDANT ONE TECHNOLOGIES MANAGEMENT LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) (doc. #21)**

     On July 24, 2009, Defendant One Technologies Management LLC ("OTM LLC") filed its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) (doc. #21).  Plaintiff Consumerinfo.com, Inc. filed its Opposition on August 3, 2009 (doc. #33), and OTM LLC filed its Reply on August 10, 2009 (doc. #43).

     After reading the papers and the Complaint filed on May 29, 2009, this Court's tentative ruling is to grant the Defendant OTM LLC's Motion to Dismiss for Lack of Personal Jurisdiction, pursuant to the grounds stated in the moving papers and as set forth

MINUTES FORM 90                              Initials of Deputy Clerk   <u> rs </u>
CIVIL - GEN

herein.  The Plaintiff has failed to meet its burden of establishing either general jurisdiction or specific jurisdiction over OTM LLC.  The Plaintiff has not made a prima facie showing of jurisdictional facts.  Further, OTM LLC has established that jurisdiction is lacking. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1195); *Mattel, Inc. v. Greiner and Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003).

The Court finds no general jurisdiction over OTM LLC.  Plaintiff does not assert that there is general jurisdiction over OTM LLC and has not shown that OTM LLC's activities within California are substantial, or continuous and systematic.  *Data Disc., Inc. v.  Sys. Tech. Assoc., Inc*., 557 F.2d 1280, 1287 (9th Cir. 1977).

The issue presented by the papers is whether there is specific jurisdiction over OTM LLC.  *Burger King Corp. v. Rudewicz*, 471 U.S. 462, 475 (1982); *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990).  The Declaration of Mark Henry (doc. #23) supports the Motion on this issue, demonstrating that OTM LLC has not purposefully availed itself of the privilege of conducting activities in California.  Mark Henry's Declaration also shows that Plaintiff's claims do not arise out of or result from any purposeful availment by OTM LLC.  Mot. at 7-8, n.5.

As a basis for personal jurisdiction as to OTM LLC, the Plaintiff attempts to impute the contacts of Defendant One Technologies LP to OTM LLC.  Plaintiff's arguments are not supported and fail.

While Plaintiff's argument may be relevant in a subsidiary-parent relationship where the subsidiary's contacts may be imputed to the parent, this principle does not apply for partner-partnership relationships, such as the one between One Technologies LP and OTM LLC.  *Compare Harris Rutsky & Co. Ins. v. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003) (holding that a subsidiary's contacts may be imputed to the parent where the subsidiary acts as the general agent of the parent) *with Sher*, 911 F.2d at 1366 (holding that while the "contacts of the partners may establish jurisdiction over the partnership," the contacts of the partnership may not be imputed to the partners).

The Parties do not dispute that OTM LLC is the general partner of One Technologies LP.  *See* Opp. at 2:9-10; Chang Decl. ¶ 6; Complaint ¶ 8.  Also, the Parties agree that One Technologies LP (the partnership) has purposefully availed itself of the privilege of

MINUTES FORM 90
CIVIL - GEN

Initials of Deputy Clerk __rs__

conducting activities within California.  However, under Ninth Circuit law, the contacts of a partnership (*e.g.,* One Technologies LP) may not be imputed to the partners (*e.g.,* OTM LLC). *Sher*, 911 F.2d at 1366.  *See also Z-Rock Commc'ns Corp. v. William A. Exline, Inc.*, 2004 WL 1771569, at *19 (N.D. Cal. Aug. 6, 2004) ("[T]he Ninth Circuit has refused to attribute personal jurisdiction over individual partners due to jurisdiction over the partnership . . . .").

MINUTES FORM 90                                     Initials of Deputy Clerk  __rs__
CIVIL - GEN