RHONDA R. TROTTER, Bar Number 169241
rtrotter@kayescholer.com
THEODORE W. MAYA, Bar Number 223242
tmaya@kayescholer.com
OSCAR RAMALLO, Bar Number 241487
oramallo@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067
Telephone:  (310) 788-1000
Facsimile:  (310) 788-1200

Attorneys for Plaintiff and Counter-Defendant
CONSUMERINFO.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALEX CHANG, an individual; ONE TECHNOLOGIES MANAGEMENT LLC, a Texas Corporation; ONE TECHNOLOGIES LP, a Delaware Limited Partnership; ADAPTIVE MARKETING LLC, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTER-CLAIMS | CASE NO. CV-09-3783-VBF(MANx)<br><br>**PLAINTIFF AND COUNTER-DEFENDANT CONSUMERINFO.COM, INC.'S ANSWER TO DEFENDANT AND COUNTER-CLAIMANT ADAPTIVE MARKETING LLC'S COUNTERCLAIMS** |

Plaintiff and Counter-Defendant ConsumerInfo.com, Inc. ("ConsumerInfo"), in answer to the First Amended Answer and Counterclaims ("Counterclaims") of Defendant and Counter-Claimant Adaptive Marketing LLC ("Defendant"), herein admits, denies, and avers as follows:

1. ConsumerInfo admits the allegations of Paragraph 1 of the Counterclaims.

2. ConsumerInfo admits the allegations of Paragraph 2 of the Counterclaims.

3. Paragraph 3 contains conclusions of law to which no response is required.

4. Paragraph 4 contains conclusions of law to which no response is required.

5. Paragraph 5 contains conclusions of law to which no response is required.

6. ConsumerInfo admits Defendant offers credit-related products online throughout the United States, and that Defendant has federally registered some trademarks. Except as expressly admitted, ConsumerInfo lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Counterclaims and, on that basis, denies each and every such allegation.

7. ConsumerInfo admits that it and Defendant are competitors in the business of providing consumer-direct online credit reporting and score information. Except as expressly admitted, ConsumerInfo denies the remaining allegations contained in Paragraph 7 of the Counterclaims.

8. ConsumerInfo admits that Defendant is the registrant for and operates the websites <FreeTripleScore.com>, <FreeTripleCreditScore.com>, <FreeTripleCreditReport.com>, and <FreeTriple.com>. Except as expressly admitted, ConsumerInfo denies the remaining allegations contained in Paragraph 8 of the Counterclaims.

9. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Counterclaims and, on that basis, denies each and every such allegation.

10. ConsumerInfo admits that, at the time of this writing, the websites at <FreeTriple.com> and <FreeTriple5.com> resolve to websites containing <FreeTripleCreditScore.com> in their URL, but the websites are not identical to <FreeTripleCreditScore.com>. Consumerinfo lacks information concerning "other websites containing 'freetriple'" and, except as expressly admitted, denies each and every remaining allegation contained in Paragraph 10 of the Counterclaims.

11. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Counterclaims and, on that basis, denies each and every such allegation.

12. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Counterclaims and, on that basis, denies each and every such allegation.

13. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Counterclaims and, on that basis, denies each and every such allegation.

14. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Counterclaims and, on that basis, denies each and every such allegation.

15. ConsumerInfo denies the allegations contained in Paragraph 15 of the Counterclaims.

16. ConsumerInfo admits Defendant operates a website at <FreeScore.com> but denies the term constitutes a trademark belonging to Defendant. ConsumerInfo lacks information concerning when Defendant began operating that site or using that term in any trademark sense and, except as expressly admitted, denies each and every remaining allegation contained in Paragraph 16 of the Counterclaims.

17. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Counterclaims and, on that basis, denies each and every such allegation.

18. ConsumerInfo admits Defendant operates a website at <FreeScore.com>. Except as expressly admitted, Consumerinfo denies each and every remaining allegation contained in Paragraph 18 of the Counterclaims.

19. ConsumerInfo admits Defendant has run advertisements featuring a smiley face icon with sunglasses. Except as expressly admitted, ConsumerInfo lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Counterclaims and, on that basis, denies each and every such allegation.

20. ConsumerInfo admits the allegations of Paragraph 20 of the Counterclaims.

21. ConsumerInfo admits that it owns the website <CreditCheckTotal.com>, but denies that <WWW-FreeCreditCheck.com> resolves to that website. Except as expressly admitted, ConsumerInfo denies the remaining allegations contained in Paragraph 21 of the Counterclaims.

22. ConsumerInfo denies the allegations contained in Paragraph 22 of the Counterclaims.

23. Paragraph 23 misstates, or is an incomplete statement of, Google Inc.'s advertising policies. Accordingly, ConsumerInfo denies the allegations contained in Paragraph 38 of the Counterclaims.

24. ConsumerInfo denies that it bid on or purchased "FreeTriple5.com" as a search term. ConsumerInfo lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Counterclaims and, on that basis, denies each and every such allegation.

25. ConsumerInfo denies that it bid on or purchased "FreeScore.com" as a search term. ConsumerInfo lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Counterclaims and, on that basis, denies each and every such allegation.

