1  RHONDA R. TROTTER, Bar Number 169241
   rtrotter@kayescholer.com
2  OSCAR RAMALLO, Bar Number 241487
   oramallo@kayescholer.com
3  KAYE SCHOLER LLP
   1999 Avenue of the Stars, Suite 1700
4  Los Angeles, California 90067
   Telephone: (310) 788-1000
5  Facsimile: (310) 788-1200

FILED
CLERK, U.S. DISTRICT COURT

OCT - 1 2009
4:00

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

6  Attorneys for Plaintiff
   CONSUMERINFO.COM, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11  CONSUMERINFO.COM, INC.,          CASE NO. CV 09- 3783-VBF (MANx)
    a California corporation,
12                                   FIRST AMENDED COMPLAINT FOR:
              Plaintiff,
13                                   (1) LANHAM ACT TRADEMARK AND
         v.                              TRADE DRESS INFRINGEMENT;
14                                   (2) LANHAM ACT DILUTION;
    ALEX CHANG, an individual;       (3) TRADEMARK
15  ONE TECHNOLOGIES LP, a               COUNTERFEITING;
    Delaware Limited Partnership;    (4) CYBERSQUATTING;
16  ADAPTIVE MARKETING LLC,          (5) CYBERSQUATTING OF A
    a Delaware Corporation; and          FAMOUS MARK;
17  DOES 1-10, inclusive,            (6) COMMON LAW TRADEMARK
                                         INFRINGEMENT;
18            Defendants.            (7) LANHAM ACT UNFAIR
                                         COMPETITION;
19                                   (8) LANHAM ACT VICARIOUS
                                         LIABILITY;
20                                   (9) LANHAM ACT CONTRIBUTORY
                                         LIABILITY;
21                                   (10) COPYRIGHT INFRINGEMENT;
                                     (11) VICARIOUS COPYRIGHT
22                                        INFRINGEMENT;
                                     (12) CONTRIBUTORY COPYRIGHT
23                                        INFRINGEMENT
24
                                     DEMAND FOR JURY TRIAL
25

26

27

28

23275020.DOC              FIRST AMENDED COMPLAINT

Plaintiff ConsumerInfo.com, Inc. ("ConsumerInfo" or "Plaintiff") alleges as follows:

1.    Plaintiff ConsumerInfo brings this action against Defendants Alex Chang ("Chang"), One Technologies LP (collectively, the "One Tech Defendants"), Adaptive Marketing LLC ("Adaptive") and various Doe Defendant affiliates ("Affiliates") (collectively "Defendants"). ConsumerInfo is the leading online provider of credit reports, and Defendants are all competitors of ConsumerInfo and are all acting in concert with each other. Defendants' advertising campaign relies on copying of ConsumerInfo's highly successful television ads and internet landing pages, trading on the goodwill of its famous FREECREDITREPORT.COM mark, and blatant infringement of ConsumerInfo's internet banner advertising. Defendants are willfully deceiving consumers into believing their goods and services are associated with ConsumerInfo, and they are willfully stealing ConsumerInfo's original creative work so that they can profit at ConsumerInfo's expense.

2.    The One Tech Defendants have made theft of ConsumerInfo's and other's intellectual property a principal component of their business strategy. For example, One Technologies LP has competed against ConsumerInfo's sister company, LowerMyBills, Inc. by blatantly copying its online banner ads by merely removing LowerMyBill's logo and copyright notice from the ads. Despite the $96,000 stipulated judgment entered against One Technologies LP for infringing the rights of LowerMyBills, *see* LowerMyBills, Inc. v. One Technologies LP, et al., C.D. Cal. No. CV06-0296. The One Tech Defendants continue to infringe ConsumerInfo's intellectual property rights in the same manner as they infringed LowerMyBills' rights and in numerous other ways as alleged in detail below.

3.    Adaptive, part of a corporate family that earns hundreds of millions of dollars a year in revenue, and the One Tech Defendants have now joined forces. By combining Adaptive's massive resources with the willingness of both the One Tech Defendants and Adaptive to engage in the most blatant forms of infringement,

1

1    Defendants have now diverted millions of dollars worth of business from

2    ConsumerInfo.

3        4.    ConsumerInfo now seeks relief from Defendants' unfair and infringing

4    activities.

5                                **PARTIES**

6        5.    ConsumerInfo is now, and at all times mentioned in the Complaint was, a

7    California corporation with its principal place of business located in this Judicial

8    District at 18500 Von Karman Ave., Suite 900, Irvine, California 92612.

9        6.    Upon information and belief, Defendant Chang is now, and at all times

10   mentioned in the Complaint was, an individual residing in Texas with his principal

11   place of business in Dallas, Texas.

12       7.    Defendant One Technologies LP is a Delaware Limited Partnership

13   registered to do business in the state of Texas.

