UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 09-3783-VBF(MANx)**                                    Dated: **November 12, 2009**

Title:   Consumerinfo.com, Inc. -v- Alex Chang, et al.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                      None Present

**PROCEEDINGS (IN CHAMBERS):**   COURT ORDER RE: PLAINTIFF CONSUMERINFO.COM, INC.'S MOTION TO DISMISS DEFENDANT ONE TECHNOLOGIES LP'S FIRST AMENDED ANTITRUST AND CAL. BUS. & PROF. CODE § 17200 COUNTERCLAIMS; MOTION TO STRIKE EIGHTH AFFIRMATIVE DEFENSE OF "PREEMPTION" INSOFAR AS IT IS PREMISED ON ALLEGED ANTITRUST VIOLATIONS (DOC. #74)

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. Accordingly, the hearing set for November 16, 2009 at 1:30 p.m. is vacated and the matter taken off-calendar.

MINUTES FORM 90                                                   Initials of Deputy Clerk   rs
CIVIL - GEN

**I. Ruling**

On October 14, 2009, Plaintiff ConsumerInfo.com, Inc. ("ConsumerInfo") filed its Motion to Dismiss Defendant One Technologies LP's ("One Tech") First Amended Antitrust and Cal. Bus. & Prof. Code § 17200 Counterclaims; Motion to Strike Eighth Affirmative Defense of "Preemption" Insofar as it is Premised on Alleged Antitrust Violations ("Motion") (doc. #74). On October 26, 2009, One Tech filed its Opposition (doc. #83). On November 2, 2009, ConsumerInfo filed its Reply (doc. #84).

After reading the papers filed, the Court:

**(1)** GRANTS ConsumerInfo's Motion to Dismiss One Tech's Second Counterclaim under the Sherman Act, 15 U.S.C. section 2, for monopolization and attempted monopolization, with leave to amend, because (a) One Tech does not sufficiently define a relevant product market and (b) does not adequately allege that ConsumerInfo possesses monopoly power.

- The Court, however, does not grant the Motion on the other grounds raised by ConsumerInfo that (a) One Tech has not adequately alleged exceptions to the *Noerr-Pennington* doctrine (including *Walker Process* fraud); or that (b) One Tech has not adequately alleged that it has suffered an antitrust injury.
- The Court grants with leave to amend as this is the first time ConsumerInfo raised the arguments that One Tech has not sufficiently defined a relevant product market or adequately alleged that ConsumerInfo possesses monopoly power. It does not appear at this time that leave to amend would be futile.

**(2)** GRANTS ConsumerInfo's Motion to Dismiss One Tech's Sixth Counterclaim for Unfair Competition under California Business & Professions Code section 17200 *et seq.*, without leave to amend, because as alleged, One Tech lacks standing as it has not alleged that it suffered injury in fact and lost money or property that is eligible for restitution. As the Court previously dismissed on this ground and as One Tech has not cured the noticed defect, the Court dismisses this counterclaim without leave to amend.

**(3)** GRANTS ConsumerInfo's Motion to Strike One Tech's Eighth Affirmative Defense of preemption insofar as it is premised on alleged antitrust violations, with leave to amend, because as alleged, this defense is an "insufficient defense" under Rule 12(f). For the reasons set forth in the Court's analysis of the Antitrust Counterclaim, there is insufficient

factual basis for this defense.

As to the Second Counterclaim and the Eighth Affirmative Defense, One Tech shall have 15 days to amend; then ConsumerInfo shall have 15 days to respond.

**II. Background**

On May 28, 2009, Plaintiff ConsumerInfo filed its Complaint against Defendants Alex Chang, One Tech Management LLC, One Technologies LP, and Adaptive Marketing LLC asserting claims for trademark and trade dress infringement, copyright infringement, cybersquatting, and unfair competition. Compl. ¶ 14.

