1  KENT B. GOSS (State Bar No. 131499)
   kgoss@orrick.com
2  VALERIE M. GOO (State Bar No. 187334)
   vgoo@orrick.com
3  SETH E. FREILICH (State Bar No. 217321)
   sfreilich@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 S. Figueroa Street, Suite 3200
5  Los Angeles, CA 90017
   Telephone:  +1-213-629-2020
6  Facsimile:   +1-213-612-24299

7  Attorneys for Defendant and Counterclaimant ONE
   TECHNOLOGIES LP and Defendant
8  ALEX CHANG

9

FILED
CLERK, U.S. DISTRICT COURT

NOV 3 0 2009

4:07

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

10

## UNITED STATES DISTRICT COURT

11

## CENTRAL DISTRICT OF CALIFORNIA

12

## WESTERN DIVISION

13

14

15  CONSUMERINFO.COM, INC., a
    California corporation,

16              Plaintiff,

17         v.

18  ALEX CHANG, an individual; ONE
    TECHNOLOGIES LP, a Delaware
19  limited partnership; ADAPTIVE
    MARKETING LLC, a Delaware
20  corporation; and DOES 1-10, inclusive,

21              Defendants.

22  ─────────────────────────

23  AND RELATED COUNTERCLAIMS

24

25

26

27

28

CASE NO. CV 09-3783-VBF(MANx)

**ONE TECHNOLOGIES LP's
ANSWER TO FIRST AMENDED
COMPLAINT AND SECOND
AMENDED COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

Judge:  Hon. Valerie Baker Fairbank

1    Defendant One Technologies LP ("One Technologies" ) hereby submits its

2    Answer, including affirmative defenses, to Plaintiff's First Amended Complaint

3    filed by ConsumerInfo.com, Inc. ("ConsumerInfo" or "Plaintiff"), and One

4    Technologies' Second Amended Counterclaims thereto.

5                                      **INTRODUCTION**

6         The instant First Amended Complaint filed by Plaintiff ConsumerInfo.com,

7    Inc. ("ConsumerInfo") is a classic example of "bullying" and using the Court

8    system in order to exclude competitors from the on-line consumer-direct credit

9    report and monitoring market through the use of a generic trade name

10   (www.freecreditreport.com) that was obtained by misleading the United States

11   Trademark Office.  At its core, this lawsuit is an attempt to prohibit competition

12   through the use of such generic terms in advertising as "free," "credit," and

13   "report."  The use by consumers of two of these words when searching for on-line

14   credit monitoring services makes up approximately 90% of the internet traffic flow.

15   The use of all three of these terms accounts for a vast majority of the same traffic.

16        Ironically, ConsumerInfo is guilty of the exact same conduct which it

17   attributes to One Technologies in the First Amended Complaint.  It trades off of,

18   uses as keywords in advertising and otherwise exploits the use of One

19   Technologies' domain names and trademarks and trade names in order to re-direct

20   business that rightfully belongs to One Technologies.  ConsumerInfo's marketplace

21   conduct misleads and confuses consumers who would otherwise use One

22   Technologies' services.  Historically, it is ConsumerInfo that has a proven practice

23   of misleading consumers in the on-line credit services market.  In 2005,

24   ConsumerInfo entered into a Judgment and Consent Decree with the Federal Trade

25   Commission related to touting its services as "free."  The First Amended Complaint

26   flies in the face of the industry's custom and practice for marketing services and

27   Google's own terms and conditions.  ConsumerInfo cannot have it both ways –

28   seek to exclude competitors from using generic terms and phrases in advertising,

1    while simultaneously copying competitor's domain names, trademarks and trade

2    names with impunity.  The Courts cannot and should not be used for this purpose.

3    ## ANSWER AND COUNTERCLAIMS

4        1.    One Technologies admits that Plaintiff has brought this action against

5    Defendants Alex Chang ("Chang"), One Technologies, Adaptive Marketing LLC

6    ("Adaptive") and various Doe Defendant affiliates, but denies that the various Does

7    are all affiliates of One Technologies.  One Technologies further admits that

8    ConsumerInfo is the largest online provider of credit reports.  One Technologies

9    further admits that it is a competitor of Plaintiff.  One Technologies further admits

10   that Chang is an officer of One Tech Management.  Except as expressly admitted

11   herein, One Technologies denies all other allegations of paragraph 1.

12       2.    One Technologies admits that it has competed against LowerMyBills,

13   Inc.  One Technologies further admits that there was a stipulated judgment entered

14   in *LowerMyBills, Inc. v. One Technologies LP, et al.*, C.D. Cal. No. CV06-0296.

15   Except as expressly admitted herein, One Technologies denies all other allegations

16   of paragraph 2.

17       3.    One Technologies denies that it has a willingness to engage in

18   infringement.  One Technologies further denies that it has diverted millions of

19   dollars worth of business from Plaintiff.  One Technologies lacks knowledge or

20   information sufficient to form a belief regarding the truth of all other allegations in

21   paragraph 3 and therefore denies all other allegations of paragraph 3.

22       4.    One Technologies admits that ConsumerInfo purports to seek relief

23   from Defendants.  One Technologies, however, denies the merits of the claims

24   asserted against it.

25   ## PARTIES

26       5.    One Technologies lacks knowledge or information sufficient to form a

27   belief regarding the truth of the allegations in paragraph 5 and therefore denies the

28   allegations therein.

1    6.    Although the factual allegations in Paragraph 6 are not directed at One

2    Technologies, One Technologies is informed and believes, and on that basis admits

3    that Defendant Chang resides in Texas.  Except as expressly admitted, One

4    Technologies lacks knowledge or information sufficient to form a belief regarding

5    the truth of the allegations in paragraph 6 and therefore denies the allegations

6    therein.

7        7.    One Technologies admits it is a Delaware Limited Partnership

8    registered to do business in the state of Texas.

9        8.    Although the factual allegations in Paragraph 8 are not directed

10   entirely at One Technologies, One Technologies is informed and believes, and on

11   that basis admits that Chang is an officer of One Technologies Management, LLC

12   which is the general partner of One Technologies.  One Technologies admits that

13   Alex Chang is one of the founders of One Technologies, Inc., the predecessor in

14   interest to One Technologies.  Except as expressly admitted, One Technologies

15   denies the allegations in paragraph 8.

16       9.    One Technologies denies that defendant Chang leads One

17   Technologies' sales and business development efforts.  One Technologies lacks

18   knowledge or information sufficient to form a belief regarding the truth of the

19   remaining allegations in paragraph 9 and therefore denies the allegations therein.

20       10.    One Technologies admits that Chang participated in dealings between

21   ConsumerInfo and One Technologies and was a point person and business contact

22   on behalf of One Technologies for ConsumerInfo.  Except as expressly admitted,

23   One Technologies denies the allegations in paragraph 10.

24       11.    One Technologies admits that Chang has communicated with

25   ConsumerInfo and/or its predecessors in interest, on behalf of One Technologies

26   and/or its predecessors in interest about various business matters relating to the

27   business dealings between ConsumerInfo and One Technologies.  One

28   Technologies is without sufficient knowledge or information to form a belief

1  regarding the truth of the remaining allegations in paragraph 11, and on that basis

2  denies such allegations.

3       12.   One Technologies lacks knowledge or information sufficient to form a

4  belief regarding the truth of the allegations in paragraph 12 and therefore denies the

5  allegations therein.

6       13.   One Technologies lacks knowledge or information sufficient to form a

7  belief regarding the truth of the allegations in paragraph 13 and therefore denies the

8  allegations therein.

9       14.   One Technologies denies the allegations in paragraph 14.

10  **JURISDICTION AND VENUE**

11       15.   One Technologies admits that this Court has subject matter jurisdiction

12  pursuant to the Lanham Act, 15 U.S.C. § 1121, the Copyright Act, 17 U.S.C. § 501,

13  and 28 U.S.C. § 1338.  One Technologies, however, denies the merits of the claims

14  asserted against it.  The remaining allegations in paragraph 15 contain no factual

15  allegations and do not require an admission or denial.

16       16.   One Technologies admits that the parties to this action are diverse and

17  that Plaintiff alleges damages in excess of $75,000.  The remaining allegations in

18  paragraph 16 contain no factual allegations and do not require an admission or

19  denial.

20       17.   One Technologies admits that California residents view its websites

21  and purchase its services.  One Technologies denies that defendant Chang

22  personally directs and controls One Technologies' activities.  One Technologies

23  lacks knowledge or information sufficient to form a belief regarding the truth of all

24  other allegations in paragraph 17 and therefore denies all other allegations of

25  paragraph 17.

26       18.   One Technologies admits that venue is proper in this district as to One

27  Technologies, but denies having committed any wrongful acts upon which venue is

28  allegedly based.  Except as expressly admitted, One Technologies lacks information

1   sufficient to form a belief regarding the truth of the allegations in paragraph 18 and

2   therefore denies those allegations.

3   ## GENERAL ALLEGATIONS

4   ## ConsumerInfo and the Copyrights and Trademarks at Issue

5       19.    One Technologies is informed and believes, and on that basis admits,

6   that ConsumerInfo provides online credit scores, credit reports and credit

7   monitoring directly to consumers.  Except as expressly admitted, One Technologies

8   lacks knowledge or information sufficient to form a belief regarding the truth of the

9   allegations in paragraph 19 and therefore denies the allegations therein.

10      20.    One Technologies is informed and believes, and on that basis admits,

11  that ConsumerInfo operates a website using the domain name

12  FreeCreditReport.com.  Except as expressly admitted, One Technologies lacks

13  knowledge or information sufficient to form a belief regarding the truth of the

14  allegations in paragraph 20 and therefore denies the allegations therein.

15      21.    One Technologies admits that U.S. Patent and Trademark Office

16  Registration Nos. 3,426,854 and 3,526,207 issued to ConsumerInfo.  One

17  Technologies denies, however, the validity and enforceability of U.S. Patent and

18  Trademark Office Registration Nos. 3,426,854 and 3,526,207.

19      22.    One Technologies lacks knowledge or information sufficient to form a

20  belief regarding the truth of the allegations in paragraph 22 and therefore denies the

21  allegations therein.

22      23.    One Technologies lacks knowledge or information sufficient to form a

23  belief regarding the truth of the allegations in paragraph 23 and therefore denies the

24  allegations therein.

25      24.    One Technologies lacks knowledge or information sufficient to form a

26  belief regarding the truth of the allegations in paragraph 24 and therefore denies the

27  allegations therein.

28      25.    One Technologies lacks knowledge or information sufficient to form a

belief regarding the truth of the allegations in paragraph 25 and therefore denies the allegations therein.

26.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 26 and therefore denies the allegations therein.

27.    One Technologies denies the allegations in paragraph 27.

28.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 28 and therefore denies the allegations therein.

29.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 29 and therefore denies the allegations therein.

30.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 30 and therefore denies the allegations therein.

31.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 31 and therefore denies the allegations therein.

### Defendants' Actions

32.    One Technologies admits that it competes with Plaintiff and that it markets and operates websites that sell online services related to credit reports, credit scores, and credit monitoring.  One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 32 with respect to the other Defendants and therefore denies those allegations.

### Adaptive

33.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 33 and therefore denies the allegations therein.

34.    One Technologies denies the allegations in paragraph 34.

35.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 35 and therefore denies the allegations therein.

36.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 36 and therefore denies the allegations therein.

37.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 37 and therefore denies the allegations therein.

38.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 38 and therefore denies the allegations therein.

39.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 39 and therefore denies the allegations therein.

40.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 40 and therefore denies the allegations therein.

**One Tech Defendants**

41.    One Technologies admits that it markets and sells online services relating to credit reports, credit scores, and credit monitoring. One Technologies further admits that it has provided marketing services to Adaptive and that it has received payment for the provision of these services. One Technologies denies all other allegations in paragraph 41 with respect to One Technologies. One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 41 with respect to Chang and therefore denies those allegations.

1       42.    One Technologies admits that it uses one or more affiliate companies

2  who provide online marketing and advertising services to promote One

3  Technologies' websites and services.  One Technologies denies all other allegations

4  in paragraph 42 with respect to One Technologies.  One Technologies lacks

5  information sufficient to form a belief regarding the truth of the allegations in

6  paragraph 42 with respect to Chang and therefore denies those allegations.

7       43.    One Technologies denies the allegations in Paragraph 43.

8       44.    One Technologies denies the allegations in Paragraph 44.

9       45.    One Technologies admits that it has registered and uses the domain

10  names FreeCreditReports360.com and FreeCreditReportsInstantly.com.  One

11  Technologies denies all other allegations in paragraph 45 with respect to One

12  Technologies.  One Technologies lacks information sufficient to form a belief

13  regarding the truth of the allegations in paragraph 45 with respect to Chang and

14  therefore denies those allegations.

15       46.    One Technologies admits that it has registered and uses the domain

16  names freecrediterportplusscore.com, freecreditreportwebsite.com,

17  2009freecreditreport.com and 2010freecreditreport.com.  One Technologies denies

18  all other allegations in paragraph 46 with respect to One Technologies.  One

19  Technologies lacks information sufficient to form a belief regarding the truth of the

20  allegations in paragraph 46 with respect to Chang and therefore denies those

21  allegations.

22       47.    One Technologies denies all the allegations in paragraph 47 with

23  respect to One Technologies.  One Technologies lacks information sufficient to

24  form a belief regarding the truth of the allegations in paragraph 47 with respect to

25  Chang or any other entity and therefore denies those allegations.

26       48.    One Technologies denies the allegations in paragraph 48.

27       49.    One Technologies admits that in the past, defendant Chang's name has

28  been listed as an administrative contact or technical contact for websites registered

1    to One Technologies.    Except as expressly admitted, One Technologies denies the

2    allegations in paragraph 49.

3        50.    One Technologies admits that it uses affiliates to provide online

4    marketing and advertising services to promote One Technologies' websites and

5    services.  One Technologies further admits that it has used as keywords variations

6    of the term FREECREDITREPORT.COM.  One Technologies denies all other

7    allegations in paragraph 50 with respect to One Technologies.  One Technologies

8    lacks information sufficient to form a belief regarding the truth of the allegations in

9    paragraph 50 with respect to Chang and therefore denies those allegations.

10       51.    One Technologies denies the allegations in paragraph 51.

11       52.    One Technologies denies the allegations in paragraph 52.

12       53.    One Technologies denies the allegations in paragraph 53, and to the

13   extent the allegations are not directed at One Technologies, is without sufficient

14   information to form a belief as to the truth of the allegations and denies them on

15   that basis.

16       54.    One Technologies denies the allegations in paragraph 54 with respect

17   to One Technologies.  One Technologies lacks information sufficient to form a

18   belief regarding the truth of the allegations in paragraph 54 with respect to Chang

19   or any other entity and therefore denies those allegations.

