1  RHONDA R. TROTTER, Bar Number 169241
   rtrotter@kayescholer.com
2  THEODORE W. MAYA, Bar Number 223242
   tmaya@kayescholer.com
3  OSCAR RAMALLO, Bar Number 241487
   oramallo@kayescholer.com
4  KAYE SCHOLER LLP
   1999 Avenue of the Stars, Suite 1700
5  Los Angeles, California  90067
   Telephone:   (310) 788-1000
6  Facsimile:    (310) 788-1200

7  Attorneys for Plaintiff and Counter-Defendant
   CONSUMERINFO.COM, INC.

8

9

10            UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA

12                 WESTERN DIVISION

13  CONSUMERINFO.COM, INC., a          )  CASE NO. CV-09-3783-VBF(MANx)
    California corporation,            )
14                                     )  **CONSUMERINFO.COM, INC.'S**
              Plaintiff,               )  **ANSWER TO ONE**
15                                     )  **TECHNOLOGIES LP'S SECOND**
    v.                                 )  **AMENDED COUNTERCLAIMS**
16                                     )
    ALEX CHANG, et al.,                )  Hon. Valerie B. Fairbank
17                                     )
              Defendants.              )
18                                     )
                                       )
19  _____   )
    AND RELATED                        )
20  COUNTERCLAIMS                      )
                                       )
21  _____   )

22

23

24

25

26

27

28

KAYE SCHOLER LLP

1    Plaintiff and Counter-Defendant ConsumerInfo.com, Inc. ("ConsumerInfo"),

2  in answer to the Second Amended Answer and Counterclaims ("Counterclaims") of

3  Defendant and Counter-Claimant One Technologies LP ("Defendant"), herein

4  admits, denies, and avers as follows:

5    194.   Paragraph 194 contains conclusions of law to which no response is

6  required.

7    195.   Paragraph 195 contains conclusions of law to which no response is

8  required.

9    196.   Paragraph 196 contains conclusions of law to which no response is

10  required.

11    197.   Paragraph 197 contains conclusions of law to which no response is

12  required.

13    198.   ConsumerInfo admits One Technologies has registered some domain

14  names that describe or pertain to the products or services being advertised or offered.

15  ConsumerInfo lacks information sufficient to form a belief as to the truth of the

16  remaining allegations of Paragraph 198 and, on that basis, denies them.

17    199.   ConsumerInfo admits that some consumers who seek credit reports or

18  credit monitoring use search engines to find companies that provide them.

19  ConsumerInfo admits that consumers are entitled by law to a free credit report

20  annually.  ConsumerInfo lacks information sufficient to form a belief as to the truth

21  of the remaining allegations of Paragraph 199 and, on that basis, denies them.

22    200.   ConsumerInfo denies Defendant has rights to the domain names at issue

23  in ConsumerInfo's Complaint.  ConsumerInfo admits that some people or companies

24  offering or advertising credit reporting and credit monitoring use domain names that

25  contain one or more of the words "free," "credit," "report," "annual," and "score."

26  ConsumerInfo lacks information sufficient to form a belief as to the truth of the

27  remaining allegations of Paragraph 200 and, on that basis, denies them.

28

23278796.DOCX

1    201.   ConsumerInfo admits that Defendant uses the domains
2  <freecreditreportsinstantly.com>, <free-credit-reports-instantly.com> and
3  <freecreditreports360.com> to promote and offer online consumer-direct credit
4  reports and monitoring services.  ConsumerInfo lacks information sufficient to form
5  a belief as to the truth of the allegations of Defendant's first use date of these
6  domains.  ConsumerInfo denies the remaining allegations of Paragraph 201.

7    202.   ConsumerInfo admits that allegations of Paragraph 202.

8    203.   ConsumerInfo denies that the FREECREDITREPORT.COM landing
9  page currently touts ConsumerInfo as "the trusted leader in online credit monitoring,
10 reports and scores."  ConsumerInfo admits that it provides credit reports, online
11 credit monitoring, single online credit reports, an instant online credit score, and
12 three bureau credit reports.  ConsumerInfo admits that it provides online credit
13 monitoring under the mark TRIPLE ADVANTAGE and other brand names,
14 including FREECREDITREPORT.COM.  ConsumerInfo admits that it operates a
15 website using the domain name <freecreditreport.com>.  ConsumerInfo denies the
16 remaining allegations of Paragraph 203.

