1   KENT B. GOSS (State Bar No. 131499)
    kgoss@orrick.com
2   VALERIE M. GOO (State Bar No. 187334)
    vgoo@orrick.com
3   SETH E. FREILICH (State Bar No. 217321)
    sfreilich@orrick.com
4   DIMITRIOS V. KOROVILAS (State Bar No. 247230)
    dkorovilas@orrick.com
5   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 S. Figueroa Street, Suite 3200
6   Los Angeles, CA  90017
    Telephone:  +1-213-629-2020
7   Facsimile:   +1-213-612-2499

8   Attorneys for Defendant
    ONE TECHNOLOGIES LP
9
    [Attorneys for Additional Parties in Signature Block]
10
                    UNITED STATES DISTRICT COURT
11
                   CENTRAL DISTRICT OF CALIFORNIA
12
                         WESTERN DIVISION
13

14
    CONSUMERINFO.COM, INC., a          Case No.  CV 09-3783-VBF(MANx)
15  California corporation,
                                        **JOINT STIPULATION PER LOCAL
16            Plaintiff,                 CIVIL RULE 37-2 REGARDING
                                        DEFENDANT ONE
17       v.                             TECHNOLOGIES LP'S MOTION
                                        TO COMPEL PLAINTIFF
18  ONE TECHNOLOGIES LP, a              CONSUMERINFO.COM, INC. TO
    Delaware limited partnership;       RESPOND TO REQUESTS FOR
19  ADAPTIVE MARKETING LLC, a           ADMISSION**
    Delaware corporation; and DOES 1-50,
20  inclusive,                          Discovery Cutoff:        June 4, 2010
                                        Pretrial Conference:     Oct. 4, 2010
21            Defendants.               Trial date:              Oct. 19, 2010

22                                      Hearing:        April 20, 2010, at 10:00 am
                                        Judge:       Hon. Margaret A. Nagle
23
                                        **[Filed Concurrently with Notice of
24  AND RELATED COUNTERCLAIM           Motion; [Proposed] Order; Decl. of
                                        Dimitrios V. Korovilas; Decl. of Oscar
25                                      Ramallo]**

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Central District of California Local Civil Rule 37-2, defendant One Technologies LP ("One Tech") and plaintiff ConsumerInfo.com, Inc. ("ConsumerInfo"), by and between their respective undersigned counsel, hereby submit this joint stipulation regarding One Tech's motion to compel ConsumerInfo to respond to One Tech's requests for admission.

1

# **TABLE OF CONTENTS**

2

**Page**

3  I.   INTRODUCTION .................................................................................1

4     A.   Defendant One Tech's Introductory Statement .....................1

      B.   Plaintiff ConsumerInfo's Introductory Statement .................3

5

6  II.   REQUESTS FOR ADMISSION 1-37, 40 ..........................................5

        1.   One Tech's Request for Admission ("OT RFA") No. 1 ..........5

7           a.   One Tech's Position re RFA No. 1 .................................6

8               (1)   The RFAs Are Directly Relevant to this
                       Action ....................................................................7

9               (2)   The Domain Names Listed in RFAs 1-37 &
                       40 are Relevant Because ConsumerInfo
10                     Listed Them in Its Trademark Application as
                       Evidence of Consumers' Ability to
11                     Distinguish Between Similar Marks ................. 10

12              (3)   The Requests Do Not Improperly Call for
                       Legal Conclusions or Premature Disclosure
13                     of Expert Opinion ............................................. 12

           b.   ConsumerInfo's Position re RFA No. 1 ....................... 13

14      2.   One Tech's RFA No. 2 ........................................................ 20

15           a.   One Tech's Position re RFA No. 2 ............................... 20

             b.   ConsumerInfo's Position re RFA No. 2 ...................... 20

16      3.   One Tech's RFA No. 3 ........................................................ 20

17           a.   One Tech's Position re RFA No. 3 ............................... 21

18           b.   ConsumerInfo's Position re RFA No. 3 ...................... 21

19      4.   One Tech's RFA No. 4 ........................................................ 21

             a.   One Tech's Position re RFA No. 4 ............................... 22

20           b.   ConsumerInfo's Position re RFA No. 4 ...................... 22

21      5.   One Tech's RFA No. 5 ........................................................ 22

22           a.   One Tech's Position re RFA No. 5 ............................... 23

             b.   ConsumerInfo's Position re RFA No. 5 ...................... 23

23      6.   One Tech's RFA No. 6 ........................................................ 23

24           a.   One Tech's Position re RFA No. 6 ............................... 23

25           b.   ConsumerInfo's Position re RFA No. 6 ...................... 23

        7.   One Tech's RFA No. 7 ........................................................ 24

26           a.   One Tech's Position re RFA No. 7 ............................... 24

27           b.   ConsumerInfo's Position re RFA No. 7 ...................... 24

28      8.   One Tech's RFA No. 8 ........................................................ 24

**TABLE OF CONTENTS**
(continued)

a.    One Tech's Position re RFA No. 8 ................................25
b.    ConsumerInfo's Position re RFA No. 8....................25
9.    One Tech's RFA No. 9 ...........................................25
a.    One Tech's Position re RFA No. 9 ................................26
b.    ConsumerInfo's Position re RFA No. 9....................26
10.   One Tech's RFA No. 10 .........................................26
a.    One Tech's Position re RFA No. 10 ..............................27
b.    ConsumerInfo's Position re RFA No. 10....................27
11.   One Tech's RFA No. 11 .........................................27
a.    One Tech's Position re RFA No. 11 ..............................27
b.    ConsumerInfo's Position re RFA No. 11....................27
12.   One Tech's RFA No. 12 .........................................28
a.    One Tech's Position re RFA No. 12 ..............................28
b.    ConsumerInfo's Position re RFA No. 12....................28
13.   One Tech's RFA No. 13 .........................................28
a.    One Tech's Position re RFA No. 13 ..............................29
b.    ConsumerInfo's Position re RFA No. 13....................29
14.   One Tech's RFA No. 14 .........................................29
a.    One Tech's Position re RFA No. 14 ..............................30
b.    ConsumerInfo's Position re RFA No. 14....................30
15.   One Tech's RFA No. 15 .........................................30
a.    One Tech's Position re RFA No. 15 ..............................31
b.    ConsumerInfo's Position re RFA No. 15....................31
16.   One Tech's RFA No. 16 .........................................31
a.    One Tech's Position re RFA No. 16 ..............................32
b.    ConsumerInfo's Position re RFA No. 16....................32
17.   One Tech's RFA No. 17 .........................................32
a.    One Tech's Position re RFA No. 17 ..............................32
b.    ConsumerInfo's Position re RFA No. 17....................32
18.   One Tech's RFA No. 18 .........................................33
a.    One Tech's Position re RFA No. 18 ..............................33
b.    ConsumerInfo's Position re RFA No. 18....................33
19.   One Tech's RFA No. 19 .........................................33
a.    One Tech's Position re RFA No. 19 ..............................34

**TABLE OF CONTENTS**
(continued)

| | | |
|---|---|---|
| | b. | ConsumerInfo's Position re RFA No. 19 ...................... 34 |
| 20. | One Tech's RFA No. 20 ................................................ 34 |
| | a. | One Tech's Position re RFA No. 20 ............................ 35 |
| | b. | ConsumerInfo's Position re RFA No. 20 ...................... 35 |
| 21. | One Tech's RFA No. 21 ................................................ 35 |
| | a. | One Tech's Position re RFA No. 21 ............................ 36 |
| | b. | ConsumerInfo's Position re RFA No. 21 ...................... 36 |
| 22. | One Tech's RFA No. 22 ................................................ 36 |
| | a. | One Tech's Position re RFA No. 22 ............................ 36 |
| | b. | ConsumerInfo's Position re RFA No. 22 ...................... 36 |
| 23. | One Tech's RFA No. 23 ................................................ 37 |
| | a. | One Tech's Position re RFA No. 23 ............................ 37 |
| | b. | ConsumerInfo's Position re RFA No. 23 ...................... 37 |
| 24. | One Tech's RFA No. 24 ................................................ 37 |
| | a. | One Tech's Position re RFA No. 24 ............................ 38 |
| | b. | ConsumerInfo's Position re RFA No. 24 ...................... 38 |
| 25. | One Tech's RFA No. 25 ................................................ 38 |
| | a. | One Tech's Position re RFA No. 25 ............................ 39 |
| | b. | ConsumerInfo's Position re RFA No. 25 ...................... 39 |
| 26. | One Tech's RFA No. 26 ................................................ 39 |
| | a. | One Tech's Position re RFA No. 26 ............................ 40 |
| | b. | ConsumerInfo's Position re RFA No. 26 ...................... 40 |
| 27. | One Tech's RFA No. 27 ................................................ 40 |
| | a. | One Tech's Position re RFA No. 27 ............................ 40 |
| | b. | ConsumerInfo's Position re RFA No. 27 ...................... 41 |
| 28. | One Tech's RFA No. 28 ................................................ 41 |
| | a. | One Tech's Position re RFA No. 28 ............................ 41 |
| | b. | ConsumerInfo's Position re RFA No. 28 ...................... 41 |
| 29. | One Tech's RFA No. 29 ................................................ 41 |
| | a. | One Tech's Position re RFA No. 29 ............................ 42 |
| | b. | ConsumerInfo's Position re RFA No. 29 ...................... 42 |
| 30. | One Tech's RFA No. 30 ................................................ 42 |
| | a. | One Tech's Position re RFA No. 30 ............................ 43 |
| | b. | ConsumerInfo's Position re RFA No. 30 ...................... 43 |

1

2

**TABLE OF CONTENTS**
(continued)

3        31.    One Tech's RFA No. 31 ............................................................43

4               a.      One Tech's Position re RFA No. 31 ..............................44

                b.      ConsumerInfo's Position re RFA No. 31 .......................44

5        32.    One Tech's RFA No. 32 ............................................................44

6               a.      One Tech's Position re RFA No. 32 ..............................45

7               b.      ConsumerInfo's Position re RFA No. 32 .......................45

8        33.    One Tech's RFA No. 33 ............................................................45

                a.      One Tech's Position re RFA No. 33 ..............................45

9               b.      ConsumerInfo's Position re RFA No. 33 .......................45

10       34.    One Tech's RFA No. 34 ............................................................46

11              a.      One Tech's Position re RFA No. 34 ..............................46

                b.      ConsumerInfo's Position re RFA No. 34 .......................46

12       35.    One Tech's RFA No. 35 ............................................................46

13              a.      One Tech's Position re RFA No. 35 ..............................47

                b.      ConsumerInfo's Position re RFA No. 35 .......................47

14       36.    One Tech's RFA No. 36 ............................................................47

15              a.      One Tech's Position re RFA No. 36 ..............................48

