1  Rhonda R. Trotter, Bar Number 169241
   rtrotter@kayescholer.com
2  Theodore W. Maya, Bar Number 223242
   tmaya@kayescholer.com
3  Oscar Ramallo, Bar Number 241487
   oramallo@kayescholer.com
4  KAYE SCHOLER LLP
   1999 Avenue of the Stars, Suite 1700
5  Los Angeles, California  90067
   Telephone:  (310) 788-1000
6  Facsimile:   (310) 788-1200

7  Attorneys for Plaintiff
   CONSUMERINFO.COM, INC.
8

9

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                    WESTERN DIVISION

13

14  CONSUMERINFO.COM, INC., a          )  **Case No.  CV 09-3783-VBF(MANx)**
    California corporation,            )
15                                     )  **DECLARATION OF OSCAR**
                                       )  **RAMALLO IN OPPOSITION TO**
16                                     )  **ONE TECHNOLOGIES LP'S**
              Plaintiff,               )  **MOTION TO COMPEL**
17                                     )  **RESPONSES TO REQUESTS FOR**
         v.                            )  **ADMISSIONS AND SANCTIONS**
18                                     )
    ALEX CHANG, an individual, et al., )  Discovery Cutoff:      June 4, 2010
19                                     )  Pretrial Conference:   Oct. 4, 2010
                                       )  Trial date:            Oct. 19, 2010
20            Defendants.              )
                                       )
21                                     )
                                       )  **Hearing:      April 20, 2010, at 10:00 am**
22                                     )  Judge:      Hon. Margaret A. Nagle
                                       )
23  _____       )
                                       )  [Filed Concurrently with Joint
24                                     )  Stipulation Per Local Rule 37; Notice of
    AND RELATED COUNTERCLAIMS          )  Motion; [Proposed] Order; Decl. of
25                                     )  Dimitrios v. Korovilas]
    _____       )
26

27

28

KAYE SCHOLER LLP

**KAYE SCHOLER LLP**

## DECLARATION OF OSCAR RAMALLO

I, Oscar Ramallo, declare:

1.      I am an attorney licensed to practice law in the State of California, and I am an associate in the law firm of Kaye Scholer LLP, attorneys for Plaintiff ConsumerInfo.com, Inc. ("ConsumerInfo") in this action.  I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would testify competently thereto.

2.      During the meet and confer process, I stated to Dimitrios Korovilas, counsel for One Technologies LP ("One Tech"), that One Tech's Requests for Admission 1-37 and 40 were irrelevant to the issues in this litigation, as well as unduly burdensome.  ConsumerInfo has never claimed in this lawsuit that the domains that are the subject of these requests are infringing.  Further, I explained that, given that likelihood of confusion is a multifactor test, the expense to ConsumerInfo in conducting an investigation into whether each of those domains meets the test of likelihood of confusion would be unjustified.

3.      When One Tech served its portion of the joint stipulation on Thursday, March 18, ConsumerInfo decided to respond these Requests for Admission, solely to avoid the expense to ConsumerInfo and burden on the Court of a motion to compel.

4.      Accordingly, on March 21, 2010, at 11:56 a.m., ConsumerInfo served by email and regular mail its amended responses to requests 1-37 and 40.  In the transmitting email I noted that the amended responses "contain substantive responses to RFA's 1-37 and 40" and asked counsel to "[p]lease let me know if this does not resolve the motion to compel served on Thursday, March 18."

5.      On Tuesday, March 22, 2010, Mr. Korovilas called me inquiring about another matter.  At that time, I asked him whether One Tech still intended to file its motion to compel, given that ConsumerInfo's amended responses gave unequivocal admissions and denials to each of the subject requests.  Mr. Korovilas informed me that he would get back to me.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAYE SCHOLER LLP

6.      At 4:46 p.m. on March 25, 2010, the day ConsumerInfo's portion of the joint stipulation was due to One Tech, I received a letter by email from Mr. Korovilas stating that One Tech still intended to file the motion.  Mr. Korovilas demanded that ConsumerInfo verify its responses and delete all objections in its responses.  I responded to Mr. Korovilas that there is no requirement that responses to requests for admission be verified, nor is there any basis for One Tech to compel ConsumerInfo to delete its objections from its responses.

7.      This email thread and the attached letter is attached hereto as **Exhibit A**.

8.      ConsumerInfo's amended responses are attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 29th day of March, 2010

_____/s/_____

Oscar Ramallo

23285273.DOC                    DECLARATION OF OSCAR RAMALLOS IN OPP. TO MOT. TO COMPEL

# EXHIBIT A

| Oscar Ramallo/LA/US/KSFHH | To | "Korovilas, Dimitrios" <dkorovilas@orrick.com> |
|---|---|---|
| 03/25/2010 05:35 PM | cc | DONOIANJ@gtlaw.com, GarfieldH@gtlaw.com, RTrotter@kayescholer.com, "Theodore Maya" <TMaya@kayescholer.com>, "Goo, Valerie" |
| | bcc | |
| | Subject | RE: ConsumerInfo v. One Tech et al -- letter re keyword reporting info  |

Dimitri:

In response to your letter, there is no requirement that responses to requests for admission be verified. Nor is there any basis for One Tech to compel ConsumerInfo to delete its objections from its responses. Given that ConsumerInfo has unequivocally denied or admitted each and every request, your motion is without any merit.

ConsumerInfo's portion of the joint stipulation is attached.  This email thread should serve as Exhibit A to my declaration.

Best,
Oscar



Exh B Srv10-03-22 CIC's First Amended Responses to One Tech's First RFA's.pdf



23285293.DOCX  23285273.DOC

"Korovilas, Dimitrios" <dkorovilas@orrick.com>

| "Korovilas, Dimitrios" <dkorovilas@orrick.com> | To | "Oscar Ramallo" <ORamallo@kayescholer.com>; DONOIANJ@gtlaw.com; GarfieldH@gtlaw.com; "Goo, Valerie" <vgoo@orrick.com> |
|---|---|---|
| 03/25/2010 04:45 PM | cc | "Theodore Maya" <TMaya@kayescholer.com>; RTrotter@kayescholer.com |
| | Subject | RE: ConsumerInfo v. One Tech et al -- letter re keyword reporting info |

Oscar,

Please see the attached letter in response to your e-mail below regarding ConsumerInfo's amended responses to One Technologies' first set of requests for admission.

-Dimitri

**From:** Oscar Ramallo [mailto:ORamallo@kayescholer.com]
**Sent:** Monday, March 22, 2010 11:57 AM
**To:** Korovilas, Dimitrios; DONOIANJ@gtlaw.com; GarfieldH@gtlaw.com; Goo, Valerie
**Cc:** Theodore Maya; RTrotter@kayescholer.com
**Subject:** ConsumerInfo v. One Tech et al -- letter re keyword reporting info


Counsel:

Please find attached ConsumerInfo's First Amended Responses to One Technologies' First Requests for Admission. These contain substantive responses to RFA's 1- 37 and 40. Please let me know immediately if this does not resolve the motion to compel served on Thursday, March 18.


Best,
Oscar

*(See attached file: Srv10-03-22 CIC's First Amended Responses to One Tech's First RFA's.pdf)*

```
"EMF <orrick.com>" made the following annotations.
-----------------------------------------------------------------
-------------
=========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.



=========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
```

http://www.orrick.com/
==========================================================
====================================================================
==============



3-25-10 Ltr to Ramallo re RFAs.pdf



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CALIFORNIA  90017-5855

*tel  +1-213-629-2020*
*fax  +1-213-612-2499*

WWW.ORRICK.COM

March 25, 2010

Dimitrios V. Korovilas
(213) 612-2176
dkorovilas@orrick.com

*VIA EMAIL*

Oscar Ramallo
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067
ORamallo@kayescholer.com

Re:   ConsumerInfo v. One Technologies et al. – Motion to Compel re RFAs

Dear Oscar:

This letter is in response to your e-mail dated March 22, 2010, which attached ConsumerInfo's amended responses to One Technologies' first set of requests for admission and inquired as to whether those amended responses resolved our motion to compel, served Thursday, March 18, 2010, pursuant to local civil rule 37-2.

It should come as no surprise that ConsumerInfo's unverified, amended responses do not resolve the issues in the motion.  The motion seeks an order compelling ConsumerInfo to serve responses that delete all objections and admit or deny the requests in accordance with Fed. R. Civ. P. 36.  *See* [Proposed] Order at 1:13-20; Joint Stipulation at 4:6-10, 12:9-10.  Rather than delete the previously asserted objections, ConsumerInfo's amended responses retain the original objections and then go on to insert multiple pages of new objections long since waived as well as irrelevant legal argument. None of the amended answers served in response to requests for admission 1-37 and 40 are proper responses.  Accordingly, barring correction of these deficiencies, we plan to move forward with our motion to compel and expect ConsumerInfo to comply with its obligations under local civil rule 32-2.

One Technologies is willing to take the motion to compel off calendar, however, if ConsumerInfo agrees to serve amended answers that correct these problems.  Specifically, ConsumerInfo must either plainly admit or deny each request or admit or deny as much of the request as possible subject only to an appropriate qualifier.  For example, in those responses where ConsumerInfo has now denied the requests for admission, ConsumerInfo must serve amended responses that contain only the language presented at, for example, page 11 lines 16-23 of the amended responses.  In those responses where ConsumerInfo has now admitted the requests for admission, ConsumerInfo must serve amended responses that contain only the language presented at, for example, page 12 line 23 through page 13 line 1 (ending at "confusingly similar.") and page 13 line 12.  All other objections,

Exhibit A
7



**ORRICK**

Oscar Ramallo
March 25, 2010
Page 2

legal argument, and explanatory language must be deleted.  Moreover, ConsumerInfo must serve a
verification of its responses.

Please let me know immediately whether ConsumerInfo is amenable to serving such amended
responses.  If not, we shall proceed with the motion to compel as calendared.

Sincerely,

Dimitrios V. Korovilas

Exhibit A
8

# EXHIBIT B

1  RHONDA R. TROTTER (State Bar No. 169241)
   Email address:  rtrotter@kayescholer.com
2  OSCAR RAMALLO (State Bar No. 241487)
   Email address:  oramallo@kayescholer.com
3  KAYE SCHOLER LLP
   1999 Avenue of the Stars, Suite 1700
4  Los Angeles, California  90067
   Telephone:  (310) 788-1000
5  Facsimile:   (310) 788-1200

6  Attorneys for Plaintiff
   CONSUMERINFO.COM, INC.
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **WESTERN DIVISION**

11  CONSUMERINFO.COM, INC., a            ) Case No. CV 09-3783-VBF (MANx)
    California corporation,              )
12                                       )
                                         ) **PLAINTIFF CONSUMERINFO.COM,**
13              Plaintiff,               ) **INC.'S FIRST AMENDED RESPONSE**
                                         ) **TO DEFENDANT ONE**
14        v.                             ) **TECHNOLOGIES LP'S FIRST SET**
                                         ) **OF REQUESTS FOR ADMISSIONS**
15                                       )
    ALEX CHANG, an individual; ONE       )
16  TECHNOLOGIES MANAGEMENT              ) Judge:   Hon. Valerie Baker Fairbank
    LLC, a Texas corporation; ONE        )
17  TECHNOLOGIES LP, a Delaware          )
    limited partnership; ADAPTIVE        )
18  MARKETING LLC, a Delaware            )
    corporation; and DOES 1-50,          )
19  inclusive,                           )
                                         )
20              Defendants.              )
                                         )
21  _____  )
22

23  PROPOUNDING PARTY:        ONE TECHNOLOGIES LP

24  RESPONDING PARTY:         CONSUMERINFO.COM, INC.

25  SET NO.:                  ONE

26

27

28

K A Y E   S C H O L E R   LLP

KAYE SCHOLER LLP

1    Plaintiff ConsumerInfo.com, Inc. (**"ConsumerInfo"**) provides these responses

2    to the Requests for Admissions propounded by Defendant One Technologies LP

3    (**"One Tech"**) as follows.

4    ### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

5    ConsumerInfo's responses to the requests are based only upon such information

6    and documentation that is currently available and specifically known to it.  These

7    responses are neither intended as, nor shall in any way be deemed, an admission or

8    representation that further facts, documents, or witnesses having knowledge relevant

9    to the subject matter of the requests do not exist.

10   Discovery in this action is not complete, and it is anticipated that further

11   investigation and discovery will follow.  In particular, Defendants have yet to provide

12   ConsumerInfo with documents in response to ConsumerInfo's production requests

13   and thus ConsumerInfo cannot now provide responses based on the content of those

14   documents.  Responses herein are made in a good faith effort to provide that

15   information which is presently in the possession, custody or control of ConsumerInfo

16   and ConsumerInfo specifically reserves its right to modify or supplement its responses

17   with such pertinent information or documents as it may discover subsequently.

18   Further, these responses are given without prejudice to ConsumerInfo's right to

19   use or rely on at any time, including at trial, documents in its possession, custody or

20   control as a result of Defendants' production or subsequently discovered information

21   or documents or information or documents omitted from these responses as a result of

22   mistake, error, oversight, or inadvertence, whether or not hereafter provided to One

23   Tech.

24   ConsumerInfo also specifically reserves the right to object to providing any

25   subsequently discovered information and, by its responses herein, expressly does not

26   waive any such objections.  Nothing in these responses shall be construed as a waiver

27   of any applicable statutory or common-law privilege or work product protection.

28   1.    ConsumerInfo's responses are made subject to the following statements

1

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

1  and general objections ("**General Objections**"), which apply to each and every

2  interrogatory and which are incorporated into each and every response herein.

3      2.    ConsumerInfo objects to the requests to the extent that they seek to

4  impose requirements that are inconsistent with, or in addition to, the provisions of the

5  Federal Rules of Civil Procedure.  ConsumerInfo will respond to the interrogatories

6  pursuant solely to the obligations imposed by the Federal Rules of Civil Procedure.

7      3.    ConsumerInfo further objects to the requests to the extent the requests:

8  (a) are overbroad or (b) seek information that is not relevant to a claim or defense.

9      4.    ConsumerInfo objects to the requests to the extent that they seek

10  information that (a) is protected from discovery by the attorney-client privilege, the

11  attorney work product doctrine or other privilege or immunity, or (b) would result in

12  the disclosure of information in violation of privacy rights of individuals under any

13  constitutional, statutory, or common law right of privacy of any person.

14      5.    ConsumerInfo objects to each request to the extent it seeks information

15  that includes trade secrets, confidential, and/or proprietary information.

16      **RESPONSES TO REQUESTS FOR ADMISSIONS**

17  **REQUEST FOR ADMISSION NO. 1:**

18      Admit that you do not believe annualfreecreditreport.com to be confusingly

19  similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

20  mark.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

22      ConsumerInfo incorporates by reference the General Objections above as

23  though fully set forth herein and further objects to the request on the grounds that it

24  calls for a legal conclusion.  Further, the request seeks information protected by the

25  attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

26  that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

27  defense in this matter, nor reasonably calculated to lead to the discovery of admissible

28  evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

KAYE SCHOLER LLP

1   to any claim or defense in this matter, nor reasonably calculated to lead to the

2   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

3   domain has not been identified as a domain at issue in this case.  Further, the request

4   calls for premature disclosure of expert opinion.

5       ConsumerInfo further objects that the information needed to respond to this

6   request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

7   "an appreciable number of prudent purchasers are likely to be misled, or indeed

8   simply confused, as to the source of the goods."  *McGregor-Dongier, Inc. v. Drizzle,*

9   *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

10  or jury in a case does not look only at the similarity of the plaintiff's and defendant's

11  trademarks.  The reason for this is that "few would be stupid enough to make exact

12  copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

13  employ enough points of similarity to confuse the public [and] enough points of

14  difference to confuse the courts."  *Baker v. Master Printers Union*, 34 F. Supp 808,

15  811 (D.N.J. 1940).

16      To protect trademark owners, judges and juries look to many factors to evaluate

17  whether a likelihood of confusion exists.  Some of these are (1) the strength of the

18  mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

19  confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

20  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

21  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

22  341, 348-49 (9th Cir. 1979).

23      Evidence of actual confusion is one of the most important factors allowing a

24  trademark owner to know when someone is infringing his or her trademark.  For

25  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

26  who were confused into thinking they were dealing with ConsumerInfo.   Take the

27  screenshot below for example:

28

KAYE SCHOLER LLP

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

KAYE SCHOLER LLP



### Mycredithealth.com Complaint

**Mycredithealth.com complaint - credit report health**

*Posted By: dimarv on 9/27/2009*    Print   Email   Link/Shar

I went into freecreditreport.com and put my credit card info in for a $1.00 processing fee. Next thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account. I did not authorize this transaction and when I call they say they have cancelled my so called "membership" which I never signed up for to begin with.

They also said they sent me an email to confirm that my "bogus" subscription was cancelled and I would be emailed a confirmation. Well after several more phone calls to this company, I still have not received the email confirmation or the refund that they promised. This company should be shut down, they are fraudently taking peoples money and although they promise a refund and cancellation, they don't give you your money back or ever send the email. I plan to contact the attorney generals office to see if they can be of futher assistance. Pls do not waste your time or money on any of these bogus companies. It is tied in with the freecreditreport.com commercial. Don't fall for it, it is fraud!!!

**Next Mycredithealth.com Review >>>**

**Dun & Bradstreet Reports**
Get D&B ® Business Reports Online in 3 Easy Steps! Start Now.
www.dnb.com

**Equifax - Official Site**
Get a Free FICO Credit Score & a Free 3-Bureau Credit Report Online!
www.Equifax.com

**Bank of America ®**
Read Our Response to the Changing Credit Card Environment and More.
www.BankofAmerica.com

Ads by Google

**Top 3 Credit Relief Firms**
Reviews of the Top Credit Card Debt Relief Companies
www.DebtSettlementReviews.net

**No More Credit Card Debt**
Find Out In 60 Seconds If You Can Eliminate 70% Of Your Debt w/o a BK
DebtRelief.us.com

**Credit Card Bailout**
Credit Card Bailout for Consumers with Over 10k in Credit Card Debt.
www.CreditCardBailout.com

**California Debt Relief**
CA Residents:Legally Eliminate Debt No Credit Checks. Easy Approval.
www.TeamKG.com

18    This is a screenshot from an online consumer complaint website.  The consumer

19   here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

20   other company, mycredithealth.com is taking $29.95 out of my checking account."

21   MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

22   most likely happened is that this person saw ConsumerInfo's advertising for

23   FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website

24   that he thought was <freecreditreport.com>.  Unlucky for him, however, the website

25   was not really ConsumerInfo's, but actually a website that One Tech uses to trick

26   people into thinking they are going to the real FREECREDITREPORT.COM site.

