1  KENT B. GOSS, (SBN 131499)
   kgoss@orrick.com
2  VALERIE M. GOO, (SBN 187334)
   vgoo@orrick.com
3  SETH E. FREILICH, (SBN 217321)
   sfreilich@orrick.com
4  DIMITRIOS V. KOROVILAS, (SBN 247230)
   dkorovilas@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 S. Figueroa Street, Suite 3200
6  Los Angeles, CA  90017
   Telephone:  (213) 629-2020
7  Facsimile:  (213) 612-2499
   Attorneys for Defendants: ONE TECHNOLOGIES LP AND ALEX CHANG
8
   GREGORY A. NYLEN, (SBN 151129)
9  nyleng@gtlaw.com
   GREENBERG TRAUGIG LLP
10 2450 Colorado Avenue, Suite 400E
   Santa Monica, CA  90404
11 Telephone:  (213) 629-2020
   Facsimile:  (213) 612-2499
12 Attorneys for Defendants: ADAPTIVE MARKETING LLC

13 KARINEH KHACHATOURIAN (SBN 202634)
   Karineh.khachatourian@klgates.com
14 K&L GATES LLP
   630 Hansen Way
15 Palo Alto, CA  94304
   Telephone:  (650) 798-6700
16 Facsimile:  (650) 798-6701
   Attorneys for Non-Party: LIVEOPS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> ALEX CHANG, an individual; ONE TECHNOLOGIES LP, a Delaware limited partnership; ADAPTIVE MARKETING LLC, a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. CV 09-3783-VBF(MANx) <br><br> **STIPULATION FOR LIMITED PROTECTIVE ORDER CONCERNING NON-PARTY DOCUMENTS** <br><br> Judge:   Hon. Valerie Baker Fairbank |

**STIPULATION FOR A LIMITED PROTECTIVE ORDER**

This Stipulation for a Limited Protective Order Concerning Confidential Documents is entered into by Alex Chang, an individual; and One Technologies LP, a Delaware limited partnership and Adaptive Marketing LLC("The Defendants") and non-party LiveOps, Inc. ("LiveOps") based on the following facts:

A.  On or about July 14, 2009 Consumerinfo.com served a Fed. R. Civ. Proc. 45 subpoena on non-party LiveOps seeking the production of documents in the case styled Consumerinfo.com v. Willms et. al. . CASE NO. SA CV 09-0055 DOC (MLGx) ("Willms Matter.")

B.  LiveOps produced documents to Consumerinfo.com in the Willms Matter pursuant to said subpoena under a limited protective order entered in that case.

C.  Consumerinfo.com has requested that it be permitted to produce said documents to Defendants in this pending lawsuit.

D.  LiveOps consents to Consumerinfo.com's production so long as the Defendants agree to the terms of the limited protective order entered in the Willms Matter, as LiveOps believes certain documents to be produced contain information that is proprietary or contain business or trade secrets.

E.  LiveOps has reviewed the Protective Order entered in this case, and has determined given the nature of the documents and its status as a third party, the terms of the Limited Protective Order entered in the Willms Matter upon which the documents were produced affords greater protection.

IT IS HEREBY STIPULATED, by and between The Defendants and LiveOps, through their counsel, that:

This Stipulation for a Limited Protective Order is applicable to those LiveOps documents Consumerinfo.com produces to The Defendants and will not be superseded by the entry of any future protective order in this case unless specifically agreed to by The Defendants and LiveOps or so ordered by the Court.

Unless LiveOps agrees otherwise, and subject to the other provisions of this

Stipulation for a Limited Protective Order, documents designated "Confidential" by LiveOps and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any person except: (i) the Court and its officers; (ii) Designated Counsel of record for the parties to this Action and employees of Designated Counsel of record; (iii) the parties to this Action (including any current employees, agents, officers or directors of such parties); (iv) independent contractors, experts, consultants or advisors who are employed or retained by, or on behalf of, any of the parties or counsel for the parties to this Action to assist in preparation of the trial; (v) stenographic reporters who are involved in depositions or any Court hearings or proceedings; (vi) copy service vendors; and (vii) any other person as to whom LiveOps and The Defendants agree in writing that disclosure is appropriate.  Neither parties to this litigation nor their attorneys may have access to documents designated under this paragraph unless and until they have reviewed this limited protective order and agree in writing to be bound by its terms.

