1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

WESTERN DIVISION

11

12 | CONSUMERINFO.COM, INC., a
California corporation,

13

Plaintiff,

14

v.

15

ONE TECHNOLOGIES LP, a
16 | Delaware limited partnership;
ADAPTIVE MARKETING LLC, a
17 | Delaware corporation; and DOES 1-50,
inclusive,

18

Defendants.

19

20

21

22

23 | AND RELATED COUNTERCLAIM

24
25
26
27
28

Case No.  CV 09-3783-VBF(MANx)

**[PROPOSED] ORDER GRANTING
IN PART AND DENYING IN PART
DEFENDANTS ONE
TECHNOLOGIES LP'S AND
ADAPTIVE MARKETING LLC'S
JOINT MOTION TO COMPEL
PRODUCTION OF DOCUMENTS
AND GRANTING ONE
TECHNOLOGIES' MOTION TO
COMPEL FURTHER RESPONSES
TO REQUESTS FOR ADMISSION**

Discovery Cutoff:      June 4, 2010
Pretrial Conference:   Oct. 4, 2010
Trial date:            Oct. 19, 2010

Hearing:     April 20, 2010, at 10:00 am
Judge:       Hon. Margaret A. Nagle

WHEREAS, Defendants One Technologies LP ("One Technologies") and Adaptive Marketing LLC ("Adaptive") have made a joint motion to compel (the "Joint Motion") the production of documents by plaintiff ConsumerInfo.com, Inc. ("ConsumerInfo") and for sanctions and One Technologies has made a motion to compel ConsumerInfo to further respond to requests for admission ("RFA Motion") and for sanctions pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 37;

WHEREAS, the Joint Motion and RFA Motion came on for hearing before the Honorable Margaret A. Nagle on April 20, 2010, at 1:30 p.m.;

WHEREAS, the Court has considered the papers submitted in connection with these motions and all arguments of counsel;

WHEREAS, the Court tentatively indicated at the hearing whether it would grant or deny each request at issue and instructed the parties to meet and confer regarding the terms of a proposed order to reflect the Court's tentative indications;

WHEREAS, the parties have  submitted this proposed order;

NOW, THEREFORE, it is HEREBY ORDERED that One Technologies' and Adaptive's Joint Motion is GRANTED in part and DENIED in part, as set forth below, and One Technologies' RFA motion is GRANTED, as set forth below.

## I.   FACTUAL BACKGROUND

This lawsuit arises from ConsumerInfo's allegations that, *inter alia*, two of its competitors — One Technologies and Adaptive — have infringed ConsumerInfo's purportedly valid and protectable trademarks, trade dress, and copyrights through the use of certain internet advertising and domain names. ConsumerInfo asserts that defendants have infringed its federally registered FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks.

One Technologies asserts that FREECREDITREPORT.COM is not a valid mark because it is generic, or else descriptive and lacks the requisite secondary meaning.  Alternatively, if valid, defendants contend that it is a weak mark entitled to very little protection, because the terms "free" "credit" and "report" are used widely throughout the credit report and monitoring industry to promote free credit reports as a marketing tool and because consumers understand the phrase FREECREDITREPORT.COM to offer a free credit report.

Further, One Technologies asserts that the FREECREDITREPORT.COM MARK should be cancelled because, *inter alia,* ConsumerInfo knew that consumers understood the phrase FREECREDITREPORT.COM to be an offer for a free credit report but did not so inform the PTO when it applied for a trademark application in 2006.

In addition, One Technologies has asserted an antitrust counterclaim alleging that ConsumerInfo fraudulently obtained a federal trademark registration for FREECREDITREPORT.COM, which has harmed competition by increasing its competitors' advertising and marketing costs, unfairly obtaining higher ad placement for ConsumerInfo on search engines (such as Google), lowering its own advertising and marketing costs and attempting to create barriers of entry into the online consumer-direct credit report and monitoring market.

## II.    DEFENDANTS' JOINT MOTION TO COMPEL

The numerous requests for production at issue in One Technologies' and Adaptive's Joint Motion fall broadly into four categories outlined in the Joint Motion:  (1) documents related to the Federal Trade Commission's prior investigation and lawsuit against ConsumerInfo for deceptive trade practices; (2) documents related to ConsumerInfo's marketing and business plans; (3) documents related to ConsumerInfo's efforts to police and enforce its marks, trade dress, and

copyrights, including documents from other litigation; and (4) surveys regarding ConsumerInfo's marks and trade dress.

