**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
James V. Weixel, Jr. (Bar No. 166024)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jim@KBInternetLaw.com

Attorneys for Non-Party Objectors
JESSE WILLMS, EDIRECT,
1016363 ALBERTA LTD. and 1021018 ALBERTA LTD.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **CONSUMERINFO.COM, INC.**, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ONE TECHNOLOGIES LP**, a Delaware limited partnership, **ADAPTIVE MARKETING LLC**, a Delaware corporation; and **DOES 1-50**, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | NO. CV-09-3783 VBF (MANx)<br><br>**DECLARATION OF HENRY M. BURGOYNE, III IN SUPPORT OF MOTION FOR PROTECTIVE ORDER BY NON-PARTY OBJECTORS JESSE WILLMS, EDIRECT, 1016363 ALBERTA LTD., AND 1021018 ALBERTA LTD. AND FOR AWARD OF MONETARY SANCTIONS**<br><br>Date:  June 22, 2010<br>Time:  10:00 a.m.<br>Ctrm:  580<br>Judge: Hon. Margaret A. Nagle |

CASE NO. CV09-3783 VBF (MANx)    DECL. OF H. BURGOYNE ISO MTN FOR PROTECTIVE ORDER

I, Henry M. Burgoyne, III, declare as follows:

1. I am an attorney admitted to practice in the State of California and the United States District Court for the Central District of California. I am a partner at the law firm of Kronenberger Burgoyne, LLP, counsel of record for non-party objectors Jesse Willms, Edirect, 1016363 Alberta Ltd. and 1021018 Alberta Ltd. (collectively, "Objectors"). Unless otherwise stated, I have personal knowledge of the facts stated herein.

2. I make this declaration in support of Objectors' motion for a protective order against the disclosure and production of certain materials in this matter pursuant to the Order on the Joint Motion to Compel filed by defendants One Technologies LP ("OT") and Adaptive Marketing LLC ("Adaptive") (and jointly "Defendants") against plaintiff ConsumerInfo.com, Inc. ("ConsumerInfo"), which Order was entered herein on May 4, 2010.

3. Jesse Willms is the owner and principal officer of eDirect, 1016363 Alberta Ltd., and 1021018 Alberta Ltd., which are headquartered in Alberta, Canada. All three of those companies, which do business under various fictitious names, are some of the most active members of the online commercial and marketing community in North America. Objectors offer and sell health-related lifestyle products and services, financial informational services and products (such as credit information), online vocational education in many areas of study, and other matters of general interest to online consumers. Objectors market their products and services by engaging in Internet marketing campaigns through websites, email, and other online advertising media that they design, operate, and maintain, either by themselves or through the use of advertising affiliates, networks, and publishers. These activities take place in the same online space as Defendants herein. Accordingly, Objectors and Defendants are competitors in the same markets.

4. ConsumerInfo sued Objectors in this Court for trademark infringement and other competition-related claims on January 13, 2009, in an action styled *ConsumerInfo.com, Inc. v. Willms, et al.,* No. SACV 09-0055 DMG (MLGx) ("the *Willms* Action"). ConsumerInfo alleged that Objectors had infringed upon ConsumerInfo's trademarked term "Free Credit Report" and other intellectual property of ConsumerInfo in Objectors' offers of credit information services and products to consumers. Objectors filed a counterclaim against ConsumerInfo in that action, seeking the cancellation of ConsumerInfo's alleged trademark rights in the "Free Credit Report" scheme.

5. Starting around May of 2009, in response to ConsumerInfo's requests for production and pursuant to a stipulated protective order entered in the *Willms* Action ("the *Willms* Protective Order"), Objectors produced numerous documents and other materials (both in paper form and electronic) to ConsumerInfo in response to ConsumerInfo's requests. Those materials included financial records (invoices, spreadsheets, profit and loss statements) related to Objectors; statistics for websites created and operated by Objectors, including information as to visits and sales; email correspondence regarding descriptors, invoices, banner advertisements, sales scripts, and other information relating to Objectors' advertising campaigns; corporate records pertaining to Objectors; contracts and marketing agreements between Objectors and other participants in the online marketing industry; cease-and-desist letters; insertion orders (agreements for the placement of advertisements for Objectors' services and products on other websites); letters regarding alleged trademark infringements; correspondence and agreements regarding resolution of claims; e-books; screenshots of Objectors' websites; banner advertisements, including Objectors' creative materials and other elements

1  developed by Objectors; pleadings regarding other litigation matters
2  involving Objectors; and telephone call transcriptions.  The documents
3  produced to ConsumerInfo by Objectors focused mainly on Objectors'
4  business activities and financial information, which were relevant only in the
5  *Willms* Action.

6        6.    Many of the materials produced to ConsumerInfo in the *Willms*
7  Action were designated for confidential treatment in accordance with the
8  Willms Protective Order.  That order provided for two categories of
9  confidential treatment: the "Confidential" designation, which restricted
10 disclosure mainly to persons involved in the *Willms* Action; and the
11 "Confidential – Attorneys' Eyes Only" designation, which provided from even
12 more restrictions on disclosure, and most importantly restricted disclosure to
13 ConsumerInfo's attorneys in the *Willms* Action and prohibited disclosure to
14 ConsumerInfo itself or other competitors of Objectors.

