the origin of Defendants' Competing Products or Services is likely to cause confusion as to: (a) the source of the Competing Products or Services, (b) an affiliation or connection between Defendants and ConsumerInfo, and/or (c) the origin, sponsorship, or approval of the Competing Products or Services.

55. ConsumerInfo owns its Trade Dress.

56. ConsumerInfo's Trade Dress is distinctive and non-functional.

57. Through long and continuous use, the Trade Dress has come to be associated with ConsumerInfo and the FREECREDITREPORT.COM brand.

58. Defendants' intentional act of designing the CRA Website to emulate ConsumerInfo's Trade Dress, including the colors, layout, images, and overall look and feel of the FreeCreditReport.com site further created a likelihood of confusion as to (a) the source of Defendants' Competing Products or Services, (b) an affiliation or connection between Defendants and ConsumerInfo, and/or (c) the origin, sponsorship, or approval of the Competing Products or Services.

59. Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

60. Defendants at all times were aware of ConsumerInfo's FREECREDITREPORT.COM trademark, TRIPLE ADVANTAGE trademark, and FreeCreditReport.com site, and purposely copied those marks and that site, purchased infringing Search Engine Keywords, and used the trademarks in the text of Sponsored Link Advertisements. Defendants were put on notice of the allegations set forth herein, but the conduct has continued. Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's trademarks. Accordingly, ConsumerInfo respectfully request damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

61. Defendants' conduct will continue unless enjoined by this Court.

9

62. As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and ConsumerInfo's Trade Dress, for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## SECOND CLAIM FOR RELIEF

### (Vicarious Liability Under the Lanham Act, 15 U.S.C. §§ 1114, 1125)

63. ConsumerInfo incorporates all preceding paragraphs here.

64. Defendants have knowledge of the infringement alleged herein, insofar as Defendants' Affiliates directly perpetrated that infringement.

65. Defendants profit from the infringement alleged herein, insofar as Defendants' Affiliates directly perpetrated that infringement.

66. Defendants have the ability, but choose not, to stop the infringement alleged herein, insofar as Defendants' Affiliates directly perpetrated that infringement.

67. Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

68. On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks. Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

69. Defendants' conduct will continue unless enjoined by this Court.

70. As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM

and TRIPLE ADVANTAGE trademarks, and/or ConsumerInfo's Trade Dress, for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

### THIRD CLAIM FOR RELIEF

**(Contributory Liability Under the Lanham Act, 15 U.S.C. §§ 1114, 1125)**

71. ConsumerInfo incorporates all preceding paragraphs here.

72. Defendants have knowledge of the infringement alleged herein, insofar as Defendants' Affiliates directly perpetrated that infringement.

73. Defendants could take simple measures to prevent their Affiliates' infringement.

74. Defendants do not prevent their Affiliates' infringement, but instead encourage that infringement by (a) refusing to take simple measures to prevent it, (b) paying the Affiliates, and (c) other actions as may be revealed by discovery.

75. Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

76. On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's FREECREDITREPORT.COM trademark. Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

77. Defendants' conduct will continue unless enjoined by this Court.

78. As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and/or ConsumerInfo's Trade Dress, for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to

injunctive and equitable relief.

### FOURTH CLAIM FOR RELIEF

### (False Advertising Under the Lanham Act, 15 U.S.C. § 1125)

79. ConsumerInfo incorporates all preceding paragraphs here.

80. By using ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks as alleged above, claiming to have been "seen on" television channels on which ConsumerInfo advertises, displaying the logos of Experian and well-known media companies, offering to help improve consumers' credit histories, falsely using the "®" symbol, and making false representations concerning credit reports to which consumers are entitled, Defendants willfully cause confusion as to the nature, origin, sponsorship, and/or approval of their Competing Products or Services.

81. Defendants' misleading statements concerning the Competing Products or Services concern the inherent quality and characteristics of the Competing Products or Services, such that the statements are material and likely to influence consumers to purchase the Competing Products or Services.

82. ConsumerInfo is likely to be damaged by Defendants' actions, in that Defendants' actions divert customers from ConsumerInfo and diminish the goodwill associated with ConsumerInfo's trademarks.

83. On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's FREECREDITREPORT.COM trademark. Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

84. Defendants' conduct will continue unless enjoined by this Court.

85. As a direct result of Defendants' willful and unlawful actions,

ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and/or ConsumerInfo's Trade Dress, for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

### FIFTH CLAIM FOR RELIEF
### (Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125)

86. ConsumerInfo incorporates all preceding paragraphs here.

87. Defendants' infringement and false advertising, as alleged herein, constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

88. Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

89. On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks. Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

90. Defendants' conduct will continue unless enjoined by this Court.

91. As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and/or ConsumerInfo's Trade Dress, for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## SIXTH CLAIM FOR RELIEF

## (Dilution Under the Lanham Act, 15 U.S.C. § 1125(c))

92. ConsumerInfo incorporates all preceding paragraphs here.

93. This claim is for Defendants' unlawful dilution of ConsumerInfo's FREECREDITREPORT.COM trademark in violation of the Lanham Act, 15 U.S.C. § 1125(c).

94. ConsumerInfo's FREECREDITREPORT.COM trademark is famous, and widely recognized by the general consuming public of the United States as designations of the source of ConsumerInfo's products.

95. Defendants' actions alleged herein commenced after ConsumerInfo's FREECREDITREPORT.COM trademark became famous.

96. Defendants' actions have lessened the capacity of ConsumerInfo's FREECREDITREPORT.COM trademark to identify and distinguish ConsumerInfo's products.

