KENT B. GOSS (State Bar No. 131499)
kgoss@orrick.com
VALERIE M. GOO (State Bar No. 187334)
vgoo@orrick.com
SETH E. FREILICH (State Bar No. 217321)
sfreilich@orrick.com
DIMITRIOS V. KOROVILAS (State Bar No. 247230)
dkorovilas@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 S. Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for Defendant & Counterclaimant
ONE TECHNOLOGIES LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ONE TECHNOLOGIES LP, a Delaware limited partnership; ADAPTIVE MARKETING LLC, a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. CV 09-3783-VBF(MANx)<br><br>**ONE TECHNOLOGIES LP'S AND ADAPTIVE MARKETING LLC'S JOINT OPPOSITION TO THIRD PARTY JESSE WILLMS' MOTION FOR A PROTECTIVE ORDER**<br><br>Discovery Cutoff:   July 2, 2010<br>Pretrial Conference: Nov. 22, 2010<br>Trial date:   Dec. 7, 2010<br><br>Hearing:   June 22, 2010, at 10:00 am<br>Judge:   Hon. Margaret A. Nagle |

## I. INTRODUCTION

Defendants One Technologies LP ("One Technologies") and Adaptive Marketing LLC ("Adaptive") have been forced to file this belated opposition to third party Jesse Willms'[1] motion for a protective order based on Willms' failure to produce documents as agreed during meet and confer discussions.

Willms' motion concerns documents previously produced by Willms to plaintiff ConsumerInfo.com, Inc. ("ConsumerInfo") in connection with *ConsumerInfo.com, Inc. v. Jesse Willms, et al.*, Case No. SACV 09-0055 DOC (MLGx) (the "*Willms* Action") and designated as confidential by Willms' pursuant to the protective order in that case. *See* Docket Items No. 155-156. ConsumerInfo has been compelled to produce the documents in this case pursuant to the Court's May 4, 2010, order granting in part and denying in part One Technologies' and Adaptive's joint motion to compel. *See* Docket Item No. 147 at 13-16. Willms' motion seeks a protective order precluding the production of these documents on grounds that many are, according to Willms, irrelevant to the instant action or else contain highly proprietary financial information.

Pursuant to their meet and confer discussions with Willms' counsel, One Technologies and Adaptive each filed statements of non-opposition to Willms' motion on June 2, 2010. *See* Docket Item Nos. 166 & 167. As reflected in those statements, defendants' non-opposition was based on representations from Willms' counsel that Willms himself would produce a more narrowly tailored set of documents from the *Willms* Action in response to a subpoena to be propounded by defendants to Willms (in lieu of ConsumerInfo producing all documents Willms produced in the *Willms* Action), and that Willms' would agree to a stipulation and proposed order reflecting the parties' agreement. Korovilas Decl. Exhs. A, C. Willms subsequently refused to agree to a stipulation containing language about

---

[1] References to "Willms" herein collectively refer to third party objectors Jesse Willms, eDirect, 1016363 Alberta Ltd., and 1021018 Alberta Ltd.

- 1 -   CV 09-3783-VBF(MANx)
OPPOSITION RE WILLMS'
MOTION FOR A PROTECTIVE ORDER

Willms' obligations under this agreement, asking defendants to take "on faith" that Willms' would produce the specified set of documents by June 8, 2010, pursuant to a subpoena that One Technologies propounded to Willms' on June 2. Korovilas Decl. Exh. B. To date, however, Willms has produced no documents.

The Court should deny Willms' motion because his grounds for seeking a protective order have been mooted by defendants' agreement to narrow the scope of documents to be produced. As set forth below, the set of documents at issue, which are specified in more detail below, must be produced — whether by ConsumerInfo or Willms.

## II.   FACTUAL BACKGROUND

On May 4, 2010, this Court entered an order requiring ConsumerInfo to produce documents it received in other litigation, including, among other things, documents previously produced by Willms to ConsumerInfo in the *Willms* Action. *See* Docket Item No. 147 at 13-16. The order provided that affected third parties could file a motion for a protective order regarding the production of the third parties' documents. *See* Docket Item No. 147 at 16:6-11. On May 14, 2010, Willms filed a motion for a protective order challenging the production of certain of Willms' documents and the deposition transcripts of the Willms parties on confidentiality and relevance grounds. In an effort to resolve Willms' concerns without unnecessary Court intervention, counsel for One Technologies, Adaptive, and Willms met and conferred and reached agreement regarding which documents should be produced and under what terms.

Among other things, the parties agreed to request the Court to modify its May 4, 2010, order to relieve ConsumerInfo of its obligation to produce the depositions of the Willms parties and documents previously produced by the Willms parties in the *Willms* Action that were designated by Willms as confidential. Korovilas Decl. Exh. A. Instead of ConsumerInfo producing these documents, the parties agreed that Willms himself would produce to One Technologies and

Adaptive the documents identified in a subpoena propounded by One Technologies on June 2. *Id.* The documents specified included only documents related to a list of specific topics directly at issue in the instant action, and a carve-out was created such that Willms would not need to produce any sensitive financial information. Korovilas Decl. Exhs. A, C.

After counsel for One Technologies circulated a stipulation for approval by Willms and Adaptive on June 2, *see* Korovilas Decl. Exh. C, Willms' counsel was at first unresponsive and then ultimately, on June 4, indicated that Willms would agree only to a stipulation prohibiting ConsumerInfo from producing documents from the *Willms* Action marked confidential and that Willms specifically would ***not*** agree to a stipulation containing language about Willms' own obligations to produce documents under the parties' agreement. Korovilas Decl. Exh. B. Instead, Willms' counsel asked defendants to take "on faith" that Willms would produce the specified documents by June 8, 2010. *Id.* To date, however, no documents have been produced.

