KENT B. GOSS (State Bar No. 131499)
kgoss@orrick.com
VALERIE M. GOO (State Bar No. 187334)
vgoo@orrick.com
SETH E. FREILICH (State Bar No. 217321)
sfreilich@orrick.com
DIMITRIOS V. KOROVILAS (State Bar No. 247230)
dkorovilas@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 S. Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for Defendant & Counterclaimant
ONE TECHNOLOGIES LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>ONE TECHNOLOGIES LP, a Delaware limited partnership; ADAPTIVE MARKETING LLC, a Delaware corporation; and DOES 1-50, inclusive,<br><br>              Defendants. | Case No.  CV 09-3783-VBF(MANx)<br><br>**DECLARATION OF DIMITRIOS V. KOROVILAS**<br><br>Judge:        Hon. Valerie Baker Fairbank |

1    I, Dimitrios V. Korovilas, declare and state as follows:

2        1.    I am an attorney at law duly licensed to practice before all courts

3    in the State of California and the Central District of California, and I am a

4    managing associate at the law firm of Orrick, Herrington & Sutcliffe LLP, attorneys

5    of record for defendant and counterclaim plaintiff One Technologies LP.  Based on

6    this representation, I am familiar with the events, pleadings, and discovery in this

7    action, and, if called upon as a witness, I could and would testify competently to the

8    matters stated herein of my own personal knowledge.   I submit this declaration in

9    opposition to third party Jesse Willms' motion for a protective order.

10        2.    Attached hereto as Exhibit A is a true and correct copy of an e-

11   mail dated May 28, 2010 from Jesse Willms' counsel, Hank Burgoyne.

12        3.    Attached hereto as Exhibit B is a true and correct copy of an e-

13   mail dated June 4, 2010 from Mr. Burgoyne.

14        4.    Attached hereto as Exhibit C is a true and correct copy of an e-

15   mail dated June 2, 2010, from myself to Mr. Burgoyne and counsel for defendant

16   Adaptive Marketing LLC, along with the three attachments to the e-mail, which

17   include a draft stipulation, proposed order, and subpoena all per Mr. Burgoyne's e-

18   mail of May 28.

19        I declare under penalty of perjury under the laws of the United States

20   that the foregoing is true and correct.

21        Executed this 14th day of June 2010 as Los Angeles, California.

22

23        /s/ Dimitrios V. Korovilas
         Dimitrios V. Korovilas

24

25

26

27

28

CV 09-3783-VBF(MANx)
KOROVILAS DECLARATION IN OPPOSITION TO
WILLMS' MOTION FOR A PROTECTIVE ORDER

**Korovilas, Dimitrios**

---

**Subject:**                    RE: Willms Designated Materials

From: Hank Burgoyne
Sent: Friday, May 28, 2010 3:56 PM
To: 'Goo, Valerie'; 'donoianj@gtlaw.com'
Cc: Karl Kronenberger; Jeff Rosenfeld; Julie Lockwood
Subject: Willms Designated Materials

Hi Valerie and Jim,

Having talked things over, we've concluded that rather than give you responsive bits and
pieces, it would be easier to simply turn over everything that the Willms Parties
designated, minus the most sensitive financial information.  We'll also throw in a few
other things that we discussed, and as described below.  I trust that, generally speaking,
this approach will more than satisfactory.

More specifically, we'd like to proceed as follows:

*       Modify the Court's order compelling production so as to limit
ConsumerInfo's obligation to documents and deposition transcripts to the extent not
designated by the Willms' parties.  (We need to verify that the Willms Parties properly
designated all materials relating to third parties Litle & Co. and HSBC, consisting
entirely of highly sensitive financial information and/or consumer transaction data.)

*       Have you folks issue third-party subpoenas to the Willms
Parties (we'll accept service) requiring production of the following, in each case except
to the extent they comprise the most highly sensitive financial information (top level
financials and underlying materials, including raw accounting data) and consumer
transaction data:

o   All documents designated by the Willms Parties, and

o   All designated portions of the Willms deposition transcript relevant
to the topics identified in your email.

