UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 09-3783-VBF(MANx)**                      Dated: **January 4, 2011**

Title:   Consumerinfo.com, Inc. -v- Alex Chang, et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

    Joseph Remigio                       None Present
    Courtroom Deputy                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                             None Present

**PROCEEDINGS (IN CHAMBERS):**     **TENTATIVE ORDER RE DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50(A) (DKT. 659)**

    The Court has received, read, and considered Defendants' Motion For Judgment As A Matter Of Law Pursuant To FRCP 50(a) ("Motion") (dkt. 659), ConsumerInfo.com, Inc.'s ("CI") Opposition (dkt. 673), and related papers.

    The Court tentatively would DENY the Motion in its entirety.

    Fed. R. Civ. P. 50(a) provides that the court may grant a motion for judgment as a matter of law if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  The court "must draw all reasonable evidentiary inferences in favor of the non-moving party."  *Ritchie v. U.S.*, 451 F.3d 1019, 1023 (9th Cir. 2006).

    Defendants contend that CI has failed to present evidence sufficient to show that FREECREDITREPORT.COM is not generic.  Whether a mark is generic is a question of fact.  *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 929 (9th Cir. 2005).  Here, CI has

MINUTES FORM 90                          Initials of Deputy Clerk    jre
CIVIL - GEN

presented sufficient evidence such that a reasonable jury might find FREECREDITREPORT.COM not to be generic. Although Defendants argue that consumer complaints, CI's use of the term "FreeCreditReport.com," and third-party usage all show FREECREDITREPORT.COM to be generic, and although Defendants marshal substantial evidence in support of their contentions, at this time Defendants have not shown that a reasonable jury could not conclude that FREECREDITREPORT.COM is a source identifier for a range of financial services and credit products extending far enough beyond a free credit report. *See Advertise.com, Inc. v. AOL Advertising, Inc.*, 616 F.3d 974, 978 (9th Cir. 2010); *In re Steelbuilding.com*, 415 F.3d 1293, 1299 (Fed. Cir. 2005); *e.g.,* Opp. Ex. Q (Williams at 56:6-11; 59:1-14; 61:16-62:5; 63:9-17); Opp. Ex. B (Dean at 28:2-10); Tr. Exs. 203; 671-13; 671-16.

    Defendants contend that CI has failed to demonstrate that their keyword bidding practices are likely to cause consumer confusion. Likelihood of confusion is an issue of fact. *Fortone Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1033 (9th Cir. 2010). Defendants point to, among other things, the absence of survey evidence and absence of evidence of actual confusion. However, at this time Defendants have not shown that under an analysis guided by the *Sleekcraft* factors (which Defendants fail to engage), a reasonable jury could not conclude that Defendants' keyword bidding is likely to cause confusion based on the evidence presented. *See Id.* at 1030 (listing *Sleekcraft* factors); *see, e.g.,* Opp. Ex. F (Moore at 44:9-45:5; 54:24-55:14); Opp. Ex. O (Trachtenberg Depo. 80:20-24); Opp. Ex. I (Schultz at 71:23-72:1; 99:12-15); Tr. Exs. 47, 229, 1263.

    Defendants contend that CI has failed to demonstrate that their ownership of the Accused Domains (e.g., 2008freecreditreport.com, freecreditreport2009.com) is likely to cause consumer confusion. Defendants contend that CI's representations to the PTO estop CI's assertions of confusion. *See Freedom Card, Inc. v. JP Morgan Chase & Co.*, 432 F.3d 463, 476 (3d Cir. 2005). Although such statements may weigh against CI's position, at this time there is insufficient legal support and factual support provided to find estoppel in deciding this Motion. Defendants also contend that there is no confusion because the Accused Domains are not identical to CI's alleged mark, but in light of the fact that the Accused Domains include the term "freecreditreport," this argument is not persuasive on a Rule 50 motion.

    Defendants contend that CI has failed to present evidence that FREECREDITREPORT.COM has not timely attained secondary meaning, assuming it is descriptive rather than generic. However, Plaintiffs have provided sufficient evidence, including evidence of their advertising success,

MINUTES FORM 90                        Initials of Deputy Clerk    jre
CIVIL - GEN

sales volume, and consumer familiarity, such that a reasonable jury could find secondary meaning. *See, e.g.,* Opp. Ex. L (Smith at 30:3 - 31:10); Opp. Ex. B (Dean at 18:21-19:4); Opp. Ex. J (Scott at 84:9-85:17).

Defendants contend that CI is not entitled to a verdict of common law trademark infringement or Lanham Act unfair competition, referring to their above contentions. As the Court has resolved the above matters against Defendants, this argument fails.

Defendants contend that CI is not entitled to a verdict of dilution because CI has not presented evidence that FREECREDITREPORT.COM is widely recognized as a designation of a source of the goods or services of CI. However, Defendants have not shown that a reasonable jury could not find fame and dilution. 15 U.S.C. § 1125(c); *see, e.g.,* Opp. Ex. L (Smith at 30:3 - 31:10); Opp. Ex. B (Dean at 18:21-19:4); Opp. Ex. J (Scott at 40:3-12; 84:9-85:17).

Defendants contend that CI is not entitled to a cybserquatting verdict under 15 U.S.C. § 1125(d). Defendants contend that CI's claims fail because FREECREDITREPORT.COM is generic or descriptive without secondary meaning, and because the Accused Domains are neither identical nor confusingly similar to FREECREDITREPORT.COM. As discussed above, these contentions are not persuasive. Defendants also argue that CI cannot show Defendants' "bad faith intent" (15 U.S.C. § 1125(d)(1)(A)(I)), but as Plaintiffs contend, Plaintiffs present evidence that may be interpreted to show Defendants' intent to piggy back on CI's advertising or capitalize on their commercials, and Defendants do not engage the non-exclusive statutory facts a court may consider under 15 U.S.C. § 1125(d)(1)(B).

Finally, Adaptive contends that CI is not entitled to a verdict of secondary liability against Adaptive. To prove contributory infringement, CI must prove that Adaptive intentionally induced One Technologies to commit the alleged infringement. *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007). Here, Plaintiffs point to evidence that a jury may interpret to find Adaptive recommended One Technologies to bid on CI's marks and close variations, and that One Technologies did so bid. *See* Opp. Ex. P (Trachtenberg 30(b)(6) Depo. at 63:20-64:11); Tr. Ex. 245; Opp. Ex. D (Henry at 67:20-68:7); Tr. Ex. 1204. This is sufficient to find intentional inducement.

Vicarious liability for trademark infringement requires a finding that Adaptive and One Technologies have the authority to bind one another in transactions or exercise joint ownership or control over the alleged infringements. *See Perfect 10*, 494 F.3d at 807. Plaintiffs provide evidence that may be interpreted to show joint ownership or control over

the alleged infringements. *See* Opp. Ex. C (Douglas at 85:5-13); Tr. Ex. 98, January 1, 2009 Agreement at ¶ 2.2 (designating One Technologies as Adaptive's "paid search marketing agent" to "purchase keywords on behalf of Adaptive"); ¶ 2.4 (providing that One Technologies could access Adaptive's advertising accounts); ¶ 2.12 (assigning Adaptive "sole discretion" over a list of keywords One Technologies was prohibited from bidding on).

In sum, Defendants have failed to show that a reasonable jury could not find in favor of CI on any of its claims.

MINUTES FORM 90　　　　　　　　　　　　Initials of Deputy Clerk ___jre___
CIVIL - GEN