| | |
|---|---|
| 1 | KENT B. GOSS (State Bar No. 131499) |
| | kgoss@orrick.com |
| 2 | VALERIE M. GOO (State Bar No. 187334) |
| | vgoo@orrick.com |
| 3 | SETH E. FREILICH (State Bar No. 217321) |
| | sfreilich@orrick.com |
| 4 | DAVID P. FUAD (State Bar No. 265193) |
| | dfuad@orrick.com |
| 5 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 777 S. Figueroa Street, Suite 3200 |
| 6 | Los Angeles, CA  90017 |
| | Telephone:  +1-213-629-2020 |
| 7 | Facsimile:   +1-213-612-2499 |
| 8 | Attorneys for Defendant and Counterclaimant |
| | ONE TECHNOLOGIES LP |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| CONSUMERINFO.COM, INC., a California corporation, | Case No.  CV 09-3783-VBF(MANx) |
|---|---|
| Plaintiff, | **ONE TECHNOLOGIES LP'S OBJECTIONS TO CONSUMERINFO.COM, INC.'S [PROPOSED] JUDGMENT** |
| v. | |
| ONE TECHNOLOGIES LP, a Delaware limited partnership; ADAPTIVE MARKETING LLC, a Delaware corporation; and DOES 1-50, inclusive, | Hon. Valerie Baker Fairbank |
| | Action Filed:   May 28, 2009 |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

OHS WEST:261135611.1

Defendant One Technologies LP ("One Tech") hereby objects to ConsumerInfo.com's [Proposed] Judgment, docket number 794-1. One Tech incorporates and restates the arguments presented in its Memorandum of Points and Authorities re: [Proposed] Judgment and Permanent Injunction, docket number 799, and further objects to ConsumerInfo's [Proposed] Judgment as follows:

1. One Tech objects to paragraph 1(a) on the grounds that "cybersquatting" and "cybersquatting of a famous mark" are not separate and distinct causes of action, regardless of how they were pled in ConsumerInfo's complaint. Rather, whether an underlying trademark is famous or not simply determines the way in which a plaintiff may meet its burden of proving cybersquatting. *See, e.g., Garden of Life, Inc. v.* Letzer, 318 F. Supp. 2d 946, 960 (C.D. Cal. 2004) (discussing the elements of cybersquatting under 15 U.S.C. § 1125(d)(1)(A), including the alternative elements of whether or not the underlying mark is famous). The jury did not make separate findings as to "cybersquatting" and "cybersquatting of a famous mark." Judgment in this case should only refer to the jury's verdict that defendants' registration, trafficking in or use of the asserted domain names was found to constitute cybersquatting.

2. One Tech objects to paragraph 1(c) on the grounds that entry of judgment of affirmative defenses is improper. *See, e.g, CVI/Beta Venturas, Inc. v. Tura LP*, 905 F. Supp. 1171, 1202-3 (E.D.N.Y. 1995), *reversed and vacated in part on other grounds, CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146 (Fed. Cir. 1997) ("Defendants properly point out that [several paragraphs declaring that defendants have failed to establish their affirmative defense] do not afford relief and" should not be included in the Court's final entry of judgment). The proposed judgment submitted by One Tech does not address affirmative defenses (where no relief is afforded) and is appropriately limited to judgment on the claims and counterclaims at issue. Further, to the extent the Court is otherwise inclined to grant entry of judgment on affirmative defenses, paragraph 1(c) of ConsumerInfo's

– 1 –

proposed judgment is inappropriate because:

    a. It fails to address (and is one-handedly silent to) the fact that One Tech would be similarly entitled to judgment on ConsumerInfo's own affirmative defenses, at least as to ConsumerInfo's second (unclean hands), third (priority), fifth (no likelihood of confusion), sixth (no secondary meaning), seventh (acquiescence), eighth (waiver), ninth (estoppel), eleventh (laches), twelfth (failure to mitigate damages), thirteenth (misrepresentation of source) and twenty-sixth (additional affirmative defenses) affirmative defenses, as the Court granted One Tech summary judgment as to each of these defenses;

    b. It fails to address the fact that there is no basis for finding that ConsumerInfo is entitled to any judgment as to One Tech's seventh (fair use), eighth (preemption), ninth (offset), eleventh (implied license), twelfth (failure to state a claim) and thirteenth (failure to join necessary parties) affirmative defenses, as the jury issued no applicable verdict on these affirmative defenses nor did the Court issue an applicable summary judgment order or order following the bench trial;

    c. It fails to address the fact that the Court's findings regarding One Tech's third (laches), fourth (waiver), fifth (estoppel) and sixth (unclean hands) affirmative defenses and the jury's findings in the verdict as to One Tech's tenth (failure to mitigate) affirmative defense were all made only as to ConsumerInfo's cybersquatting claim; and

    d. It fails to address the fact that certain of One Tech's affirmative defenses are subsumed in the final judgment as to the claims and counterclaims at issue, such that One Tech's first (noninfringment) and second (invalidity) affirmative defense are moot in light of the jury's verdict and the Court's findings and order following the bench trial.

Thus, at most, if the Court considers final judgment of affirmative defenses appropriate, ConsumerInfo would be entitled to judgment only as to One Tech's third (laches), fourth (waiver), fifth (estoppel) and sixth (unclean hands) affirmative defenses, which the Court made findings on following the bench trial, and its tenth (failure to mitigate) affirmative defense, in light of the jury's verdict, and only as defenses to ConsumerInfo's cybersquatting claim, and One Tech would similarly be entitled to judgment as to ConsumerInfo's second (unclean hands), third (priority), fifth (no likelihood of confusion), sixth (no secondary meaning), seventh (acquiescence), eighth (waiver), ninth (estoppel), eleventh (laches), twelfth (failure to mitigate damages), thirteenth (misrepresentation of source) and twenty-sixth (additional affirmative defenses) affirmative defenses.

Dated: April 27, 2011

KENT B. GOSS
VALERIE M. GOO
SETH E. FREILICH
DAVID P. FUAD
ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Seth E. Freilich*
Seth E. Freilich

Attorneys for Defendant and Cross-Complainant
ONE TECHNOLOGIES LP