26. ConsumerInfo denies the allegations contained in Paragraph 26 of the Counterclaims.

27. ConsumerInfo admits that it or an affiliate have run advertisements featuring a smiley face icon. Except as expressly admitted, ConsumerInfo lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Counterclaims and, on that basis, denies each and every such allegation.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1125)

28. ConsumerInfo repeats and incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

29. ConsumerInfo denies the allegations contained in Paragraph 29 of the Counterclaims.

30. ConsumerInfo denies the allegations contained in Paragraph 30 of the Counterclaims.

31. ConsumerInfo denies the allegations contained in Paragraph 31 of the Counterclaims.

32. ConsumerInfo denies the allegations contained in Paragraph 32 of the Counterclaims.

33. ConsumerInfo denies the allegations contained in Paragraph 33 of the Counterclaims.

34. ConsumerInfo denies the allegations contained in Paragraph 34 of the Counterclaims.

35. ConsumerInfo denies the allegations contained in Paragraph 35 of the Counterclaims.

## SECOND CLAIM FOR RELIEF

**(False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B))**

36. ConsumerInfo repeats and incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

37. ConsumerInfo denies that it has bid on or purchased the search term "FreeTriple5.com" or the search term "freetriple." ConsumerInfo lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Counterclaims and, on that basis, denies each and every such allegation.

38. Paragraph 38 misstates, or is an incomplete statement of, Google Inc.'s advertising policies. Accordingly, ConsumerInfo denies the allegations contained in Paragraph 38 of the Counterclaims.

39. ConsumerInfo denies the allegations contained in Paragraph 39 of the Counterclaims.

40. ConsumerInfo denies the allegations contained in Paragraph 40 of the Counterclaims.

41. ConsumerInfo denies the allegations contained in Paragraph 41 of the Counterclaims.

42. ConsumerInfo denies the allegations contained in Paragraph 42 of the Counterclaims.

43. ConsumerInfo denies that it has done anything meriting injunctive relief.

44. ConsumerInfo denies the allegations contained in Paragraph 44 of the Counterclaims.

### THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

45. ConsumerInfo repeats and incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

46. Paragraph 46 contains conclusions of law to which no response is required.

47. ConsumerInfo denies the allegations contained in Paragraph 47 of the Counterclaims.

48. ConsumerInfo denies the allegations contained in Paragraph 48 of the Counterclaims.

49. ConsumerInfo denies the allegations contained in Paragraph 49 of the Counterclaims.

50. ConsumerInfo denies that it has done anything meriting injunctive relief.

51. ConsumerInfo denies the allegations contained in Paragraph 51 of the Counterclaims.

### AFFIRMATIVE DEFENSES

As Affirmative Defenses to Defendant's Counterclaims, ConsumerInfo alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Defendant fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendant's claims are barred by its Unclean Hands.

### THIRD AFFIRMATIVE DEFENSE
### (Priority)

Defendant's Counterclaims are barred, in whole or in part, because ConsumerInfo has priority of usage in the terms and images as to which Defendant asserts rights, and Defendant is not the true owner of its claimed marks.

### FOURTH AFFIRMATIVE DEFENSE
### (Preemption)

Defendant's Counterclaims are barred, in whole or in part, because they are preempted by federal law, including the Copyright Act, and Defendant's non-Lanham Act Counterclaims are preempted by the Lanham Act.

### FIFTH AFFIRMATIVE DEFENSE
### (Fair Use)

Any use by ConsumerInfo of the words and images forming the basis of Defendant's Counterclaims is protected by the doctrine of fair use and, to the extent ConsumerInfo has used any of Defendant's purported trademarks to advertise its goods, ConsumerInfo has done so merely to truthfully describe its goods.

### SIXTH AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

To the extent ConsumerInfo has used any of Defendant's purported trademarks to advertise ConsumerInfo's goods, such use has not caused a likelihood of confusion.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Secondary Meaning)

Defendant's Counterclaims fail because the purported "Adaptive Free Triple Trademarks," and any other marks or images on which the Counterclaims rely, are a collection of generic and descriptive terms or images that have not acquired secondary meaning for Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Defendant's acts and words have implied acquiescence in ConsumerInfo's actions.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Defendant's claims for injunctive and equitable relief are barred because Defendant has an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant's claims are barred by the doctrine of Laches. Defendant knew, or should have known of the alleged acts on which its Counterclaims are based, well before the initiation of this lawsuit. Despite this knowledge, Defendant unreasonably delayed asserting its Counterclaims.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendant's Counterclaims are barred, in whole or in part, because Defendant failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages Defendant claim to have sustained and for which it seeks recovery in this action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Misrepresentation of Source)**

Defendant has used and is using ConsumerInfo's marks so as to misrepresent the source of Defendant's goods or services.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Set Off)**

Damages suffered by Defendant, if any, as a result of ConsumerInfo's acts must be set off against damages caused to ConsumerInfo by Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Merger and Scenes a Faire)**

Insofar as Defendant's Counterclaims are based on Defendant's allegations concerning advertisements with smiley face icons, or on other material properly analyzed under the Copyright Act, the Counterclaims are barred by the doctrines of merger and scenes a faire.

DATED: August 28, 2009

Respectfully submitted,

KAYE SCHOLER LLP

By: _____
Theodore W. Maya
Attorneys for Plaintiff and Counter-Defendant
CONSUMERINFO.COM, INC.