14       8.    Defendant Chang founded Defendant One Technologies LP, has the

15   ability to control the actions of Defendant One Technologies LP, and is the central

16   figure in that organization.

17       9.    Defendant Chang holds himself out as chairman and "managing director"

18   of One Technologies LP, in which capacity he leads the organization's "sales and

19   business developments efforts."

20       10.   In dealings between ConsumerInfo and One Technologies LP predating

21   the events at issue in this action, Defendant Chang always was the primary point

22   person, business contact, and decision-maker for One Technologies LP.

23       11.   For example, in his dealings with ConsumerInfo, Chang personally

24   communicated with ConsumerInfo concerning the look and feel of a co-branded

25   website, including suggesting ConsumerInfo change the location of particular graphics

26   and icons on particular web pages, as well as overseeing technical aspects of the web

27   pages, such as the flow of online order forms and coding.  Chang personally

28   communicated with ConsumerInfo concerning privacy policies on the co-branded

KAYE SCHOLER LLP

2

website and personally asked ConsumerInfo to provide its target demographic data so that One Technologies LP could better spend its advertising dollars. In his communications with ConsumerInfo, Chang knowledgeably discussed One Technologies LP's meetings with advertising and PR firms concerning One Technologies LP's marketing campaigns. Chang also spoke knowledgeably of the number unique visitors to websites operated by the One Tech Defendants and of the projected increases in web traffic from the One Tech Defendants' marketing campaigns.

12.     Upon information and belief, Defendant Adaptive is a Delaware Limited Liability Company with its principal place of business in Stamford, Connecticut.

13.     ConsumerInfo is uncertain of the true names and capacities of those defendants sued by the fictitious names Does 1 through 10, who also are responsible and liable for the injuries alleged in this Complaint and who proximately caused damage to ConsumerInfo. ConsumerInfo will amend this Complaint to add the true names and capacities of the Does when they become known.

14.     Upon information and belief, at all times all Defendants were the principals, agents, affiliates, partners, and/or co-conspirators of each other, and each acted within the course, scope, and authority of such relationships so that, as a result, all Defendants are jointly and severally liable for the acts alleged herein.

**JURISDICTION AND VENUE**

15.     This Court has subject matter jurisdiction pursuant to the Lanham Act, 15 U.S.C. § 1121, the Copyright Act, 17 U.S.C. § 501, and 28 U.S.C. § 1338. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a), in that the state claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

16. The Court also has subject matter jurisdiction over this action on the basis of the diversity of citizenship of the parties, under 28 U.S.C. § 1332, and because the amount in controversy exceeds $75,000.

17. This Court has personal jurisdiction over each of the Defendants because they conduct business in California including entering into ongoing contractual relationships with Californians and purposely directing substantial activities at residents of California by means of the websites described herein. Defendant Chang personally directs and controls these activities with respect to One Technologies LP. This lawsuit arises out of or relates to each of the Defendants' activities targeting California. The exercise of personal jurisdiction over Defendants is reasonable and comports with traditional notions of fair play and substantial justice.

18. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district and, on information and belief, a substantial part of the events giving rise to the claims in this Complaint occurred in this District.

## GENERAL ALLEGATIONS
### ConsumerInfo and the Copyrights and Trademarks at Issue

19. ConsumerInfo runs an online business that provides consumers with a broad range of comprehensive online financial products, including consumer credit information products, credit scores, credit reports, credit monitoring, and identity theft protection.

20. ConsumerInfo owns and operates the famous website FreeCreditReport.com.

21. ConsumerInfo owns the federally registered trademarks FREECREDITREPORT.COM (U.S. Patent and Trademark Office Registration No. 3,426,854) and TRIPLE ADVANTAGE (Registration No. 3,526,207). See **Exhibit A; Exhibit B**.

22.     ConsumerInfo began using the FREECREDITREPORT.COM mark to identify its products at least as early as January 1999.  ConsumerInfo has used this mark substantially, exclusively, and continuously since then, for approximately ten years.

23.     In addition to use of the FREECREDITREPORT.COM mark as an internet domain name, ConsumerInfo uses the FREECREDITREPORT.COM mark as a brand name to identify its products.

24.     ConsumerInfo heavily advertises the FREECREDITREPORT.COM mark in a variety of media, including through television advertisements, radio advertisements, print advertisements, and online advertisements.

25.     ConsumerInfo spends in excess of $1 million per month to advertise and promote its FREECREDITREPORT.COM mark and brand.

26.     ConsumerInfo's advertising and promotion of its FREECREDITREPORT.COM trademark and brand have been highly successful, and the FreeCreditReport.com site averages well over 1 million visitors per month.