On July 27, 2009, Defendant One Tech filed its Answer to ConsumerInfo's Complaint and asserted counterclaims against ConsumerInfo (doc. #30). On August 17, 2009, ConsumerInfo moved to dismiss One Tech's antitrust and unfair competition counterclaims, and moved to strike One Tech's eighth affirmative defense. On September 14, 2009, the Court granted ConsumerInfo's motion with leave to amend. On September 29, 2009, One Tech filed its First Amended Answer and Counterclaims to ConsumerInfo's Complaint. (doc. #69). On October 14, 2009, One Tech also filed an answer to ConsumerInfo's First *Amended* Complaint that alleges the same defenses and counterclaims against ConsumerInfo (doc. #73). The Parties agree that this Motion should apply to the Answer filed on October 14, 2009 (doc. #73), and the Amended Answer and Counterclaim filed on September 29, 2009 (doc. #69). For convenience, the Parties' citations refer to One Tech's Answer and Counterclaim filed on September 29, 2009 (doc. #69) (hereinafter "FAC").

ConsumerInfo moves the Court to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) One Tech's (A) Second Counterclaim under the Sherman Act, 15 U.S.C. section 2, for monopolization and attempted monopolization; and (B) Sixth Counterclaim for unfair competition under California Business & Professions Code sections 17200 *et seq*. ConsumerInfo also moves to strike under Rule 12(f) One Tech's Eight Affirmative Defense to the extent it relies on ConsumerInfo's alleged violation of antitrust laws.

**III. Analysis**

    **A. Second Counterclaim: Sherman Act § 2**

The Court grants ConsumerInfo's Motion to Dismiss One Tech's Second Counterclaim

under the Sherman Act, 15 U.S.C. section 2, for monopolization and attempted monopolization, with leave to amend, because One Tech has not sufficiently defined a relevant product market and has not sufficiently alleged that ConsumerInfo possesses monopoly power.

However, the Court finds that ConsumerInfo's other arguments for dismissal lack sufficient support: One Tech has adequately alleged exceptions to the *Noerr-Pennington* doctrine (including *Walker Process* fraud); and One Tech has adequately alleged that it has suffered an antitrust injury. This ruling is without prejudice to ConsumerInfo's rights to raise these grounds later in the litigation, as appropriate.

### 1. Whether One Tech Has Adequately Alleged an Exception to the *Noerr-Pennington* Doctrine

The Court finds that ConsumerInfo has not shown as a matter of law that One Tech has not alleged an exception to the *Noerr-Pennington* doctrine.

#### a. *Noerr-Pennington Doctrine: Standard*

One Tech bases its antitrust claim in part on ConsumerInfo's litigation-related conduct. Under the *Noerr-Pennington* doctrine, an entity is immune from antitrust liability premised on the entity's litigation-related conduct unless the litigation-related conduct falls within the "sham" exception to the doctrine. *See Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033, 1044 (9th Cir. 2009). There are three situations where the sham exception applies:

(1) "where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful;"
(2) "where the conduct involves a series of law-suits brought pursuant to a policy of starting legal proceedings without regard to the merits and for an unlawful purpose;"
(3) "if the allegedly unlawful conduct consists of making intentional misrepresentations to the court, litigation can be deemed a sham if a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy." *Id.*

The Parties focus primarily on whether One Tech has sufficiently alleged the third sham situation, also known as *Walker Process* fraud. The Court finds that ConsumerInfo has not shown that the allegations are insufficient as a matter of law.

*b. Third Sham Situation/Walker Process Fraud*

The Ninth Circuit held in *Kaiser Foundation* that the third sham exception to the *Noerr-Pennington* doctrine ("knowing fraud upon" or "intentional misrepresentation" to a court) "has a particular meaning in patent infringement suits" in that "[i]n such suits, the fraud or misrepresentation may have been directed to the federal Patent and Trademark Office . . ., not merely to a court." *Kaiser*, 552 F.3d at 1045. This fraud-based exception is "commonly called *Walker Process* fraud." *Id.* See also *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068 (Fed. Cir. 1998) ("A patentee who brings an infringement suit may be subject to antitrust liability for the anti-competitive effects of that suit if the alleged infringer (the antitrust plaintiff) proves . . . that the asserted patent was obtained through knowing and willful fraud within the meaning of *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 177 (1965)."). While *Walker Process* fraud is commonly asserted in patent cases, One Tech is not precluded, as a matter of law, from alleging an antitrust claim based on *Walker Process* fraud in the context of obtaining a trademark registration. *See e.g.*, *Duncan, Inc. v. Royal Tops Mfg. Co.*, 381 F.2d 879, 883-84 (7th Cir. 1967).