20       55.    Exhibit H to the Complaint speaks for itself.  One Technologies lacks

21   knowledge or information sufficient to form a belief regarding the truth of all other

22   allegations in paragraph 55 and therefore denies all other allegations of paragraph

23   55.

24       56.    One Technologies denies the allegations in paragraph 56 with respect

25   to One Technologies.  One Technologies lacks information sufficient to form a

26   belief regarding the truth of the allegations in paragraph 56 with respect to Chang

27   or any other entity and therefore denies those allegations.

28       57.    Exhibit I to the Complaint speaks for itself.  One Technologies lacks

1  knowledge or information sufficient to form a belief regarding the truth of all other

2  allegations in paragraph 57 and therefore denies all other allegations of paragraph

3  57.

4      58.    Exhibit J to the Complaint speaks for itself.  One Technologies lacks

5  knowledge or information sufficient to form a belief regarding the truth of all other

6  allegations in paragraph 58 and therefore denies all other allegations of paragraph

7  58.

8      59.    Exhibit K to the Complaint speaks for itself.  One Technologies lacks

9  knowledge or information sufficient to form a belief regarding the truth of all other

10  allegations in paragraph 59 and therefore denies all other allegations of paragraph

11  59.

12      60.    One Technologies denies the allegations in paragraph 60 with respect

13  to One Technologies.  One Technologies lacks information sufficient to form a

14  belief regarding the truth of the allegations in paragraph 60 with respect to Chang

15  or any other entity and therefore denies those allegations.

16      61.    One Technologies denies the allegations in paragraph 61.

17      **FIRST CLAIM FOR RELIEF**

18  **(Trademark and Trade Dress Infringement Under the Lanham Act, 15 U.S.C.**

19  **§§ 1114, 1125)**

20      62.    One Technologies restates and incorporates by reference the replies set

21  forth in paragraphs 1 through 61 of this Answer.

22      63.    One Technologies denies the allegations in paragraph 63 with respect

23  to One Technologies.  One Technologies lacks information sufficient to form a

24  belief regarding the truth of the allegations in paragraph 63 with respect to the other

25  Defendants and therefore denies those allegations.

26      64.    One Technologies admits that federal trademark registrations for

27  FREECREDITREPORT.COM and TRIPLE ADVANTAGE have issued to

28  ConsumerInfo.  One Technologies denies, however, the validity and enforceability

1  of trademark rights in the those marks, including any federal registrations for those

2  marks.  Except as expressly admitted, One Technologies denies the allegations in

3  Paragraph 64.

4       65.    One Technologies denies the allegations in paragraph 65 with respect

5  to One Technologies.  One Technologies lacks information sufficient to form a

6  belief regarding the truth of the allegations in paragraph 65 with respect to the other

7  Defendants and therefore denies those allegations.

8       66.    One Technologies lacks knowledge or information sufficient to form a

9  belief regarding the truth of the allegations in paragraph 66 and therefore denies the

10  allegations therein.

11       67.    One Technologies lacks knowledge or information sufficient to form a

12  belief regarding the truth of the allegations in paragraph 67 and therefore denies the

13  allegations therein.

14       68.    One Technologies lacks knowledge or information sufficient to form a

15  belief regarding the truth of the allegations in paragraph 68 and therefore denies the

16  allegations therein.

17       69.    One Technologies denies the allegations in paragraph 69 with respect

18  to One Technologies.  One Technologies lacks information sufficient to form a

19  belief regarding the truth of the allegations in paragraph 69 with respect to the other

20  Defendants and therefore denies those allegations.

21       70.    One Technologies denies the allegations in paragraph 70 with respect

22  to One Technologies.  One Technologies lacks information sufficient to form a

23  belief regarding the truth of the allegations in paragraph 70 with respect to the other

24  Defendants and therefore denies those allegations.

25       71.    One Technologies denies the allegations in paragraph 71 with respect

26  to One Technologies.  One Technologies lacks information sufficient to form a

27  belief regarding the truth of the allegations in paragraph 71 with respect to the other

28  Defendants and therefore denies those allegations.

72.    One Technologies denies the allegations in paragraph 72 with respect to One Technologies.  One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 72 with respect to the other Defendants and therefore denies those allegations.

## SECOND CLAIM FOR RELIEF

## (Dilution Under the Lanham Act, 15 U.S.C. § 1125(c))

73.    One Technologies restates and incorporates by reference the replies set forth in paragraphs 1 through 72 of this Answer.

74.    One Technologies admits that ConsumerInfo purports to allege a claim for trademark dilution.  One Technologies, however, denies the merits of the claims asserted against it.

75.    One Technologies lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 75 and therefore denies the allegations therein.

76.    One Technologies denies the allegations in paragraph 76 with respect to One Technologies.  One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 76 with respect to the other Defendants and therefore denies those allegations.

77.    One Technologies denies the allegations in paragraph 77 with respect to One Technologies.  One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 77 with respect to the other Defendants and therefore denies those allegations.

78.    One Technologies denies the allegations in paragraph 78 with respect to One Technologies.  One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 78 with respect to the other Defendants and therefore denies those allegations.

79.    One Technologies denies the allegations in paragraph 79 with respect to One Technologies.  One Technologies lacks information sufficient to form a

1  belief regarding the truth of the allegations in paragraph 79 with respect to the other
2  Defendants and therefore denies those allegations.

3      80.    One Technologies denies the allegations in paragraph 80 with respect
4  to One Technologies. One Technologies lacks information sufficient to form a
5  belief regarding the truth of the allegations in paragraph 80 with respect to the other
6  Defendants and therefore denies those allegations.

7      81.    One Technologies denies the allegations in paragraph 81 with respect
8  to One Technologies. One Technologies lacks information sufficient to form a
9  belief regarding the truth of the allegations in paragraph 81 with respect to the other
10  Defendants and therefore denies those allegations.

11      82.    One Technologies denies the allegations in paragraph 82 with respect
12  to One Technologies. One Technologies lacks information sufficient to form a
13  belief regarding the truth of the allegations in paragraph 82 with respect to the other
14  Defendants and therefore denies those allegations.

15      83.    One Technologies denies the allegations in paragraph 83 with respect
16  to One Technologies. One Technologies lacks information sufficient to form a
17  belief regarding the truth of the allegations in paragraph 83 with respect to the other
18  Defendants and therefore denies those allegations.

19                      **THIRD CLAIM FOR RELIEF**
20       **(Counterfeiting under the Lanham Act, 15 U.S.C. § 1117(c))**

21      84.    One Technologies restates and incorporates by reference the replies set
22  forth in paragraphs 1 through 83 of this Answer.

23      85.    One Technologies admits that ConsumerInfo purports to allege a claim
24  for trademark counterfeiting. One Technologies, however, denies the merits of the
25  claims asserted against it.

26      86.    One Technologies denies the allegations in paragraph 86 with respect
27  to One Technologies. One Technologies lacks information sufficient to form a
28  belief regarding the truth of the allegations in paragraph 86 with respect to the other

1  Defendants and therefore denies those allegations.

2         87.    One Technologies denies the allegations in paragraph 87 with respect

3  to One Technologies.  One Technologies lacks information sufficient to form a

4  belief regarding the truth of the allegations in paragraph 87 with respect to the other

5  Defendants and therefore denies those allegations.

6         88.    One Technologies denies the allegations in paragraph 88 with respect

7  to One Technologies.  One Technologies lacks information sufficient to form a

8  belief regarding the truth of the allegations in paragraph 88 with respect to the other

9  Defendants and therefore denies those allegations.

10         89.    One Technologies denies the allegations in paragraph 89 with respect

11  to One Technologies.  One Technologies lacks information sufficient to form a

12  belief regarding the truth of the allegations in paragraph 89 with respect to the other

13  Defendants and therefore denies those allegations.

14         90.    One Technologies denies the allegations in paragraph 90 with respect

15  to One Technologies.  One Technologies lacks information sufficient to form a

16  belief regarding the truth of the allegations in paragraph 90 with respect to the other

17  Defendants and therefore denies those allegations.

18  **FOURTH CLAIM FOR RELIEF**

19  **(Cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d))**

20         91.    One Technologies restates and incorporates by reference the replies set

21  forth in paragraphs 1 through 90 of this Answer.

22         92.    One Technologies admits that it has registered or used the following

23  domain names: <freecreditreportplusscore.com>, <freecreditreportwebsite.com>,

24  <2009freecreditreport.com>, and <2010freecreditreport.com>.  One Technologies

25  denies that they are confusingly similar to freecreditreport.com or that

26  ConsumerInfo has trademark rights to freecreditreport.com.  One Technologies

27  lacks knowledge or information sufficient to form a belief regarding the truth of the

28  remaining allegations in paragraph 92 and therefore denies the allegations therein.

1    93.    One Technologies denies the allegations in paragraph 93 with respect

2  to One Technologies.  One Technologies lacks information sufficient to form a

3  belief regarding the truth of the allegations in paragraph 93 with respect to the other

4  Defendants and therefore denies those allegations.

5    94.    One Technologies denies the allegations in paragraph 94 with respect

6  to One Technologies.  One Technologies lacks information sufficient to form a

7  belief regarding the truth of the allegations in paragraph 94 with respect to the other

8  Defendants and therefore denies those allegations.

9    95.    One Technologies admits that ConsumerInfo purports to seek damages

10  pursuant to 15 U.S.C. § 1117.  One Technologies, however, denies the merits of the

11  claims asserted against it.

12    96.    One Technologies admits that ConsumerInfo purports to seek an order

13  of forfeiture or cancellation.  One Technologies, however, denies the merits of the

14  claims asserted against it.

15    97.    One Technologies denies the allegations in paragraph 97 with respect

16  to One Technologies.  One Technologies lacks information sufficient to form a

17  belief regarding the truth of the allegations in paragraph 97 with respect to the other

18  Defendants and therefore denies those allegations.

19    98.    One Technologies denies the allegations in paragraph 98 with respect

20  to One Technologies.  One Technologies lacks information sufficient to form a

21  belief regarding the truth of the allegations in paragraph 98 with respect to the other

22  Defendants and therefore denies those allegations.

23                      **FIFTH CLAIM FOR RELIEF**

24        **(Cybersquatting of a Famous Trademark, 15 U.S.C. 1125(d))**

25    99.    One Technologies restates and incorporates by reference the replies set

26  forth in paragraphs 1 through 98 of this Answer.

27    100.   One Technologies denies the allegations in paragraph 100 with respect

28  to One Technologies.  One Technologies lacks information sufficient to form a

1   belief regarding the truth of the allegations in paragraph 100 with respect to the

2   other Defendants and therefore denies those allegations.

3        101.   One Technologies denies the allegations in paragraph 101 with respect

4   to One Technologies. One Technologies lacks information sufficient to form a

5   belief regarding the truth of the allegations in paragraph 101 with respect to the

6   other Defendants and therefore denies those allegations.

7        102.   One Technologies denies the allegations in paragraph 102 with respect

8   to One Technologies. One Technologies lacks information sufficient to form a

9   belief regarding the truth of the allegations in paragraph 102 with respect to the

10   other Defendants and therefore denies those allegations.

11        103.   One Technologies denies the allegations in paragraph 103 with respect

12   to One Technologies. One Technologies lacks information sufficient to form a

13   belief regarding the truth of the allegations in paragraph 103 with respect to the

14   other Defendants and therefore denies those allegations.

15        104.   One Technologies admits that ConsumerInfo purports to seek damages

16   pursuant to 15 U.S.C. § 1117. One Technologies, however, denies the merits of the

17   claims asserted against it.

18        105.   One Technologies admits that ConsumerInfo purports to seek an order

19   of forfeiture or cancellation. One Technologies, however, denies the merits of the

20   claims asserted against it.

21        106.   One Technologies denies the allegations in paragraph 106 with respect

22   to One Technologies. One Technologies lacks information sufficient to form a

23   belief regarding the truth of the allegations in paragraph 106 with respect to the

24   other Defendants and therefore denies those allegations.

25        107.   One Technologies denies the allegations in paragraph 107 with respect

26   to One Technologies. One Technologies lacks information sufficient to form a

27   belief regarding the truth of the allegations in paragraph 107 with respect to the

28   other Defendants and therefore denies those allegations.

# SIXTH CLAIM FOR RELIEF

## (Common Law Trademark Infringement)

108.   One Technologies restates and incorporates by reference the replies set forth in paragraphs 1 through 107 of this Answer.

109.   One Technologies admits that ConsumerInfo purports to allege a claim for trademark infringement in violation of the common law of the State of California.  One Technologies, however, denies the merits of the claims asserted against it.

110.   One Technologies denies the allegations in paragraph 110 with respect to One Technologies.  One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 110 with respect to the other Defendants and therefore denies those allegations.

111.   One Technologies denies the allegations in paragraph 111 with respect to One Technologies.  One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 111 with respect to the other Defendants and therefore denies those allegations.

112.   One Technologies denies the allegations in paragraph 112 with respect to One Technologies.  One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 112 with respect to the other Defendants and therefore denies those allegations.

113.   One Technologies denies the allegations in paragraph 113 with respect to One Technologies.  One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 113 with respect to the other Defendants and therefore denies those allegations.

114.   One Technologies denies the allegations in paragraph 114 with respect to One Technologies.  One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 114 with respect to the other Defendants and therefore denies those allegations.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125)

115.    One Technologies restates and incorporates by reference the replies set forth in paragraphs 1 through 114 of this Answer.

116.    One Technologies denies the allegations in paragraph 116 with respect to One Technologies. One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 116 with respect to the other Defendants and therefore denies those allegations.

117.    One Technologies denies the allegations in paragraph 117 with respect to One Technologies. One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 117 with respect to the other Defendants and therefore denies those allegations.

118.    One Technologies denies the allegations in paragraph 118 with respect to One Technologies. One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 118 with respect to the other Defendants and therefore denies those allegations.

119.    One Technologies denies the allegations in paragraph 119 with respect to One Technologies. One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 119 with respect to the other Defendants and therefore denies those allegations.

120.    One Technologies denies the allegations in paragraph 120 with respect to One Technologies. One Technologies lacks information sufficient to form a belief regarding the truth of the allegations in paragraph 120 with respect to the other Defendants and therefore denies those allegations.

## EIGHTH CLAIM FOR RELIEF

### (Vicarious Liability Under the Lanham Act, 15 U.S.C. §§ 1114, 1115)

121.    One Technologies restates and incorporates by reference the replies set forth in paragraphs 1 through 120 of this Answer.