17   204.   ConsumerInfo denies that its market share is the result of illegal actions.
18 ConsumerInfo denies that it fraudulently obtained a trademark registration.
19 ConsumerInfo lacks information sufficient to form a belief as to the truth of the
20 remaining allegations of Paragraph 204 and, on that basis, denies them.

21   205.   ConsumerInfo admits it has been aware of Defendant since 2001 and
22 that it previously had a business relationship with Defendant.  ConsumerInfo denies
23 the remaining allegations of Paragraph 205.

24   206.   ConsumerInfo admits that Defendant is listed as the registrant of the
25 <mycredithealth.com> domain.  ConsumerInfo denies that Defendant owns any
26 trademark rights in MYCREDITHEALTH or MYCREDITHEALTH.COM.
27 ConsumerInfo lacks information sufficient to form a belief as to the truth of the
28 remaining allegations of Paragraph 206 and, on that basis, denies them.

**KAYE SCHOLER LLP**

23278796.DOCX

1    207.    ConsumerInfo denies that Defendant owns any trademark rights in
2    MYCREDITHEALTH and MYCREDITHEALTH.COM.  ConsumerInfo lacks
3    information sufficient to form a belief as to the truth of the remaining allegations of
4    Paragraph 207 and, on that basis, denies them.
5    208.    ConsumerInfo denies the allegations of Paragraph 208.
6    209.    ConsumerInfo admits it is a competitor of Defendant.  ConsumerInfo
7    admits it offers competing products on the domains <freecreditreport.com>,
8    <creditchecktotal.com>, and <protectmyid.com>.  ConsumerInfo admits Exhibit A
9    resembles a <freecreditreport.com> landing page.  ConsumerInfo admits Exhibit B
10   resembles a <creditchecktotal.com> landing page.  ConsumerInfo denies the
11   remaining allegations of Paragraph 209.
12   210.    ConsumerInfo denies the allegations of Paragraph 210.
13   211.    ConsumerInfo denies that it bid on "mycredithealth.com" in Google on
14   July 7, 2009 to drive traffic to <creditchecktotal.com>.  ConsumerInfo denies that
15   the purported MYCREDITHEALTH Trademarks function as trademarks.
16   ConsumerInfo denies that Defendant owns any rights in the purported
17   MYCREDITHEALTH Trademarks and denies that they are famous.  ConsumerInfo
18   denies that it intentionally, willfully, purposefully, or maliciously attempts to
19   infringe Defendant's marks, pass off its services as those of Defendant's, cause
20   confusion in the marketplace, unfairly divert business from Defendant, obstruct,
21   restrain, or eliminate competition, or trade off of Defendant's goodwill.
22   ConsumerInfo lacks information sufficient to form a belief as to the truth of the
23   remaining allegations of Paragraph 211 and, on that basis, denies them.
24   212.    ConsumerInfo denies the allegations of Paragraph 212.
25   213.    ConsumerInfo denies that it uses "freecreditreportsinstantly.com" or
26   "freecreditreports360.com" as a sponsored link heading or display URL.
27   ConsumerInfo denies that Defendant's domains are famous or that Defendant's
28   domains have built up goodwill.  ConsumerInfo denies that it bids on keywords in a

KAYE SCHOLER LLP

3

willful, purposeful, or malicious attempt to cause consumer confusion, unfairly divert potential customers to ConsumerInfo rather than Defendant, or trade off of Defendant's goodwill.

214.    ConsumerInfo admits its website does not disclaim an association with Defendant.  ConsumerInfo specifically denies any allegation that such a disclaimer is required.  ConsumerInfo denies the remaining allegations of Paragraph 214.

215.    ConsumerInfo denies that the purported MYCREDITHEALTH Trademarks function as trademarks.  ConsumerInfo denies that Defendant owns any trademark rights in MYCREDITHEALTH and MYCREDITHEALTH.COM. ConsumerInfo denies that it bids on, uses as a display URL, or uses as a sponsored link heading the terms "MyCreditHealth" or "MyCreditHealth.com."   ConsumerInfo denies that it uses "freecreditreportsinstantly.com" or "freecreditreports360.com" as a sponsored link heading or display URL.  ConsumerInfo denies that Defendant's domains are famous or that Defendant's domains have built up goodwill. ConsumerInfo denies that it attempts to cause consumer confusion or that it attempts to unfairly divert consumers searching for Defendant to ConsumerInfo. ConsumerInfo denies that it attempts to obstruct, restrain  and eliminate competition or otherwise unfairly compete with Defendant.  ConsumerInfo admits that it has entered into contracts with affiliates and communicates with some affiliates. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations concerning the activities of its affiliates and, on that basis, denies them.