16              b.      ConsumerInfo's Position re RFA No. 36 .......................48

17       37.    One Tech's RFA No. 37 ............................................................48

                a.      One Tech's Position re RFA No. 37 ..............................49

18              b.      ConsumerInfo's Position re RFA No. 37 .......................49

19       38.    One Tech's RFA No. 40 ............................................................49

20              a.      One Tech's Position re RFA No. 40 ..............................49

                b.      ConsumerInfo's Position re RFA No. 40 .......................50

21

22

23

24

25

26

27

28

1
2

# TABLE OF AUTHORITIES

## FEDERAL CASES

3

*Adventis, Inc. v. Consolidated Property Holdings, Inc.*,
    124 Fed. Appx. 169, 2005 WL 481621 (4th Cir.  2005) ...................................12

4
5

*AMF, Inc. v. Sleekcraft Boats*,
    599 F.2d 341 (9th Cir. 1979) ..........................................................................4, 14

6

*Bd. of Supervisors for Louisiana State Univ. v. Smack Apparel Co.*,
    550 F.3d 465 (5th Cir. 2008) ...................................................................................9

7
8

*Beer Nuts v.  Clover Club Foods Co.*,
    804 F.2d 920 (10th Cir. 1986) ...............................................................................15

9

*In re Federated Dep't Stores*,
    3 U.S.P.Q. 2d 1541 (T.T.A.B. 1987) ......................................................................18

10
11

*Keithley v. The Home Store.com, Inc.*,
    2008 WL 2024977 (N.D. Cal. 2008) .....................................................................12

12

*Powerhouse Marks LLC v. Chi Hsin Impex, Inc.*,
    2006 WL 20523 (E.D. Mich. Jan. 4, 2006) .............................................................9

13
14

*World Carpets, Inc. v. Dick Littrell's New World Carpets*,
    438 F.2d 482 (5th Cir. 1971) .................................................................................15

## FEDERAL STATUTES

15

16    15 U.S.C. § 1057(a) .......................................................................................................18

17    Federal Rule of Civil Procedure 36 .......................................................................passim

18    Fed. R. Civ. P. 37) ...................................................................................................3, 5, 19

19    Federal Civil Procedure Before Trial § 11:2074 (2009)  .....................................3, 13

20
21
22
23
24
25
26
27
28

1  **I.      INTRODUCTION**

2          **A.      Defendant One Tech's Introductory Statement**

3                  One Tech has served a set of tailored and straight-forward requests for

4  admission intended to confirm or probe whether ConsumerInfo told the truth to the

5  PTO in the office action proceedings for the FREECREDITREPORT.COM

6  trademark, which it asserts against defendants in this litigation.  Apparently,

7  ConsumerInfo does not want to do that.  Hence, this motion.

8                              **Case Background**

9                  This lawsuit arises from ConsumerInfo's allegations that One Tech, a

10  competitor, has infringed ConsumerInfo's trademarks and copyrights through the

11  use of certain internet advertising and domain names.[1]  Relevant to this motion,

12  ConsumerInfo asserts claims for trademark infringement, dilution, and

13  cybersquatting based on its federal registration of the trademark

14  FREECREDITREPORT.COM.  For each of these claims, ConsumerInfo must

15  prove a likelihood of confusion.

16                  One Tech asserts that the FREECREDITREPORT.COM is not a valid

17  mark and that, if valid, it is a weak mark entitled to very little protection because

18  the terms "free" "credit" and "report" are widely used in advertising and as domain

19  names throughout the credit report and monitoring industry to promote free credit

20  reports as a marketing tool.  Further, One Tech asserts that the

21  FREECREDITREPORT.COM registration should be cancelled because, *inter alia,*

22  ConsumerInfo procured the federal registration through fraud and has been using it

23  to prohibit competitors from using similar domain names that contain the terms

24  "free," "credit" and "report," among other wrongful conduct.

25                  **One Tech's Requests for Admission 1-37 & 40**

26                  The requests for admission at issue in this motion are virtually

27

---

28  [1] ConsumerInfo has made similar allegations against Adaptive Marketing LLC ("Adaptive"), another competitor also named as a defendant in this lawsuit.

1   identical.  Each asks ConsumerInfo to admit that it does not believe that certain

2   domain names (e.g., free---credit---report.com, free---credit---reports.com, free-

3   credit--report.com, etc.) to be confusingly similar to the asserted

4   FREECREDITREPORT.COM mark.  ConsumerInfo has refused to admit or deny

5   these requests.  Among other objections, ConsumerInfo asserts that the requests are

6   irrelevant because the particular domain names in the requests are, according to

7   ConsumerInfo, not at issue in this litigation (i.e., not mentioned in ConsumerInfo's

8   complaint).  As set forth in more detail below, ConsumerInfo's relevance and other

9   objections are meritless.

10          The particular domain names at issue in these requests for admission

11  were not plucked from obscurity.  Rather, these are the very domain names that

12  ConsumerInfo itself cited to the PTO in the office action proceedings for the

13  FREECREDITREPORT.COM registration.  ConsumerInfo cited these same

14  domain names as evidence of consumers' ready ability to distinguish between

15  different domain names and marks incorporating the words "free," "credit,"

16  "report," and "com."  These same issues of consumer sophistication and likelihood

17  of confusion are central to this lawsuit, as ConsumerInfo must prove a likelihood of

18  confusion to prevail on its trademark claims.  Further, ConsumerInfo's own belief

19  as to whether these domain names are confusingly similar is directly relevant to

20  One Tech's claims for antitrust and fraud on the PTO as well as the strength and

21  enforceability of ConsumerInfo's trademark.  If, for example, ConsumerInfo admits

22  that the domains are not confusingly similar to FREECREDITREPORT.COM, that

23  will be strong evidence of consumers' ability to distinguish between slight

24  variations of domain names that refer to the provision of credit reports and go

25  directly to the issues of enforceability and strength of the mark.  If, however,

26  ConsumerInfo denies the requests and asserts that the domains *are* confusingly

27  similar to FREECREDITREPORT.COM, that will directly contradict

28  ConsumerInfo's prior representations to the PTO and be strong evidence in support

1   of One Tech's allegations that ConsumerInfo made fraudulent misrepresentations to

2   the PTO and that its mark should be cancelled.[2]  While it is evident why

3   ConsumerInfo would prefer not to commit to one of these two positions,

4   ConsumerInfo cannot be allowed to argue out of both sides of its mouth while

5   refusing to answer directly relevant and probative discovery requests.

6         For the foregoing reasons, One Tech respectfully requests that the

7   Court compel ConsumerInfo to admit or deny One Tech's requests for admission

8   1-37 & 40, withdraw its objections in response to each of these requests, and

9   require ConsumerInfo to pay defendants' costs and fees incurred in making this

10  motion, pursuant to Fed. R. Civ. P. 37(a)(5).

11         **B.**     **Plaintiff ConsumerInfo's Introductory Statement**

12         One Tech has served 38 requests for admission regarding domain

13  names that are completely irrelevant to this case.  It has absurdly characterized the

14  requests as seeking "to confirm or probe whether ConsumerInfo told the truth to the

15  PTO in the office action proceedings for the FREECREDITREPORT.COM

16  trademark."  Despite the absurdity, to avoid wasting the Court's time,

17  ConsumerInfo has amended its responses to unequivocally either admit or deny and

18  each and every one of the requests.  (Ramallo Decl. ¶¶ 3-5.)  Thus, there is nothing

19  left to compel.  Fed. R. Civ. P. 36(a)(2); Schwarzer & Tashima, Federal Civil

20  Procedure Before Trial § 11:2074 (2009) ("If the request is completely denied, a

21  motion to determine the sufficiency of the denial is improper.  The truth of the

22  matter must be proved at trial, whereafter the discovering party's only remedy is to

23  move for payment of the expensive of such proof[.]").  For this reason alone, the

24  motion to compel should be denied.

25         Having received an unequivocal response to every request, One Tech

26  insists on filing the motion anyway.  (Ramallo Decl. ¶¶ 4-6.)  Accordingly,

27

28  _____
    [2]  This is also relevant to issues of ConsumerInfo's policing and enforcement of its
    purported mark, bad faith, and damages.

1   ConsumerInfo will justify its original refusal to answer.

2        One Tech's theory in serving these requests is that ConsumerInfo can

3   simply look at the text of the various domain names and divine from that whether

4   they are confusingly similar to FREECREDITREPORT.COM.  That is not how a

5   likelihood of confusion analysis works.  Instead one looks to the totality of the

6   circumstances, including (1) the strength of the mark, (2) proximity of the goods,

7   (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels

8   used, (6) type of goods and degree of care likely to be exercised by the purchaser,

9   (7) defendant's intent in selecting the mark, and (8) likelihood of expansion of the

10  product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

11       For the majority of domains that are the subject of the request,

12  ConsumerInfo does not have and cannot reasonably obtain information necessary to

13  conclusively admit that the domains are not confusingly similar.  In particular,

14  ConsumerInfo does not have evidence of actual confusion caused by these domains,

15  it does not know the marketing channels used to promote them, it has not

16  commissioned a likelihood of confusion survey, and has little information

17  concerning the intent of the domain owners.  Without this fundamental information,

18  ConsumerInfo's belief as to likelihood of confusion is not meaningful to the issues

19  in this case.

20       For those domains where ConsumerInfo did have sufficient

21  information to admit the domains were not confusingly similar, ConsumerInfo's

22  belief was also not pertinent to the issues.  For example, one of the domains is

23  actually owned by ConsumerInfo and, by definition, cannot cause confusion with

24  ConsumerInfo.  Others could not cause confusion because they contained no

25  content at all or involved completely different services, such as matchmaking.

26  Rather than illuminating any issues for the finder of fact, responding to these

27  requests served only to burden ConsumerInfo with paperwork and wasted time

28  reviewing the websites.

1    One Tech additionally claims that at the USPTO, ConsumerInfo

2 argued that any domain that contains "free," "credit," "report," and/or "com" is not

3 confusingly similar to FREECREDITREPORT.COM.  As explained in detail

4 below, this is simply a mischaracterization of ConsumerInfo's statements.  This

5 mischaracterization is made to conjure a relevance argument where none exists.

6    Citing no authority, One Tech also asks the Court to order

7 ConsumerInfo to serve amended responses without any objections.  Such a request

8 is contrary to the Federal Rules, which do not give a Court authority to order a

9 party not to make objections. *See* Fed. R. Civ. P. 36(a)(6) (stating a Court may

10 order amended answers or deem requests admitted).