27    The screenshot below shows Adaptive's infringement has likewise caused

28   confusion.

Exhibit B
14





This is a screenshot of another consumer complaint website. There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report. Later, she says she was twice charged $29.95 on her credit by "privacy matters." Privacy Matters is a name used by Defendant Adaptive. This shows Adaptive too is causing

confusion with FREECREDITREPORT.COM.

At the time of this writing, it appears the website that is the subject of this request does not actually offer its own credit reporting products to consumers. Rather, it appears that it sells advertisements for the websites of ConsumerInfo's competitors. Because this website does not bill its own customers, it is much less likely that consumers would publicly complain about it, which makes it much harder for ConsumerInfo to find evidence of actual confusion. Unlike Defendants Adaptive and One Tech, who have caused thousands of consumers to complain about them, this website has not generated any complaints of which ConsumerInfo is aware.

Another important factor is the marketing channels used. For example, ConsumerInfo knows that both One Tech and Adaptive bid heavily on FREECREDITREPORT.COM in search engines like Google. Thus, when consumers like Joanna from Waukesha, Wisconsin type "freecreditreport.com" into Google looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's websites and are misled into believing those websites belong to ConsumerInfo.

With respect to the domain that is the subject of this request, ConsumerInfo is not fully aware of the marketing channels used by the owner of that domain. Without fully knowing the marketing channels used by the domain and without undertaking a comprehensive investigation for actual confusion evidence or all the other important factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the website is not confusingly similar. Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation or if new facts are discovered.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not believe free-report-credit.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion. Further, the request seeks information protected by the attorney-client privilege. ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case. Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo. A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979). To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks. The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . . [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists. Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

1  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2  341, 348-49 (9th Cir. 1979).

3        Evidence of actual confusion is one of the most important factors allowing a

4  trademark owner to know when someone is infringing his or her trademark.  For

5  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6  who were confused into thinking they were dealing with ConsumerInfo.   Take the

7  screenshot below for example:



25        This is a screenshot from an online consumer complaint website.  The consumer

26  here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27  other company, mycredithealth.com is taking $29.95 out of my checking account."

28  MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

8

PLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

KAYE SCHOLER LLP

1   most likely happened is that this person saw ConsumerInfo's advertising for
2   FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website
3   that he thought was <freecreditreport.com>.  Unlucky for him, however, the website
4   was not really ConsumerInfo's, but actually a website that One Tech uses to trick
5   people into thinking they are going to the real FREECREDITREPORT.COM site.
6       The screenshot below shows Adaptive's infringement has likewise caused
7   confusion.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9





This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

Exhibit B
20

1  confusion with FREECREDITREPORT.COM.

2      At the time of this writing, it appears the website that is the subject of this

3  request does not actually offer its own credit reporting products to consumers.  Rather,

4  it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5  Because this website does not bill its own customers, it is much less likely that

6  consumers would publicly complain about it, which makes it much harder for

7  ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8  One Tech, who have caused thousands of consumers to complain about them, this

9  website has not generated any complaints of which ConsumerInfo is aware.

10      Another important factor is the marketing channels used.  For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type "freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16      With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain.  Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar.  Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23      Deny.

24      ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 3:**

27      Admit that you do not believe free-report-credit.net to be confusingly similar

28  (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion. Further, the request seeks information protected by the attorney-client privilege. ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case. Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo. One of the most important factors in determining likelihood of confusion is whether the plaintiff and defendant offer similar products or services under their marks. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). If the plaintiff and defendant offer the same goods or services, the chances of confusion are much higher. *Id.* at 350. If the plaintiff and defendant offer different goods or services, the chances of confusion are much lower. *Id.* This is because one of the main purposes of trademark law is to prevent unfair competition from unscrupulous individuals who try to confuse consumers. *See id.* at 348.

As of the time of this writing, the website this request asks about has no content at all on it. In other words, the website is currently not even a competitor of ConsumerInfo's because it does not sell anything. Given that the website sells nothing to consumers, it is not likely that consumers would believe this website belonged to ConsumerInfo. If the website actually began competing against ConsumerInfo, it could, depending on all the other circumstances, become

12

Exhibit B
22

1  confusingly similar.  One would have to look at all the circumstances that judges and

2  juries look to when determining likelihood of confusion, such as (1) the strength of the

3  mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

4  confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

5  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

6  likelihood of expansion of the product lines.  *Sleekcraft*, 599 F.2d at 348-49.

7  However, because the website is currently not used at all in the market place,

8  ConsumerInfo does not currently believe that it is confusingly similar to

9  FREECREDITREPORT.COM under the trademark law.

10         Subject to and without waiving the foregoing objections, ConsumerInfo

11  responds:

12         Admit.

13         ConsumerInfo reserves the right to supplement or amend its response should

14  this domain become relevant to this litigation or if new facts are discovered.

15  **REQUEST FOR ADMISSION NO. 4:**

16         Admit that you do not believe freeannualreportcredit.com to be confusingly

17  similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

18  mark.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

20         ConsumerInfo incorporates by reference the General Objections above as

21  though fully set forth herein and further objects to the request on the grounds that it

22  calls for a legal conclusion.  Further, the request seeks information protected by the

23  attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

24  that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

25  defense in this matter, nor reasonably calculated to lead to the discovery of admissible

26  evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

27  to any claim or defense in this matter, nor reasonably calculated to lead to the

28  discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

KAYE SCHOLER LLP

13

1    domain has not been identified as a domain at issue in this case.  Further, the request

2    calls for premature disclosure of expert opinion.

3         ConsumerInfo further objects that the information needed to respond to this

4    request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

5    "an appreciable number of prudent purchasers are likely to be misled, or indeed

6    simply confused, as to the source of the goods."  *McGregor-Dongier, Inc. v. Drizzle,*

7    *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

8    or jury in a case does not look only at the similarity of the plaintiff's and defendant's

9    trademarks.  The reason for this is that "few would be stupid enough to make exact

10   copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

11   employ enough points of similarity to confuse the public [and] enough points of

12   difference to confuse the courts."  *Baker v. Master Printers Union*, 34 F. Supp 808,

13   811 (D.N.J. 1940).

14        To protect trademark owners, judges and juries look to many factors to evaluate

15   whether a likelihood of confusion exists.  Some of these are (1) the strength of the

16   mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

17   confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

18   be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

19   likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

20   341, 348-49 (9th Cir. 1979).

21        Evidence of actual confusion is one of the most important factors allowing a

22   trademark owner to know when someone is infringing his or her trademark.  For

23   example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

24   who were confused into thinking they were dealing with ConsumerInfo.   Take the

25   screenshot below for example:

26

27

28

KAYE SCHOLER LLP

KAYE SCHOLER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18    This is a screenshot from an online consumer complaint website.  The consumer

19  here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

20  other company, mycredithealth.com is taking $29.95 out of my checking account."

21  MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

22  most likely happened is that this person saw ConsumerInfo's advertising for

23  FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website

24  that he thought was <freecreditreport.com>.  Unlucky for him, however, the website

25  was not really ConsumerInfo's, but actually a website that One Tech uses to trick

26  people into thinking they are going to the real FREECREDITREPORT.COM site.

27    The screenshot below shows Adaptive's infringement has likewise caused

28  confusion.





This is a screenshot of another consumer complaint website. There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report. Later, she says she was twice charged $29.95 on her credit by "privacy matters." Privacy Matters is a name used by Defendant Adaptive. This shows Adaptive too is causing

confusion with FREECREDITREPORT.COM.

At the time of this writing, it appears the website that is the subject of this request does not actually offer its own credit reporting products to consumers.  Rather, it appears that it sells advertisements for the websites of ConsumerInfo's competitors.  Because this website does not bill its own customers, it is much less likely that consumers would publicly complain about it, which makes it much harder for ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and One Tech, who have caused thousands of consumers to complain about them, this website has not generated any complaints of which ConsumerInfo is aware.

Another important factor is the marketing channels used.  For example, ConsumerInfo knows that both One Tech and Adaptive bid heavily on FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's websites and are misled into believing those websites belong to ConsumerInfo.

With respect to the domain that is the subject of this request, ConsumerInfo is not fully aware of the marketing channels used by the owner of that domain.  Without fully knowing the marketing channels used by the domain and without undertaking a comprehensive investigation for actual confusion evidence or all the other important factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the website is not confusingly similar.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation or if new facts are discovered.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you do not believe freereportcredit.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo.  A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks.  The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . .  [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists.  Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

KAYE SCHOLER LLP

1  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2  341, 348-49 (9th Cir. 1979).

3       Evidence of actual confusion is one of the most important factors allowing a

4  trademark owner to know when someone is infringing his or her trademark.  For

5  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6  who were confused into thinking they were dealing with ConsumerInfo.   Take the

7  screenshot below for example:



**Mycredithealth.com Complaint**

Mycredithealth.com complaint - credit report health

Posted By: dimary on 9/27/2009          Print   Email   Link/Shar

I went into freecreditreport.com and put my credit card info in for a $1.00 processing fee. Next thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account. I did not authorize this transaction and when I call they say they have cancelled my so called "membership" which I never signed up for to begin with.

They also said they sent me an email to confirm that my "bogus" subscription was cancelled and I would be emailed a confirmation. Well after several more phone calls to this company, I still have not received the email confirmation or the refund that they promised. This company should be shut down, they are fraudently taking peoples money and although they promise a refund and cancellation, they don't give you your money back or ever send the email. I plan to contact the attorney generals office to see if they can be of futher assistance. Pls do not waste your time or money on any of these bogus companies. It is tied in with the freecreditreport.com commercial. Don't fall for it, it is fraud!!!

Next Mycredithealth.com Review >>>

*Dun & Bradstreet Reports*
Get D&B ® Business Credit Reports Online in 3 Easy Steps! Start Now.
www.dnb.com

*Equifax - Official Site*
Get a Free FICO Credit Score & a Free 3-Bureau Credit Report Online!
www.Equifax.com

*Bank of America ®*
Read Our Response to the Changing Credit Card Environment and More.
www.BankofAmerica.com

Ads by Google

*Top 3 Credit Relief Firms*
Reviews of the Top Credit Card Debt Relief Companies
www.DebtSettlementReviews.net

*No More Credit Card Debt*
Find Out In 60 Seconds If You Can Eliminate 70% Of Your Debt w/o a BK
DebtRelief.us.com

*Credit Card Bailout*
Credit Card Bailout for Consumers with Over 10k in Credit Card Debt.
www.CreditCardBailout.com

*California Debt Relief*
CA Residents:Legally Eliminate Debt No Credit Checks. Easy Approval.
www.TeamKG.com

25       This is a screenshot from an online consumer complaint website.  The consumer

26  here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27  other company, mycredithealth.com is taking $29.95 out of my checking account."

28  MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

19

KAYE SCHOLER LLP

most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION





This is a screenshot of another consumer complaint website. There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report. Later, she says she was twice charged $29.95 on her credit by "privacy matters." Privacy Matters is a name used by Defendant Adaptive. This shows Adaptive too is causing

KAYE SCHOLER LLP

1  confusion with FREECREDITREPORT.COM.

2      At the time of this writing, it appears the website that is the subject of this

3  request does not actually offer its own credit reporting products to consumers.  Rather,

4  it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5  Because this website does not bill its own customers, it is much less likely that

6  consumers would publicly complain about it, which makes it much harder for

7  ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8  One Tech, who have caused thousands of consumers to complain about them, this

9  website has not generated any complaints of which ConsumerInfo is aware.

10     Another important factor is the marketing channels used.  For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16     With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain.  Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar.  Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23     Deny.

24     ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 6:**

27     Admit that you do not believe freereportcredit.net to be confusingly similar (as

28  that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo.  One of the most important factors in determining likelihood of confusion is whether the plaintiff and defendant offer similar products or services under their marks.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).  If the plaintiff and defendant offer the same goods or services, the chances of confusion are much higher.  *Id.* at 350.  If the plaintiff and defendant offer different goods or services, the chances of confusion are much lower. *Id.*  This is because one of the main purposes of trademark law is to prevent  unfair competition from unscrupulous individuals who try to confuse consumers.  *See id.* at 348.

As of the time of this writing, the website this request asks about has no content at all on it.  In other words, the website is currently not even a competitor of ConsumerInfo's because it does not sell anything.  Given that the website sells nothing to consumers, it is not likely that consumers would believe this website belonged to ConsumerInfo.  If the website actually began competing against ConsumerInfo, it could, depending on all the other circumstances, become

23

1    confusingly similar.  One would have to look at all the circumstances that judges and

2    juries look to when determining likelihood of confusion, such as (1) the strength of the

3    mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

4    confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

5    be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

6    likelihood of expansion of the product lines.  *Sleekcraft*, 599 F.2d at 348-49.

7    However, because the website is currently not used at all in the market place,

8    ConsumerInfo does not currently believe that it is confusingly similar to

9    FREECREDITREPORT.COM under the trademark law.

10          Subject to and without waiving the foregoing objections, ConsumerInfo

11   responds:

12          Admit.

13          ConsumerInfo reserves the right to supplement or amend its response should

14   this domain become relevant to this litigation or if new facts are discovered.

15   **REQUEST FOR ADMISSION NO. 7:**

16          Admit that you do not believe reportcredit.com to be confusingly similar (as

17   that term is used in your complaint) to the FREECREDITREPORT.COM mark.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

19          ConsumerInfo incorporates by reference the General Objections above as

20   though fully set forth herein and further objects to the request on the grounds that it

21   calls for a legal conclusion.  Further, the request seeks information protected by the

22   attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

23   that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

24   defense in this matter, nor reasonably calculated to lead to the discovery of admissible

25   evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

26   to any claim or defense in this matter, nor reasonably calculated to lead to the

27   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

28   domain has not been identified as a domain at issue in this case.  Further, the request

KAYE SCHOLER LLP

24

1   calls for premature disclosure of expert opinion.

2       ConsumerInfo further objects that the information needed to respond to this

3   request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

4   "an appreciable number of prudent purchasers are likely to be misled, or indeed

5   simply confused, as to the source of the goods."  *McGregor-Dongier, Inc. v. Drizzle,*

6   *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

7   or jury in a case does not look only at the similarity of the plaintiff's and defendant's

8   trademarks.  The reason for this is that "few would be stupid enough to make exact

9   copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

10  employ enough points of similarity to confuse the public [and] enough points of

11  difference to confuse the courts."  *Baker v. Master Printers Union*, 34 F. Supp 808,

12  811 (D.N.J. 1940).

13      To protect trademark owners, judges and juries look to many factors to evaluate

14  whether a likelihood of confusion exists.  Some of these are (1) the strength of the

15  mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

16  confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

17  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

18  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

19  341, 348-49 (9th Cir. 1979).

20      Evidence of actual confusion is one of the most important factors allowing a

21  trademark owner to know when someone is infringing his or her trademark.  For

22  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

23  who were confused into thinking they were dealing with ConsumerInfo.   Take the

24  screenshot below for example:

25

26

27

28

Exhibit B
35

KAYE SCHOLER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

KAYE SCHOLER LLP

### Mycredithealth.com Complaint

**Mycredithealth.com complaint - credit report health**

*Posted By: dimary on 9/27/2009*        Print   Email   Link/Shar

I went into freecreditreport.com and put my credit card info in for a $1.00 processing fee. Next thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account. I did not authorize this transaction and when I call they say they have cancelled my so called "membership" which I never signed up for to begin with.

They also said they sent me an email to confirm that my "bogus" subscription was cancelled and I would be emailed a confirmation. Well after several more phone calls to this company, I still have not received the email confirmation or the refund that they promised. This company should be shut down, they are fraudently taking peoples money and although they promise a refund and cancellation, they don't give you your money back or ever send the email. I plan to contact the attorney generals office to see if they can be of futher assistance. Pls do not waste your time or money on any of these bogus companies. It is tied in with the freecreditreport.com commercial. Don't fall for it, it is fraud!!!

**Next Mycredithealth.com Review >>>**

**Dun & Bradstreet Reports**
Get D&B ® Business Credit Reports Online in 3 Easy Steps! Start Now.
www.dnb.com

**Equifax - Official Site**
Get a Free FICO Credit Score & a Free 3-Bureau Credit Report Online!
www.Equifax.com

**Bank of America ®**
Read Our Response to the Changing Credit Card Environment and More.
www.BankofAmerica.com

Ads by Google

**Top 3 Credit Relief Firms**
Reviews of the Top Credit Card Debt Relief Companies
www.DebtSettlementReviews.net

**No More Credit Card Debt**
Find Out In 60 Seconds If You Can Eliminate 70% Of Your Debt w/o a BK
DebtRelief.us.com

**Credit Card Bailout**
Credit Card Bailout for Consumers with Over 10k in Credit Card Debt.
www.CreditCardBailout.com

**California Debt Relief**
CA Residents:Legally Eliminate Debt No Credit Checks. Easy Approval.
www.TeamKG.com

18       This is a screenshot from an online consumer complaint website. The consumer

19 here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

20 other company, mycredithealth.com is taking $29.95 out of my checking account."

21 MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's. What

22 most likely happened is that this person saw ConsumerInfo's advertising for

23 FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website

24 that he thought was <freecreditreport.com>. Unlucky for him, however, the website

25 was not really ConsumerInfo's, but actually a website that One Tech uses to trick

26 people into thinking they are going to the real FREECREDITREPORT.COM site.

27       The screenshot below shows Adaptive's infringement has likewise caused

28 confusion.





This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

Exhibit B
37

1    confusion with FREECREDITREPORT.COM.

2    At the time of this writing, it appears the website that is the subject of this

3    request does not actually offer its own credit reporting products to consumers. Rather,

4    it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5    Because this website does not bill its own customers, it is much less likely that

6    consumers would publicly complain about it, which makes it much harder for

7    ConsumerInfo to find evidence of actual confusion. Unlike Defendants Adaptive and

8    One Tech, who have caused thousands of consumers to complain about them, this

9    website has not generated any complaints of which ConsumerInfo is aware.

10   Another important factor is the marketing channels used. For example,

11   ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12   FREECREDITREPORT.COM in search engines like Google. Thus, when consumers

13   like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14   looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15   websites and are misled into believing those websites belong to ConsumerInfo.

16   With respect to the domain that is the subject of this request, ConsumerInfo is

17   not fully aware of the marketing channels used by the owner of that domain. Without

18   fully knowing the marketing channels used by the domain and without undertaking a

19   comprehensive investigation for actual confusion evidence or all the other important

20   factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21   website is not confusingly similar. Subject to and without waiving the foregoing

22   objections, ConsumerInfo responds:

23   Deny.

24   ConsumerInfo reserves the right to supplement or amend its response should

25   this domain become relevant to this litigation or if new facts are discovered.