Unless LiveOps agrees otherwise, and subject to the other provisions of this Stipulation for a Limited Protective Order, documents designated "Highly Confidential – Attorneys' Eyes Only" by LiveOps and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any persons except: (i) the Court and its officers; (ii) Designated Counsel of record for the parties to this Action and employees of Designated Counsel of record; (iii) independent contractors, experts, consultants or advisors who are employed or retained by, or on behalf of, any of the parties or counsel for the parties to this Action to assist in preparation of the trial; (iv) stenographic reporters who are involved in depositions or any Court hearings or proceedings; (v) copy service vendors; and (vi) any other person as to whom LiveOps and ConsumerInfo agree in writing that disclosure is appropriate.  Documents designated "Highly Confidential – Attorneys' Eyes Only" and any summaries, charts

or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to in-house counsel.  Documents designated "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed to a party, or to any officer, director, employee or agent of a party, unless otherwise agreed to by LiveOps in writing.  Neither parties to this litigation nor their attorneys may have access to documents designated under this paragraph unless and until they have reviewed this limited protective order and agree in writing to be bound by its terms.

Any submission to the Court of the Confidential or Highly Confidential – Attorneys' Eyes Only, documents produced pursuant to this Stipulation for a Limited Protective Order must be made under an application to file such documents under seal.

Following the receipt of Documents marked "Confidential" or "Highly Confidential - Attorneys' Eyes Only," any party to the Action may object to the designation of such Document and seek a modification of such designation by serving a written objection on LiveOps.  Thereafter, the objecting party shall first make a good-faith effort to resolve such dispute with counsel for LiveOps.  If the objecting party and LiveOps are unable to resolve the objection, the objecting party shall move the Court for an order with respect to the disputed information.  In the event that any party files a motion to release a Document from a designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the motion must be filed under seal to the extent it discloses designated information.  Should the Court reject any application to file LiveOps designation documents under seal, the parties to this lawsuit agree to request return of such documents rather than allow them to be part of the public record.

If The Defendants are served with a subpoena or an order issued in other litigation that would compel disclosure of documents produced by LiveOps, The Defendants must promptly so notify LiveOps in writing.  Such notification must include a copy of the subpoena or court order.  The Defendants also must promptly inform the party who caused the subpoena or order to issue in the other litigation that

some or all of the material covered by the subpoena or order is the subject of this Stipulation for a Limited Protective Order.  In addition, The Defendants must deliver a copy of this Stipulation for a Limited Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

If The Defendants learn that, by inadvertence or otherwise, it has disclosed documents produced by LiveOps to any person or in any circumstance not authorized under this Stipulation for a Limited Protective Order, it must immediately (a) notify LiveOps of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the documents; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation for a Limited Protective Order.

Even after the termination of the Action, the confidentiality obligations imposed by this Stipulation for a Limited Protective Order shall remain in effect unless a court order otherwise directs.

The Defendants and LiveOps agree to submit this Order for entry by the Court and to be bound by its terms prior to and subsequent to entry by the Court.

DATED:  May 3, 2010                ORRICK, HERRINGTON & SUTCLIFFE LLP


By:    /s/
Seth E. Freilich
Attorneys for Defendant
ONE TECHNOLOGIES LP AND ALEX CHANG


DATED:  May 3, 2010                GREENBERG TRAURIG LLP


By:    /s/
Gregory A. Nylen
Attorneys for Defendant
ADAPTIVE MARKETING LLC

| | | |
|---|---|---|
| 1 | DATED: May 3, 2010 | K&L GATES LLP |
| 2 | | |
| 3 | | By: /s/ |
| | | KARINEH KHACHATOURIAN |
| 4 | | Attorneys for Non-Party |
| | | LIVE OPS, INC. |