A.   **DOCUMENTS RELATED TO THE FEDERAL TRADE COMMISSION'S LAWSUIT AGAINST CONSUMERINFO**

One Technologies and Adaptive have jointly moved to compel ConsumerInfo to produce documents in response to One Technologies' requests for production ("OT RFP") 25 and 27-32 and Adaptive's requests for production ("Adaptive RFP") 75-83.  These requests each seek documents related to the Federal Trade Commission's investigation of and subsequent lawsuit against ConsumerInfo, entitled *Federal Trade Commission v. ConsumerInfo.com, Inc.*, case no SACV 05-801 AHS (MLGx) (C.D. Cal. 2005) (the "FTC Action").

## Defendants' Contentions

One Technologies and Adaptive argue that documents related to the FTC Action and associated investigation are relevant to this action or likely to lead to the discovery of admissible evidence regarding consumers' understanding of the term "freecreditreport.com" and the nature of the association in consumers' minds between the mark and the goods and services provided by ConsumerInfo — all of which, defendants argue, go to the heart of trademark infringement defenses of strength and validity of the purported mark (*e.g.*, whether it is generic or lacks secondary meaning, and whether it is likely to cause confusion among consumers, etc.).  Moreover, One Technologies and Adaptive contend that these documents will bear directly on ConsumerInfo's knowledge of consumers' understanding of the mark in 2006, when it applied for the federal trademark registration of the FREECREDITREPORT.COM mark, and thus bear directly on One Technologies' allegation of fraud on the PTO.  Defendants maintain that the FTC Action and investigation evidence that — for years — ConsumerInfo falsely marketed freecreditreport.com to signal simply the provision of a "free credit report" and

potential association with the government, not to signal ConsumerInfo as the origin of particular goods and services.

### ConsumerInfo's Contentions

ConsumerInfo maintains that documents concerning the FTC Action are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, because the FTC Action and this lawsuit concern different claims and issues. ConsumerInfo also asserts that discovery of documents from the FTC Action would unduly chill settlement negotiations and remedial measures, in violation of Federal Rules of Evidence 407 and 408.

### Court's Findings

The Court finds that documents related to the FTC Action are discoverable for the reasons cited by defendants. The Court further finds that Federal Rules of Evidence 407 and 408 do not bar the discovery of documents from the FTC Action. In addition, the Court finds that ConsumerInfo waived its Rule 407 objection by failing to assert it timely in its original responses to defendants' discovery requests. As to each particular request at issue, the Court orders as follows:

OT RFPs 25, 27, 28, and 29: The motion to compel as to these requests is DENIED as MOOT based on ConsumerInfo's representation in its amended discovery responses, served during the pendency of this motion, that no responsive documents exist.

OT RFP 30: The motion to compel as to this request is GRANTED. ConsumerInfo is hereby ORDERED to produce all communications between ConsumerInfo and the FTC regarding the FTC Action, including any documents attached or enclosed with such communications.

OT RFP 31: The motion to compel as to this request is GRANTED. ConsumerInfo is hereby ORDERED to produce all documents sufficient to show its

NY 240,240,033v1 4-22-10

efforts to comply with the final judgment and permanent injunction entered in the FTC Action, including documents sufficient to show the changes to its business policies and practices implemented as a result of the judgment and injunction and all complaints required to be maintained as a condition to the injunction and supplemental injunction.

OT RFP 32:  The motion to compel as to this request is GRANTED. ConsumerInfo is hereby ORDERED to produce all complaints by consumers, the FTC, or other government agencies, or competitors regarding ConsumerInfo's failure to comply with the final judgment and injunction entered in the FTC Action.

Adaptive RFP 75:  The motion to compel as to this request is GRANTED.  ConsumerInfo is hereby ORDERED to produce all documents referring to or evidencing the allegedly deceptive acts and practices identified by the Federal Trade Commission in the FTC Action.  Specifically, in addition to the documents that will be produced in response to OT RFP 30, ConsumerInfo shall produce all communications with the FTC during the three year investigation that occurred prior to the actual filing of the FTC Action, including all documents attached to or enclosed in such communications and all business records or other documents that ConsumerInfo otherwise provided to the FTC or that the FTC otherwise provided to ConsumerInfo during this time.  The production shall include all documents previously compelled to be produced in *Clark v. Experian Information Solutions, Inc.*, 2006 WL 626820 (N.D. Ill. Jan. 6, 2006).