15       7.    The first time that Objectors or this office had received any
16 notification that Defendants in this action had requested ConsumerInfo to
17 produce any documents covered by the *Willms* Protective Order was on
18 April 22, 2010, when my partner, Karl S. Kronenberger, who was also
19 involved as Objectors' counsel in the *Willms* Action, received a letter by
20 email and FedEx from Darya V. Pollak, counsel to ConsumerInfo.  Included
21 with that letter were copies of the first set of requests for production by OT
22 and Adaptive, which had been served on ConsumerInfo in this action on
23 August 21 and 24, 2009, respectively, and a second set of requests for
24 production from OT to ConsumerInfo which had been served on January 5,
25 2010.  Also included with Ms. Pollak's letter was a copy of the Court's
26 interim order concerning discovery and confidentiality of February 1, 2010.
27 A copy of Ms. Pollak's letter to Mr. Kronenberger, with the requests and this
28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

CASE NO. CV09-3783 VBF (MANx)     3     **DECL. OF H. BURGOYNE ISO MTN FOR PROTECTIVE ORDER**

1  Court's interim order that were included therewith, is attached hereto as
2  Exhibit A.

3      8.    By the time this office received Ms. Pollak's April 22nd letter,
4  neither this office nor Objectors themselves had ever received any
5  notification from ConsumerInfo that OT or Adaptive had requested the
6  production of any documents pertaining to the *Willms* Action.  Nor had this
7  office or Objectors received any notification or information about any efforts
8  that might have been ongoing between Defendants and ConsumerInfo in
9  this action to meet and confer regarding those requests, ConsumerInfo's
10  responses to those requests, or the scope or manner of disclosure or
11  production of any such documents.

12      9.    On May 7, 2010, ConsumerInfo produced a number of the
13  documents that had been requested by Defendants.  The documents
14  produced by ConsumerInfo were "the entire pleading and deposition
15  transcript files in the Willms and Mighty Net litigation" (the latter referring to
16  another case from which materials were demanded to be produced), less
17  materials designated under the *Willms* Protective Order.  The documents
18  withheld were (1) excerpts from the depositions of Jesse Willms and other
19  principals and employees of Objectors; (2) financial data pertaining to
20  Objectors; (3) generally described "agreements," "correspondence,"
21  "screenshots" and "emails"; and (4) expert reports.  A copy of the May 7,
22  2010 letter from Theodore Maya, ConsumerInfo's counsel, to Defendants'
23  counsel, in which the documents produced and withheld were listed, is
24  attached hereto as Exhibit B.

25      10.    Neither Objectors nor this office had any advance notification
26  from ConsumerInfo that those documents were to be produced. Nor had the
27  time expired for the filing of this motion, as the Court had set out in the order
28  on Defendants' joint motion to compel.  In fact, when ConsumerInfo

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

CASE NO. CV09-3783 VBF (MANx)      4      **DECL. OF H. BURGOYNE ISO MTN FOR PROTECTIVE ORDER**

produced those documents to Defendants, a good seven days still remained for the filing of this motion.

11. On May 7, 2010, immediately after receiving a copy of Mr. Maya's letter of that day to Defendants' counsel and thereby learning that ConsumerInfo had produced documents to Defendants, I emailed Mr. Maya and asked for confirmation that none of the documents produced were related to the *Willms* action. I also indicated in that email that no such documents should be produced pending the resolution of this motion, as provided for in the Court's Order. A copy of the May 7, 2010 email message thread between Mr. Maya and me, which includes all correspondence relevant to these facts, is attached hereto as Exhibit C. Mr. Maya responded that ConsumerInfo had produced the documents from the *Willms* Action that had not been marked as "Confidential" or "Confidential – Attorneys' Eyes Only." I then pointed out to Mr. Maya that under the terms of the Order, even the undesignated documents were not supposed to be produced until ten days had passed from the entry of the Order, so as to allow for the filing of motions for protective orders. Mr. Maya replied that he was relying on an April 30, 2010 email from my partner Mr. Kronenberger. That latter email, however, did not indicate that Objectors would not object to the production of undesignated documents. A copy of that email is attached hereto as Exhibit D. I then demanded that any documents produced to Defendants be retrieved and destroyed, since their production during the 10-day motion window set by this Court was a clear violation of the Order. Mr. Maya refused to comply with that request.

12. On May 12, 2010, in an effort to forestall the need to file this motion, I contacted counsel for OT, Valerie Goo, and asked her if OT would agree to postpone any further production of documents, and the deadline for filing this motion, for two weeks so this dispute might be resolved. I also

asked Ms. Goo to contact counsel for Adaptive to relay that proposition. Ms. Goo agreed to my proposal and agreed to contact Adaptive (who later agreed as well). I also emailed Mr. Maya to make the same request, and indicated to him that OT had agreed to the request and that Adaptive's agreement seemed forthcoming. Later that day, Mr. Maya sent back an email refusing to agree to that extension. A copy of my email thread with Mr. Maya in this regard is attached hereto as Exhibit E. ConsumerInfo has since refused to discuss the matter further.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed this May 14, 2010, at San Francisco, California.

DATED: May 14, 2010

                                                  /s/ Henry M. Burgoyne, III
                                                  Henry M. Burgoyne, III