97. Defendants' conduct has caused or is likely to cause dilution by blurring of the distinctive quality of ConsumerInfo's famous FREECREDITREPORT.COM trademark, to ConsumerInfo's irreparable injury and damage.

98. Defendants' conduct has caused or is likely to cause dilution by tarnishing the reputation of ConsumerInfo's FREECREDITREPORT.COM brand and the products sold under that famous trademark, to ConsumerInfo's irreparable injury and damage.

99. Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

100. On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's FREECREDITREPORT.COM trademark. Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney

fees and costs pursuant to 15 U.S.C. § 1117.

101. Defendants' conduct will continue unless enjoined by this Court.

102. As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM trademark, for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## SEVENTH CLAIM FOR RELIEF

**(Unfair Competition Under Cal. Bus. & Prof. Code § 17200 *et. seq.*)**

103. ConsumerInfo incorporates all preceding paragraphs here.

104. Defendants' infringement and false advertising, as alleged herein, constitutes unfair competition in violation of California Business and Professions Code § 17200 *et seq.*

105. Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill, and ConsumerInfo has lost money as a result.

106. Defendants' conduct will continue unless enjoined by this Court.

107. As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## EIGHTH CLAIM FOR RELIEF

**(False Advertising Under Cal. Bus. & Prof. Code § 17500)**

108. ConsumerInfo incorporates all preceding paragraphs here.

109. At all relevant times Defendants intended to sell the Competing Products or Services that they marketed through the CRA Website.

15

110. By using ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks as alleged above, claiming to have been "seen on" television channels on which ConsumerInfo advertises, displaying the logos of Experian and well-known media companies, offering to help improve consumers' credit histories, falsely using the "®" symbol, and making false representations concerning credit reports to which consumers are entitled, Defendants knew, or by the exercise of reasonable care should have known, that they were disseminating statements that were untrue or misleading and so acted in violation of California Business and Professions Code § 17500.

111. Defendants' misleading statements concerning the Competing Products or Services concern the inherent quality and characteristics of the Competing Products or Services, such that the statements are material and likely to influence consumers to purchase the Competing Products or Services.

112. Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill, and ConsumerInfo has lost money as a result.

113. Defendants' conduct will continue unless enjoined by this Court.

114. As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

### NINTH CLAIM FOR RELIEF
(Common Law Trademark Infringement)

115. ConsumerInfo incorporates all preceding paragraphs here.

116. This claim is for trademark infringement in violation of the common law of the State of California.

117. Defendants' uses of ConsumerInfo's FREECREDITREPORT.COM and

TRIPLE ADVANTAGE trademarks, as alleged herein, constitute trademark infringement and passing off in violation of common law.

118. On information and belief, Defendants' acts of common law unfair competition and passing off have been done willfully and deliberately, and Defendants have profited from and been unjustly enriched by sales that Defendants would not otherwise have made but for their unlawful conduct.

119. Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

120. Defendants' conduct will continue unless enjoined by this Court.

121. As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, ConsumerInfo prays for judgment as follows:

A. An accounting of all gains, profits, savings and advantages realized by Defendants from their acts of trademark infringement, unfair competition, and false designation of origin.

B. Damages in an amount to be determined at trial, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate ConsumerInfo for its damages, pursuant to 15 U.S.C. § 1117(a).

C. A preliminary and permanent injunction restraining Defendants, their Affiliates, and any of their officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with them and all those in privity or in active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise:

  (i) from using the FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, or any confusingly similar terms, as Search Engine Keywords;

  (ii) from using the FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, or any confusingly similar terms, in the headings or text of Sponsored Link Advertisements;

  (iii) from using the FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, or any confusingly similar terms, in any manner in any website without permission from ConsumerInfo;

  (iv) from copying ConsumerInfo's Trade Dress, including the color scheme, layout, photographs, and/or overall look and feel, of the FreeCreditReport.com site;

  (v) from using any stylized EXPERIAN logo, including those bearing U.S. Patent and Trademark Office Registration Number 2,333,478 and Serial Number 77,261,801;

  (vi) from claiming to have been "seen on" any television channels on which Defendants do not, in fact, regularly air television advertisements;

  (vii) from displaying the stylized logos of media outlets, including without limitation Google, MSN, Yahoo, CNN, MSN, and CNBC, unless Defendants first obtain written permission from the owners of such marks;

  (viii) from using the "®" symbol in conjunction with any term Defendants or their Affiliates do not own as a registered trademark, or do not have a license to use as such;

  (ix) from making false representations about the nature of the products and services Defendants sell; and

  (x) from otherwise competing unfairly with ConsumerInfo.

18

23260761.DOC    COMPLAINT

D. The costs of this action.

E. A declaration that this is an exceptional case pursuant to 15 U.S.C. § 1117, and an award to ConsumerInfo of its reasonable attorneys' fees.

F. Any such further relief as this Court may deem just and proper.

DATED: January 13, 2009

Respectfully submitted,

KAYE SCHOLER LLP

By: _____
Theodore W. Maya
Attorneys for Plaintiff
CONSUMERINFO.COM, INC.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED: January 13, 2009

Respectfully submitted,

KAYE SCHOLER LLP

By: _____
Theodore W. Maya
Attorneys for Plaintiff
CONSUMERINFO.COM, INC.

19

23260761.DOC  COMPLAINT