## III. THE COURT SHOULD DENY WILLMS' MOTION FOR A PROTECTIVE ORDER

Willms' motion should be denied based on the parties' meet and confer discussions. As a result of those discussions, One Technologies and Adaptive have tailored their requests for documents from the *Willms* Action in a way that moots Willms' concern that irrelevant documents or highly sensitive financial information of Willms will be produced.

### A. One Technologies and Adaptive Have Agreed to Limit the Scope of Documents Produced to a Specific List of Relevant, Defined Topics

As a result of defendants' discussions with Willms' counsel, One Technologies and Adaptive have agreed to exclude from any production documents relating only to particularly sensitive financial information of Willms. Korovilas Decl. Exhs. A, C. In addition, One Technologies and Adaptive have agreed to

tailor their requests regarding the *Willms* Action to seek only documents and portions of deposition transcripts designated as confidential by Willms that relate to the following topics:

1. FREECREDITREPORT.COM and TRIPLE ADVANTAGE as trademarks;
2. use of "free credit report," "freecreditreport," "freecreditreport.com," "triple advantage" and similar terms as keywords, in domain names, or in online/internet advertising for credit report and monitoring services;
3. consumers' understanding of "free credit report," "freecreditreport," or "freecreditreport.com";
4. FREECREDITREPORT.COM mark being generic, descriptive, or lacking secondary meaning;
5. ConsumerInfo committing fraud on the United States Patent and Trademark Office in obtaining the FREECREDITREPORT.COM mark's registration;
6. the use, necessity, and effectiveness of offering "free credit reports" or using the term "free credit report" or similar terms as a marketing and promotional tool in the credit report and monitoring market;
7. ConsumerInfo's actions and intent to prevent competitors from using the phrase "free credit reports" and similar terms in marketing and advertising;
8. ConsumerInfo's exclusionary practices, special arrangements with Google or other pay-per-click search providers, or advantages (e.g., higher advertising placement or higher search rankings) in paid search or other online advertising from the FREECREDITREPORT.COM or TRIPLE ADVANTAGE trademarks;
9. ConsumerInfo's use of the FREECREDITREPORT.COM trademark to exclude others from the market;

   10. barriers to entry into the credit report and monitoring market;

   11. competitors, competitive analysis, market share, and price changes in the credit report and monitoring market

Korovilas Decl. Exhs. A, C.  In addition to documents related to these topics, Adaptive, One Technologies, and Willms have agreed that the following documents will also be produced:  the settlement agreement in the *Willms* Action; sealed version of all motions for summary judgment and supporting declarations and exhibits, along with any opposition or reply briefs and accompanying declarations and exhibits, that were filed under seal; all expert reports not designated as confidential by either party in the *Willms* Action, in addition to underlying materials related to reports designated confidential; all documents Willms received from the Federal Trade Commission in response to Willms' Freedom of Information Act request; and a copy of the report prepared by ConsumerInfo's damages expert in the *Willms* Action, redacted to delete any particularly sensitive financial data of Willms.  Korovilas Decl. Exh. A.

  **B.** **<u>Given the Agreement Reached in the Parties' Meet-and-Confer Discussions, There is No Basis for Granting Willms' Motion.</u>**

   Now that the parties have narrowed the scope of documents from the *Willms* Action that are at issue, there is no basis for granting Willms' motion.  Willms' motion argues, for example, that documents relating solely to Willms' marketing, finances, and third-party business relationships are irrelevant to this action.  *See* Docket Item No. 156 at 2:6-10.  Under the parties' agreement, however, no such documents must be produced, unless a particular document also specifically relates to one of the topics listed above.  Indeed, One Technologies and Adaptive have specifically agreed that documents related solely to highly sensitive financial information of Willms need not be produced.  To the extent that documents falling within the categories listed above contain any proprietary information of Willms that Willms would prefer to keep from out of the hands of

- 5 -

ConsumerInfo, One Technologies, or Adaptive, there is a protective order in this action that allows Willms to designate such documents attorneys eyes only.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Willms' motion. Respectfully submitted by:

DATED: June 14, 2010         ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Dimitrios Korovilas

Attorneys for Defendant and Counterclaimant
ONE TECHNOLOGIES LP

DATED: June 14, 2010         GREENBERG TAURIG LLP

By: James H. Donoian (by DVK w/permission)
James H. Donoian

Attorneys for Defendant & Counterclaimant
ADAPTIVE MARKETING LLC

## PROOF OF SERVICE

I hereby certify that, on June 14 2010, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties listed below.

1. **ONE TECHNOLOGIES LP'S AND ADAPTIVE MARKETING LLC'S JOINT OPPOSITION TO THIRD PARTY JESSE WILLMS' MOTION FOR A PROTECTIVE ORDER**

2. **DECLARATION OF DIMITRIOS V. KOROVILAS**

| | |
|---|---|
| Rhonda R. Trotter<br>Oscar Ramallo<br>KAYE SCHOLER LLP<br>1999 Avenue of the Stars, Suite 1700<br>Los Angeles, CA  90067<br>Tel:  (310) 788-1000<br>Fax:  (310) 788-1200<br>rtrotter@kayescholer.com<br>oramallo@kayescholer.com<br><br>*Attorneys for Plaintiff*<br>*CONSUMERINFO.COM, INC.* | Hank Burgoyne<br>KRONENBERGER BURGOYNE, LLP<br>150 Post Street, Suite 520<br>San Francisco, CA 94108-4707<br>(415) 955-1155, x-116<br>(415) 955-1158  Fax<br>Hank@KBInternetLaw.com<br><br>*Attorneys for Third Party*<br>JESSE WILLMS and Related Entities |

Executed this 14th day of June, 2010, at Los Angeles, California.

/s/ Dimitrios V. Korovilas