*       Provide to you, on a voluntary basis:

o   All documents currently in the Willms Parties' possession, not
designated and relating to the case.  It's easier to leave them in than to cull them out.

o   All expert reports not designated by either party, in addition to
underlying materials related to designated reports, and

o   All documents that we received from the FTC pursuant to our FOIA
request.

1

EXHIBIT A
PAGE 02

As is important to note, we're going to provide materials in our possession and not designated. Ultimately, it really is easier to excerpt just the financial data and to give you everything else. It's not that much extra, and you might find some things that ConsumerInfo withheld from you, which would be fun.

Bad news regarding ConsumerInfo's damages expert's report. I didn't realize that it contained ConsumerInfo's financial data, and thus that it was designated. Accordingly, we were required to destroy it pursuant to the protective order.

As for materials filed under seal, we're unaware of anything that wouldn't be contained in what we're agreeing to give you. You were going to check the docket and let us know if anything in particular interested you.

Finally, re Jesse's deposition, although in bits and pieces, you're going to receive the entire transcript, minus only those portions relating to financial data. You're also going to get pretty much everything else you've requested. That being the case, there's little left that you can do for Jesse, and so it's not clear how we're going to convince him to voluntarily sit for a deposition. Jesse has no will to (and, as important, we've no will to ask that he) sit through another round of questioning by ConsumerInfo. As I mentioned yesterday, there probably are some hard feelings resulting from Adaptive's failure to produce a declaration when the Willms Parties needed one for summary judgment. All that said, we'd listen to any proposal along the lines of what we discussed yesterday.

I'm about to leave the office, but feel free to call and/or email over the weekend.

Best,

Hank Burgoyne

KRONENBERGER BURGOYNE, LLP

150 Post Street, Suite 520
San Francisco, CA 94108-4707

(415) 955-1155, x-116

(415) 955-1158  Fax

(415) 531-8125 Cell

Hank@KBInternetLaw.com

www.KBInternetLaw.com

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited.
If you are not the intended recipient, please contact the sender at the above number and delete all copies. Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this

communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

"EMF <orrick.com>" made the following annotations.
------------------------------------------------------------------------
------
========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit http://www.orrick.com/
========================================================
========================================================================
======

EXHIBIT A
PAGE 04

**Korovilas, Dimitrios**

---

**Subject:**                    FW: Stipulation re Willms Documents.DOC;Proposed Order re Willms Docs.DOC


-----Original Message-----
From: Hank Burgoyne [mailto:Hank@KBInternetLaw.com]
Sent: Friday, June 04, 2010 9:08 AM
To: Goo, Valerie
Subject: RE: Stipulation re Willms Documents.DOC;Proposed Order re Willms Docs.DOC

Hi Valerie,

& I mean this all fondly ...

I regret spending time on this yesterday when I should have been focused on my family. I
see no reason for the rush, & nobody's given me one.

If you won't take it on faith, then shelve the stip 'til after we've produced docs. Which
is my preference in any event.

I'm booked today, so we can round up next week.

Enjoy your weekend,

Hank Burgoyne
Kronenberger Burgoyne, LLP
KBInternetLaw.com

-----Original Message-----
From: Goo, Valerie <vgoo@orrick.com>
Sent: Friday, June 04, 2010 11:44 AM
To: Hank@KBInternetLaw.com <Hank@KBInternetLaw.com>; Korovilas, Dimitrios
<dkorovilas@orrick.com>; DONOIANJ@gtlaw.com <DONOIANJ@gtlaw.com>; garfieldh@gtlaw.com
<garfieldh@gtlaw.com>
Cc: Karl@KBInternetLaw.com <Karl@KBInternetLaw.com>
Subject: Re: Stipulation re Willms Documents.DOC;Proposed Order re Willms Docs.DOC

Hank,

Thanks for the quick turn around. However, we can't agree to relieve CI of its duties to
produce without a corresponding agreement in the stip and order that we will be getting
the docs from you. Since we are already in agreement I don't think that should be
problematic.

I'm out of the office much of today, but let's talk by phone if this is going to be a
stumbling block. Cell is: 310.993.9661. Thanks.