27.     As a result of ConsumerInfo's advertising and promotion, the FREECREDITREPORT.COM trademark has become famous throughout the United States, and is widely associated with ConsumerInfo's website and products.

28.     ConsumerInfo uses its TRIPLE ADVANTAGE trademark to identify a product sold through the FreeCreditReport.com site, which allows consumers to monitor their credit.

29.     One of ConsumerInfo's most successful advertising campaigns involves a series of six popular "Bandguy" television commercials.  The Bandguy television commercials all feature the same music group singing about the importance of checking your credit report.  ConsumerInfo owns the copyright in all of these commercials.

30.     Due to the heavy rotation of these commercials on television, their appeal to internet savvy consumers who have made them a pop-culture phenomenon, and

5

KAYE SCHOLER LLP

ConsumerInfo's use of images from these commercials on their landing pages, the commercials and images from them have come to be associated with ConsumerInfo and the FREECREDITREPORT.COM brand. As such, the Bandguy commercials and images from them are ConsumerInfo's trade dress (the "Trade Dress").

31.     Finally, ConsumerInfo creates banner ads, which when placed in strategic online locations, drive traffic to ConsumerInfo's websites. ConsumerInfo owns the copyrights to its banner ads.

### Defendants' Actions

32.     Defendants compete directly with ConsumerInfo by marketing and operating websites that sell credit reports, credit scores, credit monitoring, and/or identity theft monitoring (the "Competing Products or Services").

### Adaptive

33.     Adaptive operates a website that sells the Competing Products or Services under the brand FREETRIPLECREDITREPORT.COM. Adaptive registered, trafficked in and uses the domain <freetriplecreditreport.com>, among other domains, to market the Competing Products or Services under its brand.

34.     FREETRIPLECREDITREPORT.COM is confusingly similar to ConsumerInfo's trademark FREECREDITREPORT.COM.

35.     Indeed, on January 7, 2009, the United States Patent and Trademark Office ("USPTO") refused registration of the FREETRIPLECREDITREPORT.COM mark to Adaptive because of the likelihood of confusion with ConsumerInfo's FREECREDITREPORT.COM mark. A copy of the USPTO's January 7, 2009, office action is attached hereto as **Exhibit C**.

36.     Notwithstanding this rejection, Adaptive promotes FREETRIPLECREDITREPORT.COM as a registered mark. For example, attached hereto as **Exhibit D** is a sponsored Google search result in which the first ad is entitled "FreeTripleCreditReport®." This sponsored ad links directly to

<FreeTripleCreditReport.com>. On information and belief, Adaptive's misuse of the ® symbol is intentional and calculated to cause consumer confusion with ConsumerInfo's well-known and registered FREECREDITREPORT.COM trademark.

37.    Adaptive has also registered, trafficked in, and/or used the confusingly similar domain name <freecreditreport2009.com>, and Adaptive and/or its Affiliates have registered and market the Competing Products or Services through use of the confusingly similar domain <freecreditreport-online.com>. Upon information and belief, Adaptive and/or its Affiliates have registered, trafficked in, and/or used numerous other confusingly similar domains.

38.    Adaptive purchases and uses, without ConsumerInfo's permission, the term FREECREDITREPORT.COM and TRIPLE ADVANTAGE, or confusingly similar variations thereof, as keywords ("Search Engine Keywords") through keyword-triggered advertising programs offered by internet search engines, such as Google's AdWords program. As a result, when consumers type the term FREECREDITREPORT.COM, or similar terms such as "freecreditreport com" or "freecreditreportcom," or "TRIPLE ADVANTAGE" into internet search engines, they are presented with Sponsored Link Advertisements for Adaptive's competing websites. Attached hereto as **Exhibit E** is an example of Adaptive bidding on the keyword "freecreditreport.com" in the Google search engine to drive consumers to its <freetriplecreditreport.com> site.

39.    Adaptive uses, without ConsumerInfo's permission, terms that are confusingly similar to ConsumerInfo's trademarks in the headings and text of paid, keyword-triggered advertisements ("Sponsored Link Advertisements"), including, the term FREETRIPLECREDITREPORT.COM.

40.    Upon information and belief, Adaptive employs one or more Affiliates, who, in turn, operate various websites, bid on various Search Engine Keywords, and post various Sponsored Link Advertisements to direct online consumers to Adaptive's websites and sell Competing Products and Services.   For example, a screenshot

7

showing bidding on Google for the term "triple advantag" [sic] is attached hereto as **Exhibit F**. The second sponsored result for <Free3BureauCreditReport.com> links to an Adaptive or Affiliate website, a screenshot of which is attached hereto as **Exhibit G**.

### One Tech Defendants

41.    Upon information and belief, the One Tech Defendants market and sell Competing Products or Services furnished by Adaptive and are backed financially by Adaptive. Upon information and belief, the One Tech Defendants are a vehicle to outsource further infringement of ConsumerInfo's intellectual property rights in a manner that confers a direct financial benefit to Adaptive.