ConsumerInfo moves to dismiss One Tech's anti-trust counterclaim on the basis that One Tech does not adequately allege *Walker Process* fraud – or fraud on the Patent and Trademark Office ("PTO") because (1) One Tech does not adequately allege that ConsumerInfo made affirmative misrepresentations to the PTO; (2) One Tech fails to adequately allege that the PTO reasonably relied on the alleged non-disclosure; (3) One Tech fails to allege any facts showing that ConsumerInfo had a duty to disclose other uses of its marks or similar marks; (4) One Tech has failed to allege any facts that establish that ConsumerInfo had knowledge of the fact that its mark is generic.

While ConsumerInfo asserts that its mark is not generic, it provides insufficient support for the Court to determine at this time whether the mark is or is not generic, as a matter of law. *Nissen Trampoline*, 193 F. Supp at 479-80. At this pleading stage, One Tech's allegations that "FREECREDITREPORT.COM" is generic because consumers believe FREECREDITREPORT.COM to offer free credit reports, and that ConsumerInfo knew that this mark was generic, is sufficient. *See* FAC ¶¶ 211, 216, 220, 242.

Additionally, ConsumerInfo's reliance on the case *Libbey-Owens-Ford Glass Co. v. Shatterproof Glass Corp.*, 165 U.S.P.Q. 335 (E.D. Mich. 1970), to assert that there has to be a prior judicial determination to find that a mark is generic, and that accordingly, ConsumerInfo could not have

known that the mark was generic because there was no prior court ruling, is misplaced.  *Libbey-Owens* involved facts different from this case, and does not provide sufficient support for ConsumerInfo's position at this time.  Additionally, ConsumerInfo's assertion that One Tech has not alleged that consumers understand the term FREECREDITREPORT.COM to refer a type of product, rather than to a particular business, is not supported.  *See* Reply at 2:11-3:28.  One Tech asserts that that ConsumerInfo used the term "free," "credit" and "report" and the domain name "freecreditreport.com" to advertise that it provides a free credit report.  *See e.g.,* FAC ¶ 211

The Court also declines to dismiss One Tech's antitrust counterclaim based on the asserted ground that *Walker Process* fraud does not apply because One Tech has failed to allege any facts showing that ConsumerInfo had a duty to disclose other uses of its marks or similar marks.  One Tech alleges that ConsumerInfo knew that its mark was generic, but withheld this information from the PTO.  *See e.g.,* FAC ¶ 216.  As the Court finds that ConsumerInfo has sufficiently alleged that it had a duty to disclose that its own mark was generic, the Court does not need to determine whether other third-party marks had to be disclosed.  Neither side provides sufficient support for their position.

The Court also declines to dismiss One Tech's antitrust counterclaim based on the asserted ground that *Walker Process* fraud does not apply because One Tech has failed to adequately allege that the PTO reasonably relied on the alleged non-disclosure. The Court finds that One Tech has adequately alleged that the PTO justifiably relied on these alleged misrepresentations that ConsumerInfo knew that its mark was generic and failed to disclose that its mark was used to primarily offer free credit reports.

### *c. First & Second Sham Situations*

The Parties also dispute whether One Tech has sufficiently alleged the other two sham situations: (1) that ConsumerInfo's lawsuit is objectively baseless; and/or (2) whether ConsumerInfo's conduct involves a series of lawsuits brought pursuant to a policy of starting legal proceedings.  While One Tech's allegations regarding the first sham situation are adequate at least at this stage, its allegations for the second sham situation fail.