1    122.   One Technologies further admits that it has provided marketing

2  services to Adaptive.  One Technologies denies the remaining allegations in

3  paragraph 122 with respect to One Technologies.  One Technologies lacks

4  information sufficient to form a belief regarding the truth of the remaining

5  allegations in paragraph 122 with respect to the other Defendants and therefore

6  denies those allegations.

7    123.   One Technologies denies the allegations in paragraph 123 with respect

8  to One Technologies.  One Technologies lacks information sufficient to form a

9  belief regarding the truth of the allegations in paragraph 123 with respect to the

10  other Defendants and therefore denies those allegations.

11    124.   One Technologies denies the allegations in paragraph 124 with respect

12  to One Technologies.  One Technologies lacks information sufficient to form a

13  belief regarding the truth of the allegations in paragraph 124 with respect to the

14  other Defendants and therefore denies those allegations.

15    125.   One Technologies denies the allegations in paragraph 125 with respect

16  to One Technologies.  One Technologies lacks information sufficient to form a

17  belief regarding the truth of the allegations in paragraph 125 with respect to the

18  other Defendants and therefore denies those allegations.

19    **NINTH CLAIM FOR RELIEF**

20    **(Contributory Liability Under the Lanham Act, 15 U.S.C. §§ 1114, 1125)**

21    126.   One Technologies restates and incorporates by reference the replies set

22  forth in paragraphs 1 through 125 of this Answer.

23    127.   One Technologies denies the allegations in paragraph 127 with respect

24  to One Technologies.  One Technologies lacks information sufficient to form a

25  belief regarding the truth of the allegations in paragraph 127 with respect to the

26  other Defendants and therefore denies those allegations.

27    128.   One Technologies denies the allegations in paragraph 128 with respect

28  to One Technologies.  One Technologies lacks information sufficient to form a

1  belief regarding the truth of the allegations in paragraph 128 with respect to the
2  other Defendants and therefore denies those allegations.

3      129.   One Technologies denies the allegations in paragraph 129 with respect
4  to One Technologies.  One Technologies lacks information sufficient to form a
5  belief regarding the truth of the allegations in paragraph 129 with respect to the so-
6  called "Secondary Infringers" and "Primary Infringers" and therefore denies those
7  allegations.

8      130.   One Technologies denies the allegations in paragraph 130 with respect
9  to One Technologies.  One Technologies lacks information sufficient to form a
10  belief regarding the truth of the allegations in paragraph 130 with respect to the
11  other Defendants and therefore denies those allegations.

12      131.   One Technologies denies the allegations in paragraph 131 with respect
13  to One Technologies.  One Technologies lacks information sufficient to form a
14  belief regarding the truth of the allegations in paragraph 131 with respect to the
15  other Defendants and therefore denies those allegations.

16      132.   One Technologies denies the allegations in paragraph 132 with respect
17  to One Technologies.  One Technologies lacks information sufficient to form a
18  belief regarding the truth of the allegations in paragraph 132 with respect to the
19  other Defendants and therefore denies those allegations.

20              **TENTH CLAIM FOR RELIEF**

21        **(Copyright Infringement, 17 U.S.C. § 501 *et seq.*)**

22      133.   One Technologies restates and incorporates by reference the replies set
23  forth in paragraphs 1 through 132 of this Answer.

24      134.   One Technologies denies the allegations in paragraph 134 with respect
25  to One Technologies.  One Technologies lacks information sufficient to form a
26  belief regarding the truth of the allegations in paragraph 134 with respect to the
27  other Defendants and therefore denies those allegations.

28      135.   One Technologies denies that it copied ConsumerInfo banner

1    advertisements and television commercials.  One Technologies lacks knowledge or

2    information sufficient to form a belief regarding the truth of the remaining

3    allegations in paragraph 135 and therefore denies the allegations therein.

4        136.   One Technologies denies the allegations in paragraph 136 with respect

5    to One Technologies.  One Technologies lacks information sufficient to form a

6    belief regarding the truth of the allegations in paragraph 136 with respect to the

7    other Defendants and therefore denies those allegations.

8        137.   One Technologies lacks knowledge or information sufficient to form a

9    belief regarding the truth of the allegations in paragraph 137 and therefore denies

10   the allegations therein.

11       138.   Exhibit L to the Complaint speaks for itself.  One Technologies lacks

12   knowledge or information sufficient to form a belief regarding the truth of the

13   remaining allegations in paragraph 138 and therefore denies the allegations therein.

14       139.   One Technologies lacks knowledge or information sufficient to form a

15   belief regarding the truth of the allegations in paragraph 139 and therefore denies

16   the allegations therein.

17       140.   One Technologies lacks knowledge or information sufficient to form a

18   belief regarding the truth of the allegations in paragraph 140 and therefore denies

19   the allegations therein.

20       141.   One Technologies lacks knowledge or information sufficient to form a

21   belief regarding the truth of the allegations in paragraph 141 and therefore denies

22   the allegations therein.

23       142.   Exhibit M to the Complaint speaks for itself.  One Technologies denies

24   all other allegations in paragraph 142 with respect to One Technologies.  One

25   Technologies lacks information sufficient to form a belief regarding the truth of the

26   allegations in paragraph 142 with respect to Chang and therefore denies those

27   allegations.

28       143.   One Technologies lacks knowledge or information sufficient to form a

1  belief regarding the truth of the allegations in paragraph 143 and therefore denies

2  the allegations therein.

3      144.  Exhibit N to the Complaint speaks for itself.  One Technologies lacks

4  knowledge or information sufficient to form a belief regarding the truth of the

5  remaining allegations in paragraph 144 and therefore denies the allegations therein.

6      145.  Exhibit O to the Complaint speaks for itself.  One Technologies lacks

7  knowledge or information sufficient to form a belief regarding the truth of the

8  remaining allegations in paragraph 145 and therefore denies the allegations therein.

9      146.  One Technologies lacks knowledge or information sufficient to form a

10  belief regarding the truth of the allegations in paragraph 146 and therefore denies

11  the allegations therein.

12      147.  One Technologies denies the allegations in paragraph 147 with respect

13  to One Technologies.  One Technologies lacks information sufficient to form a

14  belief regarding the truth of the allegations in paragraph 147 with respect to the

15  other Defendants and therefore denies those allegations.

16      148.  Exhibits P and Q to the Complaint speak for themselves.  One

17  Technologies lacks knowledge or information sufficient to form a belief regarding

18  the truth of the remaining allegations in paragraph 148 and therefore denies the

19  allegations therein.

20      149.  Exhibit R to the Complaint speaks for itself.  One Technologies lacks

21  knowledge or information sufficient to form a belief regarding the truth of the

22  remaining allegations in paragraph 149 and therefore denies the allegations therein.

23      150.  Exhibit S to the Complaint speaks for itself.  One Technologies lacks

24  knowledge or information sufficient to form a belief regarding the truth of the

25  remaining allegations in paragraph 150 and therefore denies the allegations therein.

26      151.  One Technologies denies the allegations in paragraph 151 with respect

27  to One Technologies.  One Technologies lacks information sufficient to form a

28  belief regarding the truth of the allegations in paragraph 151 with respect to the

1    other Defendants and therefore denies those allegations.

2        152.   One Technologies denies the allegations in paragraph 152 with respect

3    to One Technologies.  One Technologies lacks information sufficient to form a

4    belief regarding the truth of the allegations in paragraph 152 with respect to the

5    other Defendants and therefore denies those allegations.

6        153.   One Technologies denies the allegations in paragraph 153 with respect

7    to One Technologies.  One Technologies lacks information sufficient to form a

8    belief regarding the truth of the allegations in paragraph 153 with respect to the

9    other Defendants and therefore denies those allegations.

10       154.   One Technologies denies the allegations in paragraph 154 with respect

11   to One Technologies.  One Technologies lacks information sufficient to form a

12   belief regarding the truth of the allegations in paragraph 154 with respect to the

13   other Defendants and therefore denies those allegations.

14       155.   One Technologies denies the allegations in paragraph 155 with respect

15   to One Technologies.  One Technologies lacks information sufficient to form a

16   belief regarding the truth of the allegations in paragraph 155 with respect to the

17   other Defendants and therefore denies those allegations.

18       156.   One Technologies denies the allegations in paragraph 156 with respect

19   to One Technologies.  One Technologies lacks information sufficient to form a

20   belief regarding the truth of the allegations in paragraph 156 with respect to the

21   other Defendants and therefore denies those allegations.

22                    **ELEVENTH CLAIM FOR RELIEF**

23        **(Vicarious Copyright Infringement, 17 U.S.C. § 501 *et seq.*)**

24       157.   One Technologies restates and incorporates by reference the replies set

25   forth in paragraphs 1 through 156 of this Answer.

26       158.   One Technologies denies the allegations in paragraph 158 with respect

27   to One Technologies.  One Technologies lacks information sufficient to form a

28   belief regarding the truth of the allegations in paragraph 158 with respect to the

1   other Defendants and therefore denies those allegations.

2   159.   One Technologies denies the allegations in paragraph 159 with respect

3   to One Technologies.  One Technologies lacks information sufficient to form a

4   belief regarding the truth of the allegations in paragraph 159 with respect to the

5   other Defendants and therefore denies those allegations.

6   160.   One Technologies denies the allegations in paragraph 160 with respect

7   to One Technologies.  One Technologies lacks information sufficient to form a

8   belief regarding the truth of the allegations in paragraph 160 with respect to the

9   other Defendants and therefore denies those allegations.

10   161.   One Technologies denies the allegations in paragraph 161 with respect

11   to One Technologies.  One Technologies lacks information sufficient to form a

12   belief regarding the truth of the allegations in paragraph 161 with respect to the

13   other Defendants and therefore denies those allegations.

14   162.   One Technologies denies the allegations in paragraph 162 with respect

15   to One Technologies.  One Technologies lacks information sufficient to form a

16   belief regarding the truth of the allegations in paragraph 162 with respect to the

17   other Defendants and therefore denies those allegations.

18   163.   One Technologies denies the allegations in paragraph 163 with respect

19   to One Technologies.  One Technologies lacks information sufficient to form a

20   belief regarding the truth of the allegations in paragraph 163 with respect to the

21   other Defendants and therefore denies those allegations.

22   164.   One Technologies denies the allegations in paragraph 164 with respect

23   to One Technologies.  One Technologies lacks information sufficient to form a

24   belief regarding the truth of the allegations in paragraph 164 with respect to the

25   other Defendants and therefore denies those allegations.

26   165.   One Technologies denies the allegations in paragraph 165 with respect

27   to One Technologies.  One Technologies lacks information sufficient to form a

28   belief regarding the truth of the allegations in paragraph 165 with respect to the

1    other Defendants and therefore denies those allegations.

2    166.   One Technologies denies the allegations in paragraph 166 with respect

3    to One Technologies.  One Technologies lacks information sufficient to form a

4    belief regarding the truth of the allegations in paragraph 166 with respect to the

5    other Defendants and therefore denies those allegations.

6    167.   One Technologies denies the allegations in paragraph 167 with respect

7    to One Technologies.  One Technologies lacks information sufficient to form a

8    belief regarding the truth of the allegations in paragraph 167 with respect to the

9    other Defendants and therefore denies those allegations.

10    **TWELFTH CLAIM FOR RELIEF**

11    **(Contributory Copyright Infringement, 17 U.S.C. § 501 *et seq.*)**

12    168.   One Technologies restates and incorporates by reference the replies set

13    forth in paragraphs 1 through 167 of this Answer.

14    169.   One Technologies denies the allegations in paragraph 169 with respect

15    to One Technologies.  One Technologies lacks information sufficient to form a

16    belief regarding the truth of the allegations in paragraph 169 with respect to the

17    other Defendants and therefore denies those allegations.

18    170.   One Technologies denies the allegations in paragraph 170 with respect

19    to One Technologies.  One Technologies lacks information sufficient to form a

20    belief regarding the truth of the allegations in paragraph 170 with respect to the

21    other Defendants and therefore denies those allegations.

22    171.   One Technologies denies the allegations in paragraph 171 with respect

23    to One Technologies.  One Technologies lacks information sufficient to form a

24    belief regarding the truth of the allegations in paragraph 171 with respect to the

25    other Defendants and therefore denies those allegations.

26    172.   One Technologies denies the allegations in paragraph 172 with respect

27    to One Technologies.  One Technologies lacks information sufficient to form a

28    belief regarding the truth of the allegations in paragraph 172 with respect to the

1    other Defendants and therefore denies those allegations.

2    173.    One Technologies denies the allegations in paragraph 173 with respect

3    to One Technologies.    One Technologies lacks information sufficient to form a

4    belief regarding the truth of the allegations in paragraph 173 with respect to the

5    other Defendants and therefore denies those allegations.

6    174.    One Technologies denies the allegations in paragraph 174 with respect

7    to One Technologies.    One Technologies lacks information sufficient to form a

8    belief regarding the truth of the allegations in paragraph 174 with respect to the

9    other Defendants and therefore denies those allegations.

10    175.    One Technologies denies the allegations in paragraph 175 with respect

11    to One Technologies.    One Technologies lacks information sufficient to form a

12    belief regarding the truth of the allegations in paragraph 175 with respect to the

13    other Defendants and therefore denies those allegations.

14    176.    One Technologies denies the allegations in paragraph 176 with respect

15    to One Technologies.    One Technologies lacks information sufficient to form a

16    belief regarding the truth of the allegations in paragraph 176 with respect to the

17    other Defendants and therefore denies those allegations.

18    177.    One Technologies denies the allegations in paragraph 177 with respect

19    to One Technologies.    One Technologies lacks information sufficient to form a

20    belief regarding the truth of the allegations in paragraph 177 with respect to the

21    other Defendants and therefore denies those allegations.

22    178.    One Technologies denies the allegations in paragraph 178 with respect

23    to One Technologies.    One Technologies lacks information sufficient to form a

24    belief regarding the truth of the allegations in paragraph 178 with respect to the

25    other Defendants and therefore denies those allegations.

26    **ONE TECHNOLOGIES' AFFIRMATIVE AND OTHER DEFENSES**

27    179.    One Technologies alleges the affirmative and other defenses set forth

28    below.    One Technologies reserves the right to amend its Answer to assert further

1  affirmative defenses based on future discovery in this suit.

2  ### First Affirmative Defense

3  ### (Noninfringement)

4      180.  To the extent that Plaintiff owns any valid trademarks, trade dress or

5  copyrights, One Technologies does not infringe and has not infringed, either

6  directly, contributorily or vicariously any of Plaintiffs' trademarks, trade dress or

7  copyrights.