216.    ConsumerInfo denies the allegations of Paragraph 216.

217.    ConsumerInfo admits it enforces its rights in the trademark FREECREDITREPORT.COM.  ConsumerInfo specifically denies that it attempts to prevent competitors from using merely descriptive or generic terms, such as "free credit report" for free credit reports.  ConsumerInfo denies the remaining allegations of Paragraph 217.

218.    ConsumerInfo denies the allegations of Paragraph 218.

4

1    219.   ConsumerInfo denies the allegations of Paragraph 219.

2    220.   ConsumerInfo denies the allegations of Paragraph 220.

3    221.   ConsumerInfo lacks information sufficient to form a belief as to the

4   truth of the allegations of Paragraph 221 and, on that basis, denies them.

5    222.   ConsumerInfo denies the allegations of Paragraph 222.

6    223.   ConsumerInfo denies the allegations of Paragraph 223.

7    224.   ConsumerInfo admits it was sued by the FTC in 2005.  ConsumerInfo

8   denies the remaining allegations of Paragraph 224.

9    225.   ConsumerInfo admits that it continues to prominently advertise and

10  offer free credit reports on <freecreditreport.com> with a disclosure that the free

11  credit report offer applies with enrollment in Triple Advantage.  ConsumerInfo

12  denies the remaining allegations of Paragraph 225.

13   226.   ConsumerInfo admits that some of its <freecreditreport.com> landing

14  pages includes the text:  "You've seen the commercials . . . now get America's #1

15  Free Online Experian Credit Report!"  ConsumerInfo denies the remaining

16  allegations of Paragraph 226.

17   227.   ConsumerInfo admits it owns a federal registration for the trademark

18  FREECREDITREPORT.COM.  ConsumerInfo admits that on February 20, 2006,

19  ConsumerInfo described its goods and services as alleged in Paragraph 227, but

20  denies any allegation that its description was false or misleading.  ConsumerInfo

21  denies the remaining allegations of Paragraph 227.

22   228.   ConsumerInfo denies the allegations of Paragraph 228.

23   229.   ConsumerInfo denies the allegations of Paragraph 229.

24   230.   ConsumerInfo admits that FREECREDITREPORT.COM is a valuable

25  trademark.  ConsumerInfo denies the remaining allegations of Paragraph 230.

26   231.   ConsumerInfo denies that it has little or no rights to the mark

27  FREECREDITREPORT.COM and denies that the mark should be entitled to very

28  narrow protection.  ConsumerInfo admits it knows there are some domain names that

KAYE SCHOLER LLP

5

use the terms "free," "credit," and "report." ConsumerInfo denies that all such domains are not confusingly similar to FREECREDITREPORT.COM. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations concerning the specific date ConsumerInfo became aware of Defendant's use of certain domain names and, on that basis, denies them. ConsumerInfo denies the remaining allegations of Paragraph 231.

232. ConsumerInfo admits it enforces its rights in the trademark FREECREDITREPORT.COM. ConsumerInfo specifically denies that it attempts to prevent competitors from using merely descriptive or generic terms, such as "free credit report" for free credit reports. ConsumerInfo denies the remaining allegations of Paragraph 232.

233. ConsumerInfo denies the allegations of Paragraph 233.

234. ConsumerInfo denies the allegations of Paragraph 234.

235. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 235 and, on that basis, denies them.

236. ConsumerInfo denies the allegations of Paragraph 236.

## FIRST COUNTERCLAIM

### (Cancellation of Federal Trademark Registration)

237. ConsumerInfo incorporates here Paragraphs 194 to 236.

238. ConsumerInfo admits the allegations of Paragraph 238.

239. ConsumerInfo denies the allegations of Paragraph 239.

240. ConsumerInfo denies the allegations of Paragraph 240.

241. ConsumerInfo denies the allegations of Paragraph 241.

242. ConsumerInfo denies the allegations of Paragraph 242.

243. ConsumerInfo denies the allegations of Paragraph 243.

244. ConsumerInfo denies the allegations of Paragraph 244.

245. ConsumerInfo denies the allegations of Paragraph 245.

KAYE SCHOLER LLP

23278796.DOCX

KAYE SCHOLER LLP

**SECOND COUNTERCLAIM**

**(Monopolization and Attempted Monopolization)**

246.    ConsumerInfo incorporates here Paragraphs 194 to 245.

247.    ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 247 and, on that basis, denies them.