11    Finally, One Tech asks the Court to order a payment of costs.  Because

12 ConsumerInfo unequivocally answered each request before filing of this motion, an

13 award of costs is not available.  Fed. R. Civ. P. 37(a)(5) ("[I]f the disclosure or

14 requested discovery is provided after the motion was filed -- the court must, after

15 giving an opportunity to be heard, require the party . . . to pay the movant's

16 reasonable expenses . . . .").  Additionally, ConsumerInfo's position is substantially

17 justified.  Indeed, it is correct.  Accordingly, the motion should be denied in full.

18 **II.** **REQUESTS FOR ADMISSION 1-37, 40**

19    **1.** **One Tech's Request for Admission ("OT RFA") No. 1**

20 **REQUEST FOR ADMISSION NO. 1**

21    Admit that you do not believe annualfreecreditreport.com to be confusingly

22 similar (as that term is used in your complaint) to the

23 FREECREDITREPORT.COM mark.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 1**

25    ConsumerInfo incorporates by reference the General Objections above as

26 though fully set forth herein and further objects to the request on the grounds that it

27 calls for a legal conclusion.  Further, the request seeks information protected by the

28 attorney-client privilege.  ConsumerInfo further objects to the request on the

1    grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

2    claim or defense in this matter, nor reasonably calculated to lead to the discovery of

3    admissible evidence.  ConsumerInfo further objects on the grounds that the request

4    is not relevant to any claim or defense in this matter, nor reasonably calculated to

5    lead to the discovery of admissible evidence because, to ConsumerInfo's

6    knowledge, the subject domain has not been identified as a domain at issue in this

7    case.  Further, the request calls for premature disclosure of expert opinion.

8    ConsumerInfo reserves the right to supplement or amend its response should this

9    domain become relevant to this litigation.

### a.    One Tech's Position re RFA No. 1

11   ConsumerInfo must be compelled to either admit or deny this request

12   for admission and delete its boilerplate objections.  This request, along with

13   requests 2-37 and 40 set forth below, ask ConsumerInfo to admit that it does not

14   believe that the following domain names incorporating the words "free," "credit,"

15   "report," and/or "com" are confusingly similar to ConsumerInfo's purported mark

16   in FREECREDITREPORT.COM.

annualfreecreditreport.com
free-report-credit.com
free-report-credit.net
freeannualreportcredit.com
freereportcredit.com
freereportcredit.net
reportcredit.com
reportcredit.net
reportfreecredit.com
free---credit---report.com
free---credit---reports.com
free-credit--report.com
free--credit--report.com
free--credit--report.net
free--credit--reports.com
free-credit--reports-online.com
free-online-credit-report-credit-check.com
credit-report.com
credit-report.net
credit-report.org
1st-free-credit-report.com
a-free-credit-report.com
e-free-credit-report.com

free-credit-report.com
free-credit-report.net
free-credit-report.org
free--credit-report.com
free--credit-report.net
free-instant-credit-report.com
free-instant-credit-report.net
get-credit-report.com
get-free-credit-report.com
get-free-credit-report.net
get-free-credit-report.org
my-free-credit-report.com
myfree-credit-report.com
online-free-credit-report.com
freecreditscore.com

In response, ConsumerInfo has asserted objections only and refused to admit or deny any of the requests. As set forth below, these requests are directly relevant to the instant action, in which ConsumerInfo asserts that domain names owned or operated by One Tech, Adaptive, or their affiliates that incorporate the words "free," "credit," "report," and "com" cybersquat or otherwise infringe on ConsumerInfo's mark. Indeed, ConsumerInfo itself put these specific domains at issue by referencing their existence in its trademark application as evidence of consumers' ability to distinguish between similar marks that relate to the provision of a free credit report. ConsumerInfo should not be allowed to rely on these domain names as evidence of consumers' sophistication when it is convenient to obtaining a trademark registration, and then stonewall on discovery about these same domain names when it later asserts infringement and cybersquatting claims based on the same trademark. Moreover, because ConsumerInfo specifically referenced and made representations about these domain names in its trademark application, they are directly relevant to One Tech's counterclaim for cancellation based on fraud on the PTO.

**(1)**     **<u>The RFAs Are Directly Relevant to this Action</u>**

These requests for admission are directly relevant to this lawsuit because they go to consumers' ability to distinguish between similar marks and domain names that relate to the provision of a free credit report. The issue of

1   consumers' ability to distinguish between such similar marks and domain names is

2   central to ConsumerInfo's claims — most obviously its trademark infringement and

3   cybersquatting claims, as well as to defendants' defenses and One Tech's

4   counterclaim for cancellation based on fraud on the PTO, which alleges that

5   ConsumerInfo misrepresented to the PTO consumers' understanding of

6   FREECREDITREPORT.COM in order to fraudulently obtain its registration.

7           ConsumerInfo's complaint asserts trademark infringement, dilution,

8   and cybersquatting claims against both One Tech and Adaptive based on allegations

9   that "Defendants have registered, trafficked in or used domain names that are

10  confusingly similar to ConsumerInfo's FREECREDITREPORT.COM mark,

11  including <freetriplecreditreport.com>, <freecreditreport2009.com>,

12  <freecreditreport-online.com>, <freecreditreportplusscore.com>,

13  <freecreditreportwebsite.com>, <2009freecreditreport.com>,

14  <2010freecreditreport.com>, and numerous other domains that will be revealed

15  during discovery." *See* Docket Item No. 71 (First Amended Complaint ("FAC")

16  ¶ 92; *see also* FAC ¶¶ 65, 78, 110, 118, 122, 127, ).  ConsumerInfo asserts a

17  separate claim for cybersquatting of a famous mark based on these same

18  allegations.  *See* FAC ¶ 100. In an e-mail dated February 9, 2010, ConsumerInfo's

19  counsel further asserted that the following additional domains purportedly owned or

20  operated by One Tech or its affiliates are "infringing" or "at issue" in this litigation:

21  2008freecreditreport.com, 2010freecreditreports.com, 800freecreditreports.com,

22  freecreditreports2010.com, freecreditreportssite.com, officialfreecreditreport.com,

23  and www-freecreditreport-com.blogspot.com.  *See* Korovilas Decl. Exh. G.  That

24  e-mail identified numerous other domains purportedly owned or operated by

25  defendant Adaptive that were likewise allegedly "infringing" or "at issue."[3]  *Id.*

26  _____
    [3] The additional domains identified by ConsumerInfo that were purportedly owned
    or operated by Adaptive or its affiliates were:  4freecreditreport.com,
27  freecreditrepart.com, freecredit-report.com, freecreditreport2010.com,
    freecreditreport2011.com, freecreditreport2012.com, freecreditreport2013.com,
28  freecreditreport2014.com, freecreditreport2015.com, freecreditreport2016.com,

In total, ConsumerInfo has identified more than 30 separate domain names incorporating the words "free," "credit," "report" and/or "com" that it asserts are confusingly similar to FREECREDITREPORT.COM.  Thus, a central issue in this case are why ConsumerInfo believes certain domain names incorporating the words "free," "credit," "report" and/or "com" are purportedly confusingly similar to FREECREDITREPORT.COM and others are not.  The issue goes directly to, among other things, the strength or weakness of ConsumerInfo's asserted trademark, whether ConsumerInfo in fact has brought this action in good faith, the likelihood of consumer confusion between the parties' various domain names, One Technologies' antitrust and declaratory relief claims, and its numerous defenses regarding validity and enforceability of the mark and unclean hands.  *See Bd. of Supervisors for Louisiana State Univ. v. Smack Apparel Co.*, 550 F.3d 465, 479 (5th Cir. 2008) ("All third-party use of a mark . . . may be relevant to whether a plaintiff's mark is strong or weak."); *Powerhouse Marks LLC v. Chi Hsin Impex, Inc.*, 2006 WL 20523, at *8 (E.D. Mich. Jan. 4, 2006) ("widespread use of the name 'Powerhouse' in association with the fitness industry" by "fifty-five internet domain names owned by third parties" suggested that plaintiff's marks incorporating "Powerhouse" "were not distinct in the marketplace and therefore that consumers are less likely to be confused by" defendant's use of the "Powerhouse" mark).

ConsumerInfo's objection that requests for admission targeted at consumers' ability to distinguish between similar domain names and ConsumerInfo's policing efforts are somehow irrelevant is therefore completely untenable.

freecreditreport2017.com, freecreditreport2018.com, freecreditreport2019.com, freecreditreport2020.com, officialfreecreditreports.com, wwwlfreecreditreport.com, and free3bureaucredtireport.com.  Korovilas Decl. Exh. G.

1

2

3

**(2)    The Domain Names Listed in RFAs 1-37 & 40
are Relevant Because ConsumerInfo Listed
Them in Its Trademark Application as Evidence
of Consumers' Ability to Distinguish Between
Similar Marks**

4

5

6

7

8

9

10

11

12

13

14

15

ConsumerInfo's assertion that the specific domains at issue in these requests for admission are not "at issue" in this litigation is also wrong.  The domains may not be the subject of ConsumerInfo's trademark infringement and cybersquatting claims.  However, as ConsumerInfo is aware, the domain names listed in these requests are part of a long list of domain names previously submitted by ConsumerInfo to the PTO during the office action on FREECREDITREPORT.COM as evidence of consumers' ready ability to distinguish among domain names incorporating the terms "free," "credit," "report," and "com."  *See* Korovilas Decl. Exh. G.  ConsumerInfo cannot plausibly maintain that these third party uses were relevant to its federal registration of the FREECREDITREPORT.COM mark but are not relevant to a subsequent infringement action based on the same trademark.

16

17

18

19

20

21

22

23

24

25

26

27

28

ConsumerInfo's own statements in the office action on its trademark make clear the relevance of third party domain names incorporating the words "free," "credit," "report," and/or "com."  On August 12, 2006, the PTO issued an office action on ConsumerInfo's trademark registration application for FREECREDITREPORT.COM, refusing its registration in part on grounds that there existed a likelihood of confusion between FREECREDITREPORT.COM and CREDITREPORTS.COM, which had already been registered.  *See* Korovilas Decl. Exh. E, at 2.  In response, ConsumerInfo argued that its "use of the word "FREE" before "CREDITREPORT" creates an ***entirely different*** commercial impression" than CREDITREPORTS.COM.  *See* Korovilas Decl. Exh. F ("Office Action Response"), at 7 (emphasis added).  ConsumerInfo added that "[a] consumer is quickly able to notice that the first part of the marks are different and that Applicant's mark is considerably longer."  *See* Office Action Response at 8.  In

1    support of its argument, ConsumerInfo pointed to the existence of numerous other

2    registered marks incorporating the phrase CREDIT REPORT, and well as many

3    more unregistered marks and domain names incorporating the phrase.  *See* Office

4    Action Response at 9-11 & Exhs. 5, 7.  The domain names at issue in One Tech's

5    requests for admission 1-37[4] were taken directly from the list of previously existing

6    domain names submitted by ConsumerInfo.[5]  *See* Office Action Response Exh. 7.