26   **REQUEST FOR ADMISSION NO. 8:**

27   Admit that you do not believe reportcredit.net to be confusingly similar (as

28   that term is used in your complaint) to the FREECREDITREPORT.COM mark.

Exhibit B
38

KAYE SCHOLER LLP

**KAYE SCHOLER LLP**

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo.  A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks.  The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . .  [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists.  Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

1  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2  341, 348-49 (9th Cir. 1979).

3      Evidence of actual confusion is one of the most important factors allowing a

4  trademark owner to know when someone is infringing his or her trademark.  For

5  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6  who were confused into thinking they were dealing with ConsumerInfo.   Take the

7  screenshot below for example:



25      This is a screenshot from an online consumer complaint website.  The consumer

26  here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27  other company, mycredithealth.com is taking $29.95 out of my checking account."

28  MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

K<small>AYE</small> S<small>CHOLER</small> <small>LLP</small>

30

1   most likely happened is that this person saw ConsumerInfo's advertising for

2   FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website

3   that he thought was <freecreditreport.com>.  Unlucky for him, however, the website

4   was not really ConsumerInfo's, but actually a website that One Tech uses to trick

5   people into thinking they are going to the real FREECREDITREPORT.COM site.

6         The screenshot below shows Adaptive's infringement has likewise caused

7   confusion.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAYE SCHOLER LLP





This is a screenshot of another consumer complaint website. There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report. Later, she says she was twice charged $29.95 on her credit by "privacy matters." Privacy Matters is a name used by Defendant Adaptive. This shows Adaptive too is causing

Exhibit B
42

1  confusion with FREECREDITREPORT.COM.

2      At the time of this writing, it appears the website that is the subject of this

3  request does not actually offer its own credit reporting products to consumers.  Rather,

4  it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5  Because this website does not bill its own customers, it is much less likely that

6  consumers would publicly complain about it, which makes it much harder for

7  ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8  One Tech, who have caused thousands of consumers to complain about them, this

9  website has not generated any complaints of which ConsumerInfo is aware.

10      Another important factor is the marketing channels used.  For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16      With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain.  Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar.  Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23      Deny.

24      ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 9:**

27      Admit that you do not believe reportfreecredit.com to be confusingly similar (as

28  that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo.  A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks.  The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . .  [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists.  Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

KAYE SCHOLER LLP

1   likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2   341, 348-49 (9th Cir. 1979).

3          Evidence of actual confusion is one of the most important factors allowing a

4   trademark owner to know when someone is infringing his or her trademark.  For

5   example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6   who were confused into thinking they were dealing with ConsumerInfo.   Take the

7   screenshot below for example:

8



9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25          This is a screenshot from an online consumer complaint website.  The consumer

26   here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27   other company, mycredithealth.com is taking $29.95 out of my checking account."

28   MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

KAYE SCHOLER LLP

most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.





This is a screenshot of another consumer complaint website. There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report. Later, she says she was twice charged $29.95 on her credit by "privacy matters." Privacy Matters is a name used by Defendant Adaptive. This shows Adaptive too is causing

Exhibit B
47

1   confusion with FREECREDITREPORT.COM.

2       At the time of this writing, it appears the website that is the subject of this

3   request does not actually offer its own credit reporting products to consumers.  Rather,

4   it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5   Because this website does not bill its own customers, it is much less likely that

6   consumers would publicly complain about it, which makes it much harder for

7   ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8   One Tech, who have caused thousands of consumers to complain about them, this

9   website has not generated any complaints of which ConsumerInfo is aware.

10       Another important factor is the marketing channels used.  For example,

11   ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12   FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13   like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14   looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15   websites and are misled into believing those websites belong to ConsumerInfo.

16       With respect to the domain that is the subject of this request, ConsumerInfo is

17   not fully aware of the marketing channels used by the owner of that domain.  Without

18   fully knowing the marketing channels used by the domain and without undertaking a

19   comprehensive investigation for actual confusion evidence or all the other important

20   factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21   website is not confusingly similar.  Subject to and without waiving the foregoing

22   objections, ConsumerInfo responds:

23       Deny.

24       ConsumerInfo reserves the right to supplement or amend its response should

25   this domain become relevant to this litigation or if new facts are discovered.

26   **REQUEST FOR ADMISSION NO. 10:**

27       Admit that you do not believe free---credit---report.com to be confusingly

28   similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

KAYE SCHOLER LLP

1    mark.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

3    ConsumerInfo incorporates by reference the General Objections above as

4    though fully set forth herein and further objects to the request on the grounds that it

5    calls for a legal conclusion.  Further, the request seeks information protected by the

6    attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

7    that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

8    defense in this matter, nor reasonably calculated to lead to the discovery of admissible

9    evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

10   to any claim or defense in this matter, nor reasonably calculated to lead to the

11   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

12   domain has not been identified as a domain at issue in this case.  Further, the request

13   calls for premature disclosure of expert opinion.

14   ConsumerInfo further objects that the information needed to respond to this

15   request is not fully available to ConsumerInfo.  One of the most important factors in

16   determining likelihood of confusion is whether the plaintiff and defendant offer

17   similar products or services under their marks.  *AMF, Inc. v. Sleekcraft Boats*, 599

18   F.2d 341, 348-49 (9th Cir. 1979).  If the plaintiff and defendant offer the same goods

19   or services, the chances of confusion are much higher.  *Id.* at 350.  If the plaintiff and

20   defendant offer different goods or services, the chances of confusion are much lower.

21   *Id.*

22   As of the time of this writing, this website automatically redirects the user to

23   another website called <mate1.com>, which is a dating website.  In other words, the

24   website is currently not even a competitor of ConsumerInfo's because ConsumerInfo

25   is not currently in the online matchmaking business.  Given that the website sells a

26   very different services from ConsumerInfo's products, it is not likely that consumers

27   would believe this website belonged to ConsumerInfo.  If the website in this request

28   stopped automatically redirecting to <mate1.com> and actually began competing

39

KAYE SCHOLER LLP

1  against ConsumerInfo, it could, depending on all the other circumstances, become

2  confusingly similar.  One would have to look at all the circumstances that judges and

3  juries look to when determining likelihood of confusion, such as (1) the strength of the

4  mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

5  confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

6  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

7  likelihood of expansion of the product lines.  *Sleekcraft*, 599 F.2d at 348-49.

8  However, because the website is currently used to automatically redirect consumers to

9  a website for a very different part of the marketplace, ConsumerInfo does not

10 currently believe that it is confusingly similar to FREECREDITREPORT.COM under

11 the trademark law.

12        Subject to and without waiving the foregoing objections, ConsumerInfo

13 responds:

14        Admit.

15        ConsumerInfo reserves the right to supplement or amend its response should

16 this domain become relevant to this litigation or if new facts are discovered.

17 **REQUEST FOR ADMISSION NO. 11:**

18        Admit that you do not believe free---credit---reports.com to be confusingly

19 similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

20 mark.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

22        ConsumerInfo incorporates by reference the General Objections above as

23 though fully set forth herein and further objects to the request on the grounds that it

24 calls for a legal conclusion.  Further, the request seeks information protected by the

25 attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

26 that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

27 defense in this matter, nor reasonably calculated to lead to the discovery of admissible

28 evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

40

Exhibit B
50

KAYE SCHOLER LLP

1   to any claim or defense in this matter, nor reasonably calculated to lead to the

2   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

3   domain has not been identified as a domain at issue in this case.  Further, the request

4   calls for premature disclosure of expert opinion.

5         ConsumerInfo further objects that the information needed to respond to this

6   request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

7   "an appreciable number of prudent purchasers are likely to be misled, or indeed

8   simply confused, as to the source of the goods."  *McGregor-Dongier, Inc. v. Drizzle,*

9   *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

10  or jury in a case does not look only at the similarity of the plaintiff's and defendant's

11  trademarks.  The reason for this is that "few would be stupid enough to make exact

12  copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

13  employ enough points of similarity to confuse the public [and] enough points of

14  difference to confuse the courts."  *Baker v. Master Printers Union*, 34 F. Supp 808,

15  811 (D.N.J. 1940).

16        To protect trademark owners, judges and juries look to many factors to evaluate

17  whether a likelihood of confusion exists.  Some of these are (1) the strength of the

18  mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

19  confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

20  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

21  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

22  341, 348-49 (9th Cir. 1979).

23        Evidence of actual confusion is one of the most important factors allowing a

24  trademark owner to know when someone is infringing his or her trademark.  For

25  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

26  who were confused into thinking they were dealing with ConsumerInfo.   Take the

27  screenshot below for example:

28

Exhibit B

KAYE SCHOLER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

### Mycredithealth.com Complaint

**Mycredithealth.com complaint - credit report health**

*Posted By: dimary on 9/27/2009*

🖨 Print  ✉ Email  🔗 Link/Shar

I went into freecreditreport.com and put my credit card info in for a $1.00 processing fee. Next thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account. I did not authorize this transaction and when I call they say they have cancelled my so called "membership" which I never signed up for to begin with.

They also said they sent me an email to confirm that my "bogus" subscription was cancelled and I would be emailed a confirmation. Well after several more phone calls to this company, I still have not received the email confirmation or the refund that they promised. This company should be shut down, they are fraudently taking peoples money and although they promise a refund and cancellation, they don't give you your money back or ever send the email. I plan to contact the attorney generals office to see if they can be of futher assistance. Pls do not waste your time or money on any of these bogus companies. It is tied in with the freecreditreport.com commercial. Don't fall for it, it is fraud!!!

**Dun & Bradstreet Reports**
Get D&B ® Business Reports Online in 3 Easy Steps! Start Now.
www.dnb.com

**Equifax - Official Site**
Get a Free FICO Credit Score & a Free 3-Bureau Credit Report Online!
www.Equifax.com

**Bank of America ®**
Read Our Response to the Changing Credit Card Environment and More.
www.BankofAmerica.com

Ads by Google

**Top 3 Credit Relief Firms**
Reviews of the Top Credit Card Debt Relief Companies
www.DebtSettlementReviews.net

**No More Credit Card Debt**
Find Out In 60 Seconds If You Can Eliminate 70% Of Your Debt w/o a BK
DebtRelief.us.com

**Credit Card Bailout**
Credit Card Bailout for Consumers with Over 10k in Credit Card Debt.
www.CreditCardBailout.com

**California Debt Relief**
CA Residents:Legally Eliminate Debt No Credit Checks. Easy Approval.
www.TeamKG.com

**Next Mycredithealth.com Review >>>**

18    This is a screenshot from an online consumer complaint website.  The consumer

19   here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

20   other company, mycredithealth.com is taking $29.95 out of my checking account."

21   MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

22   most likely happened is that this person saw ConsumerInfo's advertising for

23   FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website

24   that he thought was <freecreditreport.com>.  Unlucky for him, however, the website

25   was not really ConsumerInfo's, but actually a website that One Tech uses to trick

26   people into thinking they are going to the real FREECREDITREPORT.COM site.

27    The screenshot below shows Adaptive's infringement has likewise caused

28   confusion.

42

Exhibit B
52





This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

Exhibit B
53

1    confusion with FREECREDITREPORT.COM.

2        At the time of this writing, it appears the website that is the subject of this

3    request does not actually offer its own credit reporting products to consumers.  Rather,

4    it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5    Because this website does not bill its own customers, it is much less likely that

6    consumers would publicly complain about it, which makes it much harder for

7    ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8    One Tech, who have caused thousands of consumers to complain about them, this

9    website has not generated any complaints of which ConsumerInfo is aware.

10        Another important factor is the marketing channels used.  For example,

11    ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12    FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13    like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14    looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15    websites and are misled into believing those websites belong to ConsumerInfo.

16        With respect to the domain that is the subject of this request, ConsumerInfo is

17    not fully aware of the marketing channels used by the owner of that domain.  Without

18    fully knowing the marketing channels used by the domain and without undertaking a

19    comprehensive investigation for actual confusion evidence or all the other important

20    factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21    website is not confusingly similar.  Subject to and without waiving the foregoing

22    objections, ConsumerInfo responds:

23        Deny.

24        ConsumerInfo reserves the right to supplement or amend its response should

25    this domain become relevant to this litigation or if new facts are discovered.

26    **REQUEST FOR ADMISSION NO. 12:**

27        Admit that you do not believe free-credit--report.com to be confusingly similar

28    (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

44

**KAYE SCHOLER** LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo.  A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks.  The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . .  [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists.  Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

45

1    likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2    341, 348-49 (9th Cir. 1979).

3         Evidence of actual confusion is one of the most important factors allowing a

4    trademark owner to know when someone is infringing his or her trademark.  For

5    example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6    who were confused into thinking they were dealing with ConsumerInfo.   Take the

7    screenshot below for example:



25        This is a screenshot from an online consumer complaint website.  The consumer

26   here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27   other company, mycredithealth.com is taking $29.95 out of my checking account."

28   MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

46

KAYE SCHOLER LLP

most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.





This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

1    confusion with FREECREDITREPORT.COM.

2        At the time of this writing, it appears the website that is the subject of this

3    request does not actually offer its own credit reporting products to consumers.  Rather,

4    it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5    Because this website does not bill its own customers, it is much less likely that

6    consumers would publicly complain about it, which makes it much harder for

7    ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8    One Tech, who have caused thousands of consumers to complain about them, this

9    website has not generated any complaints of which ConsumerInfo is aware.

10        Another important factor is the marketing channels used.  For example,

11    ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12    FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13    like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14    looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15    websites and are misled into believing those websites belong to ConsumerInfo.

16        With respect to the domain that is the subject of this request, ConsumerInfo is

17    not fully aware of the marketing channels used by the owner of that domain.  Without

18    fully knowing the marketing channels used by the domain and without undertaking a

19    comprehensive investigation for actual confusion evidence or all the other important

20    factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21    website is not confusingly similar.  Subject to and without waiving the foregoing

22    objections, ConsumerInfo responds:

23        Deny.

24        ConsumerInfo reserves the right to supplement or amend its response should

25    this domain become relevant to this litigation or if new facts are discovered.

26    **REQUEST FOR ADMISSION NO. 13:**

27        Admit that you do not believe free--credit--report.com to be confusingly similar

28    (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

49

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion. Further, the request seeks information protected by the attorney-client privilege. ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case. Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo. A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979). To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks. The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . . [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists. Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

KAYE SCHOLER LLP

50

1   likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2   341, 348-49 (9th Cir. 1979).

3       Evidence of actual confusion is one of the most important factors allowing a

4   trademark owner to know when someone is infringing his or her trademark.  For

5   example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6   who were confused into thinking they were dealing with ConsumerInfo.   Take the

7   screenshot below for example:



25   This is a screenshot from an online consumer complaint website.  The consumer

26   here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27   other company, mycredithealth.com is taking $29.95 out of my checking account."

28   MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

LPTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

Exhibit B
61

1 most likely happened is that this person saw ConsumerInfo's advertising for

2 FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website

3 that he thought was <freecreditreport.com>.  Unlucky for him, however, the website

4 was not really ConsumerInfo's, but actually a website that One Tech uses to trick

5 people into thinking they are going to the real FREECREDITREPORT.COM site.

6         The screenshot below shows Adaptive's infringement has likewise caused

7 confusion.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23284956.DOC PLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION





This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

Exhibit B
63

1    confusion with FREECREDITREPORT.COM.

2          At the time of this writing, it appears the website that is the subject of this

3    request does not actually offer its own credit reporting products to consumers.  Rather,

4    it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5    Because this website does not bill its own customers, it is much less likely that

6    consumers would publicly complain about it, which makes it much harder for

7    ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8    One Tech, who have caused thousands of consumers to complain about them, this

9    website has not generated any complaints of which ConsumerInfo is aware.

10          Another important factor is the marketing channels used.  For example,

11    ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12    FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13    like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14    looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15    websites and are misled into believing those websites belong to ConsumerInfo.

16          With respect to the domain that is the subject of this request, ConsumerInfo is

17    not fully aware of the marketing channels used by the owner of that domain.  Without

18    fully knowing the marketing channels used by the domain and without undertaking a

19    comprehensive investigation for actual confusion evidence or all the other important

20    factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21    website is not confusingly similar.  Subject to and without waiving the foregoing

22    objections, ConsumerInfo responds:

23          Deny.

24          ConsumerInfo reserves the right to supplement or amend its response should

25    this domain become relevant to this litigation or if new facts are discovered.

26    **REQUEST FOR ADMISSION NO. 14:**

27          Admit that you do not believe free--credit--report.net to be confusingly similar

28    (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

KAYE SCHOLER LLP

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

2         ConsumerInfo incorporates by reference the General Objections above as

3    though fully set forth herein and further objects to the request on the grounds that it

4    calls for a legal conclusion.  Further, the request seeks information protected by the

5    attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

6    that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

7    defense in this matter, nor reasonably calculated to lead to the discovery of admissible

8    evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

9    to any claim or defense in this matter, nor reasonably calculated to lead to the

10   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

11   domain has not been identified as a domain at issue in this case.  Further, the request

12   calls for premature disclosure of expert opinion.

13        ConsumerInfo further objects that the information needed to respond to this

14   request is not fully available to ConsumerInfo.  One of the most important factors in

15   determining likelihood of confusion is whether the plaintiff and defendant offer

16   similar products or services under their marks.  *AMF, Inc. v. Sleekcraft Boats*, 599

17   F.2d 341, 348-49 (9th Cir. 1979).  If the plaintiff and defendant offer the same goods

18   or services, the chances of confusion are much higher.  *Id.* at 350.  If the plaintiff and

19   defendant offer different goods or services, the chances of confusion are much lower.

20   *Id.*

21        As of the time of this writing, the content on this website advertises domain

22   name registration services offered by Namecheap.com.  In other words, the website is

23   currently not even a competitor of ConsumerInfo's because ConsumerInfo is not

24   currently in the domain name registration business.  Given that the website sells a very

25   different services from ConsumerInfo's products, it is not likely that consumers would

26   believe this website belonged to ConsumerInfo.  If the website in this request actually

27   began competing against ConsumerInfo, it could, depending on all the other

28   circumstances, become confusingly similar.  One would have to look at all the

55

1   circumstances that judges and juries look to when determining likelihood of

2   confusion, such as (1) the strength of the mark, (2) proximity of the goods, (3)

3   similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used,

4   (6) type of goods and degree of care likely to be exercised by the purchaser, (7)

5   defendant's intent in selecting the mark, and (8) likelihood of expansion of the product

6   lines. *Sleekcraft*, 599 F.2d at 348-49.  However, because the website is currently used

7   in a very different part of the marketplace, ConsumerInfo does not currently believe

8   that it is confusingly similar to FREECREDITREPORT.COM under the trademark

9   law.