Adaptive RFPs 76, 77, 78, 79, and 80:  The motion to compel as to these requests is DENIED WITHOUT PREJUDICE.  Further, to the extent these requests are duplicative of OT RFPs 30, 31, and 32 and Adaptive RFP 75, the Court finds these requests to be moot.  This ruling is without prejudice to Adaptive's right to renew its motion in the event that ConsumerInfo's production proves insufficient

or One Technologies settles out of the case or to the extent defendants do not receive documents in response to OT RFPs 30, 31, and 21 and Adaptive RFP 75.

Adaptive RFP 81:  The motion to compel as to this request is GRANTED.  ConsumerInfo is hereby ORDERED to produce all documents, including discovery, prepared or received by ConsumerInfo in the FTC Action, including all documents previously produced by it or the FTC, deposition transcripts, declarations, or affidavits, and communications between ConsumerInfo and the FTC, including any transcripts of pre-enforcement depositions.

Adaptive RFP 82:  The motion to compel as to this request is DENIED WITHOUT PREJUDICE.  Further, to the extent these requests are duplicative of OT RFPs 31 and 32, the Court finds these requests to be moot.  This ruling is without prejudice to Adaptive's right to renew its motion as to this request in the event that ConsumerInfo's production proves insufficient or One Technologies settles out of this case or to the extent defendants do not receive documents in response to OT RFPs 31 and 32.

Adaptive RFP 83:  The motion to compel as to this request is GRANTED.  ConsumerInfo shall produce documents sufficient to identify its actions alleged by the FTC to constitute a failure to abide by the terms of the settlement and stipulated final judgment and order for permanent injunction in the FTC Action, preceding the supplemental stipulated injunction.  The production shall include documents related to ConsumerInfo's conduct as discussed in the press release "ConsumerInfo.com Settles FTC Charges," released on the www.ftc.gov on February 21, 2007, and the article "FTC Charges ConsumerInfo.com Over Fees," by David Utter, published on the Security Pro News website, www.securitypronews.com, on February 22, 2007.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### B.   Marketing and Business Plans

Defendants next seek to compel ConsumerInfo to produce documents in response to OT RFPs 48 and 86.  These requests generally seek all documents that constitute, discuss, or mention ConsumerInfo's business plans or marketing plans, strategies, or guidelines.

### Defendants' Contentions

Defendants contend that documents that constitute, discuss, or refer to business plans, and marketing plans, strategies, and guidelines must be produced because they are relevant or likely to lead to the discovery of admissible evidence concerning key issues in this case, including the strength and validity of the FREECREDITREPORT.COM mark, the likelihood of confusion and scope of protection, if any, of the purported marks, consumers' understanding of the term "freecreditreport.com" and ConsumerInfo's knowledge thereof, and whether ConsumerInfo committed fraud on the PTO in securing a federal registration of the mark.  Defendants also argue that such documents will be directly relevant to One Technologies' antitrust claim.

Defendants seek an order, without prejudice to their right to further compel the production of additional business and marketing plans, guidelines, and strategies in their entirety or documents that discuss or refer to business plans, or marketing plans, guidelines, and strategies if ConsumerInfo's production proves insufficient, compelling production of business plans, marketing plans, guidelines, or strategies relating to:

1. ConsumerInfo's selection of FREECREDITREPORT.COM and TRIPLE ADVANTAGE as trademarks;

2. ConsumerInfo's use and promotion of its marks;

3. ConsumerInfo's knowledge and intent in marketing and advertising free credit reports and in utilizing keywords containing the terms "free," "credit" and "report" and the

- 7 -

freecreditreport.com domain name;

4. Consumer' understanding of freecreditreport.com;

5. The use and effectiveness of "free credit reports" as a marketing and promotional tool in the credit report and monitoring market;