---

From: Hank Burgoyne <Hank@KBInternetLaw.com>
To: Korovilas, Dimitrios; DONOIANJ@gtlaw.com <DONOIANJ@gtlaw.com>; GarfieldH@gtlaw.com
<GarfieldH@gtlaw.com>
Cc: Goo, Valerie; Karl Kronenberger <Karl@KBInternetLaw.com>
Sent: Thu Jun 03 20:17:45 2010
Subject: RE: Stipulation re Willms Documents.DOC;Proposed Order re Willms Docs.DOC


Revised.  Simplified re Nolte report (we'll just let them produce in redacted form).  And
removed provision re subpoena.  We'll agree to accept service of a subpoena, but not to a
court order.

EXHIBIT B
PAGE 05

Would someone on your end please sync up the proposed order and recirculate?  We should be able to get his done tomorrow, assuming Rhonda agrees.


Thx, and best,




Hank Burgoyne

KRONENBERGER BURGOYNE, LLP

150 Post Street, Suite 520
San Francisco, CA 94108-4707

(415) 955-1155, x-116

(415) 955-1158  Fax

(415) 531-8125 Cell

Hank@KBInternetLaw.com

www.KBInternetLaw.com

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited.
If you are not the intended recipient, please contact the sender at the above number and delete all copies.  Inadvertent waiver shall waive no privileges.


Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).



From: Korovilas, Dimitrios [mailto:dkorovilas@orrick.com]
Sent: Wednesday, June 02, 2010 1:06 PM
To: DONOIANJ@gtlaw.com; GarfieldH@gtlaw.com; Hank Burgoyne
Cc: Goo, Valerie
Subject: Stipulation re Willms Documents.DOC;Proposed Order re Willms Docs.DOC



Counsel,



Following up on your prior discussions with Valerie Goo, attached are a stipulation and proposed order memorializing the agreement reached regarding documents previously produced by Willms in the ConsumerInfo v.
Willms action, which ConsumerInfo has been compelled to produced in the ConsumerInfo v. One Technologies et al. action.  Please review and let me know if you have any edits or comments.  We would like to confirm that the stipulation and proposed order are acceptable to both Adaptive and Willms before forwarding to ConsumerInfo for its review.  We would

2

EXHIBIT B
PAGE 06

like to get this on file as soon as possible, so please let me know your thoughts as soon as you can.


Thanks,

Dimitri


 <http://www.orrick.com/>

Dimitrios V. Korovilas

Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855

tel 213.612.2176
fax 213.612.2499
dkorovilas@orrick.com <mailto:dkorovilas@orrick.com>

www.orrick.com <http://www.orrick.com/>

P Think GREEN. Please consider the environment before printing this email


"EMF <orrick.com>" made the following annotations.
----------------------------------------------------------------------
------
======================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



======================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit http://www.orrick.com/
======================================================
======================================================
======

EXHIBIT B
PAGE 07

## Korovilas, Dimitrios

| From: | Korovilas, Dimitrios |
|---|---|
| Sent: | Wednesday, June 02, 2010 5:14 PM |
| To: | 'DONOIANJ@gtlaw.com'; 'GarfieldH@gtlaw.com'; 'hank@kbinternetlaw.com' |
| Cc: | Goo, Valerie |
| Subject: | RE: Stipulation re Willms Documents.DOC;Proposed Order re Willms Docs.DOC |
| Attachments: | Subpoena to Willms.pdf; 260926392(1)_Stipulation re Willms Documents (3).DOC; 260926567(1)_Proposed Order re Willms Docs (3).DOC |

Counsel,

Following up on this, attached are revised versions of the stipulation and proposed order, simplified to just refer to the modification of the May 4 order and then reference the documents outlined in the subpoena. Please let us know if you have any comments on the stipulation or proposed order so that we can finalize the language and send to ConsumerInfo for its review.  The subpoena is also attached.  Hank, my understanding is that you have agreed to accept service of the subpoena on Willms' behalf.  Please confirm whether this e-mail and attached pdf of the subpoena are sufficient or if you would like us to serve you with a hardcopy of the subpoena as well.