42.    Upon information and belief, the One Tech Defendants employ one or more Affiliates, who, in turn, operate various websites, bid on various Search Engine Keywords, and post various Sponsored Link Advertisements to direct online consumers to One Tech Defendants' websites and sell Competing Products and Services.

43.    Upon information and belief, Defendant Chang is actively involved in One Technologies LP's relationships with Affiliates.

44.    Upon information and belief, Defendant Chang signs agreements with Affiliates on behalf of One Technologies LP.

45.    One of the One Tech Defendants' primary brands and domains in which they register, traffic in, and/or use is FreeCreditReports360.com. Another primary brand and domain for the One Tech Defendants is FreeCreditReportsInstantly.com.

46.    In addition to its principal domains, the One Tech Defendants register, traffic in, and/or use other domains that are confusingly similar to ConsumerInfo's FREECREDITREPORT.COM mark and domain, including <freecreditreportplusscore.com>, <freecreditreportwebsite.com>, <2009freecreditreport.com>, and <2010freecreditreport.com>.

47.    The One Tech Defendants and/or their Affiliates register, traffic in, and/or use other domains that are confusingly similar to ConsumerInfo's FREECREDITREPORT.COM domain, including <www-freecreditreport-com.blogspot.com>.

48.    Upon information and belief, Defendant Chang personally selects domain names for the One Tech Defendants and directs their registration.

49.    Until after this action was filed, Defendant Chang was listed as the "Administrative Contact" and "Technical Contact" for multiple websites through which the One Tech Defendants market Competing Products or Services, including FreeCreditReportsInstantly.com and Free-Annual-Credit-Reports.com.

50.    The One Tech Defendants and/or their Affiliates purchase and use, without ConsumerInfo's permission, the term FREECREDITREPORT.COM and TRIPLE ADVANTAGE, or confusingly similar variations thereof, as Search Engine Keywords through keyword-triggered advertising programs offered by internet search engines, such as Google's AdWords program.  As a result, when consumers type the term FREECREDITREPORT.COM, or similar terms such as "freecreditreport com" or "freecreditreportcom," or "TRIPLE ADVANTAGE" into internet search engines, they are presented with Sponsored Link Advertisements for the One Tech Defendants' competing websites.

51.    Upon information and belief, Defendant Chang is personally involved in One Technologies LP's selection, purchase, and use of Search Engine Keywords to market Competing Products or Services.

52.    Upon information and belief, Defendant Chang could, if he so desired, stop One Technologies, LP, and its Affiliates from infringing ConsumerInfo's trademarks by directing that they cease purchasing and using those marks as Search Engine Keywords.

53.     Despite having knowledge of the infringement by One Technologies LP and its Affiliates alleged herein, Defendant Chang has chosen not to stop that infringement.

54.     The One Tech Defendants and/or their Affiliates use, without ConsumerInfo's permission, terms that are confusingly similar to ConsumerInfo's trademarks in Sponsored Link Advertisements.

55.     For example, attached hereto as **Exhibit H** is a screenshot taken on February 12, 2009, for a search of the term "freecreditreport.com" on Google. One Sponsored Link, entitled "Free 3-in-1 Credit Report" resolved directly to <FreeCreditReportsInstantly.com>. Another Sponsored Link is entitled "Freecreditreport Com?" and resolved to a page marketing the FreeCreditReports360.com brand.

56.     The One Tech Defendants and/or their Affiliates also have copied the Trade Dress and copyrighted Bandguy commercials.

57.     For example, attached hereto as **Exhibit I** is a screenshot containing a banner ad that is a blatant copy of ConsumerInfo's landing page, which in turn contains an image from the copyrighted Bandguy commercials. While the text of the banner claims to link to <FreeCreditReports.com> (a domain which is owned by ConsumerInfo and which is nearly identical to ConsumerInfo's FREECREDITREPORT.COM mark) the banner ultimately resolved to a website offering the One Tech Defendants' Competing Products and Services.

58.     Similarly, attached hereto as **Exhibit J** is a screenshot of a banner ad on Facebook that consists solely of a scene from one of the copyrighted Bandguy commercials. The banner ad resolved to <FreeCreditReports360.com>.

59.     Likewise, attached hereto as **Exhibit K** is a screenshot of <www-freecreditreport.blogspot.com>, which contains snapshots of several of the Bandguy commercials. The page also contains a FreeCreditReports360.com banner and links on that page at that time resolved to <FreeCreditReports360.com>.

10

60.     In addition, the One Tech Defendants and/or their Affiliates have copied ConsumerInfo's copyrighted banner ads.

61.     Defendant Chang has the ability to control and stop all of One Technologies LP's infringement, as alleged herein.