The Parties dispute whether One Tech has adequately alleged that the lawsuit "is objectively baseless" and ConsumerInfo's motive in bringing this lawsuit was unlawful. The allegations are sufficient.  For example, One Tech alleges that ConsumerInfo knew that it had no valid and enforceable trademark in the first place: generic terms are not entitled to trademark

protection "under any circumstances." *See also Krav Maga Ass'n of America, Inc. v. Yanilov*, 464 F. Supp. 2d 981, 985 (C.D. Cal. 2006). One Tech also alleges that ConsumerInfo's attempted enforcement of the mark is objectively baseless. *See* FAC ¶¶ 260-64.

However, the Court finds that One Tech has not adequately pled the second sham situation because it only refers to two lawsuits. *See* FAC ¶¶ 261-262. *See Amarel v. Connell*, 102 F.3d 1494, 1519 (9th Cir. 1996) (finding that although "we do not attempt to define here the number of legal proceedings needed to allege a 'series' or 'pattern' of litigation" that plaintiffs only cited "two lawsuits, not a 'series' or a 'pattern' of them.").

As the Court finds that One Tech has adequately alleged the first and third sham situations, One Tech is allowed to allege litigation-conduct as the basis of its antitrust counterclaim, even if One Tech has not adequately alleged the second sham situation.

### 2. Whether One Tech Has Adequately Alleged the Remaining Elements of a Claim under Section 2 of the Sherman Act

Even though One Tech has adequately alleged exceptions to the *Noeer-Pennington* doctrine (*i.e., Walker Process* fraud and baseless lawsuit), One Tech must still plead the other necessary elements of a claim under section 2 of the Sherman Act. *See e.g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 175 (1965). The Court grants ConsumerInfo's Motion to Dismiss One Tech's antitrust counterclaim on the grounds that One Tech has not adequately defined a relevant product market; and One Tech has not shown that ConsumerInfo possesses any monopoly power.

The Court grants ConsumerInfo's Motion to Dismiss One Tech's antitrust counterclaim, with leave to amend, for failure to adequately define a relevant product market.

In order to properly allege a claim under § 2 of the Sherman Act, one "must allege a relevant product market in which the anticompetitive effects of the challenged activity can be assessed." *Re-Alco Indus, Inc. v. Nat'l Ctr. for Health Educ., Inc.*, 812 F. Supp. 387, 391 (S.D.N.Y.1993) (quoting *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 29 (1984)). "'Relevant market,' for the purpose of assessing monopolization or an attempted monopolization claim, is generally defined as a pool of services that are reasonably interchangeable and are therefore economic substitutes for one another." *In re eBay Seller Antitrust Litig.*, 545 F. Supp. 2d 1027, 1031 (N.D. Cal. 2008). Accordingly, "[w]here the plaintiff fails to define its proposed relevant market with reference to

the rule of reasonable interchangeability and cross-elasticity of demand, or alleges a proposed relevant market that clearly does not encompass all interchangeable substitute products even when all factual inferences are granted in plaintiff's favor, the relevant market is legally insufficient and a motion to dismiss may be granted." *Id.* (citing *Queen City Pizza, Inc. v. Domino's Pizza Inc.,* 124 F.3d 430, 436 (3d Cir.1997)). *See also Re- Alco,* 812 F. Supp. at 391 ("If a complaint fails to allege facts regarding substitute products, to distinguish among apparently comparable products, or to allege other pertinent facts relating to cross-elasticity of demand . . . a court may grant a Rule 12(b)(6) motion.") (citations omitted).

As ConsumerInfo asserts, One Tech has not adequately defined the relevant market "with reference to the rule of reasonable interchangeability and cross-elasticity of demand." *In re eBay Seller Antitrust Litig.,* 545 F. Supp. 2d at 1031. One Tech only asserts that the relevant product market is the "online consumer-direct credit reporting and monitoring market." *See* FAC ¶ 236. While One Tech correctly states that "defining the relevant market is a factual inquiry ordinarily reserved for the jury" (*see Oltz v. St. Peter's Community Hosp.,* 861 F.2d 1440, 1446 (9th Cir.1988)), and that "a final determination of the definition of both the product and geographic components of the relevant market" is often made after discovery (*see e.g., Berlyn, Inc. v. The Gazette Newspapers, Inc.,* 157 F. Supp. 2d 609, 617 (D. Md. 2001)), One Tech must still make some allegations regarding cross-elasticity of demand and reasonable interchangeability. *See e.g., Berlyn*, 157 F. Supp. 2d 609 (finding that relevant market defined by plaintiffs is sufficient because the complaint sufficiently sets forth its reason for not including other products into the relevant market). One Tech has not done so.