8  ### Second Affirmative Defense

9  ### (Invalidity)

10      181.  On information and belief, U.S. Patent and Trademark Office

11  Registration Nos. 3,426,854 and 3,526,207 are invalid as they were obtained by

12  fraud and consist of terms that are either generic or descriptive without the requisite

13  secondary meaning.  To the extent Plaintiff claims trademark rights in

14  FREECREDITREPORT.COM, including any rights conferred by Trademark

15  Registration Nos. 3,426,854, they are invalid.

16  ### Third Affirmative Defense

17  ### (Laches)

18      182.  On information and belief, Plaintiff is barred in whole or in part from

19  enforcing its claims against One Technologies or recovering any alleged damages

20  by the equitable doctrine of laches.

21  ### Fourth Affirmative Defense

22  ### (Waiver)

23      183.  On information and belief, Plaintiff is barred in whole or in part from

24  enforcing its claims against One Technologies or recovering any alleged damages

25  by the equitable doctrine of waiver.

26  ### Fifth Affirmative Defense

27  ### (Estoppel)

28      184.  On information and belief, Plaintiff is barred in whole or in part from

1    enforcing its claims against One Technologies or recovering any alleged damages

2    by the doctrine of estoppel.

### Sixth Affirmative Defense

### (Unclean Hands)

5    185.   On information and belief, Plaintiff is barred in whole or in part from

6    enforcing its claims against One Technologies or recovering any alleged damages

7    by the doctrine of unclean hands.

### Seventh Affirmative Defense

### (Fair Use)

10    186.   On information and belief, Plaintiff's claims are barred, in whole or in

11    part, because One Technologies' alleged actions constituted a fair use..

### Eighth Affirmative Defense

### (Preemption)

14    187.   On information and belief, Plaintiff's claims are barred, in whole or in

15    part, by the federal Copyright Act, to the extent that Plaintiffs own any valid

16    copyrights.  On information and belief, Plaintiff's claims are further barred, in

17    whole or in part, to the extent that they are based on any right or obligation that is

18    inconsistent with any federal law, including but not limited to federal antitrust law.

19    As alleged more fully in One Technologies' Second Counterclaim, such allegations

20    being restated and incorporated as if fully set forth herein, ConsumerInfo has

21    fraudulently obtained a trademark registration for FREECREDITREPORT.COM

22    and is misusing such rights, and has undertaken other anticompetitive action such

23    as exclusionary advertising practices and the filing of objectively baseless lawsuits,

24    to stymie competition in the Online Credit Report Market, which has resulted in

25    increased costs of advertising and lower sales and profits to One Technologies and

26    other competitors, and increased barriers to entry in the Online Credit Report

27    Market.

28    //

**Ninth Affirmative Defense**

**(Offset)**

188.   If Plaintiff is entitled to recover damages against One Technologies as alleged in its Complaint, such recovery against One Technologies must be offset by the amount of damages suffered by One Technologies as a result of Plaintiffs' own wrongful acts.

**Tenth Affirmative Defense**

**(Failure to Mitigate)**

189.   If Plaintiff is entitled to recover damages against One Technologies as alleged in its Complaint, such recovery against One Technologies must be reduced as a result of Plaintiff's failure to mitigate.

**Eleventh Affirmative Defense**

**(Implied License)**

190.   Plaintiff's claims and recovery is barred, in whole or in part, because One Technologies had an implied license.

**Twelfth Affirmative Defense**

**(Failure To State A Claim)**

191.   Plaintiff has failed to state a claim against One Technologies and is entitled to no recover because, *inter alia*, the alleged wrongful conduct by One Technologies, including the use of keyword advertising is custom and practice in the industry and does not constitute an infringing use.

**Thirteenth Affirmative Defense**

**(Failure To Join Necessary Parties)**

192.   Plaintiff is barred from recovery in this action for failure to join necessary parties.

**PLAINTIFF'S PRAYER FOR RELIEF**

193.   Wherefore One Technologies denies each and every allegation contained in the Prayer for Relief in Plaintiff's Complaint, and specifically denies

1    that Plaintiff is entitled to any judgment against One Technologies, to any of the

2    relief described therein, or to any remedy whatsoever against One Technologies.

3    ## ONE TECHNOLOGIES' COUNTERCLAIMS

4    ### Jurisdiction and Venue

5    194.    This Court has subject matter jurisdiction over One Technologies'

6    counterclaims pursuant to the Lanham Act, the Sherman Act, 15 U.S.C. § 1121 and

7    28 U.S.C. § 1338.  The Court has supplemental jurisdiction over the claims arising

8    under state law pursuant to 28 U.S.C. § 1367(a), in that the state claims are so

9    related to the claims over which the Court has original jurisdiction that they form

10   part of the same case or controversy under Article III of the United States

11   Constitution.

12   195.    This Court also has subject matter jurisdiction over One Technologies'

13   counterclaims pursuant to 28 U.S.C. § 1332, as the parties are diverse and the

14   amount in controversy exceeds $75,000.

15   196.    This Court has personal jurisdiction over these counterclaims because

16   ConsumerInfo has its principal place of business in California, has conducted and

17   does conduct business within the State of California, has entered into ongoing

18   contractual relationships with residents of California and purposefully directs

19   substantial activities at residents of California, and because of the already-pending

20   action initiated by ConsumerInfo.  The exercise of personal jurisdiction over

21   ConsumerInfo is therefore reasonable and comports with notions of fair play and

22   substantial justice.

23   197.    Venue for these counterclaims is proper in this judicial district

24   pursuant to 28 U.S.C. § 1391 because Counterdefendant resides in this district and,

25   upon information and belief, a substantial part of the events giving rise to One

26   Technologies' counterclaims occurred in this district.

27   //

28   //

**General Factual Allegations**

**One Technologies and ConsumerInfo's History**

198.  One Technologies L.P. ("One Technologies") began as an online advertising and marketing company.  Over the years, One Technologies has registered numerous domain names that describe or pertain to the products or services being advertised or offered.

199.  Individual consumers who seek to obtain online credit reports and/or credit monitoring services utilize internet search engines to find companies that provide these services.  Such consumers most frequently search for the words "free," "credit" and "report."  Consumers are entitled, by law, to a free credit report annually.  Therefore, upon information and belief, consumers often search for the terms "free," "credit," "report," and "annually."

200.  In connection with online consumer-direct credit reporting and monitoring services, One Technologies has rights to multiple domain names which contain words such as "credit," "report," "free," "score," and "rating," including some of the domain names at issue in ConsumerInfo's Complaint.  Other companies offering or advertising credit reporting and monitoring services also use domain names that use various combinations of words such as "free," "credit," "report," "annual," "score," and similarly descriptive words.  It is common practice in the online marketing and advertising business to use domain names that are descriptive of what consumers are searching for or of the goods and services offered on the associated websites.

201.  Among One Technologies' domain names which it uses to promote and offer online consumer-direct credit report and monitoring services are <freecreditreportsinstantly.com>, which One Technologies has been using since at least 2004 and <freecreditreports360.com>, which One Technologies has been using since at least 2007.  One Technologies has also used <free-credit-reports-instantly.com> as early as 2001.  Due to One Technologies' extensive advertising

1    and marketing of these domain names and the exceptional quality of the website

2    content and performance, these domain names and One Technologies' websites

3    associated with these domain names have become well-regarded and famous to

4    consumers and providers of online consumer-direct credit reports and credit

5    monitoring services.

6          202.    Upon information and belief, Counterdefendant ConsumerInfo.com,

7    Inc. ("ConsumerInfo") is a California corporation with its principal place of

8    business located in this Judicial District at 18500 Von Karman Ave., Suite 900,

9    Irvine, California 92612, as alleged in its Complaint.

10          203.    Upon information and belief, One Technologies alleges that

11   ConsumerInfo provides online consumer-direct credit reporting and monitoring

12   services, including providing a single, online credit report, an online instant credit

13   score, a three bureau online credit report, and online credit monitoring.  Upon

14   information and belief, One Technologies alleges that ConsumerInfo operates a

15   website using the domain name <freecreditreport.com>.  Upon information and

16   belief, One Technologies alleges that ConsumerInfo provides online credit

17   monitoring services using the mark TRIPLE ADVANTAGE and other brand

18   names.  ConsumerInfo touts itself on its website as being "the trusted leader in

19   online credit monitoring, reports and scores."

20          204.    One Technologies is informed and believes and on that basis alleges

21   that ConsumerInfo is the largest provider of online consumer-direct credit report

22   and monitoring services in the United States.  On information and belief, One

23   Technologies alleges that ConsumerInfo's market share of the online consumer-

24   direct credit reporting and monitoring services is well over 50% and over triple of

25   the share of its closest competitor.  On further information and belief, One

26   Technologies alleges that ConsumerInfo's market share is not a result of a

27   purportedly superior product or service, but because of ConsumerInfo's illegal

28   actions, including but not limited to its use and exploitation of its fraudulently-

1    obtained federal trademark registration.

2        205.   ConsumerInfo has been aware of One Technologies since at least

3    2001, and in fact has worked with One Technologies to promote online consumer-

4    direct credit report and monitoring services.  Despite its knowledge that One

5    Technologies has been promoting and advertising online consumer-direct credit

6    reporting and monitoring services for years using domain names that include the

7    terms "free," "credit," "report," and ".com," such as

8    <freecreditreportsinstantly.com> and <freecreditreports360.com>, ConsumerInfo

9    never complained of One Technologies' use of such domain names, until now –

10    when One Technologies started offering its own online consumer-direct credit

11    reporting and monitoring services.

12    **One Technologies' MYCREDITHEALTH Trademarks and Domain Name**

13        206.   In October 2008, One Technologies began offering its own online

14    consumer-direct credit reporting and monitoring services using the trademarks

15    MYCREDITHEALTH and MYCREDITHEALTH.COM (collectively, the

16    "MYCREDITHEALTH Trademarks").  One Technologies registered the domain

17    name <mycredithealth.com> and operates a website offering its online consumer-

18    direct credit reporting and monitoring services using the <mycredithealth.com>

19    domain name.

20        207.   One Technologies has used the MYCREDITHEALTH Trademarks

21    continuously since October 2008 in connection with its online consumer-direct

22    credit reporting and monitoring services, and has spent over $6 million advertising

23    and promoting the MYCREDITHEALTH Trademarks.

24        208.   Due to One Technologies' prolific advertising and promotion of the

25    MYCREDITHEALTH Trademarks and the quality of services provided in

26    connection with the mark, consumers have come to associate the

27    MYCREDITHEALTH Trademarks with the services provided by One

28    Technologies.  The MYCREDITHEALTH Trademarks have become famous and

1   garnered goodwill among these consumers.

2   **ConsumerInfo's Use Of One Technologies' MYCREDITHEALTH Trademark**

3   **And Famous Domain Names**

4   209.   ConsumerInfo also offers online consumer-direct credit reporting and

5   monitoring services and is a competitor of One Technologies.  ConsumerInfo offers

6   its competing services through a variety of websites, including the websites

7   operated under the domain names <freecreditreport.com>, <creditchecktotal.com>,

8   <freecreditreporttrial.com>, and <protectmyid.com>.  Attached hereto as Exhibit A

9   is a true and correct copy of ConsumerInfo's home page for <freecreditreport.com>

10  as of the date of this filing.  Attached hereto as Exhibit B is a true and correct copy

11  of ConsumerInfo's home page for <creditchecktotal.com> as of July 7, 2009.

12  Attached hereto as Exhibit C is a true and correct copy of ConsumerInfo's

13  homepage for <freecreditreporttrial.com> as of July 7, 2009.

14  210.   ConsumerInfo has and continues to use One Technologies'

15  MYCREDITHEALTH Trademarks, without authorization, in its internet

16  advertising in an attempt to trade on the goodwill of the MYCREDITHEALTH

17  Trademarks and One Technologies' services, trick customers into thinking that

18  ConsumerInfo's services are associated with One Technologies, and pass off

19  ConsumerInfo's services as those of One Technologies.  ConsumerInfo's use of the

20  MYCREDITHEALTH Trademarks also confuses potential customers searching for

21  One Technologies' <mycredithealth.com> website and MYCREDITHEALTH

22  services on the internet and misdirects them to ConsumerInfo's websites and

23  services instead.

24  211.   ConsumerInfo intentionally, willfully, purposefully and maliciously

25  uses One Technologies' MYCREDITHEALTH Trademarks and famous

26  <mycredithealth.com> domain name as a "headline" in its internet advertisements.

27  For instance, attached hereto as Exhibit D is a true and correct copy of a Google

28  search for "mycredithealth.com" run on July 7, 2009 that generated a sponsored

1   link for ConsumerInfo's <creditchecktotal.com> website, which uses

2   "Mycredithealth.com" as a headline. The "Mycredithealth.com" headline in the

3   advertisement for ConsumerInfo's website is also a hyperlink which when

4   "clicked" by the consumer directs the consumer's browser to the

5   ConsumerInfo.com website. ConsumerInfo's unauthorized use of One

6   Technologies' MYCREDITHEALTH Trademarks as hyperlinked headlines that

7   resolve to ConsumerInfo websites is further evidence of ConsumerInfo's

8   intentional, willful, purposeful and malicious attempt to infringe on One

9   Technologies' marks, pass of its services as those of One Technologies, cause

10  confusion in the marketplace, divert business from One Technologies, obstruct,

11  restrain and eliminate competition, and trade off of One Technologies' goodwill.

12      212.   As shown in Exhibit D, this same search also revealed that

13  ConsumerInfo is using One Technologies' MYCREDITHEALTH Trademarks and

14  famous <mycredithealth.com> domain name as a hyperlinked headline in an

15  advertisement for its FreeCreditReportTrial.com website which advertises

16  ConsumerInfo's services for "Credit Reports and Scores."

17      213.   Upon information and belief, One Technologies alleges that

18  ConsumerInfo also willfully, purposely and maliciously uses One Technologies'

19  famous domain names, such as <freecreditreportsinstantly.com> and

20  <freecreditreports360.com> as targeted keywords, hyperlinks and headings in

21  internet advertising campaigns in an attempt to cause consumer confusion, divert

22  potential customers to ConsumerInfo rather than One Technologies and to trade off

23  of One Technologies' goodwill.

24      214.   ConsumerInfo's website contains no disclaimers that it is not affiliated

25  or sponsored by One Technologies. Nor does ConsumerInfo's websites discuss

26  One Technologies' services in any way. Rather, ConsumerInfo's use of the

27  MYCREDITHEALTH Trademarks and One Technologies' domain names as

28  headlines and hyperlinks in its internet advertising is a blatant attempt to trade on

1    the goodwill of One Technologies' marks and domain names and confuse the

2    consumer.