248.    ConsumerInfo admits the allegations of Paragraph 248.

249.    ConsumerInfo denies the allegations of Paragraph 249.

250.    ConsumerInfo denies the allegations of Paragraph 250.

251.    ConsumerInfo admits that direct-to-consumer sales of credit-related products involve sales of products regarding the consumer himself or herself, not others.  ConsumerInfo denies the remaining allegations of Paragraph 251.

252.    ConsumerInfo denies the allegations of Paragraph 252.

253.    ConsumerInfo denies the allegations of Paragraph 253.

254.    ConsumerInfo denies there is no interchangeability between online consumer-direct reporting and monitoring services and offline services. ConsumerInfo denies that offline reports may be obtained only over the phone or by mail.  ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations that most instances of offline purchases of credit-related products require submission of paperwork, receipt of further paperwork, and return of further paperwork, and, on that basis, denies them.  ConsumerInfo admits that some consumers periodically obtain credit-related products through the mail. ConsumerInfo admits some consumers readily conduct numerous transactions online each day.  ConsumerInfo admits that some customers quickly search for and find goods and services online.  ConsumerInfo admits that some customers prefer an online transaction over a phone or mail-based transaction.  ConsumerInfo denies the remaining allegations of Paragraph 254.

255.    ConsumerInfo denies the allegations of Paragraph 255.

256.    ConsumerInfo denies the allegations of Paragraph 256.

23278796.DOCX

257.   ConsumerInfo denies the allegations of Paragraph 257.

258.   ConsumerInfo denies the allegations of Paragraph 258.

259.   ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations concerning ConsumerInfo's and others' market share and, on that basis, denies them.  ConsumerInfo denies the remaining allegations of Paragraph 259.

260.   ConsumerInfo denies the allegations of Paragraph 260.

261.   ConsumerInfo admits that it enforces its trademark rights in FREECREDITREPORT.COM, but specifically denies that it claims exclusive rights to merely descriptive or generic words, such as "free credit report" for free credit reports.  ConsumerInfo denies the remaining allegations of Paragraph 261.

262.   ConsumerInfo denies that FREECREDITREPORT.COM is generic or merely descriptive.  ConsumerInfo admits that FREECREDITREPORT.COM is a valuable trademark.  ConsumerInfo lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 262 and, on that basis, denies them.

263.   ConsumerInfo denies the allegations of Paragraph 263.

264.   ConsumerInfo admits the allegations of Paragraph 264.

265.   ConsumerInfo admits that it is aware some consumers know they can obtain a free credit report from FREECREDITREPORT.COM.  ConsumerInfo denies the remaining allegations of Paragraph 265.

266.   ConsumerInfo admits the allegations of Paragraph 266.

267.   ConsumerInfo admits the allegations of Paragraph 267.

268.   ConsumerInfo admits that its submission to the PTO established that FREECREDITREPORT.COM had acquired secondary meaning based on the numerous factors detailed therein.  ConsumerInfo denies the remaining allegations of Paragraph 268.

269.   ConsumerInfo denies the allegations of Paragraph 269.

23278796.DOCX

270. ConsumerInfo denies the allegations of Paragraph 270.

271. ConsumerInfo denies the allegations of Paragraph 271.

272. ConsumerInfo denies the allegations of Paragraph 272.

273. ConsumerInfo denies the allegations of Paragraph 273.

274. ConsumerInfo denies the allegations of Paragraph 274.

275. ConsumerInfo denies the allegations of Paragraph 275.

276. ConsumerInfo denies the allegations of Paragraph 276.

277. ConsumerInfo denies the allegations of Paragraph 277.

278. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations concerning the most important and reliable method of advertising and the percentage of search engine queries that were performed through Google and, on that basis, denies them. ConsumerInfo denies the remaining allegations of Paragraph 278.

279. ConsumerInfo denies the allegations of Paragraph 279.

280. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations concerning which advertisements are chosen by consumers and, on that basis, denies them. ConsumerInfo denies the remaining allegations of Paragraph 280.

281. ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations concerning which search results are chosen by consumers and, on that basis, denies them. ConsumerInfo denies the remaining allegations of Paragraph 281.

282. ConsumerInfo denies the allegations of Paragraph 282.

283. ConsumerInfo denies the allegations of Paragraph 283.

284. ConsumerInfo admits that it has sued two of its competitors in this action. ConsumerInfo denies the remaining allegations of Paragraph 284.

23278796.DOCX

1    285.   ConsumerInfo admits that it sued Mighty Net, Inc., eDirect, and Jesse

2    Willms and that they are ConsumerInfo's competitors.  ConsumerInfo denies the

3    remaining allegations of Paragraph 285.

4    286.   ConsumerInfo lacks information sufficient to form a belief as to the

5    truth of the allegations in Paragraph 286 and, on that basis, denies them.

6    287.   ConsumerInfo denies the allegations of Paragraph 287.

7    288.   ConsumerInfo denies the allegations of Paragraph 288.

8    289.   ConsumerInfo denies the allegations of Paragraph 289.

9    290.   ConsumerInfo denies the allegations of Paragraph 290.

10   291.   ConsumerInfo lacks information sufficient to form a belief as to the

11   truth of the allegations concerning ConsumerInfo's and others' market share and, on

12   that basis, denies them.  ConsumerInfo denies the remaining allegations of Paragraph

13   291.

14   292.   ConsumerInfo denies the allegations of Paragraph 292.

15   293.   ConsumerInfo denies the allegations of Paragraph 293.

16   294.   ConsumerInfo denies the allegations of Paragraph 294.

17   295.   ConsumerInfo denies the allegations of Paragraph 295.

18   296.   ConsumerInfo denies the allegations of Paragraph 296.

19   297.   ConsumerInfo denies the allegations of Paragraph 297.

20   298.   ConsumerInfo admits that sales of credit-related products typically

21   require a relationship with one of the three credit bureaus or their numerous resellers.

22   ConsumerInfo denies the remaining allegations of Paragraph 298.

23   299.   ConsumerInfo lacks information sufficient to form a belief as to the

24   truth of the allegations of Paragraph 299 and, on that basis, denies them.

25   300.   ConsumerInfo denies the allegations of Paragraph 300.

26   301.   ConsumerInfo admits that it enforces its trademark rights in

27   FREECREDITREPORT.COM but specifically denies that it claims exclusive rights

28   to merely descriptive or generic words, such as "free credit report" for free credit

KAYE SCHOLER LLP

10

reports.  ConsumerInfo admits that some of its competitors, including Defendant, offer free credit reports as an incentive to consumers.  ConsumerInfo denies the remaining allegations of Paragraph 301.

302.    ConsumerInfo denies the allegations of Paragraph 302.

303.    ConsumerInfo admits that Defendant competes with ConsumerInfo. ConsumerInfo denies the remaining allegations of Paragraph 303.

304.    ConsumerInfo denies the allegations of Paragraph 304.

### THIRD COUNTERCLAIM

### (Lanham Act Trademark Infringement)

305.    ConsumerInfo incorporates here Paragraphs 194 to 304.

306.    ConsumerInfo denies the allegations of Paragraph 306.

307.    ConsumerInfo denies the allegations of Paragraph 307.

308.    ConsumerInfo denies the allegations of Paragraph 308.

309.    ConsumerInfo denies the allegations of Paragraph 309.

310.    ConsumerInfo denies the allegations of Paragraph 310.

311.    ConsumerInfo denies the allegations of Paragraph 311.

312.    ConsumerInfo denies the allegations of Paragraph 312.

313.    ConsumerInfo denies the allegations of Paragraph 313.

314.    ConsumerInfo denies the allegations of Paragraph 314.

315.    ConsumerInfo denies the allegations of Paragraph 315.

### FOURTH COUNTERCLAIM

### (False Advertising and Unfair Competition)

316.    ConsumerInfo incorporates here Paragraphs 195 to 315.

317.    ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations concerning ConsumerInfo's affiliates or other third-parties, and, on that basis, denies them.  ConsumerInfo denies the remaining allegations of Paragraph 317.

KAYE SCHOLER LLP

11

318.    ConsumerInfo lacks information sufficient to form a belief as to the truth of the allegations concerning ConsumerInfo's affiliates or other third-parties, and, on that basis, denies them.  ConsumerInfo denies the remaining allegations of Paragraph 318.