7    Based specifically on the existence of these other domain names, ConsumerInfo

8    argued:

9               ***The public is already accustomed to distinguishing between***
              ***marks with the phrase CREDIT REPORT*** used for various
10            services, ***and will easily differentiate between***
              ***[FREECREDITREPORT.COM] and***
11            ***[CREDITREPORTS.COM]***.  Due to the number of other marks
              incorporating the phrase CREDIT REPORT,
12            [CREDITREPORTS.COM] is extremely weak and the scope of
              protection for its Supplemental Register registration is extremely
13            narrow.  ***[FREECREDITREPORT.COM] cannot be***
              ***considered in isolation of these third party uses,*** and no
14            confusion is likely with [CREDITREPORTS.COM].

15   *See* Office Action Response at 9 (emphasis added).

16          Yet, in this action, ConsumerInfo now argues that its mark ***should*** be

17   considered in isolation, that third parties' uses of similar marks are completely

18   irrelevant, and that, while the inclusion of "free" before "creditreport" was

19   sufficient to distinguish FREECREDITREPORT.COM from

20   CREDITREPORTS.COM, defendants' addition of words like "my," "online,"

21   "plusscore," "website," "2009" or "2010," characters like "-" or "--," or even

22   different top-level domain endings like ".net" or ".org" are insufficient to

23   _____

[4] Freecreditscore.com, listed in request 40, is the only domain name that
24   ConsumerInfo did not cite in its response to the office action, but it was the subject
     of other litigation involving ConsumerInfo and ConsumerInfo has, as with requests
25   1-37, refused to admit or deny request 40 and instead asserted only objections.
     ConsumerInfo must be compelled to properly respond for the same reasons set forth
26   above regarding requests 1-37.
     [5] Exhibit 7 to ConsumerInfo's office action in fact listed 500 domain names in
27   support of its argument that consumers were readily able to distinguish between
     different domain names referring to the provision of a credit report.  One Tech's
28   requests seek admissions only about a fraction of these, based on this subset of
     domains being the most similar to ConsumerInfo's FREECREDITREPORT.COM.

1    distinguish defendants' domains from FREECREDITREPORT.COM.

2           ConsumerInfo's positions are plainly contradictory.  But, regardless, a

3    central issue in this case will be the degree to which domains can incorporate the

4    words "free," "credit," "report," and/or "com" and not be confusingly similar to

5    FREECREDITREPORT.COM.  A separate critical issue will be ConsumerInfo's

6    knowledge and beliefs on that issue, which is central to One Technologies'

7    counterclaims for antitrust and for cancellation based on fraud on the PTO.  The

8    idea that the Court should ignore third parties' uses of marks and domain names

9    incorporating these terms therefore flies in the face of both ConsumerInfo's own

10   arguments before the PTO and simple logic.

11                  **(3)    The Requests Do Not Improperly Call for Legal**
                           **Conclusions or Premature Disclosure of Expert**
12                         **Opinion**

13          ConsumerInfo's objection that the requests call for a legal conclusion

14   is likewise meritless.  Federal Rule of Civil Procedure 36, which governs requests

15   for admission, specifically states that a request for admission may call for

16   "application of law to fact."  *See* Fed. R. Civ. P. 36(a)(1)(A); *see also Keithley v.*

17   *The Home Store.com, Inc.*, 2008 WL 2024977, at *3 (N.D. Cal. 2008) (application

18   of law to facts is proper in a request for admission).  To the extent that One Tech's

19   requests implicate legal issues, they are well within the scope of Rule 36(a).  They

20   concern only ConsumerInfo's own beliefs about the application of the confusingly

21   similar standard in trademark law to a series of domain names incorporating certain

22   words.  That is primarily a factual issue.  *See Adventis, Inc. v. Consolidated*

23   *Property Holdings, Inc.* 124 Fed. Appx. 169, 173, 2005 WL 481621, at *4 (4th Cir.

24   2005) (likelihood of confusion in a trademark action is a factual matter that "may

25   properly be the subject of a request for admission under Rule 36").

26          Nor do the requests improperly call for premature disclosure of expert

27   testimony.  The requests concern ConsumerInfo's own beliefs and relate to

28   representations it made to the PTO back in 2007.  Moreover, in response to other

1  requests for admission that ask ConsumerInfo to admit that it does not believe that

2  domain names at issue in ConsumerInfo's complaint are confusingly similar to

3  FREECREDITEREPORT.COM, ConsumerInfo did not rely on its objections but

4  instead denied the requests, thus showing that such requests are properly

5  answerable. *See* Korovilas Decl. ¶ 9.  For example, in response to request no. 38

6  ConsumerInfo denied that freecreditreport-online.com is not confusingly similar to

7  FREECREDITREPORT.COM.  *Id.*  It did not simply rest on objections.

8  ConsumerInfo cannot legitimately maintain that the requests at issue in this motion

9  to compel improperly call for a legal conclusion or premature expert testimony and

10  that other, virtually identical requests about other domain names do not.  While

11  ConsumerInfo may choose to retain an expert to testify on these issues, it does not

12  make ConsumerInfo's own belief irrelevant.

13          Accordingly, ConsumerInfo should be compelled to withdraw its

14  objections and admit or deny each request at issue in this stipulation.

### b.  ConsumerInfo's Position re RFA No. 1

16          Responding to One Tech's requests for admission is an exercise in the

17  pointless.  One Tech asks ConsumerInfo to admit or deny whether 38 different

18  domain names that are not the subject of this lawsuit are, in ConsumerInfo's belief,

19  confusingly similar to ConsumerInfo's trademark FREECREDITREPORT.COM.

20  In an effort to prevent a waste of the Court's time, ConsumerInfo has already

21  amended its responses to each of the 38 requests with unequivocal denials or

22  admissions.  (Ramallo ¶¶ 3-5.)  Because there is nothing left to compel

23  ConsumerInfo to do, the motion should be denied.  Fed. R. Civ. P. 36(a)(2);

24  Schwarzer & Tashima, Federal Civil Procedure Before Trial § 11:2074 (2009) ("If

25  the request is completely denied, a motion to determine the sufficiency of the denial

26  is improper.  The truth of the matter must be proved at trial, whereafter the

27  discovering party's only remedy is to move for payment of the expensive of such

28  proof[.]").

1   Despite having unequivocal responses to every single request, One

2   Tech insists on going forward with this motion to compel.  (Ramallo Decl. ¶¶ 4-6.)

3   Accordingly, ConsumerInfo will explain in detail why its original refusal to answer

4   is justified.

5   **(1)    The Requests Are Burdensome and Irrelevant.**

6   Each of the requests asks for ConsumerInfo's belief about whether a

7   domain is confusingly similar to FREECREDITREPORT.COM.  One Tech

8   assumes that ConsumerInfo can form a meaningful belief about confusing

9   similarity simply by looking at the text of the domain names alone.  In reality, the

10  inquiry is much more complex.  In determining whether marks are confusingly

11  similar, courts look to the totality of the circumstances, including (1) the strength of

12  the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of

13  actual confusion, (5) marketing channels used, (6) type of goods and degree of care

14  likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark,

15  and (8) likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*,

16  599 F.2d 341, 348-49 (9th Cir. 1979).  Given the information available to

17  ConsumerInfo about the 38 irrelevant domains, ConsumerInfo cannot form an

18  absolutely certain belief that the domains are not confusingly similar, or, if it can,

19  its belief is not legally relevant. .

20  By way of example, one of the domains in the Requests  is "free---

21  credit---report.com."  One who attempts to go to this website is automatically

22  redirected to a page on <mate1.com>, which is an online dating website.  Because

23  ConsumerInfo is in the business of credit-related products, not online matchmaking,

24  ConsumerInfo believes that, under the "proximity of the goods" factor, the goods

25  are so different that the domain name is not likely to confuse consumers as to

26  source of the goods and services.  Thus, ConsumerInfo admitted this request.

27  Similarly, eight of the domains have no content at all.  Because the

28  domains are not used in the market place, ConsumerInfo admitted that there is no

confusion in a trademark sense.  Other examples include a website with content written entirely in Chinese, a website that offers domain name registration services, and even a website which is owned by ConsumerInfo (which, by definition, cannot cause confusion as to source).

In this case, ConsumerInfo alleges that Defendants have websites with actual content on them, in English, that directly compete against ConsumerInfo in the credit-related products space.  Forcing ConsumerInfo to go through exercise of investigating domains that do not even compete against ConsumerInfo is an act of harassment, rather than a genuine attempt to discover admissible evidence.

For those domains that do compete against ConsumerInfo, ConsumerInfo does not have information to form a conclusive belief as to confusing similarity, particularly with respect to the "actual confusion," "marketing channels," and "defendant's intent" factors.

The competitive domains raised in the requests are almost all websites that consist of links to other competitors of ConsumerInfo, such as Defendants in this case and others.  These sites are poorly promoted and have no customers of their own at the individual consumer level.  Rather, they are advertisers for ConsumerInfo's competitors.  Because these sites have no customers of their own to make complaints, it is highly unlikely ConsumerInfo will discover consumer complaints about these websites that indicate actual confusion.  *Cf. Beer Nuts v. Clover Club Foods Co.*, 804 F.2d 920 (10th Cir. 1986) ("Purchasers are unlikely to bother to inform the trademark owner when they are confused about an inexpensive product.").  By contrast, with respect to Defendants, ConsumerInfo has found numerous examples of actual confusion, which supports its decision to sue the Defendants over the domains at in this case.  *World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482 (5th Cir. 1971) ("There can be no more positive or substantial proof of the likelihood of confusion than proof of actual confusion.").

Another way to discover actual confusion evidence is to hire an expert

1   to conduct a likelihood of confusion survey.  However, given that it would costs

2   hundreds of thousands of dollars, if not more, to conduct a likelihood of confusion

3   survey on thirty-eight different domains, the expense is completely unjustified.

4          ConsumerInfo is similarly in the dark with respect to the marketing

5   channels used by the competitive domains that are the subject of the requests.

6   These domains have little visibility in the market place.  ConsumerInfo is not aware

7   of the exact methods these websites use to draw traffic to them.

8          Defendants, on the other hand, are well known to ConsumerInfo.  For

9   example, Defendants pay search engines such as Google large sums of money to

10  ensure their websites appear high in the search results whenever a person looking

11  for ConsumerInfo types "FreeCreditReport.com" into the search engine.  Because

12  Defendants openly spend a great deal of money to confuse customers,

13  ConsumerInfo has a strong basis for believing that Defendants' use of the domains

14  that are the subject of this case are likely to cause confusion.  Similar information is

15  not available with respect to the domains that are the subject of the requests.