10          Subject to and without waiving the foregoing objections, ConsumerInfo

11   responds:

12          Admit.

13          ConsumerInfo reserves the right to supplement or amend its response should

14   this domain become relevant to this litigation or if new facts are discovered.

15   **REQUEST FOR ADMISSION NO. 15:**

16          Admit that you do not believe free--credit--reports.com to be confusingly

17   similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

18   mark.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

20          ConsumerInfo incorporates by reference the General Objections above as

21   though fully set forth herein and further objects to the request on the grounds that it

22   calls for a legal conclusion.  Further, the request seeks information protected by the

23   attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

24   that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

25   defense in this matter, nor reasonably calculated to lead to the discovery of admissible

26   evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

27   to any claim or defense in this matter, nor reasonably calculated to lead to the

28   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

K AYE S CHOLER LLP

1   domain has not been identified as a domain at issue in this case.  Further, the request

2   calls for premature disclosure of expert opinion.

3          ConsumerInfo further objects that the information needed to respond to this

4   request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

5   "an appreciable number of prudent purchasers are likely to be misled, or indeed

6   simply confused, as to the source of the goods."  *McGregor-Dongier, Inc. v. Drizzle,*

7   *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

8   or jury in a case does not look only at the similarity of the plaintiff's and defendant's

9   trademarks.  The reason for this is that "few would be stupid enough to make exact

10  copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

11  employ enough points of similarity to confuse the public [and] enough points of

12  difference to confuse the courts."  *Baker v. Master Printers Union*, 34 F. Supp 808,

13  811 (D.N.J. 1940).

14         To protect trademark owners, judges and juries look to many factors to evaluate

15  whether a likelihood of confusion exists.  Some of these are (1) the strength of the

16  mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

17  confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

18  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

19  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

20  341, 348-49 (9th Cir. 1979).

21         Evidence of actual confusion is one of the most important factors allowing a

22  trademark owner to know when someone is infringing his or her trademark.  For

23  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

24  who were confused into thinking they were dealing with ConsumerInfo.   Take the

25  screenshot below for example:

26

27

28

KAYE SCHOLER LLP

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

Exhibit B

KAYE SCHOLER LLP



**Mycredithealth.com Complaint**

**Mycredithealth.com complaint - credit report health**

Posted By: dimarv on 9/27/2009      🖶 Print   ✉ Email   🔗 Link/Shar

I went into freecreditreport.com and put my credit card info in for a $1.00 processing fee. Next thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account. I did not authorize this transaction and when I call they say they have cancelled my so called "membership" which I never signed up for to begin with.

They also said they sent me an email to confirm that my "bogus" subscription was cancelled and I would be emailed a confirmation. Well after several more phone calls to this company, I still have not received the email confirmation or the refund that they promised. This company should be shut down, they are fraudently taking peoples money and although they promise a refund and cancellation, they don't give you your money back or ever send the email. I plan to contact the attorney generals office to see if they can be of futher assistance. Pls do not waste your time or money on any of these bogus companies. It is tied in with the freecreditreport.com commercial. Don't fall for it, it is fraud!!!

**Next Mycredithealth.com Review >>>**

**Dun & Bradstreet Reports**
Get D&B ® Business Reports Online in 3 Easy Steps! Start Now.
www.dnb.com

**Equifax - Official Site**
Get a Free FICO Credit Score & a Free 3-Bureau Credit Report Online!
www.Equifax.com

**Bank of America ®**
Read Our Response to the Changing Credit Card Environment and More.
www.BankofAmerica.com

Ads by Google

**Top 3 Credit Relief Firms**
Reviews of the Top Credit Card Debt Relief Companies
www.DebtSettlementReviews.net

**No More Credit Card Debt**
Find Out In 60 Seconds If You Can Eliminate 70% Of Your Debt w/o a BK
DebtRelief.us.com

**Credit Card Bailout**
Credit Card Bailout for Consumers with Over 10k in Credit Card Debt.
www.CreditCardBailout.com

**California Debt Relief**
CA Residents:Legally Eliminate Debt No Credit Checks. Easy Approval.
www.TeamKG.com

This is a screenshot from an online consumer complaint website.  The consumer here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account."  MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.

58

Exhibit B
68





This is a screenshot of another consumer complaint website. There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report. Later, she says she was twice charged $29.95 on her credit by "privacy matters." Privacy Matters is a name used by Defendant Adaptive. This shows Adaptive too is causing

59

KAYE SCHOLER LLP

1    confusion with FREECREDITREPORT.COM.

2        At the time of this writing, it appears the website that is the subject of this

3    request does not actually offer its own credit reporting products to consumers.  Rather,

4    it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5    Because this website does not bill its own customers, it is much less likely that

6    consumers would publicly complain about it, which makes it much harder for

7    ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8    One Tech, who have caused thousands of consumers to complain about them, this

9    website has not generated any complaints of which ConsumerInfo is aware.

10        Another important factor is the marketing channels used.  For example,

11    ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12    FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13    like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14    looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15    websites and are misled into believing those websites belong to ConsumerInfo.

16        With respect to the domain that is the subject of this request, ConsumerInfo is

17    not fully aware of the marketing channels used by the owner of that domain.  Without

18    fully knowing the marketing channels used by the domain and without undertaking a

19    comprehensive investigation for actual confusion evidence or all the other important

20    factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21    website is not confusingly similar.  Subject to and without waiving the foregoing

22    objections, ConsumerInfo responds:

23        Deny.

24        ConsumerInfo reserves the right to supplement or amend its response should

25    this domain become relevant to this litigation or if new facts are discovered.

26    **REQUEST FOR ADMISSION NO. 16:**

27        Admit that you do not believe free-credit--reports-online.com to be confusingly

28    similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

60

1   mark.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

3          ConsumerInfo incorporates by reference the General Objections above as

4   though fully set forth herein and further objects to the request on the grounds that it

5   calls for a legal conclusion.  Further, the request seeks information protected by the

6   attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

7   that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

8   defense in this matter, nor reasonably calculated to lead to the discovery of admissible

9   evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

10  to any claim or defense in this matter, nor reasonably calculated to lead to the

11  discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

12  domain has not been identified as a domain at issue in this case.  Further, the request

13  calls for premature disclosure of expert opinion.

14         ConsumerInfo further objects that the information needed to respond to this

15  request is not fully available to ConsumerInfo.  One of the most important factors in

16  determining likelihood of confusion is whether the plaintiff and defendant offer

17  similar products or services under their marks.  *AMF, Inc. v. Sleekcraft Boats*, 599

18  F.2d 341, 348-49 (9th Cir. 1979).  If the plaintiff and defendant offer the same goods

19  or services, the chances of confusion are much higher.  *Id.* at 350.  If the plaintiff and

20  defendant offer different goods or services, the chances of confusion are much lower.

21  *Id.*  This is because one of the main purposes of trademark law is to prevent  unfair

22  competition from unscrupulous individuals who try to confuse consumers.  *See id.* at

23  348.

24         As of the time of this writing, the website this request asks about has no content

25  at all on it.  In other words, the website is currently not even a competitor of

26  ConsumerInfo's because it does not sell anything.  Given that the website sells

27  nothing to consumers, it is not likely that consumers would believe this website

28  belonged to ConsumerInfo.  If the website actually began competing against

KAYE SCHOLER LLP

61

ConsumerInfo, it could, depending on all the other circumstances, become
confusingly similar.  One would have to look at all the circumstances that judges and
juries look to when determining likelihood of confusion, such as (1) the strength of the
mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual
confusion, (5) marketing channels used, (6) type of goods and degree of care likely to
be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)
likelihood of expansion of the product lines.  *Sleekcraft*, 599 F.2d at 348-49.
However, because the website is currently not used at all in the market place,
ConsumerInfo does not currently believe that it is confusingly similar to
FREECREDITREPORT.COM under the trademark law.

Subject to and without waiving the foregoing objections, ConsumerInfo
responds:

Admit.

ConsumerInfo reserves the right to supplement or amend its response should
this domain become relevant to this litigation or if new facts are discovered.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you do not believe free-online-credit-report-credit-check.com to be
confusingly similar (as that term is used in your complaint) to the
FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

ConsumerInfo incorporates by reference the General Objections above as
though fully set forth herein and further objects to the request on the grounds that it
calls for a legal conclusion.  Further, the request seeks information protected by the
attorney-client privilege.  ConsumerInfo further objects to the request on the grounds
that ConsumerInfo's opinion as to this legal question is not relevant to any claim or
defense in this matter, nor reasonably calculated to lead to the discovery of admissible
evidence.  ConsumerInfo further objects on the grounds that the request is not relevant
to any claim or defense in this matter, nor reasonably calculated to lead to the

KAYE SCHOLER LLP

1   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

2   domain has not been identified as a domain at issue in this case.  Further, the request

3   calls for premature disclosure of expert opinion.

4        ConsumerInfo further objects that the information needed to respond to this

5   request is not fully available to ConsumerInfo.  One of the most important factors in

6   determining likelihood of confusion is whether the plaintiff and defendant offer

7   similar products or services under their marks.  *AMF, Inc. v. Sleekcraft Boats*, 599

8   F.2d 341, 348-49 (9th Cir. 1979).  If the plaintiff and defendant offer the same goods

9   or services, the chances of confusion are much higher.  *Id.* at 350.  If the plaintiff and

10  defendant offer different goods or services, the chances of confusion are much lower.

11  *Id.*

12       As of the time of this writing, all of the content on this website is in Chinese.

13  ConsumerInfo has not hired anyone fluent in Chinese to translate this website for the

14  lawyers who assist it in forming beliefs about whether websites are confusingly

15  similar or not.  ConsumerInfo can only guess whether the content on the website says

16  "this is the official Chinese language version of the world famous

17  FREECREDITREPORT.COM website," or whether the content is completely

18  unrelated to ConsumerInfo's business.  Given this lack of information, ConsumerInfo

19  cannot be certain that the website is not confusingly similar.

20       Subject to and without waiving the foregoing objections, ConsumerInfo

21  responds:

22       Deny.

23       ConsumerInfo reserves the right to supplement or amend its response should

24  this domain become relevant to this litigation or if new facts are discovered.

25  **REQUEST FOR ADMISSION NO. 18:**

26       Admit that you do not believe credit-report.com to be confusingly similar (as

27  that term is used in your complaint) to the FREECREDITREPORT.COM mark.

28

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo.  A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks.  The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . .  [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists.  Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

KAYE SCHOLER LLP

1  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2  341, 348-49 (9th Cir. 1979).

3      Evidence of actual confusion is one of the most important factors allowing a

4  trademark owner to know when someone is infringing his or her trademark.  For

5  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6  who were confused into thinking they were dealing with ConsumerInfo.   Take the

7  screenshot below for example:



25  This is a screenshot from an online consumer complaint website.  The consumer

26  here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27  other company, mycredithealth.com is taking $29.95 out of my checking account."

28  MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

KAYE SCHOLER LLP

most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.





This is a screenshot of another consumer complaint website. There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report. Later, she says she was twice charged $29.95 on her credit by "privacy matters." Privacy Matters is a name used by Defendant Adaptive. This shows Adaptive too is causing

Exhibit B
77

1 | confusion with FREECREDITREPORT.COM.

2 |     At the time of this writing, it appears the website that is the subject of this

3 | request does not actually offer its own credit reporting products to consumers.  Rather,

4 | it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5 | Because this website does not bill its own customers, it is much less likely that

6 | consumers would publicly complain about it, which makes it much harder for

7 | ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8 | One Tech, who have caused thousands of consumers to complain about them, this

9 | website has not generated any complaints of which ConsumerInfo is aware.

10 |     Another important factor is the marketing channels used.  For example,

11 | ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12 | FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13 | like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14 | looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15 | websites and are misled into believing those websites belong to ConsumerInfo.

16 |     With respect to the domain that is the subject of this request, ConsumerInfo is

17 | not fully aware of the marketing channels used by the owner of that domain.  Without

18 | fully knowing the marketing channels used by the domain and without undertaking a

19 | comprehensive investigation for actual confusion evidence or all the other important

20 | factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21 | website is not confusingly similar.  Subject to and without waiving the foregoing

22 | objections, ConsumerInfo responds:

23 |     Deny.

24 |     ConsumerInfo reserves the right to supplement or amend its response should

25 | this domain become relevant to this litigation or if new facts are discovered.

26 | **REQUEST FOR ADMISSION NO. 19:**

27 |     Admit that you do not believe credit-report.net to be confusingly similar (as that

28 | term is used in your complaint) to the FREECREDITREPORT.COM mark.

68

KAYE SCHOLER LLP

KAYE SCHOLER LLP

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

2      ConsumerInfo incorporates by reference the General Objections above as

3  though fully set forth herein and further objects to the request on the grounds that it

4  calls for a legal conclusion.  Further, the request seeks information protected by the

5  attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

6  that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

7  defense in this matter, nor reasonably calculated to lead to the discovery of admissible

8  evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

9  to any claim or defense in this matter, nor reasonably calculated to lead to the

10  discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

11  domain has not been identified as a domain at issue in this case.  Further, the request

12  calls for premature disclosure of expert opinion. ConsumerInfo further objects that the

13  information needed to respond to this request is not fully available to ConsumerInfo.

14  One of the most important factors in determining likelihood of confusion is whether

15  the plaintiff and defendant offer similar products or services under their marks.  *AMF,*

16  *Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).  If the plaintiff and

17  defendant offer the same goods or services, the chances of confusion are much higher.

18  *Id.* at 350.  If the plaintiff and defendant offer different goods or services, the chances

19  of confusion are much lower.  *Id.*  This is because one of the main purposes of

20  trademark law is to prevent  unfair competition from unscrupulous individuals who try

21  to confuse consumers.  *See id.* at 348.

22      As of the time of this writing, the website this request asks about has no content

23  at all on it.  In other words, the website is currently not even a competitor of

24  ConsumerInfo's because it does not sell anything.  Given that the website sells

25  nothing to consumers, it is not likely that consumers would believe this website

26  belonged to ConsumerInfo.  If the website actually began competing against

27  ConsumerInfo, it could, depending on all the other circumstances, become

28  confusingly similar.  One would have to look at all the circumstances that judges and

69

1  juries look to when determining likelihood of confusion, such as (1) the strength of the

2  mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

3  confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

4  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

5  likelihood of expansion of the product lines. *Sleekcraft*, 599 F.2d at 348-49.

6  However, because the website is currently not used at all in the market place,

7  ConsumerInfo does not currently believe that it is confusingly similar to

8  FREECREDITREPORT.COM under the trademark law.

9       Subject to and without waiving the foregoing objections, ConsumerInfo

10  responds:

11       Admit.

12       ConsumerInfo reserves the right to supplement or amend its response should

13  this domain become relevant to this litigation or if new facts are discovered.

14  **REQUEST FOR ADMISSION NO. 20:**

15       Admit that you do not believe credit-report.org to be confusingly similar (as

16  that term is used in your complaint) to the FREECREDITREPORT.COM mark.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

18       ConsumerInfo incorporates by reference the General Objections above as

19  though fully set forth herein and further objects to the request on the grounds that it

20  calls for a legal conclusion.  Further, the request seeks information protected by the

21  attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

22  that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

23  defense in this matter, nor reasonably calculated to lead to the discovery of admissible

24  evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

25  to any claim or defense in this matter, nor reasonably calculated to lead to the

26  discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

27  domain has not been identified as a domain at issue in this case.  Further, the request

28  calls for premature disclosure of expert opinion.

KAYE SCHOLER LLP

KAYE SCHOLER LLP

1    ConsumerInfo further objects that the information needed to respond to this

2    request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

3    "an appreciable number of prudent purchasers are likely to be misled, or indeed

4    simply confused, as to the source of the goods."  *McGregor-Dongier, Inc. v. Drizzle,*

5    *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

6    or jury in a case does not look only at the similarity of the plaintiff's and defendant's

7    trademarks.  The reason for this is that "few would be stupid enough to make exact

8    copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

9    employ enough points of similarity to confuse the public [and] enough points of

10    difference to confuse the courts."  *Baker v. Master Printers Union*, 34 F. Supp 808,

11    811 (D.N.J. 1940).

12    To protect trademark owners, judges and juries look to many factors to evaluate

13    whether a likelihood of confusion exists.  Some of these are (1) the strength of the

14    mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

15    confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

16    be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

17    likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

18    341, 348-49 (9th Cir. 1979).

19    Evidence of actual confusion is one of the most important factors allowing a

20    trademark owner to know when someone is infringing his or her trademark.  For

21    example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

22    who were confused into thinking they were dealing with ConsumerInfo.   Take the

23    screenshot below for example:

24

25

26

27

28

KAYE SCHOLER LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17



**Mycredithealth.com Complaint**

**Mycredithealth.com complaint - credit report health**

*Posted By:* dimary on 9/27/2009

🖨 Print   ✉ Email   🔗 Link/Shar

I went into freecreditreport.com and put my credit card info in for a $1.00 processing fee. Next thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account. I did not authorize this transaction and when I call they say they have cancelled my so called "membership" which I never signed up for to begin with.

They also said they sent me an email to confirm that my "bogus" subscription was cancelled and I would be emailed a confirmation. Well after several more phone calls to this company, I still have not received the email confirmation or the refund that they promised. This company should be shut down, they are fraudently taking peoples money and although they promise a refund and cancellation, they don't give you your money back or ever send the email. I plan to contact the attorney generals office to see if they can be of futher assistance. Pls do not waste your time or money on any of these bogus companies. It is tied in with the freecreditreport.com commercial. Don't fall for it, it is fraud!!!

**Dun & Bradstreet Reports**
Get D&B ® Business Reports Online in 3 Easy Steps! Start Now.
www.dnb.com

**Equifax - Official Site**
Get a Free FICO Credit Score & a Free 3-Bureau Credit Report Online!
www.Equifax.com

**Bank of America ®**
Read Our Response to the Changing Credit Card Environment and More.
www.BankofAmerica.com

Ads by Google

**Top 3 Credit Relief Firms**
Reviews of the Top Credit Card Debt Relief Companies
www.DebtSettlementReviews.net

**No More Credit Card Debt**
Find Out In 60 Seconds If You Can Eliminate 70% Of Your Debt w/o a BK
DebtRelief.us.com

**Credit Card Bailout**
Credit Card Bailout for Consumers with Over 10k in Credit Card Debt.
www.CreditCardBailout.com

**California Debt Relief**
CA Residents:Legally Eliminate Debt No Credit Checks. Easy Approval.
www.TeamKG.com

**Next Mycredithealth.com Review >>>**

18   This is a screenshot from an online consumer complaint website.  The consumer

19   here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

20   other company, mycredithealth.com is taking $29.95 out of my checking account."