6. ConsumerInfo's actions and intent to prevent competitors from using such terms in marketing and advertising;

7. Exclusionary practices, special arrangements with Google or other pay-per-click search providers;

8. Strategies for creating barriers to entry into the market;

9. Use of the FREECREDITREPORT.COM trademark to exclude others from the market;

10. Raising competitors' prices for marketing or advertising or achieve lower advertising costs;

11. Higher advertising placement or higher search rankings;

12. Pricing or price changes; and

13. Competitive conditions in the marketplace.

**ConsumerInfo's Contentions**

ConsumerInfo argues that One Technologies' requests are overbroad in that, based on ConsumerInfo's review of its electronically stored information, there are more than 8,000 documents that contain the words "business plan" or "marketing plan." ConsumerInfo also argues that many of the topics identified by defendants are either irrelevant or encompassed by other requests to which ConsumerInfo has agreed to respond. ConsumerInfo maintains that it is sufficient to produce its marketing and business plans only to the extent that such plans specifically refer to defendants One Technologies or Adaptive or their trademarks.

NY 240,240,033v1 4-22-10

## **Court's Findings**

The Court finds that the topics offered by defendants are appropriately tailored in scope and reasonably calculated to lead to the discovery of admissible evidence relevant to ConsumerInfo's claims, One Technologies' and Adaptive's defenses, and One Technologies' and Adaptive's counterclaims.  As to each particular request at issue, the Court orders as follows:

OT RFP 48:  The motion to compel as to this request is GRANTED. ConsumerInfo is hereby ordered to produce all marketing plans, guidelines, or strategies to the extent that they relate to any of the following issues:

1. ConsumerInfo's selection of FREECREDITREPORT.COM and TRIPLE ADVANTAGE as trademarks;
2. ConsumerInfo's use and promotion of its marks;
3. ConsumerInfo's knowledge and intent in marketing and advertising free credit reports and in utilizing keywords containing the terms "free," "credit" and "report" and the freecreditreport.com domain name;
4. Consumer' understanding of freecreditreport.com;
5. The use and effectiveness of "free credit reports" as a marketing and promotional tool in the credit report and monitoring market;
6. ConsumerInfo's actions and intent to prevent competitors from using such terms in marketing and advertising;
7. Exclusionary practices, special arrangements with Google or other pay-per-click search providers;
8. Strategies for creating barriers to entry into the market;
9. Use of the FREECREDITREPORT.COM trademark to exclude others from the market;
10. Raising competitors' prices for marketing or advertising or

- 9 -

NY 240,240,033v1 4-22-10

achieve lower advertising costs;

11. Higher advertising placement or higher search rankings;

12. Pricing or price changes; and

13. Competitive conditions in the marketplace.

This ruling is without prejudice to One Technologies' right to renew its motion to compel the production of marketing plans, guidelines, or strategies in their entirety or documents that discuss or refer to them.

OT RFP 86:  The motion to compel as to this request is GRANTED. ConsumerInfo is hereby ordered to produce all its business plans to the extent that they relate to any of the following issues:

1. ConsumerInfo's selection of FREECREDITREPORT.COM and TRIPLE ADVANTAGE as trademarks;

2. ConsumerInfo's use and promotion of its marks;

3. ConsumerInfo's knowledge and intent in marketing and advertising free credit reports and in utilizing keywords containing the terms "free," "credit" and "report" and the freecreditreport.com domain name;

4. Consumer' understanding of freecreditreport.com;

5. The use and effectiveness of "free credit reports" as a marketing and promotional tool in the credit report and monitoring market;

6. ConsumerInfo's actions and intent to prevent competitors from using such terms in marketing and advertising;

7. Exclusionary practices, special arrangements with Google or other pay-per-click search providers;

8. Strategies for creating barriers to entry into the market;

9. Use of the FREECREDITREPORT.COM trademark to exclude others from the market;

NY 240,240,033v1 4-22-10

10. Raising competitors' prices for marketing or advertising or achieve lower advertising costs;

11. Higher advertising placement or higher search rankings;

12. Pricing or price changes; and

13. Competitive conditions in the marketplace.

To gather documents for these requests, ConsumerInfo has identified the following custodians as those likely to have responsive business plans or marketing plans and, therefore, will search their electronic documents: Mike Dean, current CEO and former Chief Marketing Officer; Erik Tarui, Senior Director, Web Optimization & SEM; Mark Hriciga, VP Advertising; Marcy Smith, VP Broadcast Media; Charles Harris, VP Marketing; and Ria Zander, Associate Legal Counsel. ConsumerInfo shall review the files in these persons' possession to locate documents that are not electronically stored responsive to OT RFPs 48 and 86 and shall produce all responsive documents that relate to the 13 categories listed above. Regarding documents responsive to these requests that are electronically stored, ConsumerInfo will search these custodians' electronic files for all documents with the terms "marketing plan," "marketing guide!," "marketing strateg!," or "business plan" back to January 1, 2000. ConsumerInfo shall produce all non-privileged, non-work product, drafts of marketing plans or business plans that fall under one of the 13 categories.