Thanks,
Dimitri

---

**From:** Korovilas, Dimitrios
**Sent:** Wednesday, June 02, 2010 1:06 PM
**To:** DONOIANJ@gtlaw.com; GarfieldH@gtlaw.com; hank@kbinternetlaw.com
**Cc:** Goo, Valerie
**Subject:** Stipulation re Willms Documents.DOC;Proposed Order re Willms Docs.DOC

Counsel,

Following up on your prior discussions with Valerie Goo, attached are a stipulation and proposed order memorializing the agreement reached regarding documents previously produced by Willms in the *ConsumerInfo v. Willms* action, which ConsumerInfo has been compelled to produced in the *ConsumerInfo v. One Technologies et al.* action.  Please review and let me know if you have any edits or comments.  We would like to confirm that the stipulation and proposed order are acceptable to both Adaptive and Willms before forwarding to ConsumerInfo for its review.  We would like to get this on file as soon as possible, so please let me know your thoughts as soon as you can.

Thanks,
Dimitri



O R R I C K

**DIMITRIOS V. KOROVILAS**
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213.612.2176
*fax* 213.612.2499
dkorovilas@orrick.com

EXHIBIT C
PAGE 08

www.orrick.com

 Think GREEN. Please consider the environment before printing this email

1  KENT B. GOSS (State Bar No. 131499)
   kgoss@orrick.com
2  VALERIE M. GOO (State Bar No. 187334)
   vgoo@orrick.com
3  SETH E. FREILICH (State Bar No. 217321)
   sfreilich@orrick.com
4  DIMITRIOS V. KOROVILAS (State Bar No. 247230)
   dkorovilas@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 S. Figueroa Street, Suite 3200
6  Los Angeles, CA  90017
   Telephone:  +1-213-629-2020
7  Facsimile:   +1-213-612-2499

8  Attorneys for Defendant
   ONE TECHNOLOGIES LP
9
   [Attorneys for Additional Parties in Signature Block]
10
                    UNITED STATES DISTRICT COURT
11
                  CENTRAL DISTRICT OF CALIFORNIA
12
                         WESTERN DIVISION
13

14
15 | CONSUMERINFO.COM, INC., a | Case No.  CV 09-3783-VBF(MANx)
   | California corporation, |
16 |                         | **STIPULATION RE JESSE**
   |            Plaintiff,    | **WILLMS' MOTION FOR A**
   |                         | **PROTECTIVE ORDER**
17 |         v.              |
   |                         | Judge:       Hon. Valerie Baker Fairbank
18 | ONE TECHNOLOGIES LP, a   |
   | Delaware limited partnership; | Magistrate:  Hon. Margaret A. Nagle
19 | ADAPTIVE MARKETING LLC, a |
   | Delaware corporation; and DOES 1-50, |
20 | inclusive,              |
21 |            Defendants.  |
22
23
24
25
26
27
28

1    Defendants and Counterclaimants One Technologies LP ("One

2  Technologies") and Adaptive Marketing LLC ("Adaptive"), plaintiff

3  ConsumerInfo.com, Inc. ("ConsumerInfo"), and third party Jesse Willms and his

4  associated entities ("Willms" or "the Willms parties"), by and through their counsel

5  of record, hereby stipulate and agree as follows:

6    WHEREAS, on May 4, 2010, this Court entered an order requiring

7  ConsumerInfo to produce documents it received in other litigation, including,

8  among other things, documents previously produced by the Willms parties to

9  ConsumerInfo in a separate litigation proceeding entitled *ConsumerInfo.com, Inc. v.*

10  *Jesse Willms, et al.*, Case No. SACV 09-0055 DOC (MLGx) (the "*Willms* Action"),

11  *see* Docket Item No. 147 at 13-16;

12    WHEREAS, the May 4, 2010 order provided that affected third parties

13  could file a motion for a protective order regarding the production of the third

14  parties' documents, *see* Docket Item No. 147 at 16:6-11;

15    WHEREAS, on May 14, 2010, Willms filed a motion for a protective

16  order challenging the production of certain of Willms' documents and the

17  deposition transcripts of the Willms parties on confidentiality and other grounds;