## FIRST CLAIM FOR RELIEF

## (Trademark and Trade Dress Infringement Under the Lanham Act, 15 U.S.C. §§ 1114, 1125)

62.     ConsumerInfo incorporates all preceding paragraphs here.

63.     Defendants' actions alleged above constitute the knowing use of an infringing mark and false designation of origin, false and misleading description of fact, false and misleading representation of fact, false advertising, and unfair competition, all in violation of 15 U.S.C. § 1125(a).

64.     ConsumerInfo owns the FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks.

65.     Defendants' unauthorized and repeated uses of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and confusingly similar terms, in commerce to falsely represent, describe, and/or designate the origin of Defendants' Competing Products or Services is likely to cause confusion as to: (a) the source of the Competing Products or Services, (b) an affiliation or connection between Defendants and ConsumerInfo, and/or (c) the origin, sponsorship, or approval of the Competing Products or Services.

66.     ConsumerInfo owns its Trade Dress.

67.     ConsumerInfo's Trade Dress is distinctive and non-functional.

68.     Through long and continuous use, the Trade Dress has come to be associated with ConsumerInfo and the FREECREDITREPORT.COM brand.

69.     Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

11

70.     Defendants at all times were aware of ConsumerInfo's FREECREDITREPORT.COM trademark, TRIPLE ADVANTAGE trademark, and Trade Dress and purposely copied those marks and the Trade Dress, purchased infringing Search Engine Keywords, and used the trademarks in the text of Sponsored Link Advertisements.  Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's trademarks and Trade Dress.  Accordingly, ConsumerInfo respectfully request damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

71.     Defendants' conduct will continue unless enjoined by this Court.

72.     As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and ConsumerInfo's Trade Dress, for which there is no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## SECOND CLAIM FOR RELIEF

### (Dilution Under the Lanham Act, 15 U.S.C. § 1125(c))

73.     ConsumerInfo incorporates all preceding paragraphs here.

74.     This claim is for Defendants' unlawful dilution of ConsumerInfo's FREECREDITREPORT.COM trademark in violation of the Lanham Act, 15 U.S.C. § 1125(c).

75.     ConsumerInfo's FREECREDITREPORT.COM trademark is famous, and widely recognized by the general consuming public of the United States as a designation of the source of ConsumerInfo's products.

76.     Defendants' actions alleged herein commenced after ConsumerInfo's FREECREDITREPORT.COM trademark became famous.

12

77.     Defendants' actions have lessened the capacity of ConsumerInfo's FREECREDITREPORT.COM trademark to identify and distinguish ConsumerInfo's products.

78.     Defendants' conduct has caused or is likely to cause dilution by blurring the distinctive quality of ConsumerInfo's famous FREECREDITREPORT.COM trademark, to ConsumerInfo's irreparable injury and damage.

79.     Defendants' conduct has caused or is likely to cause dilution by tarnishing the reputation of ConsumerInfo's FREECREDITREPORT.COM brand and the products sold under that famous trademark, to ConsumerInfo's irreparable injury and damage.

80.     Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

81.     On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's FREECREDITREPORT.COM trademark.  Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

82.     Defendants' conduct will continue unless enjoined by this Court.

83.     As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM trademark, for which there is no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

### THIRD CLAIM FOR RELIEF

### (Counterfeiting under the Lanham Act, 15 U.S.C. § 1117(c))

84.     ConsumerInfo incorporates all preceding paragraphs here.

85.     This claim is for counterfeiting of ConsumerInfo's FREECREDITREPORT.COM mark in violation of 15 U.S.C. § 1117(c).

86.     Defendants are intentionally using in commerce counterfeit marks.

87.     Defendants have knowledge that their marks are counterfeits.

88.     Defendants' use of counterfeit marks is in connection with the sale, offering for sale, and/or distribution of goods or services.

89.     Defendants' use is likely to cause confusion, mistake, or to deceive.

90.     As a result of Defendants' willful actions, ConsumerInfo is entitled to an award of $2 million per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just.

## FOURTH CLAIM FOR RELIEF

### (Cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d))

91.     ConsumerInfo incorporates all preceding paragraphs here.

92.     Defendants have registered, trafficked in or used domain names as that are confusingly similar to ConsumerInfo's FREECREDITREPORT.COM mark, including <freetriplecreditreport.com>, <freecreditreport2009.com>, <freecreditreport-online.com>, <freecreditreportplusscore.com>, <freecreditreportwebsite.com>, <2009freecreditreport.com>, <2010freecreditreport.com>, and numerous other domains that will be revealed during discovery (the "Domain Names").

93.     ConsumerInfo's FREECREDITREPORT.COM mark was distinctive at the time of Defendants' registration of each of the Domain Names.