The Court also grants ConsumerInfo's Motion to Dismiss One Tech's antitrust counterclaim, with leave to amend, for failure to adequately allege that ConsumerInfo possesses any monopoly power. In order to maintain its section 2 claim, an antitrust plaintiff must also allege "the possession of monopoly power in the relevant market." *U.S. v. Grinnell Corp.,* 384 U.S. 563, 570 (1966). "Monopoly power" is defined as the "power to control prices or exclude competitors." *Rebel Oil Co. v. Atlantic Richfield Co.,* 51 F.3d 1421, 1441 (9th Cir. 1995). Monopoly power may be demonstrated through either direct or circumstantial evidence. Circumstantial evidence may establish monopoly power if the antitrust plaintiff "(1) define[s] the relevant market; (2) show[s] that the defendant owns a dominant share of that market, and (3) show[s] that there are significant barriers to entry." *McCabe Hamilton & Renny, Co., Ltd. v. Matson Terminals*, Inc., 2008 WL 2437739, 8 (D. Haw. June 17, 2008) (citation omitted). The antitrust plaintiff must also establish sufficient market share, and "something more" such as "the strength of competition, probable development of the industry, the barriers to entry, the nature of the anticompetitive conduct, and the elasticity of

consumer demand." *St. Clair v. Citizens Fin. Group*, No. 08-1257, 2008 WL 4911870, 6-7 (D.N.J. Nov. 12, 2008) (citing *Crossroads Cogeneration Corp. v. Orange & Rockland Utils., Inc.*, 159 F.3d 129, 141-42 (3d Cir.1998)).

As ConsumerInfo asserts, One Tech's allegations of market power are insufficient as it has not adequately defined the relevant product market. *See Yellow Page Solutions, Inc. v. Bell Atlantic Yellow Pages Co.*, No. 00 Civ. 5663, 2001 WL 1468168, 12 (S.D.N.Y. Nov. 19, 2001) ("A related defect in plaintiffs' monopolization and attempted monopolization claim is that, absent adequate market definition, it is impossible for the court to determine if the defendants possess 'monopoly power in the relevant market' or 'a dangerous possibility of achieving monopoly power.'") (citations omitted).

However, the Court declines to dismiss One Tech's antitrust counterclaim based on the asserted ground that One Tech has not sufficiently alleged that it suffered an antitrust injury. ConsumerInfo has not met its burden to dismiss on this ground.

The Court finds that ConsumerInfo has not shown that One Tech's allegations regarding its antitrust injury are insufficient at this stage. One Tech alleges that based on ConsumerInfo's actions of enforcing a federal trademark registration that was allegedly fraudulent obtained, it had to incur defense costs and lost profits. *See e.g.*, FAC ¶ 261. *See IGT v. Alliance Gaming Corp.*, No. 04-CV-1676, 2007 WL 911773, 9 (D. Nev. March 22, 2007); *Buehler AG v. Ocrim, S.p.A.*, 836 F. Supp. 1291, 1304 (N.D. Tex. 1992). One Tech also alleges harm to competition in general. For example, One Tech alleges that ConsumerInfo "has used its federal trademark registration of FREECREDITREPORT.COM to obtain other favorable online marketing benefits, such as appearing as the first election from a drop-down search for the terms 'free', 'credit,' and 'report,' on Google." *See* FAC ¶ 257; s*ee also* FAC ¶¶ 255-56; 258-59. One Tech alleges that by using its federal trademark, which was allegedly improperly obtained, that ConsumerInfo is able to secure higher advertisement positioning, has increased its market share, and has increased the cost of related online paid search advertisements. *See e.g.*, FAC ¶¶ 255, 256.