3        215.   Upon information and belief, One Technologies alleges that

4    ConsumerInfo either directly, or through the use of affiliates, uses One

5    Technologies' MY CREDIT HEALTH Trademarks and famous domain names,

6    including <freecreditreportsinstantly.com> and <freecreditreports360.com>, as

7    headlines, hyperlinks and keywords in connection with the advertisement of

8    ConsumerInfo's online consumer-direct credit reporting and monitoring services

9    and websites in an attempt to cause consumer confusion, divert consumers

10   searching for One Technologies to ConsumerInfo, obstruct restrain and eliminate

11   competition, and otherwise unfairly compete with One Technologies.  Upon

12   information and belief, ConsumerInfo has contracts with its affiliates, works closely

13   with its affiliates, communicates frequently with its affiliates, controls its affiliates

14   and through these means, has knowledge of their marketing and advertising

15   activities.

16       **ConsumerInfo's Unfair Acts In An Attempt To Monopolize The Online**

17       **Consumer-Direct Credit Reporting and Credit Monitoring Market**

18       216.   In addition to the acts alleged above, ConsumerInfo has also engaged

19   in a pattern of unfair competition, deceptive marketing and trademark misuse in an

20   attempt to monopolize the online consumer-direct credit report and monitoring

21   services marketplace.

22       217.   Among other things, ConsumerInfo has fraudulently obtained a

23   trademark registration for the mark FREECREDITREPORT.COM, has used the

24   fraudulently obtained registration to harm competition, gain a competitive

25   advantage over its competitors, preclude others from entry into the market, and has

26   filed a series of lawsuits against competitors to prevent them from using the

27   common, descriptive and generic terms "free," "credit" and "report," including

28   "freecreditreport" and "freecreditreport.com" in internet marketing and

1    advertisements (including as keywords and domain names) to effectively market

2    and advertise competing products.

3        218.   ConsumerInfo made material representations to the United States

4    Patent and Trademark Office and concealed material facts that show that the

5    FREECREDITREPORT.COM mark is generic, or highly descriptive and lacking

6    requisite secondary meaning.  ConsumerInfo intentionally and willfully made

7    misrepresentations to the PTO, concealed the generic nature and use of the

8    purported FREECREDITREPORT.COM mark and concealed the fact that the

9    market and consumers viewed the term "freecreditreport" as generic and merely

10   descriptive of what consumers in the online consumer-direct credit report and

11   monitoring market most frequently search for on the internet – the provision of a

12   free credit report.  ConsumerInfo concealed from the PTO the fact that the FTC had

13   in fact filed suit based on the consumer perception that the

14   FREECREDITREPORT.COM mark was generic and/or highly descriptive with no

15   secondary meaning, for a website offering only free credit reports, and not the

16   services listed in its trademark application.

17       219.   ConsumerInfo also concealed from the PTO the fact that its

18   competitors commonly used the descriptive and generic terms "free," "credit" and

19   "report" and "freecreditreport" as keywords and in domain names in internet

20   marketing and advertising.  ConsumerInfo concealed from the PTO the fact that

21   One Technologies used the domain name <free-credit-reports-instantly.com> since

22   at least 2001 and used the domain name <freecreditreportsinstantly.com> since at

23   least 2004.

24       220.   Upon information and belief, ConsumerInfo intentionally made these

25   false statements with the intent to deceive the United States Patent and Trademark

26   Office in order to obtain a federal trademark registration for the generic terms

27   FREECREDITREPORT.COM and in order to further obstruct, restrain, prohibit or

28   otherwise destroy competition in the online consumer-direct credit report and

1    monitoring market in the United States. The PTO justifiably relied on

2    ConsumerInfo's misrepresentations in issuing a federal trademark registration for

3    FREECREDITREPORT.COM in 2008.

4        221.  The terms "free," "credit" and "report" are descriptive and generic in

5    the online consumer-direct credit report and monitoring market. Upon information

6    and belief, One Technologies alleges that consumers searching for credit report and

7    monitoring services online will most commonly search for the terms "free,"

8    "credit" and "report" and that approximately 90% of such consumers will use at

9    least two of those three terms in internet searches. As a result, if competitors were

10   precluded from using the terms "free," "credit" and "report" in combination as

11   search terms or in their domain names, they would be significantly disadvantaged in

12   marketing and advertising competing services.

13       222.  Upon information and belief, ConsumerInfo has used the terms "free,"

14   "credit" and "report" and the domain name <freecreditreport.com> primarily, if not

15   exclusively, to advertise to consumers that it will provide consumers with a free

16   credit report. ConsumerInfo's use of the purported FREECREDITREPORT.COM

17   mark is generic. While ConsumerInfo provides its customers with a free credit

18   report only if the customer also enrolls for other ConsumerInfo products, such as

19   the Triple Advantage credit monitoring program, it is aware that consumers

20   perceive the FREECREDITREPORT.COM mark as offering and advertising a free

21   credit report, not other ConsumerInfo services or products.

22       223.  Because ConsumerInfo knows that most consumers are looking to

23   receive a free credit report from at least one of the three credit reporting agencies, it

24   conspicuously and purposefully chose the domain name <freecreditreport.com> and

25   advertised extensively using the phrase "free credit report" to advertise its credit

26   reporting service and then "trapped" customers into also enrolling in other service

27   programs, such as its Triple Advantage credit monitoring program.

28       224.  In 2005, the Federal Trade Commission sued ConsumerInfo accusing

1   it of deceptive trade practices due to its extensive advertising of a free credit report

2   using the phrase and domain name freecreditreport.com, but failing to disclose that

3   the free report was tied to a $79.95 annual membership in ConsumerInfo's Triple

4   Advantage credit monitoring service.

5       225.   Despite stipulating to a Judgment and Permanent Injunction in the

6   FTC Action, ConsumerInfo continues to prominently advertise and offer free credit

7   reports on its <freecreditreport.com> website and advertisements, albeit now with a

8   disclaimer that informs consumers that they must also enroll in the Triple

9   Advantage credit monitoring service to obtain the free credit report. ConsumerInfo

10   continues to use the FREECREDITREPORT.COM mark and domain name to

11   advertise and offer free credit reports – a generic use of the term, not capable of

12   trademark protection.

13       226.   The largest and most prominent text on the homepage for

14   ConsumerInfo's <freecreditreport.com> website states:

15           *You've seen the commercials . . . now get*

16           *America's #1 Free Online Experian Credit Report!*

17       227.   In 2006, ConsumerInfo applied for a federal trademark registration for

18   FREECREDITREPORT.COM, which was registered in 2008 as Registration No.

19   3,426,854.  In order to obtain registration, ConsumerInfo intentionally and falsely

20   made material misrepresentations to the United States Patent and Trademark Office

21   ("PTO") and concealed the fact that it used the purported mark

22   FREECREDITREPORT.COM in a generic way – to advertise and offer free credit

23   reports to consumers.  Among other things, ConsumerInfo stated to the PTO in its

24   application on February 20, 2006, that ConsumerInfo used the mark for services of

25   "monitoring consumer credit reports and providing an alert as to any changes

26   therein . . . Financial and credit information provided by electronic means;

27   providing information in the financial and credit fields; providing on-line financial

28   calculators, credit score analyzer and credit-related articles; providing an on-line

1   computer database in the field of credit reporting, credit rating, credit scores, credit

2   disputes and data and identity theft . . . Consultation in the field of data theft and

3   identity theft, Financial identity monitoring service." Knowing that the

4   FREECREDITREPORT.COM was in fact generic for the true use by

5   ConsumerInfo  to advertise and offer a free credit report and therefore incapable of

6   serving as a protected mark, ConsumerInfo made these intentional

7   misrepresentations in order to obtain a federal trademark registration.

8       228.   ConsumerInfo also intentionally and falsely stated to the United States

9   Patent and Trademark Office on February 12, 2007 that the mark

10  FREECREDITREPORT.COM was used in connection with a website membership,

11  again falsely representing the nature of the service provided in connection with the

12  FREECREDITREPORT.COM mark.

13      229.   Upon information and belief, ConsumerInfo intentionally made these

14  false statements with the intent to deceive the United States Patent and Trademark

15  Office in order to obtain a federal trademark registration for the generic terms

16  FREECREDITREPORT.COM and in order to further obstruct, restrain, prohibit or

17  otherwise destroy competition in the online consumer-direct credit report and

18  monitoring market in the United States. The PTO justifiably relied on

19  ConsumerInfo's misrepresentations in issuing a federal trademark registration for

20  FREECREDITREPORT.COM in 2008.

21      230.   ConsumerInfo's fraudulent trademark registration of the mark

22  FREECREDITREPORT.COM has harmed its competitors, including One

23  Technologies. The federal trademark registration of generic and descriptive terms

24  commonly used and searched for by consumers in the online consumer direct credit

25  report and monitoring market has allowed ConsumerInfo to gain a greater

26  advantage in marketing and advertising of its goods and services, has resulted in

27  greater market share, sales and profits to ConsumerInfo, has decreased market

28  share, sales and profits to competitors, including One Technologies, and has

1    increased the cost of marketing and advertising for One Technologies.

2        231.  ConsumerInfo knows that it has little or no rights to the mark

3    FREECREDITREPORT.COM and that the mark should be entitled to, at most,

4    very narrow protection.  ConsumerInfo knows that there are hundreds, if not

5    thousands of domain names that utilize the terms "free," "credit" and "report" in

6    various combinations and that consumers can readily distinguish between such

7    domain names such that there is no likelihood of confusion.  ConsumerInfo knows

8    that One Technologies has been using the domain name

9    <freecreditreportsinstantly.com> since at least 2004, has been using the domain

10   name <freecreitreports360.com> since at least 2007, and had registered and used

11   the domain name <free-credit-reports-instantly.com> since at least 2001.

12       232.  Despite this, ConsumerInfo has engaged in a pattern of trademark

13   misuse, asserting its alleged "trademark rights" in the term

14   FREECREDITREPORT.COM against competitors in the marketplace, including

15   One Technologies, and seeking to prohibit them from using the generic and

16   descriptive terms "free," "credit" and "report" in combination, including

17   "freecreditreport" and "freecreditreport.com," to advertise competing services,

18   including the use of these terms in domain names and as keywords.

19       233.  Upon information and belief, ConsumerInfo has also engaged in a

20   campaign against its competitors, including One Technologies, to stifle competition

21   in the online consumer-direct credit report and monitoring market by attempting to

22   prevent its competitors from using the terms "free" "credit" and "report" in any

23   manner or combination, including "freecreditreport" and "freecreditreport.com" and

24   domain names that contain "free credit report" and ".com," to market or advertise

25   online credit report and monitoring services.

26       234.  Upon information and belief, ConsumerInfo has also used its dominant

27   market position and affiliated entities to unfairly exclude competitors from certain

28   marketing channels and prevent them from advertising competing services.

1    235.   One Technologies further alleges upon information and belief that, as a

2    result of the acts alleged herein, ConsumerInfo has been growing much faster than

3    its competitors in recent years and has over three times the market share of its

4    biggest competitor.

5    236.   As a result of these acts, undertaken by ConsumerInfo with a specific

6    intent to obstruct and restrain competition and exclude One Technologies and

7    others from competing, One Technologies alleges upon information and belief that

8    ConsumerInfo has dominated the online consumer-direct credit report and credit

9    monitoring market, with a market share well over 50%, such that ConsumerInfo has

10   achieved monopoly power and/or such that there is a dangerous probability that

11   ConsumerInfo will succeed in establishing a monopoly.  One Technologies has

12   been harmed in that it has lost market share, sales, profits and has been forced to

13   incur expenses and higher marketing and advertising costs as a direct result of

14   ConsumerInfo's wrongful acts alleged herein.

15                              **FIRST COUNTERCLAIM**

16                **(Cancellation of Federal Trademark Registration**

17                   **Under the Lanham Act, 15 U.S.C. § 1119)**

18   237.   One Technologies restates and incorporates the allegations set forth in

19   Paragraphs 194 to 236 above as if fully set forth herein.

20   238.   ConsumerInfo obtained a federal trademark registration for

21   FREECREDITREPORT.COM, U.S. Patent and Trademark Office Registration

22   Nos. 3,426,854.

23   239.   Cancellation of ConsumerInfo's federal trademark registration for

24   FREECREDITREPORT.COM is warranted, appropriate and necessary because,

25   among other things: (i) it was obtained fraudulently as a result of ConsumerInfo's

26   misrepresentations made in connection with securing registration of the mark; (ii)

27   the terms were or have become generic for the associated goods or services, or a

28   portion thereof; and/or (iii) the terms are descriptive and lack secondary meaning.

1    As such, FREECREDITREPORT.COM is not capable of functioning as a service

2    mark.

3        240.   One Technologies has standing to petition this Court to cancel

4    ConsumerInfo's federal trademark registration because it has a real and rational

5    basis for believing that it will be damaged by the registration, stemming from an

6    actual commercial and pecuniary interest in using the generic and descriptive terms

7    in connection with the provision of its goods and services in the online credit report

8    industry.

9        241.   One Technologies has been damaged, and is likely to continue to be

10   damaged, by ConsumerInfo's federal trademark registration.  ConsumerInfo's use

11   of its improperly acquired mark is likely to cause confusion, to cause mistake, or to

12   deceive as to the origin, sponsorship or approval of products and services for credit

13   reports and monitoring.  The acts alleged herein are further likely to cause

14   confusion as to the affiliation, connection or association between ConsumerInfo and

15   its products and services and those of One Technologies and other competitors who

16   seek to use the descriptive or generic terms upon which ConsumerInfo obtained a

17   federal trademark registration.

18       242.   As alleged above, ConsumerInfo obtained its federal trademark

19   registration by fraud by, among other actions, improperly representing the

20   associated goods and services for which it intended to use the mark.

21       243.   FREECREDITREPORT.COM is descriptive of the goods and services

22   which ConsumerInfo promotes under this phrase and it lack the requisite secondary

23   meaning.

24       244.   The mark FREECREDITREPORT.COM, or portions of the marks

25   therein, were or have become generic.

26       245.   Pursuant to Section 1119 of the Lanham Act, this Court should order

27   the cancellation of U.S. Patent and Trademark Office Registration Nos. 3,426,854.

28   //

## SECOND COUNTERCLAIM

### (Monopolization and Attempted Monopolization

### Under the Sherman Act, 15 U.S.C. § 2)

246.   One Technologies restates and incorporates the allegations set forth in Paragraphs 194 to 245 above as if fully set forth herein.

247.   In recent years, identity theft and fraud have become increasing concerns for consumers, given the widespread availability of financial and other personal information on the internet as a result of online financial transactions. These issues have particularly become of increasing concern due to media attention. Because cases of fraud and identity theft impact a person's finances as well as their ability to obtain a job, insurance coverage, loans, etc., consumers are anxious to proactively defend against such identity theft and fraud.