319.    ConsumerInfo denies the allegations of Paragraph 319.

320.    ConsumerInfo denies the allegations of Paragraph 320.

321.    ConsumerInfo denies the allegations of Paragraph 321.

322.    ConsumerInfo denies the allegations of Paragraph 322.

## FIFTH COUNTERCLAIM

### (Common Law Trademark Infringement)

323.    ConsumerInfo incorporates here Paragraphs 194 to 322.

324.    ConsumerInfo admits Defendant purports to make a claim for trademark infringement under the law of California.  ConsumerInfo denies the remaining allegations of Paragraph 324.

325.    ConsumerInfo denies the allegations of Paragraph 325.

326.    ConsumerInfo denies the allegations of Paragraph 326.

327.    ConsumerInfo denies the allegations of Paragraph 327.

328.    ConsumerInfo denies the allegations of Paragraph 328.

329.    ConsumerInfo denies the allegations of Paragraph 329.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

330.    ConsumerInfo incorporates here Paragraphs 194 through 329.

331.    ConsumerInfo denies the allegations of Paragraph 331.

332.    ConsumerInfo denies the allegations of Paragraph 332.

333.    ConsumerInfo denies the allegations of Paragraph 333.

334.    ConsumerInfo admits its Complaint has raised legal and factual questions as to Defendant's infringing activities.  ConsumerInfo denies the remaining allegations of Paragraph 334.

23278796.DOCX

KAYE SCHOLER LLP

### SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Unenforceability)

335.   ConsumerInfo incorporates here Paragraphs 194 to 334.

336.   ConsumerInfo denies the allegations of Paragraph 336.

337.   ConsumerInfo denies the allegations of Paragraph 337.

338.   ConsumerInfo denies the allegations of Paragraph 338.

339.   ConsumerInfo admits its Complaint has raised legal and factual questions as to Defendant's infringing activities.  ConsumerInfo denies the remaining allegations of Paragraph 339.

### EIGHTH COUNTERCLAIM

### (Lanham Act Contributory Liability)

340.   ConsumerInfo incorporates here Paragraphs 194 to 339.

341.   ConsumerInfo denies the allegations of Paragraph 341.

342.   ConsumerInfo denies the allegations of Paragraph 342.

343.   ConsumerInfo denies the allegations of Paragraph 343.

344.   ConsumerInfo denies the allegations of Paragraph 344.

345.   ConsumerInfo denies the allegations of Paragraph 345.

### AFFIRMATIVE DEFENSES

As Affirmative Defenses to Defendant's Counterclaims, ConsumerInfo alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Defendant fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant's claims are barred by its Unclean Hands.

13

KAYE SCHOLER LLP

## THIRD AFFIRMATIVE DEFENSE

### (Priority)

Defendant's claims are barred, in whole or in part, because ConsumerInfo has priority of usage in the terms and images as to which Defendant asserts rights, and Defendant is not the true owner of its claimed marks.

## FOURTH AFFIRMATIVE DEFENSE

### (Fair Use)

Any use by ConsumerInfo of the words and images forming the basis of Defendant's claims is protected by the doctrine of fair use and, to the extent ConsumerInfo has used any of Defendant's purported trademarks to advertise its goods, ConsumerInfo has done so merely to truthfully describe its goods.

## FIFTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

To the extent ConsumerInfo has used any of Defendant's purported trademarks to advertise ConsumerInfo's goods, such use has not caused a likelihood of confusion.

## SIXTH AFFIRMATIVE DEFENSE

### (No Secondary Meaning)

Defendant's claims fail because the purported marks or images on which the Counterclaims rely, are a collection of generic and descriptive terms or images that have not acquired secondary meaning for Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Defendant's acts and words have implied acquiescence in ConsumerInfo's actions.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant's claims are barred, in whole or in part, by the doctrine of waiver.

14

23278796.DOCX

**KAYE SCHOLER LLP**

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant's claims are barred, in whole or in part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Defendant's claims for injunctive and equitable relief are barred because Defendant has an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant's claims are barred by the doctrine of Laches.  Defendant knew, or should have known of the alleged acts on which its Counterclaims are based, well before the initiation of this lawsuit.  Despite this knowledge, Defendant unreasonably delayed asserting its Counterclaims.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendant's claims are barred, in whole or in part, because Defendant failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages Defendant claim to have sustained and for which it seeks recovery in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Misrepresentation of Source)

Defendant has used and is using ConsumerInfo's marks so as to misrepresent the source of Defendant's goods or services.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Set Off)

Damages suffered by Defendant, if any, as a result of ConsumerInfo's acts must be set off against damages caused to ConsumerInfo by Defendant.