16         Likewise, ConsumerInfo has limited information as to intent of the

17  domain owners who are the subject of the requests.  ConsumerInfo has not closely

18  monitored the activities of the owners of these domains, much less has it served

19  subpoenas on the owners of these domains to obtain documents concerning their

20  intent.

21         Given the limited information available to ConsumerInfo about these

22  domains, ConsumerInfo's beliefs about them would not meaningfully inform the

23  fact finder about any of the issues relevant to the case.  They only prove banalities

24  such as that dating websites are not competitors of ConsumerInfo.  Thus, the

25  requests are not reasonably calculated to lead to the discovery of admissible

26  evidence and are harassing.

27              **(2)    One Tech Mischaracterizes the USPTO Filings.**

28         In an attempt to conjure an argument for the relevance of these domain

1    names, One Tech mischaracterizes ConsumerInfo's statements to the USPTO.

2    These mischaracterizations are not sufficient to make the requests relevant.

3           First, One Tech claims that ConsumerInfo told the USPTO that

4    consumers "have a ready ability to distinguish among domain names incorporating

5    the terms 'free,' 'credit,' 'report,' and 'com.'"  This leaves the impression that

6    ConsumerInfo argued that any domain that incorporates "free," "credit," "report,"

7    and "com" is not confusingly similar to FREECREDITREPORT.COM.  This is not

8    what ConsumerInfo argued.

9           ConsumerInfo's mark was initially denied registration because the

10   USPTO believed there could be a likelihood of confusion with the supplemental

11   register mark CREDITREPORTS.COM.  (Korovilas Decl. Exh. E, at 2.)  In

12   response, ConsumerInfo stated that "[ConsumerInfo's] use of the word 'FREE'

13   before 'CREDITREPORT' creates an entirely different commercial impression

14   than in the cited mark."  (Korovilas Decl. Exh. F, at 7.)

15          In other words, "free" distinguished ConsumerInfo's mark from the

16   cited mark.  All but three of the 38 requests for admission concern domain names

17   that contain the word "free" in them.  Because these domains also contain the word

18   "free," there is no contradiction between ConsumerInfo's position in this case and

19   at the USPTO.

20          More fundamentally, One Tech mischaracterizes ConsumerInfo's

21   arguments to the USPTO by implying that ConsumerInfo argued that the domains

22   that are subject of the requests are not confusingly similar to

23   FREECREDITREPORT.COM.  That is not what ConsumerInfo argued either.

24          Instead, ConsumerInfo argued that CREDITREPORTS.COM is a

25   weak mark and, as a consequence, was able to coexist with similar marks without

26   causing actual confusion.  (Korovilas Decl. Exh. F, at 10) ("Not only does the Cited

27   Mark already co-exist with other marks using CREDIT REPORT, the phrase

28   CREDIT REPORT is also commonly used as an unregistered mark or name for

1  other goods and services.").  Indeed, ConsumerInfo noted that

2  CREDITREPORTS.COM was registered only on the Supplemental Register, which

3  means the mark is so weak that, in the estimation of the USPTO, it is not entitled to

4  any trademark protection.  (*Id.* at 11 ("[T]he phrase CREDIT REPORT in the Cited

5  Mark deserves only a narrow scope of protection.  This is particularly true in the

6  case of the Cited Mark, since it registered only on the Supplemental Register . . .

7  ."); *see also In re Federated Dep't Stores*, 3 U.S.P.Q. 2d 1541 (T.T.A.B. 1987)

8  ("It is overwhelmingly agreed that a Supplemental Register registration is evidence

9  of nothing more than the fact that the registration issued on the date printed thereon

10  . . . .  It is entitled to no presumptions of validity, ownership or priority.").

11          FREECREDITREPORT.COM, by contrast, is not a weak mark.  It is

12  registered on the Principal Register, giving it a presumption of distinctiveness.

13  15 U.S.C. § 1057(a) "(A certificate of registration of a mark upon the principal

14  register provided by this chapter shall be prima facie evidence of the validity the

15  registered mark . . . .").  Indeed, ConsumerInfo contends that the mark is famous.

16  ConsumerInfo's ads have been discussed or parodied in everything from late night

17  talk shows, an official political campaign ad by the current governor of New Jersey,

18  to countless You Tube tributes by ordinary Americans everywhere.

19          Given the strength of ConsumerInfo's mark, it is no surprise that

20  Defendants' infringement of FREECREDITREPORT.COM has caused and is

21  likely to continue to cause confusion.  CREDITREPORTS.COM is such a weak

22  mark, on the other hand, that the owner of that domain has ceased all trademark use

23  of it.  There is no contradiction in ConsumerInfo's position before this Court and

24  the USPTO because both of these conclusions are true:  (1)

25  CREDITREPORTS.COM is a weak mark, deserving little or no protection, and (2)

26  FREECREDITREPORT.COM is a very strong mark, entitled to broad protection.

27  One Tech's attempt to mischaracterize the record are not sufficient to makes its

28  requests relevant to any issue in this case.

1

### (3)   No Authority Supports Defendant's Requested Remedies.

2        On a motion to compel responses to requests for admission, when only

3   objections are served, the Court has authority to order an answer.  Fed. R. Civ. P.

4   36(a)(6) ("Unless the court finds an objection justified, it must order that an answer

5   be served.").  If an answer is served but is deficient because it does not fairly

6   answer the request, the Court may order an amended answer to be served or deem

7   the matter admitted.  *Id.* ("On finding that an answer does not comply with this rule,

8   the court may order that the matter is admitted or that an amended answer be

9   served."); *see also* Fed. R. Civ. P. 36(a)(4) (detailing requirements of an answer).

10        Here, ConsumerInfo has unequivocally either denied or admitted each

11   and every one of the subject requests.  Thus, ConsumerInfo has already done

12   everything which the Court has authority to order it to do.

13        In its proposed order, One Tech asks that the Court order

14   ConsumerInfo serve answers that contain no objections.  One Tech cites no

15   authority stating that a Court can prevent a party from objecting to requests for

16   admission, nor does it even attempt to explain why ConsumerInfo should not be

17   allowed to preserve its objections.  Thus, the requested remedy is clearly without

18   merit.

19        One Tech also seeks attorney's fees.  However, attorneys' fees are

20   available only "if the disclosure or requested discovery is provided after the motion

21   was filed."  Fed. R. Civ. P. 37(a)(5); *see also* Fed. R. Civ. P. 36(a)(6) (stating

22   Rule 37(a)(5) applies to a motion regarding sufficiency of answers).  Again,

23   ConsumerInfo has unequivocally admitted or denied each of the requests prior to

24   the filing of this motion.  Thus, no award of costs is available under the Federal

25   Rules.  Moreover, even if ConsumerInfo had stood by its objections, those

26   objections would be substantially justified because, as explained above, the requests

27   are burdensome and not likely to lead to the discovery of admissible evidence.

28        For all of these reasons, the motion to compel should be denied.

1

### 2.   One Tech's RFA No. 2

**REQUEST FOR ADMISSION NO. 2**

Admit that you do not believe free-report-credit.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.  ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

### a.   One Tech's Position re RFA No. 2

One Tech respectfully refers the Court to section II.1.a above.

### b.   ConsumerInfo's Position re RFA No. 2

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 3.   One Tech's RFA No. 3

**REQUEST FOR ADMISSION NO. 3**

Admit that you do not believe free-report-credit.net to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.  ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

### a.   One Tech's Position re RFA No. 3

One Tech respectfully refers the Court to section II.1.a above.

### b.   ConsumerInfo's Position re RFA No. 3

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 4.   One Tech's RFA No. 4

**REQUEST FOR ADMISSION NO. 4**

Admit that you do not believe freeannualreportcredit.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion. ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

### a.      One Tech's Position re RFA No. 4

One Tech respectfully refers the Court to section II.1.a above.

### b.      ConsumerInfo's Position re RFA No. 4

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 5.      One Tech's RFA No. 5

**REQUEST FOR ADMISSION NO. 5**

Admit that you do not believe freereportcredit.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

1    ConsumerInfo reserves the right to supplement or amend its response should this
2    domain become relevant to this litigation.

3            **a.      One Tech's Position re RFA No. 5**
4            One Tech respectfully refers the Court to section II.1.a above.

5            **b.      ConsumerInfo's Position re RFA No. 5**
6            ConsumerInfo respectfully refers the Court to section II.1.b above.

7            **6.      One Tech's RFA No. 6**
8    **REQUEST FOR ADMISSION NO. 6**

9            Admit that you do not believe freereportcredit.net to be confusingly similar
10   (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.
11   **RESPONSE TO REQUEST FOR ADMISSION NO. 6**

12           ConsumerInfo incorporates by reference the General Objections above as
13   though fully set forth herein and further objects to the request on the grounds that it
14   calls for a legal conclusion.  Further, the request seeks information protected by the
15   attorney-client privilege.  ConsumerInfo further objects to the request on the
16   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any
17   claim or defense in this matter, nor reasonably calculated to lead to the discovery of
18   admissible evidence.  ConsumerInfo further objects on the grounds that the request
19   is not relevant to any claim or defense in this matter, nor reasonably calculated to
20   lead to the discovery of admissible evidence because, to ConsumerInfo's
21   knowledge, the subject domain has not been identified as a domain at issue in this
22   case.  Further, the request calls for premature disclosure of expert opinion.
23   ConsumerInfo reserves the right to supplement or amend its response should this
24   domain become relevant to this litigation.

25           **a.      One Tech's Position re RFA No. 6**
26           One Tech respectfully refers the Court to section II.1.a above.

27           **b.      ConsumerInfo's Position re RFA No. 6**
28           ConsumerInfo respectfully refers the Court to section II.1.b above.

### 7.    One Tech's RFA No. 7

**REQUEST FOR ADMISSION NO. 7**

Admit that you do not believe reportcredit.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion. ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

### a.    One Tech's Position re RFA No. 7

One Tech respectfully refers the Court to section II.1.a above.

### b.    ConsumerInfo's Position re RFA No. 7

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 8.    One Tech's RFA No. 8

**REQUEST FOR ADMISSION NO. 8**

Admit that you do not believe reportcredit.net to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

ConsumerInfo incorporates by reference the General Objections above as

though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.  ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

### a.     One Tech's Position re RFA No. 8

One Tech respectfully refers the Court to section II.1.a above.

### b.     ConsumerInfo's Position re RFA No. 8

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 9.     One Tech's RFA No. 9

**REQUEST FOR ADMISSION NO. 9**

Admit that you do not believe reportfreecredit.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request

1   is not relevant to any claim or defense in this matter, nor reasonably calculated to

2   lead to the discovery of admissible evidence because, to ConsumerInfo's

3   knowledge, the subject domain has not been identified as a domain at issue in this

4   case.  Further, the request calls for premature disclosure of expert opinion.

5   ConsumerInfo reserves the right to supplement or amend its response should this

6   domain become relevant to this litigation.