21   MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

22   most likely happened is that this person saw ConsumerInfo's advertising for

23   FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website

24   that he thought was <freecreditreport.com>.  Unlucky for him, however, the website

25   was not really ConsumerInfo's, but actually a website that One Tech uses to trick

26   people into thinking they are going to the real FREECREDITREPORT.COM site.

27   The screenshot below shows Adaptive's infringement has likewise caused

28   confusion.

72





This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

Exhibit B
83

1   confusion with FREECREDITREPORT.COM.

2      At the time of this writing, it appears the website that is the subject of this

3   request does not actually offer its own credit reporting products to consumers.  Rather,

4   it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5   Because this website does not bill its own customers, it is much less likely that

6   consumers would publicly complain about it, which makes it much harder for

7   ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8   One Tech, who have caused thousands of consumers to complain about them, this

9   website has not generated any complaints of which ConsumerInfo is aware.

10      Another important factor is the marketing channels used.  For example,

11   ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12   FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13   like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14   looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15   websites and are misled into believing those websites belong to ConsumerInfo.

16      With respect to the domain that is the subject of this request, ConsumerInfo is

17   not fully aware of the marketing channels used by the owner of that domain.  Without

18   fully knowing the marketing channels used by the domain and without undertaking a

19   comprehensive investigation for actual confusion evidence or all the other important

20   factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21   website is not confusingly similar.  Subject to and without waiving the foregoing

22   objections, ConsumerInfo responds:

23      Deny.

24      ConsumerInfo reserves the right to supplement or amend its response should

25   this domain become relevant to this litigation or if new facts are discovered.

26   **REQUEST FOR ADMISSION NO. 21:**

27      Admit that you do not believe 1st-free-credit-report.com to be confusingly

28   similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

KAYE SCHOLER LLP

KAYE SCHOLER LLP

1    mark.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

3    ConsumerInfo incorporates by reference the General Objections above as

4    though fully set forth herein and further objects to the request on the grounds that it

5    calls for a legal conclusion.  Further, the request seeks information protected by the

6    attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

7    that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

8    defense in this matter, nor reasonably calculated to lead to the discovery of admissible

9    evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

10   to any claim or defense in this matter, nor reasonably calculated to lead to the

11   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

12   domain has not been identified as a domain at issue in this case.  Further, the request

13   calls for premature disclosure of expert opinion.

14   ConsumerInfo further objects that the information needed to respond to this

15   request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

16   "an appreciable number of prudent purchasers are likely to be misled, or indeed

17   simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle,*

18   *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

19   or jury in a case does not look only at the similarity of the plaintiff's and defendant's

20   trademarks.  The reason for this is that "few would be stupid enough to make exact

21   copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

22   employ enough points of similarity to confuse the public [and] enough points of

23   difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808,

24   811 (D.N.J. 1940).

25   To protect trademark owners, judges and juries look to many factors to evaluate

26   whether a likelihood of confusion exists.  Some of these are (1) the strength of the

27   mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

28   confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

1  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

2  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

3  341, 348-49 (9th Cir. 1979).

4      Evidence of actual confusion is one of the most important factors allowing a

5  trademark owner to know when someone is infringing his or her trademark.  For

6  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

7  who were confused into thinking they were dealing with ConsumerInfo.   Take the

8  screenshot below for example:



26      This is a screenshot from an online consumer complaint website.  The consumer

27  here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

28  other company, mycredithealth.com is taking $29.95 out of my checking account."

KAYE SCHOLER LLP

MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION





This is a screenshot of another consumer complaint website. There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report. Later, she says she was twice charged $29.95 on her credit by "privacy matters." Privacy Matters is a name used by Defendant Adaptive. This shows Adaptive too is causing

1    confusion with FREECREDITREPORT.COM.

2         At the time of this writing, it appears the website that is the subject of this

3    request does not actually offer its own credit reporting products to consumers.  Rather,

4    it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5    Because this website does not bill its own customers, it is much less likely that

6    consumers would publicly complain about it, which makes it much harder for

7    ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8    One Tech, who have caused thousands of consumers to complain about them, this

9    website has not generated any complaints of which ConsumerInfo is aware.

10        Another important factor is the marketing channels used.  For example,

11   ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12   FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13   like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14   looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15   websites and are misled into believing those websites belong to ConsumerInfo.

16        With respect to the domain that is the subject of this request, ConsumerInfo is

17   not fully aware of the marketing channels used by the owner of that domain.  Without

18   fully knowing the marketing channels used by the domain and without undertaking a

19   comprehensive investigation for actual confusion evidence or all the other important

20   factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21   website is not confusingly similar.  Subject to and without waiving the foregoing

22   objections, ConsumerInfo responds:

23        Deny.

24        ConsumerInfo reserves the right to supplement or amend its response should

25   this domain become relevant to this litigation or if new facts are discovered.

26   **REQUEST FOR ADMISSION NO. 22:**

27        Admit that you do not believe a-free-credit-report.com to be confusingly similar

28   (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion. Further, the request seeks information protected by the attorney-client privilege. ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case. Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo. A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979). To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks. The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . . [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists. Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

80

1  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2  341, 348-49 (9th Cir. 1979).

3      Evidence of actual confusion is one of the most important factors allowing a

4  trademark owner to know when someone is infringing his or her trademark.  For

5  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6  who were confused into thinking they were dealing with ConsumerInfo.   Take the

7  screenshot below for example:



25      This is a screenshot from an online consumer complaint website.  The consumer

26  here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27  other company, mycredithealth.com is taking $29.95 out of my checking account."

28  MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

KAYE SCHOLER LLP

81

most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.





This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

1  confusion with FREECREDITREPORT.COM.

2      At the time of this writing, it appears the website that is the subject of this

3  request does not actually offer its own credit reporting products to consumers. Rather,

4  it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5  Because this website does not bill its own customers, it is much less likely that

6  consumers would publicly complain about it, which makes it much harder for

7  ConsumerInfo to find evidence of actual confusion. Unlike Defendants Adaptive and

8  One Tech, who have caused thousands of consumers to complain about them, this

9  website has not generated any complaints of which ConsumerInfo is aware.

10      Another important factor is the marketing channels used. For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google. Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16      With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain. Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar. Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23      Deny.

24      ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 23:**

27      Admit that you do not believe e-free-credit-report.com to be confusingly similar

28  (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo.  A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks.  The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . .  [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists.  Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

KAYE SCHOLER LLP

1    likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2    341, 348-49 (9th Cir. 1979).

3       Evidence of actual confusion is one of the most important factors allowing a

4    trademark owner to know when someone is infringing his or her trademark.  For

5    example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6    who were confused into thinking they were dealing with ConsumerInfo.   Take the

7    screenshot below for example:



25       This is a screenshot from an online consumer complaint website.  The consumer

26    here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27    other company, mycredithealth.com is taking $29.95 out of my checking account."

28    MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

PLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

KAYE SCHOLER LLP

most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.

Exhibit B
97





This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

88

1  confusion with FREECREDITREPORT.COM.

2    At the time of this writing, it appears the website that is the subject of this

3  request does not actually offer its own credit reporting products to consumers.  Rather,

4  it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5  Because this website does not bill its own customers, it is much less likely that

6  consumers would publicly complain about it, which makes it much harder for

7  ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8  One Tech, who have caused thousands of consumers to complain about them, this

9  website has not generated any complaints of which ConsumerInfo is aware.

10    Another important factor is the marketing channels used.  For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16    With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain.  Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar.  Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23    Deny.

24    ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 24:**

27    Admit that you do not believe free-credit-report.com to be confusingly similar

28  (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

K AYE   S CHOLER  LLP

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo.  A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks.  The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . .  [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists.  Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

90

1  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2  341, 348-49 (9th Cir. 1979).

3      Evidence of actual confusion is one of the most important factors allowing a

4  trademark owner to know when someone is infringing his or her trademark.  For

5  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6  who were confused into thinking they were dealing with ConsumerInfo.   Take the

7  screenshot below for example:



25      This is a screenshot from an online consumer complaint website.  The consumer

26  here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27  other company, mycredithealth.com is taking $29.95 out of my checking account."

28  MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

Exhibit B

KAYE SCHOLER LLP

most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.



This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

KAYE SCHOLER LLP

1  confusion with FREECREDITREPORT.COM.

2      At the time of this writing, it appears the website that is the subject of this

3  request does not actually offer its own credit reporting products to consumers.  Rather,

4  it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5  Because this website does not bill its own customers, it is much less likely that

6  consumers would publicly complain about it, which makes it much harder for

7  ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8  One Tech, who have caused thousands of consumers to complain about them, this

9  website has not generated any complaints of which ConsumerInfo is aware.

10      Another important factor is the marketing channels used.  For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16      With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain.  Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar.  Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23      Deny.

24      ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 25:**

27      Admit that you do not believe free-credit-report.net to be confusingly similar

28  (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion. Further, the request seeks information protected by the attorney-client privilege. ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case. Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo. A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979). To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks. The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . . [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists. Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

KAYE SCHOLER LLP

95

1  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2  341, 348-49 (9th Cir. 1979).

3      Evidence of actual confusion is one of the most important factors allowing a

4  trademark owner to know when someone is infringing his or her trademark.  For

5  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6  who were confused into thinking they were dealing with ConsumerInfo.   Take the

7  screenshot below for example:



**Mycredithealth.com Complaint**

**Mycredithealth.com complaint - credit report health**

Posted By: dimary on 9/27/2009

🖶 Print   ✉ Email   🔗 Link/Shar

I went into freecreditreport.com and put my credit card info in for a $1.00 processing fee. Next thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account. I did not authorize this transaction and when I call they say they have cancelled my so called "membership" which I never signed up for to begin with.

They also said they sent me an email to confirm that my "bogus" subscription was cancelled and I would be emailed a confirmation. Well after several more phone calls to this company, I still have not received the email confirmation or the refund that they promised. This company should be shut down, they are frudently taking peoples money and although they promise a refund and cancellation, they don't give you your money back or ever send the email. I plan to contact the attorney generals office to see if they can be of futher assistance. Pls do not waste your time or money on any of these bogus companies. It is tied in with the freecreditreport.com commercial. Don't fall for it, it is fraud!!!

**Next Mycredithealth.com Review >>>**

Dun & Bradstreet Reports
Get D&B ® Business Credit Reports Online in 3 Easy Steps! Start Now.
www.dnb.com

Equifax - Official Site
Get a Free FICO Credit Score & a Free 3-Bureau Credit Report Online!
www.Equifax.com

Bank of America ®
Read Our Response to the Changing Credit Card Environment and More.
www.BankofAmerica.com

Ads by Google

Top 3 Credit Relief Firms
Reviews of the Top Credit Card Debt Relief Companies
www.DebtSettlementReviews.net

No More Credit Card Debt
Find Out In 60 Seconds If You Can Eliminate 70% Of Your Debt w/o a BK
DebtRelief.us.com

Credit Card Bailout
Credit Card Bailout for Consumers with Over 10k in Credit Card Debt.
www.CreditCardBailout.com

California Debt Relief
CA Residents:Legally Eliminate Debt No Credit Checks. Easy Approval.
www.TeamKG.com

25      This is a screenshot from an online consumer complaint website.  The consumer

26  here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27  other company, mycredithealth.com is taking $29.95 out of my checking account."

28  MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

96

KAYE SCHOLER LLP

most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.

KAYE SCHOLER LLP



This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

98

Exhibit B
108

KAYE SCHOLER LLP

1   confusion with FREECREDITREPORT.COM.

2        At the time of this writing, it appears the website that is the subject of this

3   request does not actually offer its own credit reporting products to consumers.  Rather,

4   it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5   Because this website does not bill its own customers, it is much less likely that

6   consumers would publicly complain about it, which makes it much harder for

7   ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8   One Tech, who have caused thousands of consumers to complain about them, this

9   website has not generated any complaints of which ConsumerInfo is aware.

10       Another important factor is the marketing channels used.  For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16       With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain.  Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar.  Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23       Deny.

24       ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 26:**

27       Admit that you do not believe free-credit-report.org to be confusingly similar

28  (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion. Further, the request seeks information protected by the attorney-client privilege. ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case. Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo. A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979). To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks. The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . . [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists. Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

KAYE SCHOLER LLP

100

1  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2  341, 348-49 (9th Cir. 1979).

3      Evidence of actual confusion is one of the most important factors allowing a

4  trademark owner to know when someone is infringing his or her trademark.  For

5  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6  who were confused into thinking they were dealing with ConsumerInfo.   Take the

7  screenshot below for example:



8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25      This is a screenshot from an online consumer complaint website.  The consumer

26  here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27  other company, mycredithealth.com is taking $29.95 out of my checking account."

28  MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

101

KAYE SCHOLER LLP

most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

KAYE SCHOLER LLP



This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

Exhibit B
113

1   confusion with FREECREDITREPORT.COM.

2       At the time of this writing, it appears the website that is the subject of this

3   request does not actually offer its own credit reporting products to consumers.  Rather,

4   it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5   Because this website does not bill its own customers, it is much less likely that

6   consumers would publicly complain about it, which makes it much harder for

7   ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8   One Tech, who have caused thousands of consumers to complain about them, this

9   website has not generated any complaints of which ConsumerInfo is aware.

10      Another important factor is the marketing channels used.  For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16      With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain.  Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar.  Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23      Deny.

24      ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 27:**

27      Admit that you do not believe free--credit-report.com to be confusingly similar

28  (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

**KAYE SCHOLER LLP**

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the information needed to respond to this request is not fully available to ConsumerInfo.  A likelihood of confusion exists when "an appreciable number of prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks.  The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . .  [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists.  Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

Exhibit B

1    likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

2    341, 348-49 (9th Cir. 1979).

3        Evidence of actual confusion is one of the most important factors allowing a

4    trademark owner to know when someone is infringing his or her trademark.  For

5    example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

6    who were confused into thinking they were dealing with ConsumerInfo.   Take the

7    screenshot below for example:



8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25        This is a screenshot from an online consumer complaint website.  The consumer

26    here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

27    other company, mycredithealth.com is taking $29.95 out of my checking account."

28    MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

KAYE SCHOLER LLP

1 most likely happened is that this person saw ConsumerInfo's advertising for

2 FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website

3 that he thought was <freecreditreport.com>.  Unlucky for him, however, the website

4 was not really ConsumerInfo's, but actually a website that One Tech uses to trick

5 people into thinking they are going to the real FREECREDITREPORT.COM site.

6          The screenshot below shows Adaptive's infringement has likewise caused

7 confusion.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K AYE  S CHOLER LLP

KAYE SCHOLER LLP



This is a screenshot of another consumer complaint website. There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report. Later, she says she was twice charged $29.95 on her credit by "privacy matters." Privacy Matters is a name used by Defendant Adaptive. This shows Adaptive too is causing

1   confusion with FREECREDITREPORT.COM.

2       At the time of this writing, it appears the website that is the subject of this

3   request does not actually offer its own credit reporting products to consumers.  Rather,

4   it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5   Because this website does not bill its own customers, it is much less likely that

6   consumers would publicly complain about it, which makes it much harder for

7   ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8   One Tech, who have caused thousands of consumers to complain about them, this

9   website has not generated any complaints of which ConsumerInfo is aware.

10      Another important factor is the marketing channels used.  For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16      With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain.  Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar.  Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23      Deny.

24      ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 28:**

27      Admit that you do not believe free--credit-report.net to be confusingly similar

28  (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

**KAYE SCHOLER LLP**

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

1
2      ConsumerInfo incorporates by reference the General Objections above as

3  though fully set forth herein and further objects to the request on the grounds that it

4  calls for a legal conclusion.  Further, the request seeks information protected by the

5  attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

6  that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

7  defense in this matter, nor reasonably calculated to lead to the discovery of admissible

8  evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

9  to any claim or defense in this matter, nor reasonably calculated to lead to the

10  discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

11  domain has not been identified as a domain at issue in this case.  Further, the request

12  calls for premature disclosure of expert opinion.

13      ConsumerInfo further objects that the information needed to respond to this

14  request is not fully available to ConsumerInfo.  One of the most important factors in

15  determining likelihood of confusion is whether the plaintiff and defendant offer

16  similar products or services under their marks.  *AMF, Inc. v. Sleekcraft Boats*, 599

17  F.2d 341, 348-49 (9th Cir. 1979).  If the plaintiff and defendant offer the same goods

18  or services, the chances of confusion are much higher.  *Id.* at 350.  If the plaintiff and

19  defendant offer different goods or services, the chances of confusion are much lower.

20  *Id.*  This is because one of the main purposes of trademark law is to prevent  unfair

21  competition from unscrupulous individuals who try to confuse consumers.  *See id.* at

22  348.

23      As of the time of this writing, the website this request asks about has no content

24  at all on it.  In other words, the website is currently not even a competitor of

25  ConsumerInfo's because it does not sell anything.  Given that the website sells

26  nothing to consumers, it is not likely that consumers would believe this website

27  belonged to ConsumerInfo.  If the website actually began competing against

28  ConsumerInfo, it could, depending on all the other circumstances, become

**KAYE SCHOLER LLP**

1  confusingly similar.  One would have to look at all the circumstances that judges and

2  juries look to when determining likelihood of confusion, such as (1) the strength of the

3  mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

4  confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

5  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

6  likelihood of expansion of the product lines.  *Sleekcraft*, 599 F.2d at 348-49.

7  However, because the website is currently not used at all in the market place,

8  ConsumerInfo does not currently believe that it is confusingly similar to

9  FREECREDITREPORT.COM under the trademark law.

10      Subject to and without waiving the foregoing objections, ConsumerInfo

11  responds:

12      Admit.

13      ConsumerInfo reserves the right to supplement or amend its response should

14  this domain become relevant to this litigation or if new facts are discovered.

15  **REQUEST FOR ADMISSION NO. 29:**

16      Admit that you do not believe free-instant-credit-report.com to be confusingly

17  similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

18  mark.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

20      ConsumerInfo incorporates by reference the General Objections above as

21  though fully set forth herein and further objects to the request on the grounds that it

22  calls for a legal conclusion.  Further, the request seeks information protected by the

23  attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

24  that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

25  defense in this matter, nor reasonably calculated to lead to the discovery of admissible

26  evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

27  to any claim or defense in this matter, nor reasonably calculated to lead to the

28  discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

KAYE SCHOLER LLP

1  domain has not been identified as a domain at issue in this case.  Further, the request

2  calls for premature disclosure of expert opinion.

3      ConsumerInfo further objects that the information needed to respond to this

4  request is not fully available to ConsumerInfo.  One of the most important factors in

5  determining likelihood of confusion is whether the plaintiff and defendant offer

6  similar products or services under their marks.  *AMF, Inc. v. Sleekcraft Boats*, 599

7  F.2d 341, 348-49 (9th Cir. 1979).  If the plaintiff and defendant offer the same goods

8  or services, the chances of confusion are much higher.  *Id.* at 350.  If the plaintiff and

9  defendant offer different goods or services, the chances of confusion are much lower.