This ruling is without prejudice to One Technologies' right to renew its motion to compel the production of marketing plans or business plans in their entirety or documents that discuss or refer to marketing plans or business plans.

## C.   OTHER LITIGATION

Defendants next seek to compel ConsumerInfo to produce documents in response to OT RFPs 96-98, 101, 134-136, 138-142 and 144-145 and Adaptive RFP 85. These requests generally seek all documents that relate to ConsumerInfo's

prior litigation, including the litigations captioned *ConsumerInfo.com, Inc. v. Mighty Net, Inc.*, Case No. SACV-06-0322 ODW (ANx) ("*Mighty Net*") and *ConsumerInfo.com, Inc. v. Jesse Willms, et al.*, Case No. SACV 09-0055 DOC (MLGx) ("*Willms*"), and enforcement efforts regarding ConsumerInfo's asserted intellectual property rights.

### **Defendants' Contentions**

Defendants contend that documents concerning prior litigation and enforcement efforts implicate ConsumerInfo's rights in the very trademarks at issue in the present litigation and such documents relate to the scope of protection for ConsumerInfo's asserted rights. Defendants specifically seek prior litigation documents including witness statements, affidavits and declarations; pleadings filed under seal; deposition testimony and exhibits; settlement agreements; and documents produced in prior litigation. Defendants also specifically seek enforcement and/or prelitigation documents including settlement agreements; trademark watch notices used in connection with ConsumerInfo's enforcement of its alleged trademarks; supplemental and follow-up correspondence in connection with cease and desist letters; and documents concerning ConsumerInfo's anticipated enforcement efforts.

Defendants contend that the requested prior litigation and enforcement documents are specifically relevant to ConsumerInfo's own claims in this litigation and Defendants' defenses to such claims (e.g., validity, strength and scope of protection of the relevant trademarks), Defendants' counterclaims for infringement, One Technologies' cancellation and antitrust claims, and damages. Relevant documents concerning the intellectual property at issue in this litigation may yield pertinent information concerning how ConsumerInfo protects its trademarks and may not reasonably be withheld from discovery.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ConsumerInfo's Contentions

ConsumerInfo contends that documents from prior litigation are voluminous and irrelevant to the present litigation and, further, are protected by separate protective orders that preclude ConsumerInfo from turning over the documents.  More specifically, ConsumerInfo contends that third party document productions, depositions, and witness declarations do not concern the trademarks at issue in this litigation.  To the extent any prior litigation documents concern ConsumerInfo's trademarks at issue in this litigation, ConsumerInfo contends such documents are being produced via responses to discovery requests with which ConsumerInfo is willing to comply.  ConsumerInfo further contends that settlement agreements from prior litigations include publicly filed stipulations that fully address Defendants' interests in this litigation.  ConsumerInfo further states that it is producing pre-litigation enforcement documents by way of cease and desist letters and its review of electronically stored information.

## Court's Findings

The Court finds that the documents sought by Defendants are appropriately tailored in scope and reasonably calculated to lead to the discovery of admissible evidence relevant to ConsumerInfo's claims, One Technologies' and Adaptive's defenses, and One Technologies' and Adaptive's counterclaims.  As to each particular request at issue, the Court orders as follows:

Adaptive RFP 85:

The motion to compel as to this request is GRANTED.  ConsumerInfo is hereby ORDERED to produce all documents concerning ConsumerInfo's prior enforcement efforts or litigation involving the ConsumerInfo trademarks, copyrights and trade dress at issue in the present litigation, in the following categories relating to the *Willms* and *Mighty Net* litigation: documents produced by parties in such prior litigation, third party document productions, deposition

- 13 -

transcripts, documents filed under seal, witness statements and expert reports from any prior litigation.  The Court orders ConsumerInfo to produce the following documents produced by third parties in prior litigations:

1. ROI Revolution documents consisting of emails between ROI, Willms and third parties concerning Willms' CreditReportAmerica.com website, tracking information, and Willms' creative;

2. Advaliant documents consisting of insertion orders and emails between Willms' entities and the affiliate concerning Willms' entities' advertising;

3. Live Ops. documents concerning the handling of customer complaints regarding Willms entities;

4. Casale Media documents consisting of insertion orders and emails between Willms' entities and the affiliate concerning Willms' entities' advertising;

5. Blue Host documents concerning domain name registrations owned by Willms entities;

6. GoDaddy documents concerning domain name registrations by Willms entities;

7. Ad Knowledge documents concerning insertion orders and Willms' entities' advertising;

8. AdEx documents concerning insertion orders and Willms' entities' advertising;

9. Digital River documents concerning tracking of Willms' entities advertisements and agreements between Willms and Digital River;

10. Domains by Proxy documents concerning domain name

registrations by Willms entities;

11. Google Adwords Sponsored Link Ad Performance report data for accounts related to Willms' websites;

12. IntegraClick documents concerning Willms' business entities;

13. Intermark Media documents concerning Willms' entities advertising;

14. Market Leverage documents concerning insertion orders and agreements and the relationship between Market Leverage and Willms entities;

15. Pepper Jam documents concerning insertion orders and Willms' entities' advertising;

16. Pulse360 documents concerning Willms' relationship to Pulse360;

17. Right Media documents concerning Willms' relationship to Right Media; and

18. a complete index of all additional documents received from third parties in prior litigation for Defendants' review, to permit the identification of additional documents, as necessary.

The Court further orders ConsumerInfo to produce all deposition transcripts, affidavits, declarations, and witness statements from the *Willms* and *Mighty Net* litigations.

The Court further orders that ConsumerInfo produce settlement agreements from prior litigations and pre-litigation enforcement efforts. ConsumerInfo is permitted to redact from any settlement agreements the amount of settlement but must not redact the surrounding terms concerning the amount of settlement. This permission is without prejudice to Defendants' right to renew the request for settlement amounts at a later date should there be good cause to do so.

CV 09-3783-VBF(MANx)
[PROPOSED] ORDER RE DEFENDANTS'
JOINT MOTION TO COMPEL

NY 240,240,033v1 4-22-10

ConsumerInfo is not permitted to redact the royalty payments of any settlement agreements, to the extent such information exists.

ConsumerInfo must produce all documents referring to or evidencing other enforcement efforts directed at the intellectual property asserted in this action, including any correspondence regarding such efforts.

ConsumerInfo must serve this order and a copy of the Protective Order in this litigation by email (if known) and FedEx on any affected third-party within one Court day of entry of this order.  An affected third-party may file a motion for a protective order within 10 days of entry of this order.  ConsumerInfo's obligations shall be stayed pending any resolution of such motion.

OT RFPs 95, 100, 134-136, 138-142, 144-145:  The motion to compel as to these requests is DENIED WITHOUT PREJUDICE as MOOT.  To the extent these requests seek documents responsive to Adaptive RFP 85, they are moot.  This ruling is without prejudice to One Technologies' right to renew its motion as to this request in the event that ConsumerInfo's production proves insufficient or Adaptive settles out of this case or to the extent such documents are not produced in response to Adaptive RFP 95.

OT RFP 101: The motion to compel as to this request is GRANTED. ConsumerInfo is hereby ordered to produce all documents, to the extent not produced in response to another request for production, that constitute, discuss or mention any efforts by ConsumerInfo to police or monitor use of certain keywords and domain names.

OT RFPs 96-98: The motion to compel as to these requests is DENIED WITHOUT  PREJUDICE as moot on the grounds that ConsumerInfo has stated — in its supplemental responses served while this motion was pending — that it has no responsive documents.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### D.   SURVEYS

Defendants seek the production of surveys responsive to OT RFPs 52-53 and 70-72 and Adaptive RFPs 46-47.

### Defendants' Contentions

Defendants contend that these surveys are specifically relevant to ConsumerInfo's alleged intellectual property rights.  Work product protection does not apply to ConsumerInfo's surveys for the following reasons: (1) marketing or business surveys not created in anticipation of or in connection with litigation are not work-product protected; (2) surveys used, relied upon, produced and/or received in other litigation are not work-product protected; (3) the factual underpinnings and results of surveys commissioned or generated in other litigation, but not produced or relied upon, are not work-product protected.  To the extent work-product protection applies to any ConsumerInfo surveys, Defendants contend that it is a qualified privilege and Defendants have demonstrated a substantial need for such surveys, in that Defendants cannot now recreate the results of a survey taken in the past due to changing circumstances.