18    WHEREAS, in an effort to resolve Willms' concerns without

19  unnecessary Court intervention, counsel for One Technologies, Adaptive, and

20  Willms have met and conferred and reached agreement regarding which documents

21  should be produced and under what terms;

22    NOW, THEREFORE, One Technologies, Adaptive, ConsumerInfo,

23  and Willms hereby stipulate to the terms set forth below and agree, through their

24  respective counsel, to entry of the attached [Proposed] Order, this Honorable Court

25  consenting, which provides as follows:

26    1. That the Court's May 4, 2010, order be modified to relieve

27    ConsumerInfo of its obligation to produce the depositions of the

28    Willms parties and documents previously produced by the

- 1 -

Willms parties in the *Willms* Action that were designated by Willms as confidential.

2. As to other documents and things from the *Willms* Action, Willms himself shall produce to One Technologies and Adaptive the documents identified in the subpoena exhibited hereto as Exhibit A.

3. Because Willms has destroyed his copy of the damages report prepared by ConsumerInfo's damages expert in the *Willms* Action, David Nolte, pursuant to the protective order entered in the *Willms* Action, and because the report contains confidential information of Willms that Willms desires to redact, ConsumerInfo shall produce to Willms on or before June 4, 2010, a copy of the damages report prepared by David Nolte on ConsumerInfo's behalf in the *Willms* Action to allow Willms an opportunity to redact particularly sensitive financial information of Willms contained within the report.

4. Willms shall produce a redacted version of the Nolte report and all other documents specified herein to One Technologies and Adaptive on or before June 8, 2010.

DATED:  June __, 2010

RHONDA R. TROTTER, Bar Number 169241
rtrotter@kayescholer.com
THEODORE W. MAYA, Bar Number 223242
tmaya@kayescholer.com
OSCAR RAMALLO, Bar Number 241487
oramallo@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067
Telephone:  (310) 788-1000
Facsimile:  (310) 788-1200

By:_____
         Oscar Ramallo

CV 09-3783-VBF(MANx)
STIPULATION RE WILLMS DOCUMENTS

EXHIBIT C
PAGE 12

Attorneys for Plaintiff and Counterdefendant
CONSUMERINFO.COM, INC.

DATED:  June ___, 2010

GREGORY A. NYLEN, Bar Number 151129
GREENBERG TRAURIG LLP
2450 Colorado Ave., Ste. 400E
Santa Monica, CA  90404
Telephone: 310-586-7700
Facsimile: 310-586-7800
nyleng@gtlaw.com

JAMES H. DONOIAN (Admitted *pro hac vice*)
donoianj@gtlaw.com
GREENBERG TRAURIG LLP
200 Park Ave.
New York, NY  10166
Telephone: 212-801-9200
Facsimile: 212-801-6400

By: _____
James H. Donoian

Attorneys for Defendant and Counterclaimant
ADAPTIVE MARKETING LLC

DATED:  June ___, 2010

KENT B. GOSS, Bar Number 131499
kgoss@orrick.com
VALERIE M. GOO, Bar Number 187334
vgoo@orrick.com
SETH FREILICH, Bar Number 217321
sfreilich@orrick.com
DIMITRIOS KOROVILAS, Bar Number 247230
dkorovilas@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 Figueroa St., Suite 3200
Los Angeles, CA  90017
Telephone: 213-629-2020
Facsimile: 213-612-2429

By: _____
Dimitrios Korovilas

Attorneys for Defendant and Counterclaimant
ONE TECHNOLOGIES LP

DATED:  June ___, 2010

HANK BURGOYNE (SBN 203748)
hank@kbinternetlaw.com
KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108-4707
Telephone:  415-955-1155
Facsimile:  415-955-1158

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _____
     Hank Burgoyne

Attorneys for Third Party
Jesse Willms

CV 09-3783-VBF(MANx)
STIPULATION RE WILLMS DOCUMENTS

EXHIBIT C
PAGE 14

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation, | Case No.  CV 09-3783-VBF(MANx) |
| Plaintiff, | **[PROPOSED] ORDER ON STIPULATION RE WILLMS' MOTION FOR A PROTECTIVE ORDER** |
| v. | |
| ONE TECHNOLOGIES LP, a Delaware limited partnership; ADAPTIVE MARKETING LLC, a Delaware corporation; and DOES 1-50, inclusive, | Judge:        Hon. Valerie Baker Fairbank |
| | Magistrate:  Hon. Margaret A. Nagle |
| Defendants. | |