94.     Defendants have committed these acts with a bad faith intent to profit from ConsumerInfo's marks.

95.     Accordingly, ConsumerInfo respectfully request damages in an amount three times actual damages, statutory damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

14

96.   ConsumerInfo further requests an order of forfeiture or cancellation of the Domain Names or the transfer of the Domain Names to ConsumerInfo.

97.   Defendants' conduct will continue unless enjoined by this Court.

98.   As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM mark, for which there is no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

### FIFTH CLAIM FOR RELIEF

### (Cybersquatting of a Famous Trademark, 15 U.S.C. 1125(d))

99.   ConsumerInfo incorporates all preceding paragraphs here.

100.   Defendants have registered, trafficked in or used domain names as alleged herein that are confusingly similar to ConsumerInfo's FREECREDITREPORT.COM mark.

101.   The Domain Names are confusingly similar to or dilutive of FREECREDITREPORT.COM, a famous mark.

102.   FREECREDITREPORT.COM was famous at the time of Defendants' registration of the domain names.

103.   Defendants have committed the acts with a bad faith intent to profit from ConsumerInfo's mark.

104.   Accordingly, ConsumerInfo respectfully request damages in an amount three times actual damages, statutory damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

105.   ConsumerInfo further requests an order of forfeiture or cancellation of the Domain Names or the transfer of the Domain Names to ConsumerInfo.

106.   Defendants' conduct will continue unless enjoined by this Court.

107.   As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including

15

damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM, for which there is no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

108.   ConsumerInfo incorporates all preceding paragraphs here.

109.   This claim is for trademark infringement in violation of the common law of the State of California.

110.   Defendants' uses of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and Trade Dress, as alleged herein, constitute trademark infringement and passing off in violation of common law.

111.   On information and belief, Defendants' acts of common law unfair competition and passing off have been done willfully and deliberately, and Defendants have profited from and been unjustly enriched by sales that Defendants would not otherwise have made but for their unlawful conduct.

112.   Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

113.   Defendants' conduct will continue unless enjoined by this Court.

114.   As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125)

115.   ConsumerInfo incorporates all preceding paragraphs here.

116.   Defendants' infringement and false advertising, as alleged herein, constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

117.   Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

118.   On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks and Trade Dress.  Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

119.   Defendants' conduct will continue unless enjoined by this Court.

120.   As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and/or ConsumerInfo's Trade Dress, for which there is no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## EIGHTH CLAIM FOR RELIEF

### (Vicarious Liability Under the Lanham Act, 15 U.S.C. §§ 1114, 1125)

121.   ConsumerInfo incorporates all preceding paragraphs here.

122.   On information and belief, Defendants have an apparent or actual partnership with the direct infringers and have authority to bind one another in transactions or exercise joint ownership or control over the infringing product.  Upon information and belief, the One Tech Defendants have actual and/or apparent authority to enter into transactions with consumers that bind Adaptive to providing consumers the Competing Products or Services.  Further, through the foreseeable infringing activities described herein conducted by the One Tech Defendants, the One Tech Defendants' Affiliates, and Adaptive's Affiliates (collectively the "Primary Infringers"), the Primary Infringers conduct and conclude transactions upon the One

17

Tech Defendants' and/or Adaptive's behalf (collectively the "Secondary Infringers"), which financially benefit the Secondary Infringers by driving traffic to their competing websites from consumers who reasonably rely on the Primary Infringer's infringing actions and who have no notice that the Primary Infringer's actions are unauthorized.

123.   On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks and Trade Dress.  Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

124.   Defendants' conduct will continue unless enjoined by this Court.

125.   As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and/or ConsumerInfo's Trade Dress, for which there is no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## NINTH CLAIM FOR RELIEF

### (Contributory Liability Under the Lanham Act, 15 U.S.C. §§ 1114, 1125)

126.   ConsumerInfo incorporates all preceding paragraphs here.

127.   On information and belief, Defendants have intentionally induced others to infringe ConsumerInfo's marks FREECREDITREPORT.COM, TRIPLE ADVANTAGE, and/or ConsumerInfo's Trade Dress.

128.   On information and belief, Adaptive continues to supply the One Tech Defendants with the Competing Products or Services with actual or constructive knowledge of the infringing activities described herein.

18

129.   The Secondary Infringers directly control and monitor the Primary Infringers with actual or constructive knowledge that they are infringing ConsumerInfo's marks and Trade Dress.

130.   On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's trademarks and Trade Dress. Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

131.   Defendants' conduct will continue unless enjoined by this Court.

132.   As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and/or ConsumerInfo's Trade Dress, for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## TENTH CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

133.   ConsumerInfo incorporates all preceding paragraphs here.

134.   Defendants have engaged in a pattern of copying internet banner advertisements and television commercials created and used by ConsumerInfo to publicize ConsumerInfo's credit-related websites, including FreeCreditReport.com.