Additionally, ConsumerInfo has not adequately shown at this time that there are insufficient allegations regarding causation. One Tech alleges that based on ConsumerInfo's allegedly bad-faith lawsuit, it has to incur or will incur litigation expenses and lost profits. One Tech also alleges that based on the use of its allegedly fraudulently-obtained federal trademark, that ConsumerInfo has received preferential treatment from Google which has resulted in higher costs in online paid search advertisements.

MINUTES FORM 90                                                                                    Initials of Deputy Clerk   rs  
CIVIL - GEN

### B. Sixth Counterclaim - Unfair Competition

The Court grants ConsumerInfo's Motion to Dismiss One Tech's Sixth Counterclaim for unfair competition, without leave to amend, because as alleged, One Tech does not have standing to assert its unfair competition claim under California Business & Professions Code sections 17200 *et seq.*

In order to have standing to assert any claim for unfair competition under California Business and Professions Code sections 17200 *et seq.*, One Tech must allege that it has "suffered injury in fact and has lost money or property as a result of unfair competition." Cal. Bus. & Prof. Code § 17204. One Tech must allege either "prior possession or a vested legal interest in the money or property allegedly lost." *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007), *affirmed*, *Walker v. GEICO Gen. Ins. Co.*, 558 F.3d 1025 (9th Cir. 2009).

As ConsumerInfo asserts, One Tech does not sufficiently allege lost money or property that is eligible for restitution, which is defined as a remedy "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 - 45 (Cal. 2003). Instead, One Tech alleges that ConsumerInfo's actions have caused One Tech to incur higher advertising costs, higher trademark enforcement costs, lost sales and profits, and harm to its reputation. *See* FAC ¶ 298. These types of injuries - injury to reputation, higher advertising costs, higher trademark enforcement costs, lost sales and profits - do not qualify as lost money or property eligible for restitution.

One Tech counters that it need only allege that "it has lost money or property of some sort" to establish standing to seek injunctive relief as opposed to damages. However, the reasoning of *Walker v. USAA Casualty Insurance Company*, which was affirmed by the Ninth Circuit in *Walker v. GEICO General Insurance Company* holds otherwise. *See Walker*, 558 F.3d at 1027 ("Because remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution.") (quoting *Buckland v. Threshold Enters. Ltd.*, 155 Cal. App. 4th 798 (Cal. Ct. App. 2007)). *See also Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 22 (Ct. App. 2009) (same).

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk   rs

### C. Eighth Affirmative Defense

The Court grants ConsumerInfo's Motion to Strike the following language from lines 1-10 of Paragraph 176 of One Tech's Amended Answer and Counterclaims that begins with "On information and belief, Plaintiff's claims are further barred, in whole or in part, to the extent that they are based on any right or obligation that is inconsistent with federal law, including but not limited to federal antitrust law." and ends with "which has resulted in increased costs of advertising and lower sales and profits to One Technologies and other competitors." This defense is insufficient pursuant to Rule 12(f). The Court grants One Tech leave to amend.

Rule 12(f) states that "[t]he court may strike from a pleading *an insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added). In order to strike an insufficient defense, the Court must find that the defense is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). *See also* SCHWARZER, ET AL., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, § 9:377 (The Rutter Group 2009). Also, the Court may strike an affirmative defense when the defense is not plead with sufficient particularity to give a plaintiff "fair notice" of the defense, such as the factual basis for its affirmative defense. "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice." *Qarbon.com Inc. v. ehelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (granting plaintiff's motion to strike affirmative defense, with leave to amend).

The Court grants ConsumerInfo's Motion to Strike lines 1-10 of One Tech's Eighth Affirmative Defense (*See* FAC ¶ 176) as an insufficient defense because One Tech does not give fair notice of its defense as it is not pled with sufficient particularity. One Tech states that an antitrust defense is permitted by statute. *See* Opp. at 24:10-23 (citing 15 U.S.C. § 1115(b)(7)). However, "[a] reference to a doctrine, like a reference to statutory provisions, is insufficient notice." *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049. One Tech does not provide sufficient factual basis for its antitrust defense for the reasons that the Court finds that One Tech did not state a claim under its antitrust counterclaim. The Court, however, grants ConsumerInfo's Motion to Strike with leave to amend.