248.   One way to defend against identify theft is the careful and diligent monitoring of one's financial records, including the credit records maintained by the credit bureaus, which include Experian, TransUnion and Equifax.  Many consumers desire the ability to directly obtain copies of their credit reports and credit scores in order to review their financial information for accuracy, to educate themselves about their financial status and how third-parties (such as lenders) perceive their financial situation, and to ensure that they have not become a victim of fraud or identity theft.  Similarly, consumers desire the ability to directly engage credit monitoring services to protect their financial interests and status and to receive immediate alerts in the event of any irregular transactions.

249.   The market in this case is the online consumer-direct credit reporting and monitoring market (the "Online Credit Report Market"), with a nationwide geographic scope.

250.   In such a consumer-direct market, individuals are interested in obtaining and monitoring the activity of their own credit reports.  In contrast, in the non-consumer-direct market, such reports and services are sold to third-parties,

1   such as a bank obtaining an individual's credit report to determine credit card or

2   loan eligibility, or a landlord obtaining an individual's credit report to determine

3   leasing eligibility. Upon information and belief, in a non-consumer-direct market,

4   there are not monitoring services equivalent to the services offered in the consumer-

5   direct market.

6      251. Thus, the buyers in the consumer-direct market are separate and

7   distinct from the buyers in the non-consumer-direct market. In the consumer-direct

8   market, the purchasers are individuals seeking credit reporting and monitoring

9   services regarding themselves, not others. One of the reasons individuals directly

10   seek out their own credit reporting and monitoring services of their own credit is

11   because the individuals are able to maintain direct control over these credit

12   reporting and monitoring services.

13      252. The consumer-direct and non-consumer-direct markets are further

14   separated and distinct because the buyers of services in each market are different,

15   and have different motivations for their purchases. In addition, the services

16   provided in each market and not interchangeable for a variety of reasons, including

17   certain legal restrictions.

18      253. As such, there is no interchangeability between consumer-direct

19   reporting and monitoring services and other types of financial reporting and

20   monitoring services. Similarly, there is no cross-elasticity of consumer demand.

21   The demand in the consumer-direct credit reporting and monitoring market is

22   unaffected by price changes in other markets for other credit-related services.

23      254. Similarly, there is no interchangeability between online consumer-

24   direct credit reporting and monitoring services and offline services. Upon

25   information and belief, consumers in the offline market obtain their reports after

26   calling or writing to a credit report provider. In most instances, upon information

27   and belief, the consumer must then wait to receive further paperwork and return

28   that paperwork before they can receive their credit report and related monitoring

1   services, and credit reports and credit alerts are only periodically mailed to the

2   consumers.  However, consumers readily conduct numerous transactions online

3   each day and have become accustomed to quickly searching for, and finding,

4   appropriate goods and services online.  Similarly, customers have become

5   accustomed to, and expectant of, full control over their transactions as well as the

6   immediacy of such transactions.  As such, consumers prefer an online transaction

7   which they can initiate on their own after conducting online searches to find an

8   appropriate provider, to immediately obtain a copy of their credit report and score

9   and to sign up for credit monitoring services, as opposed to calling an offline

10  service or financial institution and navigating automatic phone systems, or mailing

11  a request, to order a credit report which will not arrive in the consumer's mailbox

12  for several days and to order monitoring services which will not begin until the

13  offline company receives and processes the request.  The immediacy of the services

14  provided in the online market is particularly key where an adverse event has taken

15  place, or a consumer has become the victim of fraud or identity theft.

16      255.   Further, upon information and belief, online consumer-direct credit

17  reporting and monitoring services offer service features which cannot be offered

18  offline, such as repeated and unlimited credit report viewing and e-mail alerts.  As a

19  result of this lack of interchangeability, upon information and belief there is also a

20  lack of cross-elasticity of consumer demand between the online and offline markets

21  because consumers desire the ability to fully obtain, access and control consumer-

22  direct credit reporting and monitoring services online and some consumers in one

23  market are not even eligible consumers in the other market.  Upon information and

24  belief, price changes in the offline market do not directly affect the demand in the

25  online market, and vice-versa.  Further, certain consumers cannot even purchase

26  credit reporting and monitoring services in the online market, such as where the

27  consumer does not have internet access or a credit card

28      256.   Upon information and belief, companies providing goods and services

1    in the Online Credit Report Market typically distinguish between both the

2    consumer-direct and non-consumer-direct markets, and the online and offline

3    markets.

4        257.  Upon information and belief, actual pricing differentials further

5    evidence that there is no cross-elasticity of consumer demand between the online

6    and offline markets.

7        258.  Thus, the Online Credit Report Market is a nationwide market which is

8    a separate and distinct market that lacks interchangeability with other credit-related

9    service markets.

10       259.  One Technologies is informed and believes and on that basis alleges

11   that ConsumerInfo is the largest provider of online consumer-direct credit report

12   and monitoring services in the United States.  On information and belief, One

13   Technologies alleges that ConsumerInfo's share of the Online Credit Report Market

14   is well over 50% and over triple the share of its closest competitor.  As a result of

15   ConsumerInfo's wrongful conduct, as alleged herein, ConsumerInfo either

16   possesses monopoly power and/or is attempting to obtain monopoly power, and

17   there is a dangerous probability of it acquiring monopoly power in the Online

18   Credit Report Market.

19       260.  ConsumerInfo knowingly, intentionally and maliciously has engaged

20   in an exclusionary practice and predatory attempts to monopolize the Online Credit

21   Report Market.  ConsumerInfo has used a fraudulently obtained federal trademark

22   registration for the FREECREDITREPORT.COM mark – a term which should not

23   have received trademark registration because it was being used in a generic manner,

24   or in a way that was highly descriptive and without secondary meaning.

25   ConsumerInfo has used this fraudulently obtained trademark registration to harm

26   competition and competitors, including One Technologies, and by such conduct

27   either has obtained monopoly power or there is a dangerous probability of

28   ConsumerInfo obtaining monopoly power in the Online Credit Report Market.

1    261.   ConsumerInfo seeks to prevent competitors from effectively marketing

2  and advertising competing services by preventing them from advertising a free

3  credit report as an incentive and marketing strategy.  ConsumerInfo asserts that

4  only it has the right to advertise using the terms "free," "credit" and "report," to use

5  these terms (including "freecreditreport.com") as keywords, and to use these words

6  in domain names in the Online Credit Report Market.

7    262.   ConsumerInfo knows that the terms "free," "credit" and "report,"

8  "freecreditreport" and "freecreditreport.com" are descriptive and generic in the

9  online consumer-direct credit report and monitoring market.  Upon information and

10  belief, consumers in the Online Credit Report Market searching for credit report

11  and monitoring services online will most commonly search for the terms "free,"

12  "credit" and "report" and approximately 90% of such consumers will use at least

13  two of those three terms in internet searches.  Upon information and belief,

14  ConsumerInfo knows that a free credit report is an important buyer incentive in the

15  Online Credit Report Market.  ConsumerInfo is aware that, as a result, if

16  competitors were precluded from using the terms "free," "credit" and "report"

17  separately or in combination (including "freecreditreport" and

18  "freecreditreport.com") as search terms or in their domain names, they would be

19  significantly disadvantaged in marketing and advertising competing services.

20    **ConsumerInfo's Fraud on the PTO**

21    263.   Despite knowing this, ConsumerInfo fraudulently obtained a federal

22  trademark registration for the mark FREECREDITREPORT.COM from the PTO

23  by misrepresenting and concealing the nature of the purported

24  FREECREDITREPORT.COM mark in the Online Credit Report Market, the

25  extensive concurrent use by competitors for years, the importance and significance

26  of the highly descriptive and/or generic terms "free," "credit" and "report" and

27  "freecreditreport" in marketing and advertising in the Online Credit Report Market,

28  and the true manner in which ConsumerInfo used and intended to use the mark in

1   the Online Credit Report Market.

2       264.  On February 20, 2006, ConsumerInfo filed an application with the

3   PTO for federal trademark registration of the mark FREECREDITREPORT.COM.

4   In ConsumerInfo's application for registration of the

5   FREECREDITREPORT.COM mark, ConsumerInfo stated that it used the mark for

6   the following goods and services:

7       a.    For International Class 35: "Monitoring consumer credit reports and

8             providing an alert as to any changes therein;"

9       b.    For International Class 36: "Financial and credit information provided

10           by electronic means; providing information in the financial and credit

11           fields; providing on-line financial calculators, credit score analyzer and

12           credit-related articles; providing an on-line computer database in the

13           field of credit reporting, credit rating, credit scores, credit disputes and

14           data and identity theft;" and

15       c.    For International Class 45: "Consultation in the field of data theft and

16           identity theft, Financial identity monitoring service."

17       265.  ConsumerInfo willfully and intentionally omitted the fact that it

18   actually used the FREECREDITREPORT.COM domain name, not as an indicator

19   of source of these paid services, but rather to offer and provide a free credit report

20   as a marketing and advertising incentive.  ConsumerInfo was aware of the fact that

21   consumers believed that they could obtain a free credit report from the

22   FREECREDITREPORT.COM website, as evidenced by the FTC's Complaint and

23   the Stipulated Judgment that ConsumerInfo entered into just months before

24   submitting its trademark application to the PTO.  Despite this, ConsumerInfo

25   intentionally misrepresented and concealed its true use of the term

26   "freecreditreport.com" because it knew that it would not otherwise be able to obtain

27   a trademark registration.

28       266.  On August 12, 2006, the PTO issued an Office Action refusing

1    registration of ConsumerInfo's application and issuing a Request for Information:

2          Applicant must submit additional information to permit proper

3          examination of the application. 37 C.F.R. § 2.61(b); TMEP §§

4          814 and 1402.01(e). Specifically, the examining attorney

5          requests that the applicant disclose whether the applicant

6          provides credit report services at no monetary charge to the

7          consumer.

8    267.    The PTO also stated that additional evidence from ConsumerInfo was

9    necessary to support its claim of distinctiveness. In connection with this, the PTO

10   stated that, if additional evidence was submitted by ConsumerInfo, the PTO would

11   consider, among other factors, "applicant's efforts to associate the mark with the

12   goods and/or services."

13   268.    On February 12, 2007, in its Response to Office Action, ConsumerInfo

14   again misrepresented and concealed its true use of the purported

15   FREECREDITREPORT.COM mark. ConsumerInfo provided no substantive

16   response to the PTO's Request for Information of whether it provided credit report

17   services at no monetary charge to the consumer. Instead, ConsumerInfo stated that

18   its mark had acquired distinctiveness through secondary meaning as a result of

19   purported long and continuous use of the mark both as a domain name and as "the

20   brand of its services." However, ConsumerInfo did not once mention that

21   FREECREDITREPORT.COM is used primarily, if not exclusively, in connection

22   with the advertising and provision of free credit reports not the services listed in its

23   trademark application.

24   269.    To the contrary, ConsumerInfo misrepresented to the PTO that it did

25   *not* provide "individual and business credit reports by means of a global

26   communications network." ConsumerInfo stated again that its mark was being

27   submitted for the goods and services identified on its original application, e.g., a

28   monitoring and alert service, database, analysis and consultation services – but not

1    the provision of free credit reports.

2         270.   In fact, the only reference made by ConsumerInfo in any of its written

3    communications with the PTO to the provision of free credit reports is a single

4    statement buried in a 14-page office action response that: "the term FREE gives a

5    connotation that consumers will be receiving a product or service at no cost.  Since

6    FREE is the first part of Applicant's mark, consumers are made aware right away of

7    a component of something free and Applicant's business concept of offering at least

8    the initial credit report at no charge."

9         271.   This vague statement did not sufficiently or adequately disclose to the

10   PTO that ConsumerInfo primarily uses the purported

11   FREECREDITREPORT.COM mark, not with the goods and services listed on its

12   application, but to advertise and offer a free credit report.  ConsumerInfo made

13   multiple representations to the PTO that it used the FREECREDITREPORT.COM

14   mark to provide other services and products, and that it used it as a source indicator

15   of those other services and products.  ConsumerInfo concealed from the PTO that it

16   in fact used FREECREDITREPORT.COM as a marketing and advertising tool to

17   advertise and offer free credit reports to consumers to entice them to subscribe to

18   services sold under different source-indicating marks, such as TRIPLE

19   ADVANTAGE.

20        272.   ConsumerInfo also concealed from the PTO the importance of the

21   terms "free," "credit" and "report" and "freecreditreport" as search terms and

22   domain names in the Online Credit Report Market.  It concealed from the PTO the

23   fact that the use of a free credit report as an incentive in the Online Credit Report

24   Market was commonplace and an important competitive tool used by most, if not

25   all, competitors in the market.  ConsumerInfo concealed the fact that competitors

26   used the terms "free," "credit" and "report" in combination and in domain names

27   and internet marketing and advertising.

28        273.   Upon information and belief, ConsumerInfo was aware of the fact that

1    One Technologies had registered and used the domain name <free-credit-reports-

2    instantly.com> since 2001, but concealed this fact from the PTO.  Upon

3    information and belief, ConsumerInfo was aware of the fact that One Technologies

4    had registered and used the domain name <freecreditreportsinstantly.com> since

5    2004, but concealed this fact from the PTO.  Upon information and belief,

6    ConsumerInfo also willfully and intentionally concealed from the PTO that One

7    Technologies used the terms "free" "credit" and "report" in combinations as

8    keyword search terms.

9         274.   Upon information and belief, ConsumerInfo also concealed from the

10   PTO the fact that consumers believed that the freecreditreport.com website

11   primarily offered free credit reports, not other paid subscription services, and did

12   not inform the PTO of the FTC action or Stipulated Judgment evidencing such

13   consumer beliefs.

14        275.   ConsumerInfo knew that its mark was generic as to the provision of

15   free credit reports or that it was highly descriptive without requisite secondary

16   meaning, and as such, not entitled to federal registration or trademark protection of

17   any sort.  ConsumerInfo willfully and intentionally made the material

18   misrepresentations and omissions alleged herein because it knew that it would not

19   receive a trademark registration if the PTO knew these facts.

20        276.   Terms which are generic, or descriptive without requisite secondary

21   meaning, cannot function as trademarks and are not capable of federal trademark

22   registration or protection.  ConsumerInfo was aware of this fact, and intentionally

23   and willfully misrepresented and concealed the generic and/or descriptive nature of

24   the FREECREDITREPORT.COM mark from the PTO.  In justifiable reliance of

25   ConsumerInfo's statements, and unaware of its material omissions and fraudulent

26   concealment, the PTO granted ConsumerInfo registration of the

27   FREECREDITREPORT.COM mark on May 13, 2008.  Had ConsumerInfo not

28   made the misrepresentations and omissions described herein, the PTO would have

1  refused registration of the FREECREDITREPORT.COM mark.