23278796.DOCX

KAYE SCHOLER LLP

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Intervening Causes)**

Defendant's claims are barred, in whole or in part, because any and all injuries and damages alleged in the Counterclaims--the existence and extent of which ConsumerInfo expressly denies--were caused by the independent conduct of one or more persons and or entities over whom ConsumerInfo had no control and for whose actions/omissions ConsumerInfo is not responsible.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Business Justification)**

Defendant's claims are barred, in whole or in part, because  ConsumerInfo's actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Injury)**

Defendant's claims are barred, in whole or in part, because Defendant has not suffered any actual, cognizable injury, or antitrust injury under applicable law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Improper Market Definition)**

Defendant's claims are barred, in whole or in part, because the Counterclaims do not adequately define the relevant market or markets allegedly affected by the alleged conduct of ConsumerInfo that is the subject of the Counterclaims.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Litigation Privilege)**

The alleged conduct forming the basis of Defendants' counterclaim, including ConsumerInfo's trademark registration and the initiation of this action, is protected by the litigation privilege.

23278796.DOCX

1

KAYE SCHOLER LLP

## TWENTIETH AFFIRMATIVE DEFENSE
### (Noerr-Pennington Doctrine)

The alleged conduct forming the basis of Defendants' counterclaim, including ConsumerInfo's trademark registration and the initiation of this action, is privileged and protected by the Noerr-Pennington Doctrine, the First Amendment of the United States Constitution, and Article I of the California Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Monopoly Power)

Defendant's claims are barred because ConsumerInfo lacks sufficient market and/or monopoly power.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Pro-Competitive Conduct)

Defendant's claims are barred because ConsumerInfo's activities, including but not limited to, its enforcement of its trademark rights is pro-competitive and/or unlikely to cause competitive harm.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Lack of Significant Barriers to Entry)

Defendant's claims are barred, in whole or in part, because there are no significant barriers to entering the market or markets in which ConsumerInfo competes.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Lack Of Significant Barriers To Output Expansion)

Defendant's claims are barred, in whole or in part, because there are no significant barriers to competitors expanding their output.

23278796.DOCX

1

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2

**(Competitive Market Structure)**

3

Defendant's claims are barred, in whole or in part, because the relevant

4 market or markets in which ConsumerInfo competes include a number of strong

5 competitors and are highly competitive.

6

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

7

**(Additional Affirmative Defenses)**

8

Defendant has not set out its claims with sufficient particularity to permit

9 ConsumerInfo to raise all appropriate defenses, and accordingly, ConsumerInfo

10 reserves the right, upon completion of discovery, to assert such additional defenses

11 as may be appropriate when the precise final nature of each claim becomes known.

12

13 Dated:  December 15, 2009              Respectfully submitted,

14                                        KAYE SCHOLER LLP

15

16                                        By:_____/s/_____

17                                             Oscar Ramallo
                                             Attorneys for Plaintiff and Counter-
                                             Defendant
18                                           CONSUMERINFO.COM, INC.

19

20

21

22

23

24

25

26

27

28

18

23278796.DOCX

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067.

On December 15, 2009, I served the documents described as:

**CONSUMERINFO.COM, INC.'S ANSWER TO ONE TECHNOLOGIES LP'S SECOND AMENDED CONTERCLAIMS**

☒    by CM/ECF (I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing)

☐    by E-MAIL

☐    by FACSIMILE

☐    by U.S. MAIL (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

Kent B. Goss, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855
Email: kgoss@orrick.com

James H. Donoian
Greenberg Traurig, LLP
Metlife Building
200 Park Avenue
New York, NY 10166
Email: donoianj@gtlaw.com

Gregory A. Nylen
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Email: nyleng@gtlaw.com

☐    by FEDERAL EXPRESS (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.

☐    by PERSONAL SERVICE
     ☐    by personally delivering such envelope to the addressee.
     ☐    by causing such envelope to be delivered by messenger to the office of the addressee.

☐    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

1

23269740.DOC

Executed on December 15, 2009, at Los Angeles, California.

Shahnaz Virani
Name

Signature

KAYE SCHOLER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

23269740.DOC

2