7               **a.      One Tech's Position re RFA No. 9**

8          One Tech respectfully refers the Court to section II.1.a above.

9               **b.      ConsumerInfo's Position re RFA No. 9**

10          ConsumerInfo respectfully refers the Court to section II.1.b above.

11          **10.   One Tech's RFA No. 10**

12   **REQUEST FOR ADMISSION NO. 10**

13          Admit that you do not believe free---credit---report.com to be confusingly

14   similar (as that term is used in your complaint) to the

15   FREECREDITREPORT.COM mark.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 10**

17          ConsumerInfo incorporates by reference the General Objections above as

18   though fully set forth herein and further objects to the request on the grounds that it

19   calls for a legal conclusion.  Further, the request seeks information protected by the

20   attorney-client privilege.  ConsumerInfo further objects to the request on the

21   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

22   claim or defense in this matter, nor reasonably calculated to lead to the discovery of

23   admissible evidence.  ConsumerInfo further objects on the grounds that the request

24   is not relevant to any claim or defense in this matter, nor reasonably calculated to

25   lead to the discovery of admissible evidence because, to ConsumerInfo's

26   knowledge, the subject domain has not been identified as a domain at issue in this

27   case.  Further, the request calls for premature disclosure of expert opinion.

28   ConsumerInfo reserves the right to supplement or amend its response should this

1    domain become relevant to this litigation.

2                    **a.    One Tech's Position re RFA No. 10**

3       One Tech respectfully refers the Court to section II.1.a above.

4                    **b.    ConsumerInfo's Position re RFA No. 10**

5       ConsumerInfo respectfully refers the Court to section II.1.b above.

6            **11.   One Tech's RFA No. 11**

7    **REQUEST FOR ADMISSION NO. 11**

8          Admit that you do not believe freereportcredits.com to be confusingly similar

9    (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 11**

11         ConsumerInfo incorporates by reference the General Objections above as

12   though fully set forth herein and further objects to the request on the grounds that it

13   calls for a legal conclusion.  Further, the request seeks information protected by the

14   attorney-client privilege.  ConsumerInfo further objects to the request on the

15   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

16   claim or defense in this matter, nor reasonably calculated to lead to the discovery of

17   admissible evidence.  ConsumerInfo further objects on the grounds that the request

18   is not relevant to any claim or defense in this matter, nor reasonably calculated to

19   lead to the discovery of admissible evidence because, to ConsumerInfo's

20   knowledge, the subject domain has not been identified as a domain at issue in this

21   case.  Further, the request calls for premature disclosure of expert opinion.

22   ConsumerInfo reserves the right to supplement or amend its response should this

23   domain become relevant to this litigation.

24                    **a.    One Tech's Position re RFA No. 11**

25       One Tech respectfully refers the Court to section II.1.a above.

26                    **b.    ConsumerInfo's Position re RFA No. 11**

27       ConsumerInfo respectfully refers the Court to section II.1.b above.

28

1

### 12.    One Tech's RFA No. 12

2

**REQUEST FOR ADMISSION NO. 12**

3   Admit that you do not believe free-credit--report.com to be confusingly

4   similar (as that term is used in your complaint) to the

5   FREECREDITREPORT.COM mark.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 12**

7   ConsumerInfo incorporates by reference the General Objections above as

8   though fully set forth herein and further objects to the request on the grounds that it

9   calls for a legal conclusion.  Further, the request seeks information protected by the

10  attorney-client privilege.  ConsumerInfo further objects to the request on the

11  grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

12  claim or defense in this matter, nor reasonably calculated to lead to the discovery of

13  admissible evidence.  ConsumerInfo further objects on the grounds that the request

14  is not relevant to any claim or defense in this matter, nor reasonably calculated to

15  lead to the discovery of admissible evidence because, to ConsumerInfo's

16  knowledge, the subject domain has not been identified as a domain at issue in this

17  case.  Further, the request calls for premature disclosure of expert opinion.

18  ConsumerInfo reserves the right to supplement or amend its response should this

19  domain become relevant to this litigation.

20

### a.    One Tech's Position re RFA No. 12

21  One Tech respectfully refers the Court to section II.1.a above.

22

### b.    ConsumerInfo's Position re RFA No. 12

23  ConsumerInfo respectfully refers the Court to section II.1.b above.

24

### 13.    One Tech's RFA No. 13

25

**REQUEST FOR ADMISSION NO. 13**

26  Admit that you do not believe free--credit--report.com to be confusingly

27  similar (as that term is used in your complaint) to the

28  FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.  ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

### a.    One Tech's Position re RFA No. 13

One Tech respectfully refers the Court to section II.1.a above.

### b.    ConsumerInfo's Position re RFA No. 13

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 14.    One Tech's RFA No. 14

**REQUEST FOR ADMISSION NO. 14**

Admit that you do not believe free--credit--report.net to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the

1   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

2   claim or defense in this matter, nor reasonably calculated to lead to the discovery of

3   admissible evidence.  ConsumerInfo further objects on the grounds that the request

4   is not relevant to any claim or defense in this matter, nor reasonably calculated to

5   lead to the discovery of admissible evidence because, to ConsumerInfo's

6   knowledge, the subject domain has not been identified as a domain at issue in this

7   case.  Further, the request calls for premature disclosure of expert opinion.

8   ConsumerInfo reserves the right to supplement or amend its response should this

9   domain become relevant to this litigation.

10            **a.    One Tech's Position re RFA No. 14**

11            One Tech respectfully refers the Court to section II.1.a above.

12            **b.    ConsumerInfo's Position re RFA No. 14**

13            ConsumerInfo respectfully refers the Court to section II.1.b above.

14            **15.    One Tech's RFA No. 15**

15   **REQUEST FOR ADMISSION NO. 15**

16            Admit that you do not believe free--credit--reports.com to be confusingly

17   similar (as that term is used in your complaint) to the

18   FREECREDITREPORT.COM mark.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 15**

20            ConsumerInfo incorporates by reference the General Objections above as

21   though fully set forth herein and further objects to the request on the grounds that it

22   calls for a legal conclusion.  Further, the request seeks information protected by the

23   attorney-client privilege.  ConsumerInfo further objects to the request on the

24   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

25   claim or defense in this matter, nor reasonably calculated to lead to the discovery of

26   admissible evidence.  ConsumerInfo further objects on the grounds that the request

27   is not relevant to any claim or defense in this matter, nor reasonably calculated to

28   lead to the discovery of admissible evidence because, to ConsumerInfo's

knowledge, the subject domain has not been identified as a domain at issue in this case. Further, the request calls for premature disclosure of expert opinion. ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

### a. One Tech's Position re RFA No. 15

One Tech respectfully refers the Court to section II.1.a above.

### b. ConsumerInfo's Position re RFA No. 15

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 16. One Tech's RFA No. 16

**REQUEST FOR ADMISSION NO. 16**

Admit that you do not believe free-credit--reports-online.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion. Further, the request seeks information protected by the attorney-client privilege. ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case. Further, the request calls for premature disclosure of expert opinion. ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

1

### a.   One Tech's Position re RFA No. 16

2

One Tech respectfully refers the Court to section II.1.a above.

3

### b.   ConsumerInfo's Position re RFA No. 16

4

ConsumerInfo respectfully refers the Court to section II.1.b above.

5

### 17.   One Tech's RFA No. 17

6

**REQUEST FOR ADMISSION NO. 17**

7

Admit that you do not believe free-online-credit-report-credit-check.com to

8

be confusingly similar (as that term is used in your complaint) to the

9

FREECREDITREPORT.COM mark.

10

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**

11

ConsumerInfo incorporates by reference the General Objections above as

12

though fully set forth herein and further objects to the request on the grounds that it

13

calls for a legal conclusion.  Further, the request seeks information protected by the

14

attorney-client privilege.  ConsumerInfo further objects to the request on the

15

grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

16

claim or defense in this matter, nor reasonably calculated to lead to the discovery of

17

admissible evidence.  ConsumerInfo further objects on the grounds that the request

18

is not relevant to any claim or defense in this matter, nor reasonably calculated to

19

lead to the discovery of admissible evidence because, to ConsumerInfo's

20

knowledge, the subject domain has not been identified as a domain at issue in this

21

case.  Further, the request calls for premature disclosure of expert opinion.

22

ConsumerInfo reserves the right to supplement or amend its response should this

23

domain become relevant to this litigation.

24

### a.   One Tech's Position re RFA No. 17

25

One Tech respectfully refers the Court to section II.1.a above.

26

### b.   ConsumerInfo's Position re RFA No. 17

27

ConsumerInfo respectfully refers the Court to section II.1.b above.

28

1           **18.**    **One Tech's RFA No. 18**

2 **REQUEST FOR ADMISSION NO. 18**

3       Admit that you do not believe credit-report.com to be confusingly similar (as

4 that term is used in your complaint) to the FREECREDITREPORT.COM mark.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 18**

6       ConsumerInfo incorporates by reference the General Objections above as

7 though fully set forth herein and further objects to the request on the grounds that it

8 calls for a legal conclusion.  Further, the request seeks information protected by the

9 attorney-client privilege.  ConsumerInfo further objects to the request on the

10 grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

11 claim or defense in this matter, nor reasonably calculated to lead to the discovery of

12 admissible evidence.  ConsumerInfo further objects on the grounds that the request

13 is not relevant to any claim or defense in this matter, nor reasonably calculated to

14 lead to the discovery of admissible evidence because, to ConsumerInfo's

15 knowledge, the subject domain has not been identified as a domain at issue in this

16 case.  Further, the request calls for premature disclosure of expert opinion.

17 ConsumerInfo reserves the right to supplement or amend its response should this

18 domain become relevant to this litigation.

19           **a.**    **One Tech's Position re RFA No. 18**

20       One Tech respectfully refers the Court to section II.1.a above.

21           **b.**    **ConsumerInfo's Position re RFA No. 18**

22       ConsumerInfo respectfully refers the Court to section II.1.b above.

23          **19.**    **One Tech's RFA No. 19**

24 **REQUEST FOR ADMISSION NO. 19**

25       Admit that you do not believe credit-report.net to be confusingly similar (as

26 that term is used in your complaint) to the FREECREDITREPORT.COM mark.

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 19**

28       ConsumerInfo incorporates by reference the General Objections above as

1    though fully set forth herein and further objects to the request on the grounds that it

2    calls for a legal conclusion.  Further, the request seeks information protected by the

3    attorney-client privilege.  ConsumerInfo further objects to the request on the

4    grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

5    claim or defense in this matter, nor reasonably calculated to lead to the discovery of

6    admissible evidence.  ConsumerInfo further objects on the grounds that the request

7    is not relevant to any claim or defense in this matter, nor reasonably calculated to

8    lead to the discovery of admissible evidence because, to ConsumerInfo's

9    knowledge, the subject domain has not been identified as a domain at issue in this

10   case.  Further, the request calls for premature disclosure of expert opinion.