10  *Id.*  This is because one of the main purposes of trademark law is to prevent  unfair

11  competition from unscrupulous individuals who try to confuse consumers.  *See id.* at

12  348.

13      As of the time of this writing, the website this request asks about has no content

14  at all on it.  In other words, the website is currently not even a competitor of

15  ConsumerInfo's because it does not sell anything.  Given that the website sells

16  nothing to consumers, it is not likely that consumers would believe this website

17  belonged to ConsumerInfo.  If the website actually began competing against

18  ConsumerInfo, it could, depending on all the other circumstances, become

19  confusingly similar.  One would have to look at all the circumstances that judges and

20  juries look to when determining likelihood of confusion, such as (1) the strength of the

21  mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

22  confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

23  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

24  likelihood of expansion of the product lines.  *Sleekcraft*, 599 F.2d at 348-49.

25  However, because the website is currently not used at all in the market place,

26  ConsumerInfo does not currently believe that it is confusingly similar to

27  FREECREDITREPORT.COM under the trademark law.

28      Subject to and without waiving the foregoing objections, ConsumerInfo

1   responds:

2          Admit.

3          ConsumerInfo reserves the right to supplement or amend its response should

4   this domain become relevant to this litigation or if new facts are discovered.

5   **REQUEST FOR ADMISSION NO. 30:**

6          Admit that you do not believe free-instant-credit-report.net to be confusingly

7   similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

8   mark.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

10         ConsumerInfo incorporates by reference the General Objections above as

11  though fully set forth herein and further objects to the request on the grounds that it

12  calls for a legal conclusion.  Further, the request seeks information protected by the

13  attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

14  that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

15  defense in this matter, nor reasonably calculated to lead to the discovery of admissible

16  evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

17  to any claim or defense in this matter, nor reasonably calculated to lead to the

18  discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

19  domain has not been identified as a domain at issue in this case.  Further, the request

20  calls for premature disclosure of expert opinion.

21         ConsumerInfo further objects that the information needed to respond to this

22  request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

23  "an appreciable number of prudent purchasers are likely to be misled, or indeed

24  simply confused, as to the source of the goods."  *McGregor-Dongier, Inc. v. Drizzle,*

25  *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

26  or jury in a case does not look only at the similarity of the plaintiff's and defendant's

27  trademarks.  The reason for this is that "few would be stupid enough to make exact

28  copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

KAYE SCHOLER LLP

1    employ enough points of similarity to confuse the public [and] enough points of

2    difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808,

3    811 (D.N.J. 1940).

4          To protect trademark owners, judges and juries look to many factors to evaluate

5    whether a likelihood of confusion exists.  Some of these are (1) the strength of the

6    mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

7    confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

8    be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

9    likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

10   341, 348-49 (9th Cir. 1979).

11         Evidence of actual confusion is one of the most important factors allowing a

12   trademark owner to know when someone is infringing his or her trademark.  For

13   example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

14   who were confused into thinking they were dealing with ConsumerInfo.   Take the

15   screenshot below for example:

KAYE SCHOLER LLP

Exhibit B

KAYE SCHOLER LLP

### Mycredithealth.com Complaint

**Mycredithealth.com complaint - credit report health**

*Posted By: dimary on 9/27/2009*

Print    Email    Link/Shar

I went into freecreditreport.com and put my credit card info in for a $1.00 processing fee. Next thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account. I did not authorize this transaction and when I call they say they have cancelled my so called "membership" which I never signed up for to begin with.

They also said they sent me an email to confirm that my "bogus" subscription was cancelled and I would be emailed a confirmation. Well after several more phone calls to this company, I still have not received the email confirmation or the refund that they promised. This company should be shut down, they are fraudently taking peoples money and although they promise a refund and cancellation, they don't give you your money back or ever send the email. I plan to contact the attorney generals office to see if they can be of futher assistance. Pls do not waste your time or money on any of these bogus companies. It is tied in with the freecreditreport.com commercial. Don't fall for it, it is fraud!!!

**Next Mycredithealth.com Review >>>**

**Dun & Bradstreet Reports**
Get D&B ® Business Reports Online in 3 Easy Steps! Start Now.
www.dnb.com

**Equifax - Official Site**
Get a Free FICO Credit Score & a Free 3-Bureau Credit Report Online!
www.Equifax.com

**Bank of America ®**
Read Our Response to the Changing Credit Card Environment and More.
www.BankofAmerica.com

Ads by Google

**Top 3 Credit Relief Firms**
Reviews of the Top Credit Card Debt Relief Companies
www.DebtSettlementReviews.net

**No More Credit Card Debt**
Find Out In 60 Seconds If You Can Eliminate 70% Of Your Debt w/o a BK
DebtRelief.us.com

**Credit Card Bailout**
Credit Card Bailout for Consumers with Over 10k in Credit Card Debt.
www.CreditCardBailout.com

**California Debt Relief**
CA Residents:Legally Eliminate Debt No Credit Checks. Easy Approval.
www.TeamKG.com

This is a screenshot from an online consumer complaint website. The consumer here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account." MyCreditHealth.com is Defendant One Tech's websites, not ConsumerInfo's. What most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>. Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

As of this writing, the website that is the subject of this request automatically redirects the user to the website <SpendOnLife.com>. The website

115

Exhibit B
125

1    <SpendOnLife.com> is owned by Defendant One Tech.  Given that ConsumerInfo has

2    discovered evidence of actual confusion caused by One Tech's activities,

3    ConsumerInfo cannot be certain that this website is not confusingly similar to

4    FREECREDITREPORT.COM.

5         Subject to and without waiving the foregoing objections, ConsumerInfo

6    responds:

7         Deny.

8         ConsumerInfo reserves the right to supplement or amend its response should

9    this domain become relevant to this litigation or if new facts are discovered.

10   **REQUEST FOR ADMISSION NO. 31:**

11        Admit that you do not believe get-credit-report.com to be confusingly similar

12   (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

14        ConsumerInfo incorporates by reference the General Objections above as

15   though fully set forth herein and further objects to the request on the grounds that it

16   calls for a legal conclusion.  Further, the request seeks information protected by the

17   attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

18   that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

19   defense in this matter, nor reasonably calculated to lead to the discovery of admissible

20   evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

21   to any claim or defense in this matter, nor reasonably calculated to lead to the

22   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

23   domain has not been identified as a domain at issue in this case.  Further, the request

24   calls for premature disclosure of expert opinion.

25        ConsumerInfo further objects that the information needed to respond to this

26   request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

27   "an appreciable number of prudent purchasers are likely to be misled, or indeed

28   simply confused, as to the source of the goods."  *McGregor-Dongier, Inc. v. Drizzle,*

Exhibit B

KAYE SCHOLER LLP

*Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge or jury in a case does not look only at the similarity of the plaintiff's and defendant's trademarks.  The reason for this is that "few would be stupid enough to make exact copies of another's mark or symbol. . . .  [T]he most successful form of copying is to employ enough points of similarity to confuse the public [and] enough points of difference to confuse the courts."  *Baker v. Master Printers Union*, 34 F. Supp 808, 811 (D.N.J. 1940).

To protect trademark owners, judges and juries look to many factors to evaluate whether a likelihood of confusion exists.  Some of these are (1) the strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8) likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

Evidence of actual confusion is one of the most important factors allowing a trademark owner to know when someone is infringing his or her trademark.  For example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech who were confused into thinking they were dealing with ConsumerInfo.   Take the screenshot below for example:

KAYE SCHOLER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

### Mycredithealth.com Complaint

**Mycredithealth.com complaint - credit report health**

*Posted By: dimary on 9/27/2009*

Print    Email    Link/Shar

I went into freecreditreport.com and put my credit card info in for a $1.00 processing fee. Next thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account. I did not authorize this transaction and when I call they say they have cancelled my so called "membership" which I never signed up for to begin with.

They also said they sent me an email to confirm that my "bogus" subscription was cancelled and I would be emailed a confirmation. Well after several more phone calls to this company, I still have not received the email confirmation or the refund that they promised. This company should be shut down, they are fraudently taking peoples money and although they promise a refund and cancellation, they don't give you your money back or ever send the email. I plan to contact the attorney generals office to see if they can be of futher assistance. Pls do not waste your time or money on any of these bogus companies. It is tied in with the freecreditreport.com commercial. Don't fall for it, it is fraud!!!

**Dun & Bradstreet Reports**
Get D&B ® Business Credit Reports Online in 3 Easy Steps! Start Now.
www.dnb.com

**Equifax - Official Site**
Get a Free FICO Credit Score & a Free 3-Bureau Credit Report Online!
www.Equifax.com

**Bank of America ®**
Read Our Response to the Changing Credit Card Environment and More.
www.BankofAmerica.com

Ads by Google

**Top 3 Credit Relief Firms**
Reviews of the Top Credit Card Debt Relief Companies
www.DebtSettlementReviews.net

**No More Credit Card Debt**
Find Out In 60 Seconds If You Can Eliminate 70% Of Your Debt w/o a BK
DebtRelief.us.com

**Credit Card Bailout**
Credit Card Bailout for Consumers with Over 10k in Credit Card Debt.
www.CreditCardBailout.com

**California Debt Relief**
CA Residents:Legally Eliminate Debt No Credit Checks. Easy Approval.
www.TeamKG.com

**Next Mycredithealth.com Review >>>**

18   This is a screenshot from an online consumer complaint website. The consumer

19   here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

20   other company, mycredithealth.com is taking $29.95 out of my checking account."

21   MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's. What

22   most likely happened is that this person saw ConsumerInfo's advertising for

23   FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website

24   that he thought was <freecreditreport.com>. Unlucky for him, however, the website

25   was not really ConsumerInfo's, but actually a website that One Tech uses to trick

26   people into thinking they are going to the real FREECREDITREPORT.COM site.

27   The screenshot below shows Adaptive's infringement has likewise caused

28   confusion.

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

KAYE SCHOLER LLP



This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

119

Exhibit B
129

1   confusion with FREECREDITREPORT.COM.

2          At the time of this writing, it appears the website that is the subject of this

3   request does not actually offer its own credit reporting products to consumers.  Rather,

4   it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5   Because this website does not bill its own customers, it is much less likely that

6   consumers would publicly complain about it, which makes it much harder for

7   ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8   One Tech, who have caused thousands of consumers to complain about them, this

9   website has not generated any complaints of which ConsumerInfo is aware.

10          Another important factor is the marketing channels used.  For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16          With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain.  Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar.  Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23          Deny.

24          ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 32:**

27          Admit that you do not believe get-free-credit-report.com to be confusingly

28  similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

KAYE SCHOLER LLP

120

1    mark.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

3        ConsumerInfo incorporates by reference the General Objections above as

4    though fully set forth herein and further objects to the request on the grounds that it

5    calls for a legal conclusion.  Further, the request seeks information protected by the

6    attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

7    that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

8    defense in this matter, nor reasonably calculated to lead to the discovery of admissible

9    evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

10   to any claim or defense in this matter, nor reasonably calculated to lead to the

11   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

12   domain has not been identified as a domain at issue in this case.  Further, the request

13   calls for premature disclosure of expert opinion.

14       ConsumerInfo further objects that the information needed to respond to this

15   request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

16   "an appreciable number of prudent purchasers are likely to be misled, or indeed

17   simply confused, as to the source of the goods."  *McGregor-Dongier, Inc. v. Drizzle,*

18   *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

19   or jury in a case does not look only at the similarity of the plaintiff's and defendant's

20   trademarks.  The reason for this is that "few would be stupid enough to make exact

21   copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

22   employ enough points of similarity to confuse the public [and] enough points of

23   difference to confuse the courts."  *Baker v. Master Printers Union*, 34 F. Supp 808,

24   811 (D.N.J. 1940).

25       To protect trademark owners, judges and juries look to many factors to evaluate

26   whether a likelihood of confusion exists.  Some of these are (1) the strength of the

27   mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

28   confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

KAYE SCHOLER LLP

1  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

2  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

3  341, 348-49 (9th Cir. 1979).

4       Evidence of actual confusion is one of the most important factors allowing a

5  trademark owner to know when someone is infringing his or her trademark.  For

6  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

7  who were confused into thinking they were dealing with ConsumerInfo.   Take the

8  screenshot below for example:



26       This is a screenshot from an online consumer complaint website.  The consumer

27  here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this

28  other company, mycredithealth.com is taking $29.95 out of my checking account."

KAYE SCHOLER LLP

KAYE SCHOLER LLP

1    MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

2    most likely happened is that this person saw ConsumerInfo's advertising for

3    FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website

4    that he thought was <freecreditreport.com>.  Unlucky for him, however, the website

5    was not really ConsumerInfo's, but actually a website that One Tech uses to trick

6    people into thinking they are going to the real FREECREDITREPORT.COM site.

7        The screenshot below shows Adaptive's infringement has likewise caused

8    confusion.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



This is a screenshot of another consumer complaint website.  There, Joanna

from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad

on T.V.," entered her credit card information, but never got a credit report.  Later, she

says she was twice charged $29.95 on her credit by "privacy matters."  Privacy

Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

KAYE SCHOLER LLP

1   confusion with FREECREDITREPORT.COM.

2       At the time of this writing, it appears the website that is the subject of this

3   request does not actually offer its own credit reporting products to consumers.  Rather,

4   it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5   Because this website does not bill its own customers, it is much less likely that

6   consumers would publicly complain about it, which makes it much harder for

7   ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8   One Tech, who have caused thousands of consumers to complain about them, this

9   website has not generated any complaints of which ConsumerInfo is aware.

10      Another important factor is the marketing channels used.  For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16      With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain.  Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar.  Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23      Deny.

24      ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 33:**

27      Admit that you do not believe get-free-credit-report.net to be confusingly

28  similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

1   mark.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

3        ConsumerInfo incorporates by reference the General Objections above as

4   though fully set forth herein and further objects to the request on the grounds that it

5   calls for a legal conclusion.  Further, the request seeks information protected by the

6   attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

7   that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

8   defense in this matter, nor reasonably calculated to lead to the discovery of admissible

9   evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

10  to any claim or defense in this matter, nor reasonably calculated to lead to the

11  discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

12  domain has not been identified as a domain at issue in this case.  Further, the request

13  calls for premature disclosure of expert opinion.

14       ConsumerInfo further objects that the information needed to respond to this

15  request is not fully available to ConsumerInfo.  One of the most important factors in

16  determining likelihood of confusion is whether the plaintiff and defendant offer

17  similar products or services under their marks.  *AMF, Inc. v. Sleekcraft Boats*, 599

18  F.2d 341, 348-49 (9th Cir. 1979).  If the plaintiff and defendant offer the same goods

19  or services, the chances of confusion are much higher.  *Id.* at 350.  If the plaintiff and

20  defendant offer different goods or services, the chances of confusion are much lower.

21  *Id.*  This is because one of the main purposes of trademark law is to prevent  unfair

22  competition from unscrupulous individuals who try to confuse consumers.  *See id.* at

23  348.

24       As of the time of this writing, the website this request asks about has no content

25  at all on it.  In other words, the website is currently not even a competitor of

26  ConsumerInfo's because it does not sell anything.  Given that the website sells

27  nothing to consumers, it is not likely that consumers would believe this website

28  belonged to ConsumerInfo.  If the website actually began competing against

KAYE SCHOLER LLP

126

1   ConsumerInfo, it could, depending on all the other circumstances, become

2   confusingly similar.  One would have to look at all the circumstances that judges and

3   juries look to when determining likelihood of confusion, such as (1) the strength of the

4   mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

5   confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

6   be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

7   likelihood of expansion of the product lines.  *Sleekcraft*, 599 F.2d at 348-49.

8   However, because the website is currently not used at all in the market place,

9   ConsumerInfo does not currently believe that it is confusingly similar to

10  FREECREDITREPORT.COM under the trademark law.

11        Subject to and without waiving the foregoing objections, ConsumerInfo

12  responds:

13        Admit.

14        ConsumerInfo reserves the right to supplement or amend its response should

15  this domain become relevant to this litigation or if new facts are discovered.

16  **REQUEST FOR ADMISSION NO. 34:**

17        Admit that you do not believe get-free-credit-report.org to be confusingly

18  similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

19  mark.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

21        ConsumerInfo incorporates by reference the General Objections above as

22  though fully set forth herein and further objects to the request on the grounds that it

23  calls for a legal conclusion.  Further, the request seeks information protected by the

24  attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

25  that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

26  defense in this matter, nor reasonably calculated to lead to the discovery of admissible

27  evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

28  to any claim or defense in this matter, nor reasonably calculated to lead to the

KAYE SCHOLER LLP

1    discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

2    domain has not been identified as a domain at issue in this case.  Further, the request

3    calls for premature disclosure of expert opinion.

4          ConsumerInfo further objects that the information needed to respond to this

5    request is not fully available to ConsumerInfo.  One of the most important factors in

6    determining likelihood of confusion is whether the plaintiff and defendant offer

7    similar products or services under their marks.  *AMF, Inc. v. Sleekcraft Boats*, 599

8    F.2d 341, 348-49 (9th Cir. 1979).  If the plaintiff and defendant offer the same goods

9    or services, the chances of confusion are much higher.  *Id.* at 350.  If the plaintiff and

10   defendant offer different goods or services, the chances of confusion are much lower.

11   *Id.*  This is because one of the main purposes of trademark law is to prevent  unfair

12   competition from unscrupulous individuals who try to confuse consumers.  *See id.* at

13   348.

14         As of the time of this writing, the website this request asks about has no content

15   at all on it.  In other words, the website is currently not even a competitor of

16   ConsumerInfo's because it does not sell anything.  Given that the website sells

17   nothing to consumers, it is not likely that consumers would believe this website

18   belonged to ConsumerInfo.  If the website actually began competing against

19   ConsumerInfo, it could, depending on all the other circumstances, become

20   confusingly similar.  One would have to look at all the circumstances that judges and

21   juries look to when determining likelihood of confusion, such as (1) the strength of the

22   mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

23   confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

24   be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

25   likelihood of expansion of the product lines.  *Sleekcraft*, 599 F.2d at 348-49.

26   However, because the website is currently not used at all in the market place,

27   ConsumerInfo does not currently believe that it is confusingly similar to

28   FREECREDITREPORT.COM under the trademark law.

KAYE SCHOLER LLP

128

Exhibit B
138

1   Subject to and without waiving the foregoing objections, ConsumerInfo

2   responds:

3   Admit.

4   ConsumerInfo reserves the right to supplement or amend its response should

5   this domain become relevant to this litigation or if new facts are discovered.