### ConsumerInfo's Contentions

ConsumerInfo contends that surveys generated by non-testifying experts concern factual matters known to an expert that need not be disclosed. ConsumerInfo further contends that such surveys reflect counsel's evaluation and consultation on surveys and are therefore protected work product.  ConsumerInfo further contends that Defendants must demonstrate "exceptional circumstances" in order to obtain expert materials protected as work product, which they have not done.  ConsumerInfo believes that Defendants may conduct their own surveys on the subject matter of their allegations and therefore cannot show exceptional circumstances.  ConsumerInfo finally states that it is willing to produce non-work product surveys.

## Court's Findings

The Court finds that marketing and business surveys, including consumer research studies by non-experts, are not protected by the work product doctrine and orders such surveys to be produced to Defendants.  The Court further finds that surveys by testifying experts are not protected by the work product doctrine and orders such surveys to be produced to Defendants.  The Court further finds that surveys by non-testifying experts that may merit work product protection may be produced subject to the qualified privilege if Defendants cannot recreate the surveys at the present time and, therefore, have a substantial need for ConsumerInfo's surveys.  The Court does not rule at this time as to each particular request at issue but directs ConsumerInfo to provide a detailed privilege log for any survey it intends to withhold based on the work product doctrine.  This privilege log should identify not only completed surveys, but also describe the nature of the underlying factual data related to the surveys that ConsumerInfo also intends to withhold based on a claim of work product protection, including date range and general topics of questions in the survey, but not the actual wording of the questions.  The Court further directs ConsumerInfo to identify all business and marketing surveys in its possession, custody or control and confirm that it is not claiming privilege as to any such surveys and that it is producing all such surveys to Defendants.

## III.   CONSUMERINFO'S COMPLIANCE WITH THIS ORDER

ConsumerInfo is hereby ORDERED to produce all paper documents compelled to be produced by this order on or before May 7, 2010, and all electronic documents by May 14, 2010.  ConsumerInfo is further ORDERED to serve amended, supplemental responses to each of the discovery requests on which the Court has granted defendants' motion to compel upon completion of its review of electronic documents.  ConsumerInfo's amended, supplemental responses shall

state that ConsumerInfo will produce documents in response to each such request as outlined in this order and shall delete all objections to these requests except the attorney-client privilege and work product objections.  All documents withheld based on the attorney-client privilege and work product objections shall be identified on a privilege log on or before May 20, 2010.

## IV.    FURTHER HEARINGS ON ISSUES IN THE JOINT MOTION

With respect to ConsumerInfo's compliance with the order or the renewal of any part of any request referenced above, the parties may arrange for additional follow up hearings as necessary by calling the Court and need not file any additional briefs, motions, or other papers in the manner prescribed by Local Civil Rules 7 and 37.

## V.    RFA MOTION

One Technologies' requests for admission 1-37 and 40 each ask ConsumerInfo to admit that it does not believe a series of domain names incorporating the terms "free," "credit," and/or "report" are confusingly similar to FREECREDITREPORT.COM.  The Court finds that these requests are relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

ConsumerInfo's original responses to these requests refused to admit or deny the requests and instead asserted only objections.  After One Technologies served its portion of the joint stipulation in support of its motion to compel but before the motion was filed, ConsumerInfo served amended responses that admitted or denied the requests, but included in the amended responses pages of new objections and inappropriate legal argument.  The Court found these amended responses to be evasive and deficient.  Accordingly, the One Technologies RFA Motion was GRANTED, and at the hearing on April 20, 2010, the Court instructed ConsumerInfo to submit further amended responses deleting its objections and legal

argument and admitting or denying each request subject only to appropriately tailored qualifications as necessary.

The parties have represented to the Court that ConsumerInfo has since done so and resolved the issues in One Technologies' RFA Motion.

## VI.   **EXPENSES**

The Court takes under submission the issue of whether an award of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5) is warranted.

Dated:  May 4, 2010     _____

Margaret A. Nagle
United States Magistrate Judge

NY 240,240,033v1 4-22-10