1    The Court, having considered the stipulation by defendants and

2  counterclaimants One Technologies LP ("One Technologies") and Adaptive

3  Marketing LLC ("Adaptive"), plaintiff ConsumerInfo.com, Inc. ("ConsumerInfo"),

4  and third party Jesse Willms and his associated entities ("Willms" or "the Willms

5  parties") regarding documents relating to the litigation proceeding entitled

6  *ConsumerInfo.com, Inc. v. Jesse Willms, et al.*, Case No. SACV 09-0055 DOC

7  (MLGx) (the "*Willms* Action"), which ConsumerInfo has been compelled to

8  produce to One Technologies and Adaptive in this action as a result of the Court's

9  May 4, 2010, granting in part and denying in part defendants' joint motion to

10  compel, *see* Docket Item No. 147 at 13-16, HEREBY ORDERS as follows:

11        1. The Court's May 4, 2010, order is hereby modified to relieve

12            ConsumerInfo of its obligation to produce the depositions of the

13            Willms parties and documents previously produced by the

14            Willms parties in the *Willms* Action that were designated by

15            Willms as confidential.

16        2. As to other documents and things from the *Willms* Action,

17            Willms himself shall produce to One Technologies and Adaptive

18            the documents identified in the subpoena exhibited to the

19            stipulation as Exhibit A.

20        3. Because Willms has destroyed his copy of the damages report

21            prepared by ConsumerInfo's damages expert in the *Willms*

22            Action, David Nolte, pursuant to the protective order entered in

23            the *Willms* Action, and because the report contains confidential

24            information of Willms that Willms desires to redact,

25            ConsumerInfo shall produce to Willms on or before June 4,

26            2010, a copy of the damages report prepared by David Nolte on

27            ConsumerInfo's behalf in the *Willms* Action to allow Willms an

28            opportunity to redact particularly sensitive financial information

CV 09-3783-VBF(MANx)
[PROPOSED] ORDER RE *WILLMS* DOCUMENTS

EXHIBIT C
PAGE 16

of Willms contained within the report.

4. Willms shall produce a redacted version of the Nolte report and all other documents specified herein to One Technologies and Adaptive on or before June 8, 2010.

IT IS SO ORDERED.

Dated: _____, 2010

_____
Hon. Margaret A. Nagle
United States Magistrate Judge

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| ConsumerInfo.com, Inc. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    CV 09-3783 VBF (MANx) |
| One Technologies LP et al. | ) |
| | )    (If the action is pending in another district, state where: |
| *Defendant* | )                              ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Jesse Willms
      c/o Hank Burgoyne, KRONENBERGER BURGOYNE, LLP, 150 Post St., Ste. 520, San Francisco, CA 94107

    ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A.

| Place:   Orrick, Herrington & Sutcliffe LLP | Date and Time: |
|---|---|
|         777 S. Figueroa St., Suite 3200 | |
|         Los Angeles, CA 90017 |      06/08/2010 10:00 am |

    ❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     06/02/2010

         *CLERK OF COURT*

                                         OR

        *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    One Technologies LP
                                                     , who issues or requests this subpoena, are:

Dimitrios V. Korovilas, ORRICK, HERRINGTON & SUTCLIFFE LLP
777 S. Figueroa St., Suite, 3200, Los Angeles, CA 90017
Tel. 213-629-2020; Fax 213-612-2499; dkorovilas@orrick.com

EXHIBIT C
PAGE 18

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV 09-3783 VBF (MANx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

EXHIBIT C
PAGE 19

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT C
PAGE 20

## "ATTACHMENT A"
## TO SUBPOENA TO JESSE WILLMS

### Instructions

Pursuant to Federal Rule of Civil Procedure 45, JESSE WILLMS shall produce the documents listed below by June 8, 2010, by mailing them to the law offices of Orrick, Herrington & Sutcliffe LLP, ATTN: Dimitrios V. Korovilas, 777 S. Figueroa St., Suite 3200, Los Angeles, California 90017.