135.   The ConsumerInfo banner advertisements and television commercials that Defendants copied are original, creative works in which ConsumerInfo owns protectable copyright interests.

136.   Defendants' copying of ConsumerInfo's banner advertisements and television commercials constitutes copyright infringement.

137.   One example of Defendants' infringement of ConsumerInfo's banner advertisements is One Tech Defendants' unauthorized use of ConsumerInfo's "IBSYS_Smiley" banner.

138.   ConsumerInfo owns the copyright for its IBSYS_Smiley banner. The timely registration certificate for the IBSYS_Smiley banner is attached hereto as **Exhibit L**.

139.   ConsumerInfo's IBSYS_Smiley banner includes a prominent copyright notice stating "© 2006 ConsumerInfo.com, Inc."

140.   ConsumerInfo has not licensed Defendants to use its IBSYS_Smiley banner, nor has ConsumerInfo assigned any of its exclusive rights in that copyright to Defendants.

141.   ConsumerInfo published its IBSYS_Smiley banner on the Internet at various websites beginning in December 2006. Once published, the banner advertisement was accessible to anyone viewing it, including Defendants.

142.   Without permission or authorization from ConsumerInfo, and in willful violation of ConsumerInfo's rights under 17 U.S.C. § 106, One Tech Defendants copied the IBSYS_Smiley banner, and published it on the Internet, using it to lead consumers to FreeCreditReports360.com instead of to ConsumerInfo. Printouts from the Nielsen AdRelevance service evincing Defendants' infringement are attached hereto as **Exhibit M**.

143.   ConsumerInfo also has published and used its "Dream Girl" and "New Job" television commercials, which are part of the Bandguy series of television commercials.

144.   ConsumerInfo owns the copyright for its Dream Girl commercial. The registration certificate for the Dream Girl commercial is attached hereto as **Exhibit N**.

145.   ConsumerInfo owns the copyright for its New Job television commercial. The registration certificate for the New Job commercial is attached hereto as **Exhibit O**.

146.   ConsumerInfo began airing the New Job and Dream Girl commercials in Fall 2007. ConsumerInfo has also used images derived from its New Job and Dream Girl commercials on its landing pages for FreeCreditReport.com. Once published, the commercials and landing pages were accessible to anyone viewing them, including Defendants.

147.   Without permission or authorization from ConsumerInfo, and in willful violation of ConsumerInfo's rights under 17 U.S.C. § 106, the One Tech Defendants and/or their Affiliates began using images from the Dream Girl and New Job commercial as banner ads that ultimately directed consumers to the One Tech Defendants' websites.

148.   For example, attached hereto as **Exhibit P** is a page containing a banner ad that is a blatant copy of a ConsumerInfo landing page that uses an image from the Dream Girl commercial and whose text claims it links to "www.FreeCreditReports.com." However, the banner actually resolved to One Tech Defendants' website FreeCreditReports360.com. See **Exhibit Q**.

149.   Similarly, attached hereto as **Exhibit R** is a screenshot of a Facebook page, which contains a banner ad consisting of a blatant copy of the New Job commercial. This banner linked to FreeCreditReports360.com.

150.   Attached hereto as **Exhibit S** is another example of infringement on the website <www-freecreditreport-com.blogspot.com>. The screenshot shows a blatant copy of a snapshot of ConsumerInfo's Dream Girl commercial. Links on this page also resolved to FreeCreditReports360.com.

151.   Defendants' copyright infringement has damaged ConsumerInfo in an amount to be proven at trial.

152.   Upon information and belief, Defendants have profited from their infringing conduct.

153.   Also as a result of Defendants infringing conduct, ConsumerInfo has suffered injury of an irreparable nature.

21

154. Defendants' copyright infringement has damaged ConsumerInfo in an amount to be proven at trial.

155. Upon information and belief, Defendants have profited from their infringing conduct.

156. Also as a result of Defendants infringing conduct, ConsumerInfo has suffered injury of an irreparable nature.

## ELEVENTH CLAIM FOR RELIEF

### (Vicarious Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

157. ConsumerInfo incorporates all preceding paragraphs here.

158. Defendants have knowledge of the infringement alleged herein. Adaptive has knowledge of the infringements alleged herein done directly by the One Tech Defendants, as well as Adaptive's and One Tech's Affiliates. The One Tech Defendants have knowledge of the infringement alleged herein done directly by One Tech Defendants' Affiliates.