2  **ConsumerInfo's Use and Enforcement of its Fraudulently-Obtained**

3  **Trademark Registration Has Caused and Continues to Cause Harm to**

4  **Competitors and a Decrease of Competition in the Market**

5  277.  ConsumerInfo has used its fraudulently obtained trademark

6  registration to unfairly compete in the Online Credit Report Market and has harmed

7  competition and competitors, such as One Technologies.

8  278.  Within the Online Credit Report Market, paid search marketing and

9  advertising is the most important and reliable method.  By obtaining a fraudulent

10  trademark registration on the generic and/or highly descriptive terms "free,"

11  "credit" and "report," ConsumerInfo is able to secure higher advertisement

12  positioning in paid search ads on search engines such as Google.  Upon information

13  and belief, in 2008, over 60% of all internet search queries in the United States

14  were performed through Google.  As a result, upon information and belief,

15  ConsumerInfo has further increased its market share and sales, and competitors,

16  such as One Technologies, have lost sales and market share.

17  279.  Upon information and belief, ConsumerInfo's use of the fraudulently-

18  obtained federal trademark registration symbol in its online paid search advertising

19  has increased the cost of One Technologies' online paid search advertisements, due

20  to the way in which Google calculates keyword auction prices and also resulted in

21  increased market share and sales to ConsumerInfo and decreased market share and

22  sales to One Technologies.

23  280.  Upon information and belief, consumers in the Online Credit Report

24  Market more frequently choose the highest ranked advertisement over others.

25  Further, upon information and belief, ConsumerInfo has used its federal trademark

26  registration of FREECREDITREPORT.COM to obtain other favorable online

27  marketing benefits, such as appearing as the first selection from a drop-down search

28  for the terms "free," "credit" and "report" on Google.  A true and correct copy of a

1    recent search demonstrating this fact is attached hereto as Exhibit E.  Upon

2    information and belief, such positioning also increases ConsumerInfo's already

3    dominant market share and sales, and has resulted in lost sales and profits to One

4    Technologies as well as increased advertising costs.

5        281.   Upon information and belief, ConsumerInfo has also used its

6    fraudulently-obtained trademark registration and dominant market position to

7    obtain higher positioning in organic search results on Google and other search

8    engines.  Upon information and belief, many consumers choose websites with

9    higher ranked organic search results believing them to be more credible or reliable.

10   As a result, upon information and belief, ConsumerInfo has gained further market

11   share and sales, which has resulted in lost sales and profits to One Technologies

12   and other competitors.

13       282.   Upon information and belief, ConsumerInfo has undertaken other acts

14   to create a false impression upon consumers and increase the costs of competition

15   for One Technologies and other competitors.  For example, upon information and

16   belief, it has used its federal trademark registration and dominant market position to

17   obtain listing on Google as the "official" free credit report provider and website.

18   Upon information and belief, this causes consumers to believe that they could not

19   or should not go to another website to obtain a free credit report because they are

20   not "official" sites, and that there is an endorsement of ConsumerInfo's site and

21   services which does not actually exist.  Upon information and belief, this also

22   causes consumers to believe that the only "official" website for free credit reports is

23   the freecreditreport.com website.  As a result, One Technologies, and upon

24   information and belief other competitors, have suffered lost profits and sales while

25   ConsumerInfo continues or comes closer to a monopoly in the market.

26       283.   ConsumerInfo has also used its fraudulently obtained federal

27   trademark registration to prevent competitors in the Online Credit Report Market

28   from using the terms "free," "credit" and "report" in descriptive and generic ways

1  in an attempt to further suppress its competitors' ability to effectively market and

2  advertise competing services.  ConsumerInfo knows that it has no common law

3  trademark rights in the FREECREDITREPORT.COM mark and that its federal

4  registration was only obtained through fraud.  Further, it knows that the mark, even

5  if valid, is exceedingly weak and entitled to little if any protection.  Yet

6  ConsumerInfo broadly "enforces" its purported mark against One Technologies and

7  others in an effort to prevent One Technologies and other competitors from using

8  the generic terms "free," "credit" and "report" such that it will be more difficult, if

9  not impossible, for One Technologies and others to compete in the Online Credit

10  Report Market.

11       284.   ConsumerInfo has sued two of its competitors in the Online Credit

12  Report Market, One Technologies and Adaptive, in the instant action.  In this

13  action, ConsumerInfo seeks to prevent One Technologies from using the terms

14  "free," "credit" and "report" as paid search terms or in domain names.

15  ConsumerInfo's attempt to enforce its fraudulently obtained federal trademark

16  registration against One Technologies has harmed One Technologies in that it has

17  forced One Technologies to incur expenses and costs in defending the litigation and

18  increased advertising and marketing costs.  It has also resulted in lost sales and

19  profits for One Technologies.  Further, if One Technologies could no longer use the

20  terms "free," "credit" and "report" as paid search terms or in its domain names –

21  including <freecreditreportsinstantly.com>, which it has used since at least 2004,

22  and <freecreditreports360.com>, which it has used since at least 2007, it would

23  significantly impede One Technologies' ability to compete with ConsumerInfo in

24  the market.

25       285.   ConsumerInfo's campaign of baseless suits against competitors to

26  prevent them from using the descriptive and/or generic terms "free," "credit" and

27  "report" in connection with the marketing and advertising of competing services in

28  the Online Credit Report Market also includes an action against Mighty Net, Inc.

1    and eDirect and Jesse Willms.  Upon information and belief, Mighty Net, Inc.,

2    eDirect and Jesse Willms, are competitors of ConsumerInfo in the Online Credit

3    Report Market.  Through these lawsuits, ConsumerInfo seeks to prevent these

4    competitors from using the terms "free," "credit" and "report" in connection with

5    online marketing and advertising of competing services.

6        286.   Upon information and belief, if One Technologies and other

7    competitors are precluded from using the terms "free," "credit" and "report" in

8    combination as search terms and in domain names, the cost of online marketing and

9    advertising would become so high (for One Technologies, in the millions if not tens

10   of millions of dollars), and the effectiveness of alternative advertisements and

11   marketing would be so low, that it would effectively preclude any new competitors

12   from entering and drive out all existing competition in the Online Credit Report

13   Market.

14       287.   Upon information and belief, ConsumerInfo has also wrongfully used

15   its market power to exclude competitors from other internet advertising channels,

16   which has resulted in the loss of sales, revenue and profits to competitors, such as

17   One Technologies.

18   **ConsumerInfo's Actions are in Violation of Section 2 of the Sherman Act**

19       288.   As evidenced by its exclusionary practices and predatory actions, as

20   alleged herein, and its extraordinary market share and growth, ConsumerInfo had

21   and has a specific intent to obstruct, restrain, exclude and otherwise destroy

22   competition in the Online Credit Report Market, including keeping or forcing One

23   Technologies and other competitors out of the market.

24       289.   ConsumerInfo's monopolization or attempts to monopolize the Online

25   Credit Report Market have not been merely aggressive, but have been predatory

26   and anticompetitive.  As alleged herein, ConsumerInfo knowingly obtained a

27   federal trademark registration only as a result of committing willful and intentional

28   fraud upon the PTO and has used the registration to unfairly compete and exclude

1   competitors in the Online Credit Report Market.  ConsumerInfo has also

2   wrongfully engaged in a campaign to prevent competitors from using the generic

3   and/or descriptive terms "free," "credit" and "report" and "freecreditreport" in

4   online advertising and marketing of competing services and has excluded its

5   competitors from certain internet marketing channels.

6        290.   ConsumerInfo's exclusionary, predatory and anticompetitive conduct

7   has made a significant contribution to ConsumerInfo's attempts to create and/or

8   maintain its monopoly power in the Online Credit Report Market, a market that is

9   already difficult for competitors to enter, and ConsumerInfo's favorable market

10   share is not due solely to a superior product or service, business acumen or historic

11   accident.  ConsumerInfo's actions have harmed competition by both making it

12   harder for competitors to enter into and compete in the market and by causing

13   customer confusion.

14        291.   On information and belief, One Technologies alleges that

15   ConsumerInfo's share of the Online Credit Report Market is well over 50% and

16   over triple the share of its closest competitor.  On information and belief, One

17   Technologies further alleges that the majority of web traffic related to the Online

18   Credit Report Market results in consumers arriving at a ConsumerInfo website, not

19   because of any purportedly superior product or service, but because of

20   ConsumerInfo's illegal actions, particularly its use and exploitation of its

21   fraudulently-obtained federal trademark registration.

22        292.   The Online Credit Report Market is a small industry.  One

23   Technologies alleges, on information and belief, that there are a small number of

24   entities presently in the Online Credit Report Market, and that the number of

25   independent operators unassociated with the three credit bureaus (Experian,

26   TransUnion and Equifax) in the market, such as One Technologies, is even more

27   limited.

28        293.   The Online Credit Report Market has significant barriers to entry

1    which prevent new competitors from entering and competing in the market.  For

2    example, competitors in the Online Credit Report Market need intimate knowledge

3    and understanding of the Online Credit Report Market itself, including an

4    understanding of the type of information available through credit reports and the

5    type of report monitoring services which can be offered and how best to effectuate

6    such services.   Competitors also need the knowledge and ability required to design

7    the data and software solutions necessary to provide the requisite services in the

8    Online Credit Report Market.

9        294.   Competitors in the Online Credit Report market also need substantial

10   knowledge of and experience with online, digital marketing and advertising,

11   including knowledge of and experience with online advertising and marketing,

12   including pay-per-click search engines (such as through Google and Yahoo), the

13   use of advertising through affiliate networks, and the use of media portals.

14   Competitors also need knowledge of and experience with media buys, such as

15   purchasing advertising on television and radio, website search engine optimization,

16   and the craft of providing online fulfillment.  Without such expertise, the upfront

17   marketing and advertising costs required to compete in the Online Credit Report

18   Market are prohibitive.

19       295.   To compete in the Online Credit Report Market, competitors also need

20   substantial internal resources.  Competitors not only need the resources to actually

21   provide and perform the offered reporting and monitoring services but, among other

22   things, to operate large-scale online marketing campaigns, to generate the creative

23   materials used for advertising campaigns, to work with the affiliates and manage

24   pay-per-click advertising auctions, to create and maintain an information

25   technology department, to establish electronic security, and to establish facilities

26   security.

27       296.   Due to the scale and requirements of the Online Credit Report Market,

28   competitors need substantial financial resources to compete.

297.   Upon information and belief, as a result of the specialized expertise and financial requirements necessary to compete, few companies are willing to attempt entry into the Online Credit Report Market, and fewer still have been able to actually enter and compete in the market over the past several years.

298.   An additional barrier to entry in the Online Credit Report Market is that competitors in the market must establish relationships either directly with the three credit bureaus (Experian, TransUnion and Equifax) themselves, or with the extremely limited number of data aggregator companies who act as intermediaries between the three credit bureaus and other entities.  Such a relationship is necessary in order for potential competitors to obtain consumer's credit reports and to be able to actively monitor them.  Unless a competitor in the Online Credit Report Market has a pre-existing relationship with at least one of the three credit bureaus, such as where it is a subsidiary of one of the bureaus, like ConsumerInfo, it is extremely difficult for a competitor to establish access to consumer credit information.  In addition, upon information and belief, it is difficult for new and small companies to establish the necessary relationship with the handful of data aggregators, as these companies are only willing to provide credit data to companies capable of offering credit reporting and monitoring services on a large scale.

299.   Upon information and belief, numerous companies have unsuccessfully attempted to enter the Online Credit Report Market in recent years. Upon information and belief, this includes competitors in the offline credit reporting and monitoring services market who desired entry into the online market, only to give up on online customer acquisition and online provision of services. Upon further information and belief, this also includes large financial institutions.

300.   To the extent that ConsumerInfo has not already achieved monopoly power in the Online Credit Report Market, as set forth herein, there is a dangerous probability that Consumer will achieve such monopoly power given ConsumerInfo's current market share and the significant barriers to entry in the

1    Online Credit Report Market, as alleged herein,

2        301.   A widely-used incentive in the Online Credit Report Market is the

3    offering of a free credit report to consumers.  Through its broad, meritless and

4    continued enforcement of the fraudulently-obtained FREECREDITREPORT.COM

5    trademark registration, ConsumerInfo seeks to prohibit all competitors from using

6    the terms "free," "credit," "report," "freecreditreport" and "freecreditreport.com"

7    in their advertising, marketing and domain names.  Thus, not only is there a

8    dangerous probability of ConsumerInfo achieving monopoly power (to the extent

9    that it does not already have it), but its continued enforcement of its fraudulently-

10   obtained trademark almost ensures that ConsumerInfo will achieve such monopoly

11   power.

12       302.   ConsumerInfo's wrongful conduct alleged above, including its

13   procurement of and attempts to enforce trademark rights to the purported

14   FREECREDITREPORT.COM mark, attempts to prohibit competitors, including

15   One Technologies, from using the terms "free," "credit" and "report,"

16   "freecreditreport" and "freecreditreport.com" in marketing and advertising

17   competing services, and its efforts to prohibit One Technologies from using domain

18   names and search terms which ConsumerInfo has known about since as early as

19   2001, constitutes sham litigation in that it: is objectively baseless and

20   ConsumerInfo's motive in bringing it is unlawful; is part of a series of lawsuits

21   brought without regard to the merits and to impede fair competition; and/or is

22   knowing fraud upon the Patent and Trademark Office.

23       303.   As alleged above, ConsumerInfo's wrongful actions are unlawful

24   under the antitrust laws and have caused credible and direct injury to One

25   Technologies, including lost profits, increased advertising costs, and litigation

26   expenses in an amount to be proven at trial.  One Technologies is a participant in

27   the Online Credit Report Market and a seller and provider of competing services.

28       304.   ConsumerInfo's wrongful conduct has also directly resulted in

1    ConsumerInfo either obtaining monopoly power or in the dangerous probability of

2    obtaining monopoly power in violation of Section 2 of the Sherman Act, 15 U.S.C.

3    § 2.

**THIRD COUNTERCLAIM**

4

**(Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1125)**

5

6        305.    One Technologies restates and incorporates the allegations set forth in

7    Paragraphs 194 to 304 above as if fully set forth herein.

8        306.    One Technologies is the sole owner of the MYCREDITHEALTH

9    Trademarks, which marks One Technologies has been using in interstate commerce

10   to describe its business and services exclusively and continuously since as early as

11   2008.

12       307.    As a result of One Technologies' extensive promotion, use and

13   advertisement of the MYCREDITHEALTH Trademarks, One Technologies has

14   built up and now owns valuable goodwill that is symbolized by these trademarks.