11   ConsumerInfo reserves the right to supplement or amend its response should this

12   domain become relevant to this litigation.

13            **a.       One Tech's Position re RFA No. 19**

14            One Tech respectfully refers the Court to section II.1.a above.

15            **b.       ConsumerInfo's Position re RFA No. 19**

16            ConsumerInfo respectfully refers the Court to section II.1.b above.

17        **20.    One Tech's RFA No. 20**

18   **REQUEST FOR ADMISSION NO. 20**

19        Admit that you do not believe credit-report.org to be confusingly similar (as

20   that term is used in your complaint) to the FREECREDITREPORT.COM mark.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 20**

22        ConsumerInfo incorporates by reference the General Objections above as

23   though fully set forth herein and further objects to the request on the grounds that it

24   calls for a legal conclusion.  Further, the request seeks information protected by the

25   attorney-client privilege.  ConsumerInfo further objects to the request on the

26   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

27   claim or defense in this matter, nor reasonably calculated to lead to the discovery of

28   admissible evidence.  ConsumerInfo further objects on the grounds that the request

1   is not relevant to any claim or defense in this matter, nor reasonably calculated to

2   lead to the discovery of admissible evidence because, to ConsumerInfo's

3   knowledge, the subject domain has not been identified as a domain at issue in this

4   case.  Further, the request calls for premature disclosure of expert opinion.

5   ConsumerInfo reserves the right to supplement or amend its response should this

6   domain become relevant to this litigation.

7                **a.**     **One Tech's Position re RFA No. 20**

8         One Tech respectfully refers the Court to section II.1.a above.

9                **b.**     **ConsumerInfo's Position re RFA No. 20**

10         ConsumerInfo respectfully refers the Court to section II.1.b above.

11         **21.**   **One Tech's RFA No. 21**

12   **REQUEST FOR ADMISSION NO. 21**

13         Admit that you do not believe 1st-free-credit-report.com to be confusingly

14   similar (as that term is used in your complaint) to the

15   FREECREDITREPORT.COM mark.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 21**

17         ConsumerInfo incorporates by reference the General Objections above as

18   though fully set forth herein and further objects to the request on the grounds that it

19   calls for a legal conclusion.  Further, the request seeks information protected by the

20   attorney-client privilege.  ConsumerInfo further objects to the request on the

21   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

22   claim or defense in this matter, nor reasonably calculated to lead to the discovery of

23   admissible evidence.  ConsumerInfo further objects on the grounds that the request

24   is not relevant to any claim or defense in this matter, nor reasonably calculated to

25   lead to the discovery of admissible evidence because, to ConsumerInfo's

26   knowledge, the subject domain has not been identified as a domain at issue in this

27   case.  Further, the request calls for premature disclosure of expert opinion.

28   ConsumerInfo reserves the right to supplement or amend its response should this

1    domain become relevant to this litigation.

2    **a.    One Tech's Position re RFA No. 21**

3    One Tech respectfully refers the Court to section II.1.a above.

4    **b.    ConsumerInfo's Position re RFA No. 21**

5    ConsumerInfo respectfully refers the Court to section II.1.b above.

6    **22.    One Tech's RFA No. 22**

7    **REQUEST FOR ADMISSION NO. 22**

8    Admit that you do not believe a-free-credit-report.com to be confusingly

9    similar (as that term is used in your complaint) to the

10   FREECREDITREPORT.COM mark.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 22**

12   ConsumerInfo incorporates by reference the General Objections above as

13   though fully set forth herein and further objects to the request on the grounds that it

14   calls for a legal conclusion.  Further, the request seeks information protected by the

15   attorney-client privilege.  ConsumerInfo further objects to the request on the

16   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

17   claim or defense in this matter, nor reasonably calculated to lead to the discovery of

18   admissible evidence.  ConsumerInfo further objects on the grounds that the request

19   is not relevant to any claim or defense in this matter, nor reasonably calculated to

20   lead to the discovery of admissible evidence because, to ConsumerInfo's

21   knowledge, the subject domain has not been identified as a domain at issue in this

22   case.  Further, the request calls for premature disclosure of expert opinion.

23   ConsumerInfo reserves the right to supplement or amend its response should this

24   domain become relevant to this litigation.

25   **a.    One Tech's Position re RFA No. 22**

26   One Tech respectfully refers the Court to section II.1.a above.

27   **b.    ConsumerInfo's Position re RFA No. 22**

28   ConsumerInfo respectfully refers the Court to section II.1.b above.

1    **23.    One Tech's RFA No. 23**

2    **REQUEST FOR ADMISSION NO. 23**

3         Admit that you do not believe e-free-credit-report.com to be confusingly

4    similar (as that term is used in your complaint) to the

5    FREECREDITREPORT.COM mark.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 23**

7         ConsumerInfo incorporates by reference the General Objections above as

8    though fully set forth herein and further objects to the request on the grounds that it

9    calls for a legal conclusion.  Further, the request seeks information protected by the

10   attorney-client privilege.  ConsumerInfo further objects to the request on the

11   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

12   claim or defense in this matter, nor reasonably calculated to lead to the discovery of

13   admissible evidence.  ConsumerInfo further objects on the grounds that the request

14   is not relevant to any claim or defense in this matter, nor reasonably calculated to

15   lead to the discovery of admissible evidence because, to ConsumerInfo's

16   knowledge, the subject domain has not been identified as a domain at issue in this

17   case.  Further, the request calls for premature disclosure of expert opinion.

18   ConsumerInfo reserves the right to supplement or amend its response should this

19   domain become relevant to this litigation.

20        **a.    One Tech's Position re RFA No. 23**

21        One Tech respectfully refers the Court to section II.1.a above.

22        **b.    ConsumerInfo's Position re RFA No. 23**

23        ConsumerInfo respectfully refers the Court to section II.1.b above.

24        **24.    One Tech's RFA No. 24**

25   **REQUEST FOR ADMISSION NO. 24**

26        Admit that you do not believe free-credit-report.com to be confusingly

27   similar (as that term is used in your complaint) to the

28   FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion. Further, the request seeks information protected by the attorney-client privilege. ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case. Further, the request calls for premature disclosure of expert opinion. ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

### a. One Tech's Position re RFA No. 24

One Tech respectfully refers the Court to section II.1.a above.

### b. ConsumerInfo's Position re RFA No. 24

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 25. One Tech's RFA No. 25

**REQUEST FOR ADMISSION NO. 25**

Admit that you do not believe free-credit-report.net to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion. Further, the request seeks information protected by the attorney-client privilege. ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion. ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

### a.     One Tech's Position re RFA No. 25

One Tech respectfully refers the Court to section II.1.a above.

### b.     ConsumerInfo's Position re RFA No. 25

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 26.    One Tech's RFA No. 26

**REQUEST FOR ADMISSION NO. 26**

Admit that you do not believe free-credit-report.org to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

1   ConsumerInfo reserves the right to supplement or amend its response should this
2   domain become relevant to this litigation.

3       **a.**  **One Tech's Position re RFA No. 26**
4     One Tech respectfully refers the Court to section II.1.a above.

5       **b.**  **ConsumerInfo's Position re RFA No. 26**
6     ConsumerInfo respectfully refers the Court to section II.1.b above.

7      **27.**  **One Tech's RFA No. 27**
8   **REQUEST FOR ADMISSION NO. 27**

9     Admit that you do not believe free--credit-report.com to be confusingly
10   similar (as that term is used in your complaint) to the
11   FREECREDITREPORT.COM mark.
12   **RESPONSE TO REQUEST FOR ADMISSION NO. 27**

13     ConsumerInfo incorporates by reference the General Objections above as
14   though fully set forth herein and further objects to the request on the grounds that it
15   calls for a legal conclusion.  Further, the request seeks information protected by the
16   attorney-client privilege.  ConsumerInfo further objects to the request on the
17   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any
18   claim or defense in this matter, nor reasonably calculated to lead to the discovery of
19   admissible evidence.  ConsumerInfo further objects on the grounds that the request
20   is not relevant to any claim or defense in this matter, nor reasonably calculated to
21   lead to the discovery of admissible evidence because, to ConsumerInfo's
22   knowledge, the subject domain has not been identified as a domain at issue in this
23   case.  Further, the request calls for premature disclosure of expert opinion.
24   ConsumerInfo reserves the right to supplement or amend its response should this
25   domain become relevant to this litigation.

26       **a.**  **One Tech's Position re RFA No. 27**
27     One Tech respectfully refers the Court to section II.1.a above.

28

### b.     ConsumerInfo's Position re RFA No. 27

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 28.     One Tech's RFA No. 28

**REQUEST FOR ADMISSION NO. 28**

Admit that you do not believe free--credit-report.net to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion. ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

### a.     One Tech's Position re RFA No. 28

One Tech respectfully refers the Court to section II.1.a above.

### b.     ConsumerInfo's Position re RFA No. 28

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 29.     One Tech's RFA No. 29

**REQUEST FOR ADMISSION NO. 29**

Admit that you do not believe free-instant-credit-report.com to be

1  confusingly similar (as that term is used in your complaint) to the

2  FREECREDITREPORT.COM mark.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 29**

4  　　　ConsumerInfo incorporates by reference the General Objections above as

5  though fully set forth herein and further objects to the request on the grounds that it

6  calls for a legal conclusion.  Further, the request seeks information protected by the

7  attorney-client privilege.  ConsumerInfo further objects to the request on the

8  grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

9  claim or defense in this matter, nor reasonably calculated to lead to the discovery of

10  admissible evidence.  ConsumerInfo further objects on the grounds that the request

11  is not relevant to any claim or defense in this matter, nor reasonably calculated to

12  lead to the discovery of admissible evidence because, to ConsumerInfo's

13  knowledge, the subject domain has not been identified as a domain at issue in this

14  case.  Further, the request calls for premature disclosure of expert opinion.

15  ConsumerInfo reserves the right to supplement or amend its response should this

16  domain become relevant to this litigation.