6   **REQUEST FOR ADMISSION NO. 35:**

7   Admit that you do not believe my-free-credit-report.com to be confusingly

8   similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

9   mark.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

11  ConsumerInfo incorporates by reference the General Objections above as

12  though fully set forth herein and further objects to the request on the grounds that it

13  calls for a legal conclusion.  Further, the request seeks information protected by the

14  attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

15  that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

16  defense in this matter, nor reasonably calculated to lead to the discovery of admissible

17  evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

18  to any claim or defense in this matter, nor reasonably calculated to lead to the

19  discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

20  domain has not been identified as a domain at issue in this case.  Further, the request

21  calls for premature disclosure of expert opinion.

22  ConsumerInfo further objects that the information needed to respond to this

23  request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

24  "an appreciable number of prudent purchasers are likely to be misled, or indeed

25  simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle,*

26  *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

27  or jury in a case does not look only at the similarity of the plaintiff's and defendant's

28  trademarks.  The reason for this is that "few would be stupid enough to make exact

KAYE SCHOLER LLP

1  copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

2  employ enough points of similarity to confuse the public [and] enough points of

3  difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808,

4  811 (D.N.J. 1940).

5       To protect trademark owners, judges and juries look to many factors to evaluate

6  whether a likelihood of confusion exists.  Some of these are (1) the strength of the

7  mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

8  confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

9  be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)

10  likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

11  341, 348-49 (9th Cir. 1979).

12       Evidence of actual confusion is one of the most important factors allowing a

13  trademark owner to know when someone is infringing his or her trademark.  For

14  example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech

15  who were confused into thinking they were dealing with ConsumerInfo.   Take the

16  screenshot below for example:

17

18

19

20

21

22

23

24

25

26

27

28

KAYE SCHOLER LLP

KAYE SCHOLER LLP



### Mycredithealth.com Complaint

**Mycredithealth.com complaint - credit report health**

Posted By: dimary on 9/27/2009      🖶 Print   ✉ Email   🔗 Link/Shar

I went into freecreditreport.com and put my credit card info in for a $1.00 processing fee. Next thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account. I did not authorize this transaction and when I call they say they have cancelled my so called "membership" which I never signed up for to begin with.

They also said they sent me an email to confirm that my "bogus" subscription was cancelled and I would be emailed a confirmation. Well after several more phone calls to this company, I still have not received the email confirmation or the refund that they promised. This company should be shut down, they are fraudently taking peoples money and although they promise a refund and cancellation, they don't give you your money back or ever send the email. I plan to contact the attorney generals office to see if they can be of futher assistance. Pls do not waste your time or money on any of these bogus companies. It is tied in with the freecreditreport.com commercial. Don't fall for it, it is fraud!!!

**Dun & Bradstreet Reports**
Get D&B ® Business Reports Online in 3 Easy Steps! Start Now.
www.dnb.com

**Equifax - Official Site**
Get a Free FICO Credit Score & a Free 3-Bureau Credit Report Online!
www.Equifax.com

**Bank of America ®**
Read Our Response to the Changing Credit Card Environment and More.
www.BankofAmerica.com

Ads by Google

**Top 3 Credit Relief Firms**
Reviews of the Top Credit Card Debt Relief Companies
www.DebtSettlementReviews.net

**No More Credit Card Debt**
Find Out In 60 Seconds If You Can Eliminate 70% Of Your Debt w/o a BK
DebtRelief.us.com

**Credit Card Bailout**
Credit Card Bailout for Consumers with Over 10k in Credit Card Debt.
www.CreditCardBailout.com

**California Debt Relief**
CA Residents:Legally Eliminate Debt No Credit Checks. Easy Approval.
www.TeamKG.com

**Next Mycredithealth.com Review >>>**

This is a screenshot from an online consumer complaint website.  The consumer here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account."  MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.

131



This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

confusion with FREECREDITREPORT.COM.

At the time of this writing, it appears the website that is the subject of this request does not actually offer its own credit reporting products to consumers. Rather, it appears that it sells advertisements for the websites of ConsumerInfo's competitors. Because this website does not bill its own customers, it is much less likely that consumers would publicly complain about it, which makes it much harder for ConsumerInfo to find evidence of actual confusion. Unlike Defendants Adaptive and One Tech, who have caused thousands of consumers to complain about them, this website has not generated any complaints of which ConsumerInfo is aware.

Another important factor is the marketing channels used. For example, ConsumerInfo knows that both One Tech and Adaptive bid heavily on FREECREDITREPORT.COM in search engines like Google. Thus, when consumers like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's websites and are misled into believing those websites belong to ConsumerInfo.

With respect to the domain that is the subject of this request, ConsumerInfo is not fully aware of the marketing channels used by the owner of that domain. Without fully knowing the marketing channels used by the domain and without undertaking a comprehensive investigation for actual confusion evidence or all the other important factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the website is not confusingly similar. Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation or if new facts are discovered.

**REQUEST FOR ADMISSION NO. 36:**

Admit that you do not believe myfree-credit-report.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

KAYE SCHOLER LLP

1    mark.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

3        ConsumerInfo incorporates by reference the General Objections above as

4    though fully set forth herein and further objects to the request on the grounds that it

5    calls for a legal conclusion.  Further, the request seeks information protected by the

6    attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

7    that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

8    defense in this matter, nor reasonably calculated to lead to the discovery of admissible

9    evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

10   to any claim or defense in this matter, nor reasonably calculated to lead to the

11   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

12   domain has not been identified as a domain at issue in this case.  Further, the request

13   calls for premature disclosure of expert opinion.

14       ConsumerInfo further objects that the information needed to respond to this

15   request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

16   "an appreciable number of prudent purchasers are likely to be misled, or indeed

17   simply confused, as to the source of the goods."  *McGregor-Dongier, Inc. v. Drizzle,*

18   *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

19   or jury in a case does not look only at the similarity of the plaintiff's and defendant's

20   trademarks.  The reason for this is that "few would be stupid enough to make exact

21   copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

22   employ enough points of similarity to confuse the public [and] enough points of

23   difference to confuse the courts."  *Baker v. Master Printers Union*, 34 F. Supp 808,

24   811 (D.N.J. 1940).

25       To protect trademark owners, judges and juries look to many factors to evaluate

26   whether a likelihood of confusion exists.  Some of these are (1) the strength of the

27   mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

28   confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

**KAYE SCHOLER** LLP

be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8)
likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d
341, 348-49 (9th Cir. 1979).

Evidence of actual confusion is one of the most important factors allowing a
trademark owner to know when someone is infringing his or her trademark.  For
example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech
who were confused into thinking they were dealing with ConsumerInfo.   Take the
screenshot below for example:



This is a screenshot from an online consumer complaint website.  The consumer
here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this
other company, mycredithealth.com is taking $29.95 out of my checking account."

135

KAYE SCHOLER LLP

MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What most likely happened is that this person saw ConsumerInfo's advertising for FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website that he thought was <freecreditreport.com>.  Unlucky for him, however, the website was not really ConsumerInfo's, but actually a website that One Tech uses to trick people into thinking they are going to the real FREECREDITREPORT.COM site.

The screenshot below shows Adaptive's infringement has likewise caused confusion.

KAYE SCHOLER LLP



This is a screenshot of another consumer complaint website. There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report. Later, she says she was twice charged $29.95 on her credit by "privacy matters." Privacy Matters is a name used by Defendant Adaptive. This shows Adaptive too is causing

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

1   confusion with FREECREDITREPORT.COM.

2        At the time of this writing, it appears the website that is the subject of this

3   request does not actually offer its own credit reporting products to consumers.  Rather,

4   it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5   Because this website does not bill its own customers, it is much less likely that

6   consumers would publicly complain about it, which makes it much harder for

7   ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8   One Tech, who have caused thousands of consumers to complain about them, this

9   website has not generated any complaints of which ConsumerInfo is aware.

10        Another important factor is the marketing channels used.  For example,

11   ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12   FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13   like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14   looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15   websites and are misled into believing those websites belong to ConsumerInfo.

16        With respect to the domain that is the subject of this request, ConsumerInfo is

17   not fully aware of the marketing channels used by the owner of that domain.  Without

18   fully knowing the marketing channels used by the domain and without undertaking a

19   comprehensive investigation for actual confusion evidence or all the other important

20   factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21   website is not confusingly similar.  Subject to and without waiving the foregoing

22   objections, ConsumerInfo responds:

23        Deny.

24        ConsumerInfo reserves the right to supplement or amend its response should

25   this domain become relevant to this litigation or if new facts are discovered.

26   **REQUEST FOR ADMISSION NO. 37:**

27        Admit that you do not believe online-free-credit-report.com to be confusingly

28   similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

KAYE SCHOLER LLP

1   mark.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

3       ConsumerInfo incorporates by reference the General Objections above as

4   though fully set forth herein and further objects to the request on the grounds that it

5   calls for a legal conclusion.  Further, the request seeks information protected by the

6   attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

7   that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

8   defense in this matter, nor reasonably calculated to lead to the discovery of admissible

9   evidence.  ConsumerInfo further objects on the grounds that the request is not relevant

10   to any claim or defense in this matter, nor reasonably calculated to lead to the

11   discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject

12   domain has not been identified as a domain at issue in this case.  Further, the request

13   calls for premature disclosure of expert opinion.

14       ConsumerInfo further objects that the information needed to respond to this

15   request is not fully available to ConsumerInfo.  A likelihood of confusion exists when

16   "an appreciable number of prudent purchasers are likely to be misled, or indeed

17   simply confused, as to the source of the goods." *McGregor-Dongier, Inc. v. Drizzle,*

18   *Inc.*, 599 F.2d 1126, 1130 (2nd Cir. 1979).  To find a likelihood of confusion, a judge

19   or jury in a case does not look only at the similarity of the plaintiff's and defendant's

20   trademarks.  The reason for this is that "few would be stupid enough to make exact

21   copies of another's mark or symbol. . . .  [T]he most successful form of copying is to

22   employ enough points of similarity to confuse the public [and] enough points of

23   difference to confuse the courts." *Baker v. Master Printers Union*, 34 F. Supp 808,

24   811 (D.N.J. 1940).

25       To protect trademark owners, judges and juries look to many factors to evaluate

26   whether a likelihood of confusion exists.  Some of these are (1) the strength of the

27   mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual

28   confusion, (5) marketing channels used, (6) type of goods and degree of care likely to

KAYE SCHOLER LLP

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8) likelihood of expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

Evidence of actual confusion is one of the most important factors allowing a trademark owner to know when someone is infringing his or her trademark.  For example, ConsumerInfo has found disgruntled customers of Adaptive and One Tech who were confused into thinking they were dealing with ConsumerInfo.   Take the screenshot below for example:



This is a screenshot from an online consumer complaint website.  The consumer here writes that "he went into freecreditreport.com . . . [and] [n]ext thing I know this other company, mycredithealth.com is taking $29.95 out of my checking account."

140

KAYE SCHOLER LLP

1   MyCreditHealth.com is Defendant One Tech's website, not ConsumerInfo's.  What

2   most likely happened is that this person saw ConsumerInfo's advertising for

3   FREECREDITREPORT.COM, put his trust in ConsumerInfo, and went to a website

4   that he thought was <freecreditreport.com>.  Unlucky for him, however, the website

5   was not really ConsumerInfo's, but actually a website that One Tech uses to trick

6   people into thinking they are going to the real FREECREDITREPORT.COM site.

7       The screenshot below shows Adaptive's infringement has likewise caused

8   confusion.

KAYE SCHOLER LLP



This is a screenshot of another consumer complaint website.  There, Joanna from Waukesha, Wisconsin says she "visited freecreditreport.com after I saw the ad on T.V.," entered her credit card information, but never got a credit report.  Later, she says she was twice charged $29.95 on her credit by "privacy matters."  Privacy Matters is a name used by Defendant Adaptive.  This shows Adaptive too is causing

1   confusion with FREECREDITREPORT.COM.

2       At the time of this writing, it appears the website that is the subject of this

3   request does not actually offer its own credit reporting products to consumers.  Rather,

4   it appears that it sells advertisements for the websites of ConsumerInfo's competitors.

5   Because this website does not bill its own customers, it is much less likely that

6   consumers would publicly complain about it, which makes it much harder for

7   ConsumerInfo to find evidence of actual confusion.  Unlike Defendants Adaptive and

8   One Tech, who have caused thousands of consumers to complain about them, this

9   website has not generated any complaints of which ConsumerInfo is aware.

10      Another important factor is the marketing channels used.  For example,

11  ConsumerInfo knows that both One Tech and Adaptive bid heavily on

12  FREECREDITREPORT.COM in search engines like Google.  Thus, when consumers

13  like Joanna from Waukesha, Wisconsin type"freecreditreport.com" into Google

14  looking for ConsumerInfo's website, they see ads for One Tech and Adaptive's

15  websites and are misled into believing those websites belong to ConsumerInfo.

16      With respect to the domain that is the subject of this request, ConsumerInfo is

17  not fully aware of the marketing channels used by the owner of that domain.  Without

18  fully knowing the marketing channels used by the domain and without undertaking a

19  comprehensive investigation for actual confusion evidence or all the other important

20  factors in a likelihood of confusion analysis, ConsumerInfo cannot be certain the

21  website is not confusingly similar.  Subject to and without waiving the foregoing

22  objections, ConsumerInfo responds:

23      Deny.

24      ConsumerInfo reserves the right to supplement or amend its response should

25  this domain become relevant to this litigation or if new facts are discovered.

26  **REQUEST FOR ADMISSION NO. 38:**

27      Admit that you do not believe freecreditreportsinstantly.com to be confusingly

28  similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

KAYE SCHOLER LLP

143

Exhibit B
153

mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls for premature disclosure of expert opinion. Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 39:**

Admit that you do not believe freecreditreport-online.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls for premature disclosure of expert opinion. Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 40:**

Admit that you do not believe freecreditscore.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.

ConsumerInfo further objects that the request is completely inane.  The main purpose of trademark law is to prevent confusion as to the source of goods or services.  The website <FreeCreditScore.com> is currently owned by ConsumerInfo.  Thus, anyone who purchases a product on <FreeCreditScore.com> and believes he or she is getting that product from ConsumerInfo is by definition not confused.  Obviously, ConsumerInfo does not believe the website is currently confusing consumers as to source.

Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Admit.

ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation or if new facts are discovered.

**REQUEST FOR ADMISSION NO. 41:**

Admit that you do not believe free3bureaucreditreport.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls for premature disclosure of expert opinion.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 42:**

Admit that you do not believe freecreditreport.co.uk to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects on the grounds that the request is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence because, to ConsumerInfo's knowledge, the subject domain has not been identified as a domain at issue in this case.  Further, the request calls for premature disclosure of expert opinion.  ConsumerInfo reserves the right to supplement or amend its response should this domain become relevant to this litigation.

KAYE SCHOLER LLP

**REQUEST FOR ADMISSION NO. 43:**

Admit that you do not believe www-freecreditreport-com.blogspot.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls for premature disclosure of expert opinion. Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 44:**

Admit that you do not believe freecreditreports360.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Further, the request seeks information protected by the attorney-client privilege.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  Further, the request calls for premature disclosure of expert opinion. Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

KAYE SCHOLER LLP

23284956.DOCPLTF'S FIRST AMENDED RESPONSE TO DEF. ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSION

KAYE SCHOLER LLP

1   **REQUEST FOR ADMISSION NO. 45:**

2       Admit that you do not believe freecreditreportplusscore.com to be confusingly

3   similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

4   mark.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

6       ConsumerInfo incorporates by reference the General Objections above as

7   though fully set forth herein and further objects to the request on the grounds that it

8   calls for a legal conclusion.  Further, the request seeks information protected by the

9   attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

10  that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

11  defense in this matter, nor reasonably calculated to lead to the discovery of admissible

12  evidence.  Further, the request calls for premature disclosure of expert opinion.

13  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

14      Deny.

15  **REQUEST FOR ADMISSION NO. 46:**

16      Admit that you do not believe freecreditreportwebsite.com to be confusingly

17  similar (as that term is used in your complaint) to the FREECREDITREPORT.COM

18  mark.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

20      ConsumerInfo incorporates by reference the General Objections above as

21  though fully set forth herein and further objects to the request on the grounds that it

22  calls for a legal conclusion.  Further, the request seeks information protected by the

23  attorney-client privilege.  ConsumerInfo further objects to the request on the grounds

24  that ConsumerInfo's opinion as to this legal question is not relevant to any claim or

25  defense in this matter, nor reasonably calculated to lead to the discovery of admissible

26  evidence.  Further, the request calls for premature disclosure of expert opinion.