### Definitions

A. "JESSE WILLMS" or "WILLMS" is hereby defined to include the individual Jesse Willms and all entities acting on his behalf or under his control, including, but not limited to, EDIRECT, 1016363 ALBERTA LTD., and 1021018 ALBERTA LTD. WILLMS shall produce all documents listed below in the custody, possession, or control of himself or any of these entities.

B. The "*WILLMS* ACTION" is defined as the litigation proceeding entitled *ConsumerInfo.com, Inc. v. Jesse Willms, et al.*, Case No. SACV 09-0055 DOC (MLGx).

C. Documents that relate to the "TOPICS" are defined as referring to documents that:

    a.  mention, discuss, or refer to FREECREDITREPORT.COM and TRIPLE ADVANTAGE as trademarks;

    b.  mention, discuss, or refer to use of "free credit report," "freecreditreport," "freecreditreport.com," "triple advantage" and similar terms as keywords, in domain names, or in online/internet advertising for credit report and monitoring services;

    c.  mention, discuss, or refer to consumers' understanding of "free credit report," "freecreditreport," or "freecreditreport.com";

    d.  support or show that the FREECREDITREPORT.COM mark is generic,

EXHIBIT C
PAGE 21

descriptive, or lacking secondary meaning;

e.  support or show that ConsumerInfo committed fraud on the United States
Patent and Trademark Office in obtaining the
FREECREDITREPORT.COM mark's registration;

f.  mention, discuss, or refer to the use, necessity, and effectiveness of
offering "free credit reports" or using the term "free credit report" or
similar terms as a marketing and promotional tool in the credit report and
monitoring market;

g.  mention, discuss, or refer to ConsumerInfo's actions and intent to prevent
competitors from using the phrase "free credit reports" and similar terms
in marketing and advertising;

h.  mention, discuss, or refer to ConsumerInfo's exclusionary practices,
special arrangements with Google or other pay-per-click search providers,
or advantages (e.g., higher advertising placement or higher search
rankings) in paid search or other online advertising from the
FREECREDITREPORT.COM or TRIPLE ADVANTAGE trademarks;

i.  mention, discuss, or refer to ConsumerInfo's use of the
FREECREDITREPORT.COM trademark to exclude others from the
market;

j.  mention, discuss, or refer to barriers to entry into the credit report and
monitoring market;

k.  mention, discuss, or refer to the credit report and monitoring market
(competitors, competitive analysis, market share, prices changes).

<u>Documents Subpoenaed</u>

1.  All non-privileged documents produced by WILLMS in the *WILLMS* ACTION
that were designated by WILLMS as confidential pursuant to the protective order
entered in the *WILLMS* ACTION, excluding any documents regarding particularly

OHS West:260927195.1

EXHIBIT C
PAGE 22

sensitive financial data of WILLMS, that relate to the TOPICS.

2.   All transcripts of deposition testimony of WILLMS designated by WILLMS as confidential pursuant to the protective order entered in the *WILLMS* ACTION, excluding testimony regarding particularly sensitive financial data of WILLMS, that relates to the TOPICS.

3.   The settlement agreement that resolved the *WILLMS* ACTION, redacted to remove any particularly sensitive financial data of WILLMS;

4.   Copies of the sealed versions of all motions for summary judgment and supporting declarations and exhibits, along with any opposition or reply briefs and accompanying declarations and exhibits, that were filed under seal in the *WILLMS* ACTION;

5.   All expert reports not designated as confidential by either party in the *WILLMS* ACTION, in addition to underlying materials related to reports designated confidential.

6.   All documents WILLMS received from the Federal Trade Commission in response to Willms' Freedom of Information Act request.

7.   A copy of the report prepared by ConsumerInfo's damages expert in the *WILLMS* ACTION, David Nolte, redacted to delete any particularly sensitive financial data of WILLMS.

EXHIBIT C
PAGE 23