159. Defendants directly profit from the infringement alleged herein.

160. Defendants have the right and ability, but choose not, to stop the infringement alleged herein.

161. Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

162. Defendants' copyright infringement has damaged ConsumerInfo in an amount to be proven at trial.

163. Upon information and belief, Defendants have profited from their infringing conduct.

164. Also as a result of Defendants infringing conduct, ConsumerInfo has suffered injury of an irreparable nature.

165. Defendants' copyright infringement has damaged ConsumerInfo in an amount to be proven at trial.

166.   Upon information and belief, Defendants have profited from their infringing conduct.

167.   Also as a result of Defendants infringing conduct, ConsumerInfo has suffered injury of an irreparable nature.

## TWELFTH CLAIM FOR RELIEF

### (Contributory Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

168.   ConsumerInfo incorporates all preceding paragraphs here.

169.   Defendants have knowledge of the infringement alleged herein.  Adaptive has knowledge of the infringements alleged herein done directly by the One Tech Defendants, as well as by Adaptive's and One Tech's Affiliates.  The One Tech Defendants have knowledge of the infringement alleged herein done directly by One Tech Defendants' Affiliates.

170.   Defendants could take simple measures to prevent the infringements alleged herein.  Adaptive could take simple measures to prevent the infringements done directly by the One Tech Defendants, as well as Adaptive's and One Tech's Affiliates.  The One Tech Defendants could take simple measures to prevent the infringements done directly by One Tech Defendants' Affiliates.

171.   Defendants do not prevent the infringement alleged herein, but instead encourage that infringement by (a) refusing to take simple measures to prevent it, (b) paying the Affiliates, and (c) other actions as may be revealed by discovery.  Upon information and belief, Adaptive also encourages infringement by providing financial backing to the One Tech Defendants and the Competing Products or Services with full knowledge that a significant portion of One Tech Defendants' business relies on directly infringing ConsumerInfo's copyrights and contracting with Affiliates to do the same.

172.   Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

173.   Defendants' copyright infringement has damaged ConsumerInfo in an amount to be proven at trial.

174.   Upon information and belief, Defendants have profited from their infringing conduct.

175.   Also as a result of Defendants infringing conduct, ConsumerInfo has suffered injury of an irreparable nature.

176.   Defendants' copyright infringement has damaged ConsumerInfo in an amount to be proven at trial.

177.   Upon information and belief, Defendants have profited from their infringing conduct.

178.   Also as a result of Defendants infringing conduct, ConsumerInfo has suffered injury of an irreparable nature.

## **PRAYER FOR RELIEF**

WHEREFORE, ConsumerInfo prays for judgment as follows:

A.   An accounting of all gains, profits, savings and advantages realized by Defendants from their acts of trademark infringement, unfair competition, false designation of origin, and copyright infringement.

B.   Damages in an amount to be determined at trial, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate ConsumerInfo for its damages, pursuant to 15 U.S.C. § 1117(a).

C.   An award of statutory damages pursuant to 15 U.S.C. § 1117(c) - (d).

D.   Actual damages, profits, and/or statutory damages pursuant to 17 U.S.C. § 504.

E.   A preliminary and permanent injunction restraining Defendants, their Affiliates, and any of their officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with them and all

those in privity or in active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise:

      (i)    from using the FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, or any confusingly similar terms, as Search Engine Keywords;

      (ii)   from using the FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, or any confusingly similar terms, in the headings or text of Sponsored Link Advertisements;

      (iii)  from registering, trafficking in and/or using any domains that are confusingly similar to FREECREDITREPORT.COM

      (iv)  from using the FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, or any confusingly similar terms, in any manner in any website without permission from ConsumerInfo;

      (v)   from copying ConsumerInfo's Trade Dress;

      (vi)  from copying ConsumerInfo's banner advertisements and other copyrighted works;

      (vii) from copying ConsumerInfo's landing pages; and

      (viii) from otherwise competing unfairly with ConsumerInfo.

F.    An order of forfeiture or cancellation or transfer to ConsumerInfo of any domain name that is confusingly similar to FREECREDITREPORT.COM, including, but not limited to, <freetriplecreditreport.com>, and <freecreditreportwebsite.com>.

G.    The costs of this action.

H.    A declaration that this is an exceptional case pursuant to 15 U.S.C. § 1117, and an award to ConsumerInfo of its reasonable attorneys' fees.

I.  An award of reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

J.  Any such further relief as this Court may deem just and proper.

DATED:  October 1, 2009          Respectfully submitted,

                                 KAYE SCHOLER LLP

                                 By: _____
                                     Oscar Ramallo
                                 Attorneys for Plaintiff
                                 CONSUMERINFO.COM, INC.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

DATED:  October 1, 2009          Respectfully submitted,

                                 KAYE SCHOLER LLP

                                 By: _____
                                     Oscar Ramallo
                                 Attorneys for Plaintiff
                                 CONSUMERINFO.COM, INC.

26

23275020.DOC          FIRST AMENDED COMPLAINT