15       308.    The MYCREDITHEALTH Trademarks have become famous and

16   acquired secondary meaning within the Online Credit Report Market in that

17   customers and consumers of credit score and monitoring products and services

18   identify One Technologies as the source of the websites, products and services that

19   employ the MYCREDITHEALTH Trademarks.

20       309.    ConsumerInfo was, at all times alleged herein, aware of the

21   MYCREDITHEALTH Trademarks.

22       310.    ConsumerInfo has used reproductions, copies and/or colorable

23   imitations of MYCREDITHEALTH Trademarks in interstate commerce to market

24   ConsumerInfo's competing products and services.

25       311.    Upon information and belief, ConsumerInfo has purposefully copied

26   the MYCREDITHEALTH Trademarks, purchasing infringing keywords, or having

27   its affiliates, subsidiaries or agents purchase infringing keywords, in search engines

28   and online advertising programs such as the Google AdWords program, with the

1  intent of causing consumer confusion and trading on the goodwill associated with

2  the MYCREDITHEALTH Trademarks.

3      312.   ConsumerInfo's acts alleged herein are likely to cause confusion, to

4  cause mistake, divert consumers, or to deceive as to the origin, sponsorship or

5  approval of products and services for credit scores and monitoring.  The acts

6  alleged herein are further likely to cause confusion as to the affiliation, connection

7  or association between ConsumerInfo and its products and services and those of

8  One Technologies.

9      313.   By reason of ConsumerInfo's acts, One Technologies has suffered, and

10  will continue to suffer, damage to its business reputation and goodwill, and the loss

11  of sales and profits it would have made but for ConsumerInfo's action, in an

12  amount to be proven at trial.

13      314.   Upon information and belief, ConsumerInfo's conduct has been willful

14  and intentional, and ConsumerInfo engaged in the actions alleged herein with the

15  purpose of confusing consumers and trading on the goodwill associated with the

16  MYCREDITHEALTH Trademarks.  Accordingly, One Technologies respectfully

17  requests damages in an amount three times actual damages, and an award of

18  attorneys' fees pursuant to 15 U.S.C. § 1117.

19      315.   ConsumerInfo has caused and will continue to cause irreparable

20  damage to One Technologies' business and reputation.  One Technologies has no

21  adequate remedy at law to compensate for the injuries suffered and/or threatened.

22  According, One Technologies is entitled to injunctive relief pursuant to 15 U.S.C. §

23  1116.

### FOURTH COUNTERCLAIM

### (False Advertising and Unfair Competition

### Under the Lanham Act, 15 U.S.C. § 1125(a))

27      316.   One Technologies restates and incorporates the allegations set forth in

28  Paragraphs 194 to 315 above as if fully set forth herein.

317. Upon information and belief, ConsumerInfo, its affiliates and/or agents have intentionally and purposefully used the MYCREDITHEALTH Trademarks, or confusingly similar marks, as headlines and hyperlinks in internet advertisements and as keywords in search engine and online advertising programs such as the Google AdWords program, with the intent of causing consumer confusion or mistake, deceiving consumers to believe that ConsumerInfo is affiliated with One Technologies, and trading on the goodwill associated with One Technologies' trademarks.

318. Upon information and belief, ConsumerInfo, its affiliates and/or agents have intentionally and purposefully used One Technologies' domain names, such as <freecreditreports360.com> and <freecreditreportsinstantly.com> as headlines, hyperlinks and keywords in internet marketing and advertising programs with the intent of causing consumer confusion or mistake, deceiving consumers to believe that ConsumerInfo is affiliated with One Technologies, and trading on the goodwill associated with One Technologies' trademarks..

319. On information and belief, such unauthorized use of MYCREDITHEALTH Trademarks and domain names actually deceives or has the tendency to deceive a substantial segment of One Technologies' customers and prospective customers and influence purchasing decisions of customers and potential customers.

320. ConsumerInfo's wrongful conduct, as alleged herein, constitutes false advertising and unfair competition under the Lanham Act and has caused One Technologies to suffer, and it will continue to suffer, damage and harm to its business, reputation and goodwill, and lost profits and sales that One Technologies would have made but for ConsumerInfo's conduct.

321. Upon information and belief, ConsumerInfo's conduct has been willful and intentional, and ConsumerInfo engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with the

1    MYCREDITHEALTH Trademarks.  Accordingly, One Technologies respectfully

2    requests damages in an amount three times actual damages, and an award of

3    attorneys' fees pursuant to 15 U.S.C. § 1117.

4        322.  ConsumerInfo has caused and will continue to cause irreparable

5    damage to One Technologies' business and reputation.  One Technologies has no

6    adequate remedy at law to compensate for the injuries suffered and/or threatened.

7    According, One Technologies is entitled to injunctive relief pursuant to 15 U.S.C. §

8    1116.

9                          **FIFTH COUNTERCLAIM**

10                  **(Common Law Trademark Infringement)**

11       323.  One Technologies restates and incorporates the allegations set forth in

12   Paragraphs 194 to 322 above as if fully set forth herein.

13       324.  This claim is for trademark infringement in violation of the common

14   law of the State of California.

15       325.  ConsumerInfo's use of the MYCREDITHEALTH Trademarks, as

16   alleged herein, constitutes trademark infringement and passing off in violation of

17   California common law.

18       326.  ConsumerInfo's conduct has damaged, and continues to damage, One

19   Technologies' business, reputation and goodwill.

20       327.  ConsumerInfo's acts of common law trademark infringement and

21   passing off have been willful and deliberate and, by reason of ConsumerInfo's acts,

22   One Technologies has suffered, and will continue to suffer, damage to its business

23   reputation and goodwill, and the loss of sales and profits it would have made but for

24   ConsumerInfo's acts, in an amount to be proven at trial.

25       328.  ConsumerInfo's conduct will continue unless enjoined by this Court.

26       329.  ConsumerInfo has cause and will continue to cause irreparable damage

27   to One Technologies' business and reputation.  One Technologies has no adequate

28   remedy at law to compensate for the injuries suffered herein and/or threatened.

1    Accordingly, One Technologies is entitled to injunctive and equitable relief.

2    **SIXTH COUNTERCLAIM**

3    **(Declaratory Judgment of Non-Infringement)**

4    330.   One Technologies restates and incorporates the allegations set forth in

5    Paragraphs 194 to 329 above as if fully set forth herein.

6    331.   One Technologies is not infringing and has not infringed (either

7    directly, vicariously or contributorily), as ConsumerInfo alleges in its Complaint,

8    the FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, to the

9    extent those trademarks are valid and enforceable.

10    332.   One Technologies is not infringing and has not infringed (either

11    directly, vicariously or contributorily), as ConsumerInfo alleges in its Complaint,

12    any purported trade dress owned by ConsumerInfo.

13    333.   One Technologies is not infringing and has not infringed (either

14    directly, vicariously or contributorily), as ConsumerInfo alleges in its Complaint,

15    any purported copyright owned by ConsumerInfo.

16    334.   ConsumerInfo, by way of its Complaint, has raised legal and factual

17    questions as to One Technologies' alleged infringement of these purported

18    trademarks, trade dress and copyrights.  To resolve these questions and to afford

19    One Technologies relief from the uncertainty and controversy raised by

20    ConsumerInfo's allegations and Complaint, One Technologies is entitled to a

21    declaratory judgment that it does not infringe any valid and asserted trademark

22    alleged by ConsumerInfo, including U.S. Patent and Trademark Office Registration

23    Nos. 3,426,854 and 3,526,207.  One Technologies is further entitled to a

24    declaratory judgment that it does not infringe any valid and asserted trade dress

25    alleged by ConsumerInfo.  One Technologies is further entitled to a declaratory

26    judgment that it does not infringe any valid and asserted copyright alleged by

27    Consumer Info.

28    //

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Unenforceability)

335.   One Technologies restates and incorporates the allegations set forth in Paragraphs 194 to 334 above as if fully set forth herein.

336.   To the extent valid, ConsumerInfo's rights in marks FREECREDITREPORT.COM and TRIPLE ADVANTAGE, including any rights conferred by U.S. Patent and Trademark Office Registration Nos. 3,426,854 and 3,526,207, are unenforceable against One Technologies.

337.   Upon information and belief, to the extent that One Technologies has used the generic terms comprising ConsumerInfo's federally registered trademarks, or descriptive terms comprising those marks, ConsumerInfo has known of such use since at least 2004.  Upon further information and belief, ConsumerInfo acquiesced in any such use by One Technologies.

338.   Given the generic or descriptive nature of the terms and the fact that ConsumerInfo inexcusably delayed in taking any steps in seeking to enforce its purported rights, ConsumerInfo should be prohibited from enforcing its purported rights as to One Technologies.

339.   ConsumerInfo, by way of its Complaint, has raised legal and factual questions as to One Technologies' alleged infringement of its purported federally registered trademarks.  In light of ConsumerInfo's acquiescence to the complained-upon conduct, and to resolve these questions and afford One Technologies relief from the uncertainty and controversy raised by ConsumerInfo's allegations and Complaint, One Technologies is entitled to a declaratory judgment that ConsumerInfo cannot enforce any rights in the marks FREECREDITREPORT.COM or TRIPLE ADVANTAGE, including any rights conferred by U.S. Patent and Trademark Office Registration Nos. 3,426,854 and 3,526,207, against One Technologies.

//

## EIGHTH COUNTERCLAIM

### (Contributory Liability Under the Lanham Act, 15 U.S.C. § 1125)

340.   One Technologies restates and incorporates the allegations set forth in Paragraphs 194 to 339 above as if fully set forth herein.

341.   Upon information and belief, ConsumerInfo has intentionally induced the ConsumerInfo Affiliates to infringe the MYCREDITHEALTH Trademarks and use One Technologies' registered domain names in a confusing and misleading manner in internet marketing and advertising.

342.   Upon information and belief, ConsumerInfo directly controls and monitors the conduct of the ConsumerInfo Affiliates with actual or constructive knowledge that they are infringing the MYCREDITHEALTH Trademarks and using One Technologies' registered domain names in a confusing and misleading manner.

343.   Upon information and belief, ConsumerInfo's conduct has been willful and intentional, and ConsumerInfo engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with the MYCREDITHEALTH Trademarks and One Technologies.  Accordingly, One Technologies respectfully requests damages in an amount three times actual damages, and an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

344.   ConsumerInfo's conduct will continue unless enjoined by this Court.

345.   ConsumerInfo has caused and will continue to cause irreparable damage to One Technologies' business and reputation, and to the MYCREDITHEALTH Trademarks and One Technologies.  One Technologies has no adequate remedy at law to compensate for the injuries suffered and/or threatened.  According, One Technologies is entitled to injunctive and equitable relief.

//

//

## ONE TECHNOLOGIES' PRAYER FOR RELIEF ON ITS COUNTERCLAIMS

Wherefore One Technologies respectfully requests that this Court enter judgment in its favor and grant the following relief:

(a)  A certified order to the Director of the United States Patent and Trademark Office ordering the cancellation of U.S. Patent and Trademark Office Registration Nos. 3,426,854, in whole;

(b)  A declaration that ConsumerInfo has attempted to monopolize and has monopolized the United States market for providing online consumer-direct credit report and monitoring services in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2;

(c)  An injunction preliminarily and permanently enjoining and restraining ConsumerInfo and its officers, agents, servants, employees, affiliates, parent or subsidiary corporations, attorneys, and all those in privity or acting in concert with ConsumerInfo from:

   (i)  monopolizing and attempting to monopolize the United States United States market for providing online credit reporting and monitoring services under Section 16 of the Clayton Act, 15 U.S.C. § 16;

   (ii)  all conspiracies in restraint of trade in connection to and with One Technologies;

   (iii)  asserting that One Technologies is prohibited from using the terms "free," "credit" and "report," or any combination thereof, in connection with the advertising, marketing or provision of online credit reporting and monitoring services;

   (iv)  using the MYCREDITHEALTH Trademarks in any form or confusingly similar variation thereof, or One Technologies' registered domain names, as search engine keywords, and in the

1    headings or text of sponsored link advertisements;

2    (v)    otherwise competing unfairly with One Technologies.

3    (d)    An award of compensatory damages in an amount to be proven at trial;

4    (e)    That One Technologies' damages be trebled in accordance with the

5    antitrust laws and the Lanham Act;

6    (f)    An ordered accounting by ConsumerInfo of all gains, profits and

7    advantages derived from ConsumerInfo's unlawful activities realized

8    by ConsumerInfo from its acts of unfair competition and false

9    advertising;

10    (g)    An award of exemplary and punitive damages sufficient to punish

11    ConsumerInfo for its oppressive, malicious and/or fraudulent behavior

12    and to deter similar conduct by ConsumerInfo and others;

13    (h)    A declaration that One Technologies is not infringing and has not

14    infringed any of the trademarks alleged by ConsumerInfo;

15    (i)    A declaration that One Technologies is not infringing and has not

16    infringed any of the trade dress alleged by ConsumerInfo;

17    (j)    A declaration that One Technologies is not infringing and has not

18    infringed any of the copyrights alleged by ConsumerInfo;

19    (k)    A declaration that any rights ConsumerInfo has to the marks

20    FREECREDITREPORT.COM and TRIPLE ADVANTAGE,

21    including any rights conferred by U.S. Patent and Trademark Office

22    Registration Nos. 3,426,854 and 3,526,207, are unenforceable against

23    One Technologies;

24    (l)    That all of ConsumerInfo's claims are dismissed in their entirety with

25    prejudice;

26    (m)    A declaration that ConsumerInfo shall take nothing by way of its

27    Complaint;

28    (n)    That One Technologies be awarded its reasonable attorneys' fees;

1

2

3

(o)   That One Technologies be awarded pre- and post-judgment interest and that such interest be awarded at the highest legal rate from and after the date of service of the initial Complaint in this suit;

4   (p)   That One Technologies recover its costs in this suit;

5

6

7

(q)   That the Court award One Technologies any other remedies to which it may be entitled, including all remedies provided for in the Lanham Act and under state law; and

8   (r)   That such additional relief as the Court may deem just and proper

9   under the circumstances be awarded.

10

11

12

Dated: November 30, 2009        Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

13

14

15

SETH E. FREILICH

16

17

Attorneys for Defendant and Counterclaimant
ONE TECHNOLOGIES LP
and Defendant ALEX CHANG

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2
    Defendant and Counterclaimant One Technologies LP hereby demands a trial

3
by jury for all claims and issues so triable in this action.

4

5
Dated: November 30, 2009          Respectfully submitted,

6
                                  ORRICK, HERRINGTON & SUTCLIFFE LLP

7
                                  _____
                                           SETH E. FREILICH

8
                                  Attorneys for Defendant and Counterclaimant

9
                                       ONE TECHNOLOGIES LP
                                       and Defendant ALEX CHANG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28