17  　　　　　　　**a.**　　**One Tech's Position re RFA No. 29**

18  　　　One Tech respectfully refers the Court to section II.1.a above.

19  　　　　　　　**b.**　　**ConsumerInfo's Position re RFA No. 29**

20  　　　ConsumerInfo respectfully refers the Court to section II.1.b above.

21  　　　　　　　**30.**　　**One Tech's RFA No. 30**

22  **REQUEST FOR ADMISSION NO. 30**

23  　　　Admit that you do not believe free-instant-credit-report.net to be confusingly

24  similar (as that term is used in your complaint) to the

25  FREECREDITREPORT.COM mark.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 30**

27  　　　ConsumerInfo incorporates by reference the General Objections above as

28  though fully set forth herein and further objects to the request on the grounds that it

calls for a legal conclusion.  Further, the request seeks information protected by the

attorney-client privilege.  ConsumerInfo further objects to the request on the

grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

claim or defense in this matter, nor reasonably calculated to lead to the discovery of

admissible evidence.  ConsumerInfo further objects on the grounds that the request

is not relevant to any claim or defense in this matter, nor reasonably calculated to

lead to the discovery of admissible evidence because, to ConsumerInfo's

knowledge, the subject domain has not been identified as a domain at issue in this

case.  Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo reserves the right to supplement or amend its response should this

domain become relevant to this litigation.

### a.   One Tech's Position re RFA No. 30

One Tech respectfully refers the Court to section II.1.a above.

### b.   ConsumerInfo's Position re RFA No. 30

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 31.   One Tech's RFA No. 31

**REQUEST FOR ADMISSION NO. 31**

Admit that you do not believe get-credit-report.com to be confusingly similar

(as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**

ConsumerInfo incorporates by reference the General Objections above as

though fully set forth herein and further objects to the request on the grounds that it

calls for a legal conclusion.  Further, the request seeks information protected by the

attorney-client privilege.  ConsumerInfo further objects to the request on the

grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

claim or defense in this matter, nor reasonably calculated to lead to the discovery of

admissible evidence.  ConsumerInfo further objects on the grounds that the request

is not relevant to any claim or defense in this matter, nor reasonably calculated to

1  lead to the discovery of admissible evidence because, to ConsumerInfo's

2  knowledge, the subject domain has not been identified as a domain at issue in this

3  case.  Further, the request calls for premature disclosure of expert opinion.

4  ConsumerInfo reserves the right to supplement or amend its response should this

5  domain become relevant to this litigation.

6       **a. One Tech's Position re RFA No. 31**

7    One Tech respectfully refers the Court to section II.1.a above.

8       **b. ConsumerInfo's Position re RFA No. 31**

9    ConsumerInfo respectfully refers the Court to section II.1.b above.

10     **32. One Tech's RFA No. 32**

11  **REQUEST FOR ADMISSION NO. 32**

12    Admit that you do not believe get-free-credit-report.com to be confusingly

13  similar (as that term is used in your complaint) to the

14  FREECREDITREPORT.COM mark.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 32**

16    ConsumerInfo incorporates by reference the General Objections above as

17  though fully set forth herein and further objects to the request on the grounds that it

18  calls for a legal conclusion.  Further, the request seeks information protected by the

19  attorney-client privilege.  ConsumerInfo further objects to the request on the

20  grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

21  claim or defense in this matter, nor reasonably calculated to lead to the discovery of

22  admissible evidence.  ConsumerInfo further objects on the grounds that the request

23  is not relevant to any claim or defense in this matter, nor reasonably calculated to

24  lead to the discovery of admissible evidence because, to ConsumerInfo's

25  knowledge, the subject domain has not been identified as a domain at issue in this

26  case.  Further, the request calls for premature disclosure of expert opinion.

27  ConsumerInfo reserves the right to supplement or amend its response should this

28  domain become relevant to this litigation.

1

          **a.**      **One Tech's Position re RFA No. 32**

2

One Tech respectfully refers the Court to section II.1.a above.

3

          **b.**      **ConsumerInfo's Position re RFA No. 32**

4

ConsumerInfo respectfully refers the Court to section II.1.b above.

5

      **33.**     **One Tech's RFA No. 33**

6

**REQUEST FOR ADMISSION NO. 33**

7

Admit that you do not believe get-free-credit-report.net to be confusingly

8

similar (as that term is used in your complaint) to the

9

FREECREDITREPORT.COM mark.

10

**RESPONSE TO REQUEST FOR ADMISSION NO. 33**

11

ConsumerInfo incorporates by reference the General Objections above as

12

though fully set forth herein and further objects to the request on the grounds that it

13

calls for a legal conclusion.  Further, the request seeks information protected by the

14

attorney-client privilege.  ConsumerInfo further objects to the request on the

15

grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

16

claim or defense in this matter, nor reasonably calculated to lead to the discovery of

17

admissible evidence.  ConsumerInfo further objects on the grounds that the request

18

is not relevant to any claim or defense in this matter, nor reasonably calculated to

19

lead to the discovery of admissible evidence because, to ConsumerInfo's

20

knowledge, the subject domain has not been identified as a domain at issue in this

21

case.  Further, the request calls for premature disclosure of expert opinion.

22

ConsumerInfo reserves the right to supplement or amend its response should this

23

domain become relevant to this litigation.

24

          **a.**      **One Tech's Position re RFA No. 33**

25

One Tech respectfully refers the Court to section II.1.a above.

26

          **b.**      **ConsumerInfo's Position re RFA No. 33**

27

ConsumerInfo respectfully refers the Court to section II.1.b above.

28

1

2

### 34.   One Tech's RFA No. 34

**REQUEST FOR ADMISSION NO. 34**

3

4

5

Admit that you do not believe get-free-credit-report.org to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

6

**RESPONSE TO REQUEST FOR ADMISSION NO. 34**

7

8

9

10

11

12

13

14

15

16

17

18

19

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion. ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

20

#### a.   One Tech's Position re RFA No. 34

21

One Tech respectfully refers the Court to section II.1.a above.

22

#### b.   ConsumerInfo's Position re RFA No. 34

23

ConsumerInfo respectfully refers the Court to section II.1.b above.

24

### 35.   One Tech's RFA No. 35

25

**REQUEST FOR ADMISSION NO. 35**

26

27

28

Admit that you do not believe my-free-credit-report.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.  ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

### a.    One Tech's Position re RFA No. 35

One Tech respectfully refers the Court to section II.1.a above.

### b.    ConsumerInfo's Position re RFA No. 35

ConsumerInfo respectfully refers the Court to section II.1.b above.

### 36.    One Tech's RFA No. 36

**REQUEST FOR ADMISSION NO. 36**

Admit that you do not believe myfree-credit-report.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the

1   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

2   claim or defense in this matter, nor reasonably calculated to lead to the discovery of

3   admissible evidence.  ConsumerInfo further objects on the grounds that the request

4   is not relevant to any claim or defense in this matter, nor reasonably calculated to

5   lead to the discovery of admissible evidence because, to ConsumerInfo's

6   knowledge, the subject domain has not been identified as a domain at issue in this

7   case.  Further, the request calls for premature disclosure of expert opinion.

8   ConsumerInfo reserves the right to supplement or amend its response should this

9   domain become relevant to this litigation.

### a.   One Tech's Position re RFA No. 36

10

11   One Tech respectfully refers the Court to section II.1.a above.

### b.   ConsumerInfo's Position re RFA No. 36

12

13   ConsumerInfo respectfully refers the Court to section II.1.b above.

### 37.   One Tech's RFA No. 37

14

15   **REQUEST FOR ADMISSION NO. 37**

16   Admit that you do not believe online-free-credit-report.com to be confusingly

17   similar (as that term is used in your complaint) to the

18   FREECREDITREPORT.COM mark.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 37**

20   ConsumerInfo incorporates by reference the General Objections above as

21   though fully set forth herein and further objects to the request on the grounds that it

22   calls for a legal conclusion.  Further, the request seeks information protected by the

23   attorney-client privilege.  ConsumerInfo further objects to the request on the

24   grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

25   claim or defense in this matter, nor reasonably calculated to lead to the discovery of

26   admissible evidence.  ConsumerInfo further objects on the grounds that the request

27   is not relevant to any claim or defense in this matter, nor reasonably calculated to

28   lead to the discovery of admissible evidence because, to ConsumerInfo's

1   knowledge, the subject domain has not been identified as a domain at issue in this

2   case.  Further, the request calls for premature disclosure of expert opinion.

3   ConsumerInfo reserves the right to supplement or amend its response should this

4   domain become relevant to this litigation.

5   ### a.   One Tech's Position re RFA No. 37

6   One Tech respectfully refers the Court to section II.1.a above.

7   ### b.   ConsumerInfo's Position re RFA No. 37

8   ConsumerInfo respectfully refers the Court to section II.1.b above.

9   ### 38.   One Tech's RFA No. 40

10  **REQUEST FOR ADMISSION NO. 40**

11  Admit that you do not believe freecreditscore.com to be confusingly similar

12  (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 40**

14  ConsumerInfo incorporates by reference the General Objections above as

15  though fully set forth herein and further objects to the request on the grounds that it

16  calls for a legal conclusion.  Further, the request seeks information protected by the

17  attorney-client privilege.  ConsumerInfo further objects to the request on the

18  grounds that ConsumerInfo's opinion as to this legal question is not relevant to any

19  claim or defense in this matter, nor reasonably calculated to lead to the discovery of

20  admissible evidence.  ConsumerInfo further objects on the grounds that the request

21  is not relevant to any claim or defense in this matter, nor reasonably calculated to

22  lead to the discovery of admissible evidence because, to ConsumerInfo's

23  knowledge, the subject domain has not been identified as a domain at issue in this

24  case.  Further, the request calls for premature disclosure of expert opinion.

25  ConsumerInfo reserves the right to supplement or amend its response should this

26  domain become relevant to this litigation.

27  ### a.   One Tech's Position re RFA No. 40

28  One Tech respectfully refers the Court to section II.1.a above.

1

**b.   ConsumerInfo's Position re RFA No. 40**

2

ConsumerInfo respectfully refers the Court to section II.1.b above.

3

4

DATED:  March **29** 2010

5

RHONDA R. TROTTER, Bar Number 169241
rtrotter@kayescholer.com

6

THEODORE W. MAYA, Bar Number 223242
tmaya@kayescholer.com

7

OSCAR RAMALLO, Bar Number 241487
oramallo@kayescholer.com
KAYE SCHOLER LLP

8

1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067

9

Telephone:  (310) 788-1000
Facsimile:   (310) 788-1200

10

11

By: _____

12

Oscar Ramallo

13

Attorneys for Plaintiff and Counter-Defendant
CONSUMERINFO.COM, INC.

14

DATED:  March **30** 2010

15

KENT B. GOSS, Bar Number 131499
kgoss@orrick.com

16

VALERIE M. GOO, Bar Number 187334
vgoo@orrick.com
SETH FREILICH, Bar Number 217321

17

sfreilich@orrick.com
DIMITRIOS KOROVILAS, Bar Number 247230

18

dkorovilas@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP

19

777 Figueroa St., Suite 3200
Los Angeles, CA  90017

20

Telephone: 213-629-2020
Facsimile: 213-612-2429

21

By: _____

22

Dimitrios Korovilas

23

Attorneys for Defendant and Counter-Claimant
ONE TECHNOLOGIES LP

24

25

26

27

28