27  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

28      Deny.

**REQUEST FOR ADMISSION NO. 47:**

Admit that you do not believe 2009freecreditreport.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion. Further, the request seeks information protected by the attorney-client privilege. ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. Further, the request calls for premature disclosure of expert opinion. Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 48:**

Admit that you do not believe 2010freecreditreport.com to be confusingly similar (as that term is used in your complaint) to the FREECREDITREPORT.COM mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion. Further, the request seeks information protected by the attorney-client privilege. ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. Further, the request calls for premature disclosure of expert opinion. Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

KAYE SCHOLER LLP

149

1  **REQUEST FOR ADMISSION NO. 49:**

2    Admit that you have used "mycredithealth.com" as a keyword in internet

3  advertising.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

5    ConsumerInfo incorporates by reference the General Objections above as

6  though fully set forth herein and further objects to the request on the grounds that the

7  request seeks information not relevant to any claim or defense in this matter, nor

8  reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

9  further objects to the request on the ground that it is vague, overbroad, and unduly

10  burdensome as to time.  ConsumerInfo will limit its response to dates after January

11  2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

12  the foregoing objections, ConsumerInfo responds:

13    Deny.

14  **REQUEST FOR ADMISSION NO. 50:**

15    Admit that you have used "mycredithealth.com" as a headline in internet

16  advertising.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

18    ConsumerInfo incorporates by reference the General Objections above as

19  though fully set forth herein and further objects to the request on the grounds that the

20  request seeks information not relevant to any claim or defense in this matter, nor

21  reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

22  further objects to the request on the ground that it is vague, overbroad, and unduly

23  burdensome as to time.  ConsumerInfo will limit its response to dates after January

24  2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

25  the foregoing objections, ConsumerInfo responds:

26    Deny.

27  **REQUEST FOR ADMISSION NO. 51:**

28    Admit that you have used "mycredithealth.com" as a hyperlink in internet

KAYE SCHOLER LLP

1   advertising.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

3   ConsumerInfo incorporates by reference the General Objections above as

4   though fully set forth herein and further objects to the request on the grounds that the

5   request seeks information not relevant to any claim or defense in this matter, nor

6   reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

7   further objects to the request on the ground that it is vague as to time.  Subject to and

8   without waiving the foregoing objections, ConsumerInfo responds:

9   Deny.

10   **REQUEST FOR ADMISSION NO. 52:**

11   Admit that you have used "mycredithealth" as a keyword in internet

12   advertising.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

14   ConsumerInfo incorporates by reference the General Objections above as

15   though fully set forth herein and further objects to the request on the grounds that the

16   request seeks information not relevant to any claim or defense in this matter, nor

17   reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

18   further objects to the request on the ground that it is vague, overbroad, and unduly

19   burdensome as to time.  ConsumerInfo will limit its response to dates after January

20   2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

21   the foregoing objections, ConsumerInfo responds:

22   Deny.

23   **REQUEST FOR ADMISSION NO. 53:**

24   Admit that you have used "mycredithealth" as a headline in internet advertising.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

26   ConsumerInfo incorporates by reference the General Objections above as

27   though fully set forth herein and further objects to the request on the grounds that the

28   request seeks information not relevant to any claim or defense in this matter, nor

KAYE SCHOLER LLP

1   reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

2   further objects to the request on the ground that it is vague, overbroad, and unduly

3   burdensome as to time.  ConsumerInfo will limit its response to dates after January

4   2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

5   the foregoing objections, ConsumerInfo responds:

6          Deny.

7   **REQUEST FOR ADMISSION NO. 54:**

8          Admit that you have used "mycredithealth" as a hyperlink in internet

9   advertising.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

11         ConsumerInfo incorporates by reference the General Objections above as

12  though fully set forth herein and further objects to the request on the grounds that the

13  request seeks information not relevant to any claim or defense in this matter, nor

14  reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

15  further objects to the request on the ground that it is vague, overbroad, and unduly

16  burdensome as to time.  ConsumerInfo will limit its response to dates after January

17  2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

18  the foregoing objections, ConsumerInfo responds:

19         Deny.

20  **REQUEST FOR ADMISSION NO. 55:**

21         Admit that you have used "my credit health" as a keyword in internet

22  advertising.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

24         ConsumerInfo incorporates by reference the General Objections above as

25  though fully set forth herein and further objects to the request on the grounds that the

26  request seeks information not relevant to any claim or defense in this matter, nor

27  reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

28  further objects to the request on the ground that it is vague, overbroad, and unduly

KAYE SCHOLER LLP

burdensome as to time.  ConsumerInfo will limit its response to dates after January 2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 56:**

Admit that you have used "my credit health" as a headline in internet advertising.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that the request seeks information not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects to the request on the ground that it is vague, overbroad, and unduly burdensome as to time.  ConsumerInfo will limit its response to dates after January 2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 57:**

Admit that you have used "my credit health" as a hyperlink in internet advertising.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that the request seeks information not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects to the request on the ground that it is vague, overbroad, and unduly burdensome as to time.  ConsumerInfo will limit its response to dates after January 2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

K AYE S CHOLER LLP

the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 58:**

Admit that you have used the words "my," "credit" and "health" in combination as keywords in internet advertising.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that the request seeks information not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. ConsumerInfo further objects to the request on the ground that it is vague as to time. ConsumerInfo objects that the request is vague, ambiguous, overbroad, and unduly burdensome in that it calls for ConsumerInfo to determine whether it used the terms "my," "credit" and "health" in any order and in conjunction with any other terms at any time.

**REQUEST FOR ADMISSION NO. 59:**

Admit that you have used "spendonlife.com" as a keyword in internet advertising.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that the request seeks information not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. ConsumerInfo further objects to the request on the ground that it is vague, overbroad, and unduly burdensome as to time. ConsumerInfo will limit its response to dates after January 2007 on Google and dates after June 2008 on Yahoo. Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**KAYE SCHOLER** LLP

1   **REQUEST FOR ADMISSION NO. 60:**

2        Admit that you have used "spendonlife.com" as a headline in internet

3   advertising.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

5        ConsumerInfo incorporates by reference the General Objections above as

6   though fully set forth herein and further objects to the request on the grounds that the

7   request seeks information not relevant to any claim or defense in this matter, nor

8   reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

9   further objects to the request on the ground that it is vague, overbroad, and unduly

10  burdensome as to time.  ConsumerInfo will limit its response to dates after January

11  2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

12  the foregoing objections, ConsumerInfo responds:

13       Deny.

14  **REQUEST FOR ADMISSION NO. 61:**

15       Admit that you have used "spendonlife.com" as a hyperlink in internet

16  advertising.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

18       ConsumerInfo incorporates by reference the General Objections above as

19  though fully set forth herein and further objects to the request on the grounds that the

20  request seeks information not relevant to any claim or defense in this matter, nor

21  reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

22  further objects to the request on the ground that it is vague, overbroad, and unduly

23  burdensome as to time.  ConsumerInfo will limit its response to dates after January

24  2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

25  the foregoing objections, ConsumerInfo responds:

26       Deny.

27  **REQUEST FOR ADMISSION NO. 62:**

28       Admit that you have used "spendonlife" as a keyword in internet advertising.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that the request seeks information not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects to the request on the ground that it is vague, overbroad, and unduly burdensome as to time.  ConsumerInfo will limit its response to dates after January 2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 63:**

Admit that you have used "spendonlife" as a headline in internet advertising.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that the request seeks information not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo further objects to the request on the ground that it is vague, overbroad, and unduly burdensome as to time.  ConsumerInfo will limit its response to dates after January 2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 64:**

Admit that you have used "spendonlife" as a hyperlink in internet advertising.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that the request seeks information not relevant to any claim or defense in this matter, nor

KAYE SCHOLER LLP

1   reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

2   further objects to the request on the ground that it is vague, overbroad, and unduly

3   burdensome as to time.  ConsumerInfo will limit its response to dates after January

4   2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

5   the foregoing objections, ConsumerInfo responds:

6       Deny.

7   **REQUEST FOR ADMISSION NO. 65:**

8       Admit that you have used "spend on life" as a keyword in internet advertising.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

10       ConsumerInfo incorporates by reference the General Objections above as

11   though fully set forth herein and further objects to the request on the grounds that the

12   request seeks information not relevant to any claim or defense in this matter, nor

13   reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

14   further objects to the request on the ground that it is vague, overbroad, and unduly

15   burdensome as to time.  ConsumerInfo will limit its response to dates after January

16   2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

17   the foregoing objections, ConsumerInfo responds:

18       Deny.

19   **REQUEST FOR ADMISSION NO. 66:**

20       Admit that you have used "spend on life" as a headline in internet advertising.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

22       ConsumerInfo incorporates by reference the General Objections above as

23   though fully set forth herein and further objects to the request on the grounds that the

24   request seeks information not relevant to any claim or defense in this matter, nor

25   reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

26   further objects to the request on the ground that it is vague, overbroad, and unduly

27   burdensome as to time.  ConsumerInfo will limit its response to dates after January

28   2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

*KAYE SCHOLER LLP*

157

1   the foregoing objections, ConsumerInfo responds:

2       Deny.

3   **REQUEST FOR ADMISSION NO. 67:**

4       Admit that you have used "spend on life" as a hyperlink in internet advertising.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

6       ConsumerInfo incorporates by reference the General Objections above as

7   though fully set forth herein and further objects to the request on the grounds that the

8   request seeks information not relevant to any claim or defense in this matter, nor

9   reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

10  further objects to the request on the ground that it is vague, overbroad, and unduly

11  burdensome as to time.  ConsumerInfo will limit its response to dates after January

12  2007 on Google and dates after June 2008 on Yahoo.  Subject to and without waiving

13  the foregoing objections, ConsumerInfo responds:

14      Deny.

15  **REQUEST FOR ADMISSION NO. 68:**

16      Admit that you have used the words "spend," "on" and "life" in combination as

17  keywords in internet advertising.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

19      ConsumerInfo incorporates by reference the General Objections above as

20  though fully set forth herein and further objects to the request on the grounds that the

21  request seeks information not relevant to any claim or defense in this matter, nor

22  reasonably calculated to lead to the discovery of admissible evidence.  ConsumerInfo

23  objects that the request is vague, ambiguous, overbroad, and unduly burdensome in

24  that it calls for ConsumerInfo to determine whether it used the terms "spend," "on"

25  and "life" in any order and in conjunction with any other terms at any time.

26  **REQUEST FOR ADMISSION NO. 69:**

27      Admit that the FREECREDITREPORT.COM mark is generic for a service

28  providing a free credit report.

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 70:**

Admit that as of February 20, 2006, you believed the FREECREDITREPORT.COM mark was generic for the purpose of providing a free credit report.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  ConsumerInfo further objects to the request on the grounds that ConsumerInfo's opinion in 2006 as to this legal question is not relevant to any claim or defense in this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 71:**

Admit that the words "free," "credit," and "report" used together are generic when applied to a free credit report.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  ConsumerInfo further objects that the request is vague and ambiguous because it is unclear if it asks whether the use of "free," "credit," and "report" in conjunction with other terms is generic.  Subject to and without waiving

KAYE SCHOLER LLP

159

1   the foregoing objections, ConsumerInfo responds:

2       ConsumerInfo admits the exact phrase "free credit report" is generic when

3   applied to provision of a free credit report.  ConsumerInfo denies any remainder.

4   **REQUEST FOR ADMISSION NO. 72:**

5       Admit that you knew of One Technologies LP's use of

6   "freecreditreportsinstantly.com" before January 1, 2005.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

8       ConsumerInfo incorporates by reference the General Objections above as

9   though fully set forth herein.  ConsumerInfo objects that the term "you knew" is

10  vague and ambiguous because ConsumerInfo is a corporation.  ConsumerInfo further

11  objects that the term "you knew" is overbroad and unduly burdensome to the extent it

12  calls for the knowledge of any individual connected with ConsumerInfo without

13  respect to the relevance of that individual's knowledge to the issues in this case.

14  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

15      Admit.

16  **REQUEST FOR ADMISSION NO. 73:**

17      Admit that you knew before January 1, 2005, that One Technologies was using

18  "freecreditreportsinstantly.com" to promote credit report and monitoring services

19  provided by persons other than ConsumerInfo.com, Inc..

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

21      ConsumerInfo incorporates by reference the General Objections above as

22  though fully set forth herein.  ConsumerInfo objects that the term "you knew" is

23  vague and ambiguous because ConsumerInfo is a corporation.  ConsumerInfo further

24  objects that the term "you knew" is overbroad and unduly burdensome to the extent it

25  calls for the knowledge of any individual connected with ConsumerInfo without

26  respect to the relevance of that individual's knowledge to the issues in this case.

27  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

28      After diligent inquiry, ConsumerInfo is not aware that it had such knowledge

*KAYE SCHOLER LLP*

160

1    prior to January 1, 2005, and on that basis denies the request.  Investigation and

2    discovery are ongoing.

3    **REQUEST FOR ADMISSION NO. 74:**

4       Admit that it is the custom and practice in the online credit report and/or credit

5    monitoring business to use tradenames, trademarks and/or variations of the same in

6    paid search advertising.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

8       ConsumerInfo incorporates by reference the General Objections above as

9    though fully set forth herein and further objects to the request on the ground that it is

10    vague, ambiguous, unintelligible, and not reasonably calculated to lead to the

11    discovery of admissible evidence.  Subject to and without waiving the foregoing

12    objections, ConsumerInfo responds:

13       ConsumerInfo admits that it uses its trademarks in paid search advertising.

14    ConsumerInfo denies any remainder.

15    **REQUEST FOR ADMISSION NO. 75:**

16       Admit that Google, Inc. has a policy that permits the use of tradenames,

17    trademarks and/or variations of the same in paid search advertising.

18    **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

19       ConsumerInfo incorporates by reference the General Objections above as

20    though fully set forth herein and further objects to the request on the ground that it is

21    vague, ambiguous, unintelligible, and not reasonably calculated to lead to the

22    discovery of admissible evidence.  Subject to and without waiving the foregoing

23    objections, ConsumerInfo responds:

24       ConsumerInfo admits that it uses its trademarks in paid search advertising.

25    ConsumerInfo denies any remainder.

26    **REQUEST FOR ADMISSION NO. 76:**

27       Admit that the words "free," "credit," and/or "report" are used in at least 70%

28    of consumer searches for online credit reports and/or credit monitoring services.

KAYE SCHOLER LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the ground that it is vague, ambiguous, and unintelligible.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

ConsumerInfo lacks knowledge sufficient to admit or deny the purported statistic set forth in the request.

**REQUEST FOR ADMISSION NO. 77:**

Admit that you have known of One Technologies' use of www.freecreditreport.com in paid search advertising since 2002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein.  ConsumerInfo objects that the term "you have known" is vague and ambiguous because ConsumerInfo is a corporation.  ConsumerInfo further objects that the term "you have known" is overbroad and unduly burdensome to the extent it calls for the knowledge of any individual connected with ConsumerInfo without respect to the relevance of that individual's knowledge to the issues in this case.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

After diligent inquiry, ConsumerInfo is not aware that it had such knowledge since 2002, and on that basis denies the request.  Investigation and discovery are ongoing.

**REQUEST FOR ADMISSION NO. 78:**

Admit that through 2007, you never prohibited One Technologies from using www.freecreditreport.com as a paid search term in advertising.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein, and further objects to the request on the ground that it

162

KAYE SCHOLER LLP

assumes facts not in evidence.  ConsumerInfo objects that the term "prohibited" is vague and ambiguous.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 79:**

Admit that One Technologies and Adaptive Marketing LLC ("Adaptive") are not acting in concert as competitors of yours.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 80:**

Admit that you have no facts which demonstrate that One Technologies, either alone or in concert with Adaptive, has diverted millions of dollars worth of business from ConsumerInfo.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

ConsumerInfo incorporates by reference the General Objections above as though fully set forth herein and further objects to the request on the grounds that it calls for a legal conclusion.  Subject to and without waiving the foregoing objections, ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 81:**

Admit that you have no facts that One Technologies has directly purchased or used the term freecreditreport.com and Triple Advantage as search engine keywords.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

ConsumerInfo incorporates by reference the General Objections above as

163

K AYE S CHOLER LLP

though fully set forth herein and further objects to the request on the grounds that it

calls for a legal conclusion.  ConsumerInfo objects that the terms "have no facts that

One Technologies has directly purchased" is vague and ambiguous in that

ConsumerInfo's pre-lawsuit investigation reveals that One Technologies and/or its

affiliates have purchased search engine keywords confusingly similar to

ConsumerInfo's marks.  Subject to and without waiving the foregoing objections,

ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 82:**

Admit that you use the mark www.freecreditreport.com only in connection with

an introductory free credit report and score.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

ConsumerInfo incorporates by reference the General Objections above as

though fully set forth herein and further objects to the request on the grounds that it

calls for a legal conclusion.  Subject to and without waiving the foregoing objections,

ConsumerInfo responds:

Deny.

**REQUEST FOR ADMISSION NO. 83:**

Admit that you have exclusive advertising arrangements with Yahoo Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

ConsumerInfo incorporates by reference the General Objections above as

though fully set forth herein and further objects to the request on the grounds that it

seeks information not relevant to any claim or defense in this matter, nor reasonably

calculated to lead to the discovery of admissible evidence.  ConsumerInfo further

objects that the term "exclusive advertising arrangements" is vague and ambiguous.

ConsumerInfo objects to the request to the extent it seeks production of information

that includes trade secrets, confidential, and/or proprietary information.

KAYE SCHOLER LLP

1    **REQUEST FOR ADMISSION NO. 84:**

2         Admit that that you have exclusive advertising agreements with internet search

3    engines other than Yahoo Inc.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

5         ConsumerInfo incorporates by reference the General Objections above as

6    though fully set forth herein and further objects to the request on the grounds that it

7    seeks information not relevant to any claim or defense in this matter, nor reasonably

8    calculated to lead to the discovery of admissible evidence.  ConsumerInfo objects to

9    the request to the extent it seeks production of information that includes trade secrets,

10   confidential, and/or proprietary information.

11

12   Dated:  March 22, 2010                    KAYE SCHOLER LLP

13

14                                             By: *Oscar Ramallo*

15                                                  Oscar Ramallo
                                                   Attorneys for Plaintiff
16                                                 CONSUMERINFO.COM, INC.

17

18

19

20

21

22

23

24

25

26

27

28

KAYE SCHOLER LLP

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067.

    On March 22, 2010, I served the documents described as

1.    **PLAINTIFF CONSUMERINFO.COM, INC.'S FIRST AMENDED RESPONSE TO DEFENDANT ONE TECHNOLOGIES LP'S FIRST SET OF REQUESTS FOR ADMISSIONS**

    by placing an original of the above-entitled document in a sealed envelope addressed as follows:

Kent B. Goss
Valerie M. Goo
Dimitrius Korovilas
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Telephone: (213) 629-2020
Fax: (213) 612-2499
E-mail: kgoss@orrick.com
E-mail: vgoo@orrick.com
E-mail: dkorovilas@orrick.com

    by placing a true copy of the above-entitled document in a sealed envelope addressed as follows:

Gregory A. Nylen
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: (310) 586-7700
Fax: (310) 586-7800
E-mail: nyleng@gtlaw.com

James H. Donoian
Heidi S. Garfield
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Fax: (212) 801-6400
E-mail: donoianj@gtlaw.com
E-mail: garfieldh@gtlaw.com

☒    by E-MAIL

☐    by FACSIMILE

KAYE SCHOLER LLP

23279293.DOC    PROOF OF SERVICE BY U.S. MAIL

1   ☒  by U.S. MAIL (I am readily familiar with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be
2   deposited with U.S. Postal Service on that same day with postage thereon fully
prepaid at Los Angeles, California in the ordinary course of business. I am
3   aware that on motion of the party served, service is presumed invalid if postal
cancellation date or postage meter date is more than one day after date of
4   deposit for mailing in affidavit.)

5   ☐  by FEDERAL EXPRESS (by causing such envelope to be delivered to the
office of the addressee by overnight delivery via Federal Express or by other
6   similar overnight delivery service).

7   ☐  by PERSONAL SERVICE

8      ☐  by personally delivering such envelope to the addressee.

9      ☐  by causing such envelope to be delivered by messenger to the office of
the addressee.

10

11   ☐  (State) I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.

12

13   ☒  (Federal) I declare that I am employed in the office of a member of the bar of
this court at whose direction the service was made.

14   Executed on March 22, 2010, at Los Angeles, California.

15

16   Shahnaz Virani
    Name                       Signature

17

18

19

20

21

22

23

24

25

26

27

28

*KAYE SCHOLER LLP*

23279293.DOC            PROOF OF SERVICE BY U.S. MAIL